IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL., | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**APPLICATION TO EMPLOY PULMAN, CAPPUCCIO & PULLEN, LLP
AS COUNSEL FOR CHAPTER 7 TRUSTEE**

---

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

| | |
|---|---|
| **Name of Trustee** | John Patrick Lowe |
| **Name of professional to be employed** | Pulman, Cappuccio & Pullen, LLP ("PC&P") |
| **Reason that employment is needed** | Assist Trustee in representation as stated in paragraph 7 of Application. |
| **Reason the Trustee selected this professional** | PC&P is experienced in representing Chapter 7 Trustees throughout Texas in litigation matters and as general counsel in business bankruptcy cases. |
| **Professional's connections to this case** | There are no connections. |
| **Compensation arrangement** | Hourly |

{00560536;2}

To The Honorable Michael M. Parker, United States Bankruptcy Judge:

Pulman, Cappuccio & Pullen, LLP, on behalf of J. Patrick Lowe, Trustee (the "**Trustee**" or the "**Applicant**") in this jointly administered Chapter 7 case, hereby files this *Application to Employ Pulman, Cappuccio & Pullen, LLP as Counsel for Chapter 7 Trustee* (the "**Application**") under the provisions of Section 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, seeking authority for the Trustee to employ the law firm of Pulman, Cappuccio & Pullen, LLP (the "**Law Firm**" or "**PC&P**"). Randall A. Pulman shall act as lead counsel for the Trustee. In support of the Application, Trustee relies upon the *Affidavit of Randall A. Pulman in Support of Application of Trustee for Authority to Employ Counsel* (the "**Pulman Affidavit**"), attached hereto as Exhibit A, and would show the Court as follows:

## SUMMARY OF RELIEF REQUESTED

1.      The Trustee requests that the Court approve him hiring PC&P as his counsel in this case, with Randall A. Pulman serving as lead counsel, on an hourly fee basis. Employment of PC&P in this case is necessary in order to advise and represent the Trustee in the performance of his duties in relation to marshaling the assets of the various Debtors in this jointly administered case, investigating potential chapter 5 claims on behalf of creditors of the estate, and coordinating with the Securities and Exchange Commission ("**SEC**"), which is concurrently pursuing a civil action under the securities laws against the principal of the Debtors in the District Court for the Western District of Texas.

2.      PC&P will be retained as general counsel to the Trustee and compensated on an hourly basis by the Estate. After the initial investigation of the merits of avoidance and other claims the Estate may have against insiders, investors and third parties is concluded, PC&P and the

Trustee may change the compensation terms on any specific adversary proceeding to a contingent fee basis.   The Trustee will seek court approval of a contingent fee arrangement at that time.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested herein are Sections 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014 of the Local Rules of Bankruptcy Procedure for the Western District of Texas.

## PROCEDURAL BACKGROUND

5.      On December 9, 2021, (the "**Petition Date**"), Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot BonusGrowth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds LLC, deeproot Studios LLC, deeproot Capital Management, LLC (collectively the "**Debtors**") filed voluntary petitions under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").

6.      On December 9, 2021, Trustee was duly appointed as Chapter 7 Trustee in seven of the eleven chapter 7 cases. The chapter 7 trustee on the other four related cases resigned on December 20, 2021, and, on December 21, 2021, the Trustee was duly appointed as the Chapter 7 Trustee in the remaining four related cases.

7.      On December 20, 2021, the Court granted the Debtors' Expedited Motion for Joint Administration.

8.    The Trustee has considered the following categories and factors in selecting the Law Firm.

**FACTORS CONSIDERED**

9.    **Necessity for Employing Counsel.** Employment of PC&P in this case is necessary to assist the Trustee in marshalling the Debtors' assets, pursuing the Estate's claims, including chapter 5 causes of action and potentially other claims. Before the Petition Date, the Debtors all operated under the direction and discretion of their sole principal, Robert Mueller. The Debtors include investment funds, a pinball company, studios, and other entities that were either directly or indirectly involved in a Ponzi-like scheme that is currently the subject of a separate but related civil action by the SEC[1]. Trustee seeks to employ PC&P to act as general counsel in this case. The Debtors' schedules have not yet been filed but the Trustee will require assistance in investigating the value of the scheduled assets and the existence and priority of any liens. Additionally, the Trustee will need to determine if there are fraudulent or preferential actions to pursue on behalf of the creditors, or if the principal of the Debtors transferred assets to insiders that can be recovered for the benefit of creditors. Mr. Pulman's and other PC&P attorneys' experience and results in such matters are discussed in more detail below.

