**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 20, 2022.**



_____
MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL., | § § § | BANKRUPTCY NO. 21-51523-MMP |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**ORDER ON THE APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY COUNSEL**

Came on for consideration the *Application of Trustee for Authority to Employ Counsel* (the "**Application**")[1] filed by John Patrick Lowe, the Chapter 7 Trustee (the "**Trustee**") for the captioned jointly administered chapter 7 case. Based on the representations made in the Application and in the supporting *Affidavit of Randall A. Pulman in Support of the Application of Trustee for Authority to Employ Counsel*, the Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding

_____
[1] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Application.

{00560537;1}

pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application approving the employment of Pulman, Cappuccio & Pullen, LLP ("**PC&P**") is in the best interest of the Estate and its creditors; (iv) PC&P holds no interest adverse to the Estate and is a disinterested person under 11 U.S.C. § 101(14); (v) proper and adequate notice of the Application has been given and no further notice is necessary; (vi) no objections to the Application have been filed; and (vii) based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Application in all respects.

**IT IS, THEREFORE, ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ PC&P with Randall A. Pulman to act as lead counsel to represent him as Trustee in this Case effective as of December 20, 2021, in accordance with the terms described in the Application, the engagement letter, and this Order, and to perform the services described below:

a) to file pleadings with the court and to represent the Estate's interest in regard to any adversaries, appeals, or contested matters before this court and litigation in other courts, particularly with regard to the Estate's interest in various assets and the positions of secured and unsecured creditors, whether by motion, adversary action, turnover proceedings, or litigation activities of every description in other courts;

b) to investigate, analyze, institute and prosecute actions regarding determination and recovery of property of the Estate, including investigation and prosecution of determination and lien perfection, avoidance litigation as well as collection and liquidation of assets of the Estate, to the extent such activities would be economically beneficial to the Estate;

c) to assist the Trustee where necessary to negotiate and consummate non-routine sales or leases of the assets of the Estate, wherever they may be found, including sales free and clear of liens, claims and encumbrances, and to institute any necessary proceedings in regard thereto;

d) to institute and prosecute non-routine objections to exemptions and non-routine objections to proofs of claim;

e) to co-ordinate activities with the United States Trustee as appropriate in connection with issues of the integrity of the bankruptcy courts and procedures;

{00560537;1}

f) to aid in the representation of the Trustee in any litigation against Trustee in Trustee's official capacity;

g) to assist in resolution of sales of, and any title problems associated with, the Estate's property; and

h) to collect any judgments that may be entered in favor of the Estate; and

i) to assist in any other work requested by the Trustee.

**IT IS FURTHER ORDERED** that the Law Firm shall not be compensated by the bankruptcy Estate for performing duties required to be performed by the Trustee.

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after entry of this Order, absent any objections within 21 days after the filing and service of such supplemental declarations or affidavits, PC&P's employment shall continue as authorized pursuant to this Order.

**IT IS FURTHER ORDERED** that PC&P shall be compensated upon appropriate application in accordance with Bankruptcy Code sections 330 and 331, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy of the Western District of Texas.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###

**SUBMITTED BY:**

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Anna K. MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
**PROPOSED ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED CASE
OF IN RE DEEPROOT CAPITAL MANAGEMENT, LLC ET AL.**