IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL., | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

### MOTION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO SELL PROPERTY OF THE ESTATE BY PUBLIC AUCTION AND TO AUTHORIZE PAYMENT TO AUCTIONEER FROM SALES PROCEEDS

---

TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:

John Patrick Lowe, the Chapter 7 Trustee herein ("**Trustee**"), by and through his counsel Pulman, Cappuccio, & Pullen, LLP, files this *Motion of Chapter 7 Trustee for Authorization to Sell Property of the Estate by Public Auction and Authorize Payment to Auctioneer from Sales Proceeds* (the "**Motion**") and respectfully represents as follows:

### SUMMARY

1. The Trustee, as the successor in interest to the Debtors, acquired certain rights and interests to the Debtors' property, specifically parts, inventory, equipment, and furniture (the "**Assets**") stored at two formerly leased San Antonio offices: 12669 Silicon Drive, San Antonio, Texas 78249 and 12621 Silicon Drive, San Antonio, Texas 78249 (the "**Properties**"). The Trustee intends to sell the Assets at a public auction held in place at the Properties. The Trustee intends to sell the Assets "as is," "where is," with all faults without any warranties, other than a warranty that the sale is free and clear of liens, claims, security interests, and encumbrances, and without recourse against the Trustee or the estate. The Trustee has sound business justification

{00564453;1}                                              1

for the sale because the landlords have post-petition administrative rent claims. The Debtors' property needs to be sold and removed as soon as practicable in order to maximize the recovery to the Estate.

2.  A copy of the proposed order granting the requested relief is attached as <u>Exhibit A</u>.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 1557(b)(2). The statutory predicates to this Application are 11 U.S.C. §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL HISTORY

5.  On December 9, 2021, (the "**Petition Date**"), Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot BonusGrowth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds LLC, deeproot Studios LLC, deeproot Capital Management, LLC (collectively the "**Debtors**") filed voluntary petitions under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").

6.  On December 9, 2021, Trustee was duly appointed as the interim Chapter 7 Trustee in seven of the eleven chapter 7 cases. The chapter 7 trustee on the other four related cases resigned on December 20, 2021 (ECF No. 17), and, on December 21, 2021, the Trustee was duly appointed as the interim Chapter 7 Trustee in the remaining four related cases (ECF No. 19).

{00564453;1}  2

7. On December 20, 2021, the Court granted the Debtors' Expedited Motion for Joint Administration. (ECF No. 20).

## ARGUMENT AND AUTHORITIES

**A. Sale of Assets.**

8. Courts evaluate proposed sales outside the ordinary course under section 363(b) based upon the Trustee's sound business justification. S*ee Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc., et al. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); s*ee also In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011); *In re Cowin*, No. 13-30984, 2014 WL 1168714, at *38 (Bankr. S.D. Tex. Mar. 21, 2014). Once the Trustee articulates a valid business justification, "[t]he business judgment rule is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re S.N.A. Nut Co.*, 86 B.R. 98 (Bankr. N.D. Ill. 1995); *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992); *In re JohnsManville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) (". . . a presumption of reasonableness attaches to a Debtor's management decisions.").

9. The Trustee has a sound business justification for selling the Assets at a public auction. There is property of the estate located at the Properties, specifically parts, equipment, furniture, and inventory. The Debtors' landlords possess administrative rent claims, which increase daily. The landlords also desire to clear the Properties of the Debtor's Assets so that each can re-lease or sell the Properties. As such, the Trustee has conferred with his professionals

and has decided to hold an in-place auction conducted by auctioneer Mel T. Davis. The Trustee has filed a separate Application to Employ Mel T. Davis as Auctioneer contemporaneously with this Motion. *See* ECF No. 53.

10. Trustee proposes to pay Mel T. Davis a ten percent (10%) commission for the auction sales and to reimburse him for advertising and moving expenses, in accordance with the application to employ. The Trustee requests authorization to pay Mel T. Davis' fee at the conclusion of the auction. The Trustee also requests authorization for the auctioneer to charge a fifteen percent (15%) buyer's commission which will be paid by the buyers and not from the sales proceeds to help defray the costs of credit card and check transactions; storage and security charges; and the costs of insurance. These costs shall not be duplicative of out-of-pocket expenses described above.

**B.      The Court May Authorize the Sale Free and Clear of All Liens.**

11. The Trustee submits that the Court may authorize the sale of the Assets free and clear of all liens, claims, and encumbrances based on the Trustee's sound business judgment. Section 363(f) allows the Debtor to sell and assign the assets free and clear of any interest if:

   a. applicable nonbankruptcy law permits sale of such property free and clear of such interest;

   b. such entity consents;

   c. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   d. such interest is in a bona fide dispute;

   e. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

12. The Trustee satisfies section 363(f) of the Bankruptcy Code because (a) the liens could be satisfied based on the purchase price of the Assets; and (b) any entity holding a secured interest in the Assets could be compelled to accept a money satisfaction of such interest. Moreover, the Trustee does not expect any prepetition secured party to object to the Motion. The Trustee is not aware of any party asserting a lien on the Assets.

13. Other than those claims listed in the Debtors' schedules and in the claims registers, the Trustee is not aware of any other party asserting a lien on the Assets. The U.S. Small Business Administration may file a proof of claim against the Assets in the deeproot Tech, LLC case. Otherwise, to the extent any such lien exists, the Trustee submits that any such lien, claim, or encumbrance will be adequately protected by attachment to the net proceeds of the sale.