10.    **Names of the Attorneys**. Randall A. Pulman is the managing partner at PC&P and is the principal attorney to be employed by the Trustee, although other attorneys at PC&P will be involved. Additionally, PC&P attorneys with the same or lower billing rates may be involved if the matter can be assigned to junior lawyers. The contact information for the firm is:

---

[1] *Securities and Exchange Comm'n v. Robert J. Mueller et al.*, 5:21-cv-785, District Court for the Western District of Texas

{00560536;2}

Mr. Randall A. Pulman
PULMAN, CAPPUCCIO & PULLEN, LLP
2161 N.W. Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone / (210) 892-1610 Facsimile
rpulman@pulmanlaw.com

11.  **Reasons for Selecting Specific Attorneys.** The Trustee selected the Law Firm, and Randall A. Pulman in particular, because of the Law Firm and Pulman's prior experience in chapter 7 trustee representation in bankruptcy cases, and his experience in securities and related SEC proceedings. Mr. Pulman has extensive experience in litigating chapter 5 causes of action and related claims on behalf of estates arising from operating businesses entities. Randall A. Pulman has practiced in the field of commercial litigation and bankruptcy since graduating from the University of Texas Law School in 1986. The Trustee believes that PC&P has the depth and breadth of experience in civil, bankruptcy and securities matters to assist with the unique issues in this case. Moreover, other PC&P attorneys regularly litigate issues related to fraudulent transfers, title to assets and sales of assets. They also regularly appear before the Bankruptcy Courts in the Western District and Southern District of Texas.

12.  **Professional Services the Attorneys Will Provide.** Applicant now seeks authority to employ PC&P for professional services to be provided to the Trustee and the Estate including, without limitation, the following:

a)  to file pleadings with the court and to represent the Estate's interest in regard to any adversaries, appeals, or contested matters before this court and litigation in other courts, particularly with regard to the Estate's interest in various assets and the positions of secured and unsecured creditors, whether by motion, adversary action, turnover proceedings, or litigation activities of every description in other courts;

b)  to investigate, analyze, institute and prosecute actions regarding determination and recovery of property of the Estate, including investigation and prosecution of determination and lien perfection, avoidance litigation as well as collection and liquidation of assets of the Estate, to the extent such activities would be economically beneficial to the Estate;

{00560536;2}

c)  to assist the Trustee where necessary to negotiate and consummate non-routine sales or leases of the assets of the Estate, wherever they may be found, including sales free and clear of liens, claims and encumbrances, and to institute any necessary proceedings in regard thereto;

d)  to institute and prosecute non-routine objections to exemptions and non-routine objections to proofs of claim;

e)  to co-ordinate activities with the United States Trustee as appropriate in connection with issues of the integrity of the bankruptcy courts and procedures;

f)  to aid in the representation of the Trustee in any litigation against Trustee in Trustee's official capacity;

g)  to assist in resolution of sales of, and any title problems associated with, the Estate's property;

h)  to collect any judgments that may be entered in favor of the Estate; and

i)  to assist in any other work requested by the Trustee.

13.  **People With Connections.** Trustee is unaware of any circumstances where the Law Firm has a connection with the Debtors' creditors and/or other parties in interest in this case that would disqualify the Law Firm from representing the Trustee in this case. To the best of the Trustee's knowledge, and except as described below, the partners and associates of PC&P do not have any connection with or any interest adverse to the Debtors, the Estate, its creditors, or any other party-in-interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee. The Law Firm's attorneys are disinterested persons under 11 U.S.C. § 101(14).

14.  As set forth in the Pulman Affidavit, the Law Firm conducted a search of the Law Firm's electronic database to determine what connections, if any, the Law Firm has with certain creditors and parties-in-interest involved with this case. Except as described below, the search that was completed did not demonstrate any conflicts with any creditors or parties-in-interest in this case. The Law Firm will conduct an ongoing review of its files to assure that no actual conflict or

other disqualifying circumstances exist. If any new facts or relationships are discovered, the Law Firm will supplement the Pulman Affidavit accordingly.

15.     PC&P has over the last several years been approached by at least two parties seeking PC&P's representation in relation to dealings with deeproot-related entities. In each instance, the contact was with an individual seeking the firm's representation on behalf of another party who would be the ultimate client. PC&P did not undertake the representation in either instance.