14. The Trustee also moves that the sale of the Assets be "as is," "where is," with all faults, without any warranties, other than a warranty that the sale is free and clear of liens, claims, security interests and encumbrances, and without recourse against the Trustee or the bankruptcy estate

15. It would be impracticable for the Trustee to include an itemized list of the Assets in this Motion. *See* 11 U.S.C. § 363(f). As discussed above, the Assets at the Properties include numerous parts, inventory, equipment, and furniture belonging to the Debtors. Trustees' counsel has visited the two Properties and has seen the vast number of items left therein. It would be extremely burdensome, costly, and time-consuming for the Trustee to attempt to review and catalog all of the items and there is a risk of missing something resulting in not being able to sell it. As such, the Trustee does not include an itemized list of the Assets with this Motion.

**C.     Waiver of Stay Under Bankruptcy Rule 6004(h).**

16.     Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). As described above, the relief that the Trustee seeks in this Motion is necessary for the Trustee to maximize value of the jointly administered Debtors' estates. Accordingly, the Trustee respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the nature of the relief sought herein justifies immediate relief.

17.     The Trustee requests that the stay provided by Federal Rule of Bankruptcy Procedure 6004(g) be vacated immediately so that this sale can be commenced and completed as soon as possible after entry of an Order on the docket.

WHEREFORE, premises considered, the Trustee prays that he be authorized to sell the Assets at a public, on-site auction, and for such other and further relief, as is just.

Dated: January 31, 2022                    Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Anna K. MacFarlane
    Texas State Bar No. 24116701
    amacfarlane@pulmanlaw.com
**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED CASE OF IN RE DEEPROOT CAPITAL MANAGEMENT, LLC ET AL.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January, 2022, I electronically filed the foregoing document using the CM/ECF system, which will serve the document on the following list of parties in interest and parties requesting notice and it was mailed to the Debtors via US First Class Mail. A supplemental Certificate of Service will be filed relating to service on the entire creditor matrix.

*Via US First Class Mail*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

*Via US First Class Mail*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020
Debtor's Counsel

*Via CM/ECF: pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

*Via CM/ECF:*
*catherine.curtis@wickphillips.com;jason.rudd@wickphillips.com*
Catherine A. Curtis
Jason M. Rudd
Wick Phillips Gould & Martin, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

*Via CM/ECF:*
*USTPRegion07.SN.ECF@usdoj.gov*
United States Trustee - SA12
US Trustee's Office
615 E Houston, Suite 533
San Antonio, TX 78295-1539

*Via CM/ECF: rbattaglialaw@outlook.com*
Raymond W. Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218

*Via CM/ECF: jpetree@mcslaw.com*
Jonathan Petree
McGuire, Craddock & Strother, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

*Via CM/ECF: jdunne@smfadlaw.com*
John C. Dunne
SMFAD Law
1001 McKinney Street #1100
Houston, TX 77002

*Via CM/ECF: bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
Texas Attorney General's Office
PO Box 12548
Austin, TX 78711


*/s/ Randall A. Pulman*
Randall A. Pulman

{00564453;1} 7

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL., | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**ORDER APPROVING MOTION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO SELL PROPERTY OF THE ESTATE BY PUBLIC AUCTION AND TO AUTHORIZE PAYMENT TO AUCTIONEER FROM SALES PROCEEDS**

The Court has considered the matter before the Court on the *Motion of Chapter 7 Trustee for Authorization to Sell Property of the Estate by Public Auction and to Authorize Payment to Auctioneer from Sales Proceeds* (the "**Motion**"),[1] any responses to the Motion, the statements of counsel, and the records in this case, and having held a hearing on the Motion, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

Debtor's estate, its creditors, and other parties-in-interest; (d) proper and adequate notice of the application and hearing hereon has been given and no other or further notice is necessary; and (e) good and sufficient cause exists for granting the relief requested. Therefore, it is **ORDERED** that the Trustee's Motion shall be **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that the Trustee is authorized to sell the Assets through an auction conducted by Mel T. Davis.

**IT IS FURTHER ORDERED** that, upon the consummation of the sale, all persons holding or asserting any lien, claim, interest, or encumbrance against or in the Assets of any kind or nature whatsoever, including all taxing authorities, are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such lien, claim, interest, or encumbrance against the buyer or the Assets themselves.

**IT IS FURTHER ORDERED** that such sale shall also be "as is," "where is," with all faults, without any warranties, other than a warranty that the sale is free and clear of liens, claims, security interests and encumbrances, and without recourse against the Trustee or the bankruptcy estate.

**IT IS FURTHER ORDERED** that the Trustee is authorized to pay auctioneer Mel T. Davis a ten percent (10%) commission for the auction sale and reimburse him for advertising and moving expenses. Mel T. Davis is also authorized to charge a fifteen percent (15%) buyer's commission, which will be paid by the buyers and not from the sales proceeds to help defray the costs of credit card and check transactions; storage and security charges; and the costs of insurance. These costs shall not be duplicative of out-of-pocket expenses described above.

**IT IS FURTHER ORDERED** that the stay provided by Federal Rule of Bankruptcy Procedure 6004(h) is vacated and the Trustee is authorized to sell the Assets upon the entry of this Order.

**IT IS FURTHER ORDERED** that the Trustee is authorized to take any actions reasonably necessary to effectuate the relief granted by this order.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all disputes arising from or related to the implementation, interpretation, or enforcement of this order.

# # #

Submitted by:

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Anna MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com
**PULMAN, CAPPUCCIO, & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Telecopier

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED CASE OF IN RE DEEPROOT CAPITAL MANAGEMENT, LLC ET AL.**