16.     **Proposed Fee Arrangement and Whether There Will be a Cost Savings for the Estate**. PC&P has agreed to provide the legal services on an hourly basis at the rates described herein. Subject to Court approval and in accordance with § 330(a) of the Bankruptcy Code, compensation will be payable to the Law Firm on an hourly basis, plus reimbursement of actual, necessary expenses incurred by PC&P. The primary attorneys and legal assistants within the Law Firm who will represent the Trustee and their current hourly rates are set forth below:

| Attorney | Hourly Rate |
| --- | --- |
| Randall A. Pulman, Partner | $500.00 |
| Elliott Cappuccio, Partner | $500.00 |
| Leslie S. Hyman, Partner | $450.00 |
| Shari P. Pulman, Partner | $400.00 |
| Anna K. MacFarlane, Associate | $275.00 |
| Carissa Brewster, Associate | $225.00 |
| Paralegals | $125.00 |

17.     The hourly rates set forth above are subject to periodic adjustments. Based on the Trustee's experience and review, the Trustee believes that PC&P's overall staffing, compared with

other qualified firms, results in hourly rates that are commensurate with hourly rates charged by other law firms practicing in the bankruptcy courts in the Western District of Texas on similar engagements. The rates are set at a level designed to fairly compensate PC&P for the work of its attorneys and to cover fixed and routine overhead expenses.

18.     It is the Law Firm's policy, in all of its practice areas, to charge its clients for additional direct expenses incurred in connection with the client's case. The expenses charged to PC&P's clients may include, among other things, filing fees, computerized legal research outside the Law Firm's standard monthly subscription plan, courier fees, postage, travel expenses, and such other out-of-pocket costs that may be reasonably necessary in the rendition of legal services. The Law Firm will charge the Estate for expenses in a manner and at rates consistent with charges made generally to PC&P's other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

19.     It is likely that some of the avoidance and related litigation which may materialize after investigation will have to be done on a contingent fee basis. The Trustee and PC&P have agreed that if the economics of a particular adversary proceeding requires or merits a change from hourly compensation to a contingent fee, PC&P will consider the change in compensation at that time or turn the case over to other competent counsel of the Trustee's choosing.

20.     It is further contemplated that proposed counsel may seek interim compensation as permitted by 11 U.S.C. § 331, subject to approval from this Court.

21.     **Qualifications of the Members of the Law Firm Compared With Complexity of the Case.** A detailed discussion of the qualification of the members of the Law Firm are set out above in paragraph 11. The Trustee expects this case to be complex due to the number of debtors in this jointly administered case (eleven), the number of creditors and investors, the concurrent

SEC civil action, and the likelihood of avoidance claims against insiders and net winners of the Ponzi scheme.

22. **Whether the Law Firm is Hired by Others to Handle Similar Litigation.** PC&P's attorneys have represented other Chapter 7 and Chapter 11 trustees in cases of various size and complexity, including John Patrick Lowe, Catherine S. Curtis, Jose Rodriguez, and Helen Schwartz. The Law Firm also maintains an extensive practice representing creditors. Additionally, Catherine S. Curtis is a partner in the law firm and is currently a standing chapter 7 trustee in the Southern District of Texas. PC&P is retained on a regular basis to represent Ms. Curtis in her capacity as a chapter 7 trustee.

23. **Whether the Anticipated Litigation Involves Issues of Bankruptcy Law With Which the Law Firm Has Particularized Experience.** PC&P has extensive experience in chapter 5 avoidance claims and securities litigation. PC&P has represented the Trustee in several cases over the years. An incomplete list of the decisions in which PC&P attorneys represented chapter 7 trustees, debtors and creditors is attached to the Pulman Affidavit as <u>Exhibit 1</u>. Most recently, PC&P represented the Trustee in the Dickinson of San Antonio, Inc. Chapter 7 case, which involved a lengthy adversary proceeding against one of the creditors to recover fraudulent, preferential, and post-petition transfers. *In re Dickinson of San Antonio*, No. 16-52492-rbk (Bankr. W.D. Tex.). In the Dickinson of San Antonio, Inc. case, PC&P was successful in obtaining three judgments after motion practice and a trial against a creditor for the benefit of the estate in the total amount of $15.5 million.

24. Here, the consolidated Debtors were in the business of selling securities to the public in the amount of $58 million, according to the SEC's civil action complaint. Mr. Pulman also maintains an active plaintiff's side securities litigation practice. For instance, Mr. Pulman

represented several investors in the Stanford International Bank[2] Ponzi scheme receivership case in the Northern District of Texas, and regularly represents plaintiff investors in securities and insurance fraud cases.

25.     **Whether the Time Commitment to Handle the Case is Consistent with the Size of the Law Firm and its Time Commitments.** Trustee has considered the likely staffing needs for the matters which appear likely to arise, based on his preliminary analysis of the case. Trustee has consulted with Mr. Pulman to be certain that accepting the representation is consistent with the Law Firm's other commitments and with the levels of skill and experience of the available attorneys and staff. PC&P employs 17 attorneys. Eight of these attorneys are available to assist in this engagement.

26.     **Availability of Other Qualified Law Firms to Handle the Case.** The Western District boasts many competent law firms; however, most of those firms focus on providing services to debtors and creditors, not Trustee representation. Trustee has employed other firms as he sees fit in other cases to provide legal services; however, Trustee believes the employment of PC&P in this case is more appropriate and economical for the Estate because their rates in such matters presented here generally exceed the rates charged by PC&P. Applicant believes that the employment of PC&P will be beneficial to the Estate given PC&P's experience in representation of chapter 7 trustees in cases of similar size and complexity.

## CONCLUSION

27.     Trustee is unaware of any circumstances where the Law Firm has a connection with the Debtors that would disqualify the Law Firm from representing the Trustee in this case. The Trustee believes that the employment of PC&P is in the best interest of the Estate. To the best of

---

[2] *In re Stanford International Bank, Ltd., et al.*, 3:09-cv-00721 (N.D. Tex.).

the Trustee's knowledge and belief, the Law Firm has no relationship that presently causes a disqualification, an actual conflict of interest, or otherwise renders the Law Firm ineligible to serve as counsel to the Trustee. Accordingly, the Trustee believes PC&P's representation of the Trustee and the Estate in this case is permissible under the Bankruptcy Code and is in the best interest of the Estate and all parties in interest.

28.     The Court has the power to authorize said employment pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014.

29.     No previous application for the relief sought herein has been made to this or any other court. The Trustee has not sought to employ any other legal counsel in the case.

30.     Attached hereto as Exhibit B is the proposed order on the Application.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order approving the *Application of Trustee for Authority to Employ Counsel,* effective as of December 20, 2021, as set forth above, and grant the Trustee such other relief as is just and proper.

Respectfully submitted,

**PULMAN, CAPPUCCIO, & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By:*/s/ Randall A. Pulman*
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Anna K. MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com

**PROPOSED ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED CASE OF IN RE DEEPROOT CAPITAL MANAGEMENT, LLC ET AL.**

{00560536;2}

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2021, I electronically filed the foregoing document using the CM/ECF system, which will serve the document on the following list of parties in interest and parties requesting notice and it was mailed to the Debtors via US First Class Mail, as indicated below.

***Via US First Class Mail***
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture
Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via US First Class Mail***
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020
Debtor's Counsel

***Via CM/ECF: pat.lowe.law@gmail.com***
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
***catherine.curtis@wickphillips.com;jason.rudd@wickphillips.com***
Catherine A. Curtis
Jason M. Rudd
Wick Phillips Gould & Martin, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
***USTPRegion07.SN.ECF@usdoj.gov***
United States Trustee - SA12
US Trustee's Office
615 E Houston, Suite 533
San Antonio, TX 78295-1539

*/s/ Randall A. Pulman*
Randall A. Pulman

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL., | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**AFFIDAVIT OF RANDALL A. PULMAN IN SUPPORT OF APPLICATION OF TRUSTEE
FOR AUTHORITY TO EMPLOY COUNSEL**

---

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

I, **RANDALL A. PULMAN**, of the law firm of Pulman, Cappuccio & Pullen, LLP, make

solemn oath to the following facts:

1.    I am over the age of eighteen (18) years, of sound mind, and otherwise capable of making this affidavit. I have personal knowledge of the facts and statements contained herein, and all are true and correct.

2.    I am a partner at Pulman, Cappuccio & Pullen, LLP (the "**Firm**"), proposed attorneys for John Patrick Lowe (the "**Trustee**"). I am submitting this affidavit (the "**Affidavit**") in support of the Application of Trustee for Authority to Employ Counsel (the "**Application**").

3.    I am licensed to practice law in the United States District Court for the Western District of Texas, United States District Court for the Southern District of Texas, United States District Court for the Eastern District of Texas, United States District Court for the Northern District of Texas, the Fifth Circuit Court of Appeals, and the United States Supreme Court. I have been licensed to practice law in the Courts of the State of Texas since 1986. I am a partner in the Firm, which maintains its office at 2161 N.W. Military Highway, Suite 400, San Antonio, Texas 78213.

4.    I have practiced in the field of commercial litigation and bankruptcy since graduating from the University of Texas Law School in 1986. As a part of this practice, I have appeared regularly in bankruptcy courts in the State of Texas, typically representing creditors and Chapter 7 Trustees.

5.    I have previously served as counsel for Chapter 7 Trustees in other unrelated bankruptcy matters, including but not limited to actions to recover and collect debts owing to bankruptcy estates. Attached as <u>Exhibit 1</u> to this Affidavit is an incomplete list of reported decisions where PC&P attorneys represented chapter 7 trustees, debtors, and creditors.

6.    The Trustee has proposed to retain the Firm to undertake the following professional services:

a.    to file pleadings with the court and to represent the Estate's interest in regard to any adversaries, appeals, or contested matters before this court and litigation in other courts, particularly with regard to the Estate's interest in various assets and the positions of secured and unsecured creditors, whether by motion, adversary action, turnover proceedings, or litigation activities of every description in other courts;

b.    to investigate, analyze, institute and prosecute actions regarding determination and recovery of property of the Estate, including investigation and prosecution of determination and lien perfection, avoidance litigation as well as collection and liquidation of assets of the Estate, to the extent such activities would be economically beneficial to the Estate;

c.    to assist the Trustee where necessary to negotiate and consummate non-routine sales or leases of the assets of the Estate, wherever they may be found, including sales free and clear of liens, claims and encumbrances, and to institute any necessary proceedings in regard thereto;

d.    to institute and prosecute non-routine objections to exemptions and non-routine objections to proofs of claim;

e.    to co-ordinate activities with the United States Trustee as appropriate in connection with issues of the integrity of the bankruptcy courts and procedures;

f.    to aid in the representation of the Trustee in any litigation against Trustee in Trustee's official capacity;

g.    to assist in resolution of sales of, and any title problems associated with, the Estate's property;

h.    to collect any judgments that may be entered in favor of the Estate; and

i.    to assist in any other work requested by the Trustee.

7.   It is likely that some of the avoidance and related litigation that may materialize after investigation will have to be done on a contingent fee basis. The Trustee and PC&P have agreed that if the economics of a particular adversary proceeding requires or merits a change from hourly compensation to a contingent fee, PC&P will consider the change in compensation at that time.

8.   Attached hereto as <u>Exhibit 2</u> is a copy of the Representation Agreement by and between the Trustee and the Firm.

9.   Subject to Court approval and in accordance with § 330(a) of the Bankruptcy Code, compensation will be payable to the Firm on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the Firm. The primary attorneys and legal assistants within the Firm who will represent the Trustee and their current hourly rates are set forth below:

| Attorney | Hourly Rate |
|---|---|
| Randall A. Pulman, Partner | $500.00 |
| Elliott Cappuccio, Partner | $500.00 |
| Leslie S. Hyman, Partner | $450.00 |
| Shari P. Pulman, Partner | $400.00 |
| Anna K. MacFarlane, Associate | $275.00 |
| Carissa Brewster, Associate | $225.00 |
| Paralegals | $125.00 |

10.  The hourly rates set forth above are subject to periodic adjustments. PC&P's overall staffing results in hourly rates that are commensurate with hourly rates charged by other law firms practicing in the bankruptcy courts in the Western District of Texas on similar engagements. From time to time, other attorneys and paralegals from the Firm may serve the Trustee in connection with the matters for which the Firm will be retained. The hourly rates of all attorneys and paralegals at the Firm are set at a level designed to fairly compensate the Firm for the work of its attorneys and to cover fixed and routine overhead expenses. It is the Firm's policy, in all of its practice areas, to charge its clients for additional direct expenses incurred in connection with the client's case. The expenses charged to the Firm's clients may include, among other things, filing fees, photocopying, computerized legal research outside the Firm's standard monthly subscription plan, courier fees, postage, travel expenses, and such other out-of-pocket costs that may be reasonably necessary in the rendition of legal services. The Firm will charge the Trustee for expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

11.     As of this date, the Firm has been paid no compensation by the Estate in relation to this matter.

12.     No arrangement or understanding exists between the Firm, proposed counsel, and any other person not a member of the Firm for a division or sharing of any compensation which the Firm may receive in this case.

13.     PC&P has been approached by at least two parties who had dealings with deeproot entities and have sought PC&P's representation. In each situation, the contact was with an individual seeking the firm's representation on behalf of another party who would be the ultimate client. PC&P did not undertake representation in either instance. Other than the situations discussed above, I have determined that no member of the Firm holds or represents any interest adverse to the above-referenced bankruptcy Estate, Debtors, their creditors, or any other party in interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee.

14.     I have reviewed the list of creditors filed in these cases and, using the creditors lists, have conducted a conflict check on the Firm's computerized client management and billing system (the "**TABS System**"), which is designed to reveal the potential conflicts of interest and other connections to existing and former clients and to third parties never represented by the Firm.    To the best of my knowledge, PC&P has no connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as described in paragraph 15.

15.     In reviewing the report generated by the TABS System, I identified one creditor—Google-- whom we have previously represented on an unrelated matter. I also identified at least two creditors who also provide services to me or the Firm—Dropbox and San Antonio Water Systems. Neither of these connections are related to the engagement by Trustee in this matter.

16.     In view of the foregoing, I believe that the Firm (i) does not hold or represent an interest adverse to the Trustee or the Estate in connection with this case, (ii) does not represent any other party in connection with this case, and (iii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code.  The Firm recognizes, and takes very seriously, its continuing responsibility to be aware of and to further disclose any relationship or connection between it and other parties in interest in connection with the bankruptcy case as they appear or become recognized during the case.  Accordingly, we reserve the right to, and shall, supplement this disclosure if necessary if more information becomes available to us reflecting further connections with parties-in-interest.   The foregoing constitutes the statement of the Firm pursuant to sections 327, 328, and 329 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1.

FURTHER AFFIANT SAYETH NAUGHT."

SIGNED this 22nd day of December, 2021.

_____
RANDALL A. PULMAN

SUBSCRIBED AND SWORN TO before me on this 22nd day of December, 2021, to certify which witness my Hand and Seal of office.

_____
Notary Public in and for the State of Texas

MARYANN VILLA
Notary ID #3272210
My Commission Expires
May 2, 2022

# EXHIBIT 1

Selected Cases

Pulman, Cappuccio & Pullen, LLP

Creditor and Chapter 7 Trustee Representation

1. *Lowe v. American Student Financial Group et al.*, 19-05259-rbk, 2020 WL 3443920, at *1 (Bankr. W.D. Tex. 2020, June 23, 2020)
2. *Tango Delta Financial, Inc. et al. v. Lowe*, 5:19-CV-01011-XR, 2020 WL 264976 (W.D. Tex. 2020)
3. *Tango Delta Financial, Inc. v. Lowe*, 5:20-CV-00580, 2021 WL 3500781 (W.D. Tex. 2021)
4. *Legal Xtranet, Inc. v. AT&T Mgmt. Servs., L.P.*, 453 B.R. 699 (Bankr. W.D. Tex. 2011)
5. *In re: Premier General Holdings, Ltd.*, 427 B.R. 592 (Bankr. W.D. Tex. 2010)
6. *In re: Charles Bryan Powers and Mary Susan Powers*, 412 B.R. 326 (Bankr. W.D. Tex. 2010)
7. *In re Okedokun*, 593 B.R. 469 (Bankr. S.D. Tex. 2018)
8. *Horrigan v. Wald*, 2012 Bankr. LEXIS 2989 (Bankr. W.D. Tex. 2012)
9. *In re Wald*, 2012 Bankr. LEXIS 2552 (Bankr. W.D. Tex. 2012)
10. *John Patrick Lowe v. Kathy DeBerry et al.*, AP 15-05054, 2015 WL 6528024 (Bankr. W.D. Tex. Oct. 28, 2015), rev'd (Mar. 10, 2017)
11. *Matter of DeBerry*, 884 F.3d 526 (5th Cir. 2018)

# EXHIBIT 2

# Pulman, Cappuccio & Pullen, LLP
## Attorneys & Counselors

**Randall A. Pulman**
Direct: (210) 892-0420
RPulman@pulmanlaw.com

2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
Telephone: (210) 222-9494
Facsimile: (210) 892-1610

Office Locations:
San Antonio
Dallas / Fort Worth
McAllen

December 20, 2021

Mr. John Patrick Lowe
2402 East Main Street
Uvalde, Texas 78801

> Re:  Representation Agreement as General Counsel to the Trustee in *In re Deeproot Capital Management, LLC, et al.;* Jointly Administered Case No. 21-51523-MMP; In the United States Bankruptcy Court of the Western District of Texas, San Antonio Division (the "Bankruptcy Case")

Dear Pat:

1. This letter will confirm the engagement of Pulman, Cappuccio & Pullen, LLP ("**PC&P**" and/or "**Attorneys**"), pursuant to the terms and conditions set out below, to represent you in your capacity as the Chapter 7 Trustee for the jointly administered bankruptcy estate ("**Estate**") of Deeproot Capital Management, LLC et al., ("**Client**") in connection with the preparation of pleadings on behalf of the estate to preserve and collect the assets of the estate, analyze potential claims against third parties and advise the Client in connection with other matters that may arise in the Bankruptcy Case (the "**Representation**"). This agreement will also apply to any other matters that may arise, absent a specific agreement on a particular matter. Client acknowledges that PC&P is not being retained to provide any tax services or advice.

2. PC&P agrees to perform such legal services as may be requested by Client from time to time in connection with the Representation, on a timely basis, consistent with other obligations and the work requirements of other clients. Furthermore, Client understands and agrees that services will be rendered consistent with PC&P's obligations under all applicable law and rules of procedure as well as the Texas Disciplinary Rules of Professional Conduct, the Texas Lawyer's Creed and all similar ethical and procedural rules of any local forum in which the Representation occurs. A copy of the Texas Lawyer's Creed is furnished herewith. The purpose of the Creed is to reduce expense and inconvenience for clients and to make the litigation process more productive and efficient for all concerned. Please review the Creed and feel free to ask us any questions before signing the agreement. Furthermore, Client acknowledges PC&P has also provided the "Attorney Complaint Information" brochure published by the State Bar of Texas.

{00560552;1}

Page 2
Mr. John Patrick Lowe, Chapter 7 Trustee
December 20, 2021

3. Client agrees to pay PC&P fees for its services rendered and expenses incurred in connection with the Representation from funds available in the Estate. Client and PC&P agree that attorneys' fees and expenses incurred in connection with the representation shall be paid only upon Bankruptcy Court approval of an application for such fees and expenses and shall be paid from funds available in the Estate. Client agrees to pay PC&P on an hourly basis to represent the Trustee as of December 20, 2021. The fees will be computed principally on the basis of the time expended, at the hourly rates for the attorneys, paralegals, and clerks who perform work and services on the matter. A schedule of the attorney, paralegal and clerk hourly rates is attached as Exhibit A, and may be subject to future modifications upon 30 days advance notice to Client. The hourly rates set forth on Exhibit A vary according to the years of experience and practice area of the attorney. PC&P will endeavor to assign services and tasks to professional and other personnel at the most cost efficient level of expertise competent to perform the services or tasks required.

4. In addition to the fees, Client agrees to reimburse PC&P from funds available in the Estate for all out-of-pocket expenses incurred in connection with the Representation including filing fees, messenger services, photocopying expenses, long distance communication charges, facsimile charges, overtime secretarial pay, travel and food expenses, bulk postage charges, witness fees, deposition costs and other similar direct expenses.

5. Payment for fees and expenses is due upon entry of a final order awarding such fees and expenses under either 11 U.S.C. §§ 330 or 331. Invoices will generally be sent monthly or, at the discretion of PC&P, on a less frequent basis if circumstances warrant (e.g., insignificant amount, the Representation is nearly completed and a "final bill" is desirable or by arrangement with Client). PC&P's invoices are self-explanatory and will describe the services rendered by date, timekeeper, work performed and hourly rate. Expenses will be itemized. PC&P understands that the award of any interim compensation under 11 U.S.C. § 331 remains subject to recovery by the Estate until entry of a final order approving compensation under 11 U.S.C. § 330.

6. Client agrees to make itself and its representatives, upon as much notice as is given to PC&P, available for hearings, depositions, trials and other appearances as may be required to fulfill the Representation as necessary, and to produce documents and cooperate with PC&P in pursuing the Representation. Client understands that PC&P does not have sole control of hearing dates, trial settings or discovery deadlines in the discovery process. In the event Client fails to cooperate as herein provided, PC&P may withdraw in accordance with the provisions of Paragraph 7 of this letter.

7. PC&P reserves the right to withdraw from the Representation at any time subject to the applicable ethical considerations, and Client agrees to pay PC&P for all services rendered through the date of PC&P's last participation in the matter, subject to Bankruptcy Court approval, including

{00560552;1}

Page 3
Mr. John Patrick Lowe, Chapter 7 Trustee
December 20, 2021

services in connection with effecting the withdrawal and the substitution of alternative counsel. Likewise, Client may terminate the services of PC&P in connection with the Representation at any time. Client agrees that PC&P will have no obligation to Client to render any further services after any such termination, except that PC&P will cooperate with Client and any other counsel employed by Client to complete the Representation in order to accomplish a transition of counsel. In the event Client terminates the Representation or Attorneys withdraw from representation, Attorneys will provide Client with a complete copy of its file at no charge within 30 days of the termination or withdrawal.

8.  Attorneys agree to use diligent efforts in representing Client in this matter. Although Attorneys and Client have discussed the relative merits of the matter, Client acknowledges that Attorneys have given no assurances whatsoever regarding the outcome of this matter. Attorneys' services are covered by professional malpractice insurance, the details of which are available to Client upon request.

9.  In order to confirm the employment of PC&P and indicate Client's agreement with the terms set out above, please execute this letter in the spaces indicated, and return your original signature to us.

Very truly yours,

Randall A. Pulman

Enclosures
APPROVED AND AGREED TO:

_____
John Patrick Lowe
Chapter 7 Trustee for the Bankruptcy Estate
Of Deeproot Capital Management, LLC, et al.

Date: _____

{00560552;1}

**Exhibit A**

| Attorney | Hourly Rate |
|---|---|
| Randall A. Pulman, Partner | $500.00 |
| Elliott Cappuccio, Partner | $500.00 |
| Leslie S. Hyman, Partner | $450.00 |
| Shari P. Pulman, Partner | $400.00 |
| Anna K. MacFarlane, Associate | $275.00 |
| Carissa Brewster, Associate | $225.00 |
| Paralegals | $125.00 |

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL., | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

### ORDER ON THE APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY COUNSEL

---

Came on for consideration the *Application of Trustee for Authority to Employ Counsel* (the "**Application**")[1] filed by John Patrick Lowe, the Chapter 7 Trustee (the "**Trustee**") for the captioned jointly administered chapter 7 case. Based on the representations made in the Application and in the supporting *Affidavit of Randall A. Pulman in Support of the Application of Trustee for Authority to Employ Counsel*, the Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding

---

[1] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Application.

{00560537;1}

pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application approving the employment of Pulman, Cappuccio & Pullen, LLP ("**PC&P**") is in the best interest of the Estate and its creditors; (iv) PC&P holds no interest adverse to the Estate and is a disinterested person under 11 U.S.C. § 101(14); (v) proper and adequate notice of the Application has been given and no further notice is necessary; (vi) no objections to the Application have been filed; and (vii) based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Application in all respects.

**IT IS, THEREFORE, ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ PC&P with Randall A. Pulman to act as lead counsel to represent him as Trustee in this Case effective as of December 20, 2021, in accordance with the terms described in the Application, the engagement letter, and this Order, and to perform the services described below:

a) to file pleadings with the court and to represent the Estate's interest in regard to any adversaries, appeals, or contested matters before this court and litigation in other courts, particularly with regard to the Estate's interest in various assets and the positions of secured and unsecured creditors, whether by motion, adversary action, turnover proceedings, or litigation activities of every description in other courts;

b) to investigate, analyze, institute and prosecute actions regarding determination and recovery of property of the Estate, including investigation and prosecution of determination and lien perfection, avoidance litigation as well as collection and liquidation of assets of the Estate, to the extent such activities would be economically beneficial to the Estate;

c) to assist the Trustee where necessary to negotiate and consummate non-routine sales or leases of the assets of the Estate, wherever they may be found, including sales free and clear of liens, claims and encumbrances, and to institute any necessary proceedings in regard thereto;

d) to institute and prosecute non-routine objections to exemptions and non-routine objections to proofs of claim;

e) to co-ordinate activities with the United States Trustee as appropriate in connection with issues of the integrity of the bankruptcy courts and procedures;

f) to aid in the representation of the Trustee in any litigation against Trustee in Trustee's official capacity;

g) to assist in resolution of sales of, and any title problems associated with, the Estate's property; and

h) to collect any judgments that may be entered in favor of the Estate; and

i) to assist in any other work requested by the Trustee.

**IT IS FURTHER ORDERED** that the Law Firm shall not be compensated by the bankruptcy Estate for performing duties required to be performed by the Trustee.

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after entry of this Order, absent any objections within 21 days after the filing and service of such supplemental declarations or affidavits, PC&P's employment shall continue as authorized pursuant to this Order.

**IT IS FURTHER ORDERED** that PC&P shall be compensated upon appropriate application in accordance with Bankruptcy Code sections 330 and 331, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy of the Western District of Texas.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

**S**UBMITTED BY**:**

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Anna K. MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com
**P**ULMAN**, C**APPUCCIO **& P**ULLEN**, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
**P**ROPOSED **A**TTORNEYS FOR **J**OHN **P**ATRICK **L**OWE**,**
**C**HAPTER **7 T**RUSTEE FOR THE **J**OINTLY **A**DMINISTERED **C**ASE
OF **I**N RE **D**EEPROOT **C**APITAL **M**ANAGEMENT**, LLC** ET AL**.**