IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET. AL. | § | CASE NO. 21-51523 |
| | § | JOINTLY ADMINISTERED |
| DEBTORS | § | |

**BEXAR COUNTY'S RESPONSE TO THE MOTION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO SELL PROPERTY OF THE ESTATE BY PUBLIC AUCTION AND TO AUTHORIZE PAYMENT TO AUCTIONEER FROM SALES PROCEEDS**

TO THE COURT:

Now comes Bexar County[1] and files its Response to the Motion of Chapter 7 Trustee for Authorization to Sell Property of the Estate by Public Auction and to Authorize Payment to Auctioneer from Sales Proceeds ("Sale Motion") (ECF #54) and respectfully represents the following:

1. Bexar County is a unit of local government in the State of Texas which possesses the authority under the laws of the State to assess and collect *ad valorem* taxes on real and personal property.

2. In Policy Services, Inc.; Case No. 21-51513, Bexar County filed its pre-petition secured proof of claim herein for ad valorem property taxes assessed against the Debtor's property for tax year 2021 in the amount of $3,732.68 pertaining to the business personal property located at 12621 Silicon Drive, situated in the City of San Antonio, Bexar County, Texas ("Subject Property").

---

[1] Bexar County is the collecting agent for all ad valorem tax entities located within the jurisdictional limits of Bexar County all of which are represented by the undersigned attorneys

1

3. Bexar County's claim is for business personal property taxes incurred by the Debtor in the ordinary course of business. These taxes are secured by first priority liens pursuant to Texas Property Tax Code §§32.01 and 32.05. In pertinent part, §32.01 provides

   (a) **On January 1 of each year, a tax lien attaches** to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year . . . .
   (b) A tax lien on inventory, furniture, equipment, or their personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
   (c) The lien under this section is perfected on attachment and . . . **perfection requires no further action** by the taxing unit.

4. The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

5. Bexar County does not oppose the sale of the Subject Property; provided that any order granting Trustee's Sale Motion includes the following provisions:

   IT IS FURTHER ORDERED that the ad valorem tax lien for tax year 2021 pertaining to the Subject Property shall attach to the sales proceeds and that the closing agent shall pay all ad valorem tax debt owed incident to the Subject Property immediately upon closing and prior to any disbursement of proceeds to any other person or entity.

IT IS FURTHER ORDERED that all liens which secure the ad valorem tax penalty claims are avoided by right of the 11 United States Code §724(a) but are preserved for the benefit of the estate by right of 11 United States Code §551.

IT IS FURTHER ORDERED that the Trustee is authorized and directed to pay the ad valorem taxes and interest but no penalties to Bexar County within fifteen (15) days of the Trustee's receipt of the net sales proceeds from the auctioneer for the bankruptcy estate.

**WHEREFORE, PREMISES CONSIDERED**, Bexar County prays that this Court grant the Trustee's Sale Motion, subject to the requests of Bexar County, and grant it all relief as may be just.

Respectfully submitted,

**LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP**
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205
(210) 225-6763 - *Telephone*
(210) 225-6410 - *Fax*

By: \_\_/s/ Don Stecker_____
David G. Aelvoet (SBN 00786959)
Don Stecker (SBN 19095300)
Bradley S. Balderrama (SBN 24040464)
Attorney for Bexar County

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response of Bexar County to the Motion of Chapter 7 Trustee for Authorization to Sell Property of the Estate by Public Auction and to Authorize Payment to Auctioneer from Sales Proceeds was served this the 2nd day of February, 2022 by Electronic Filing and/or by First Class Mail upon the following:

Debtor:
    deeproot Capital Management, LLC
    12621 Silicon Dr
    San Antonio, TX 78249

Debtor:
    Policy Services, Inc.
    12621 Silicon Dr
    San Antonio, TX 78249

Counsel for Debtors:
    Catherine A. Curtis
    Wick Phillips Gould & Martin, LLP
    3131 McKinney Ave, Suite 500
    Dallas, TX 75204

    Jason M. Rudd
    Wick Phillips Gould & Martin LLP
    3131 McKinney Ave, Suite 500
    Dallas, TX 75204

Chapter 7 Trustee:
    Mr. John P. Lowe
    218 North Getty Street
    Uvalde, TX 78801

Counsel for Chapter 7 Trustee:
    Randall A. Pulman
    Pulman Cappuccio & Pullen LLP
    2161 NW Military Hwy, Suite 400
    San Antonio, TX 78213

United States Trustee:
    US Trustee's Office
    615 E Houston, Suite 533
    San Antonio, TX 78295-1539

        /s/ Don Stecker
    David G. Aelvoet
    Don Stecker
    Bradley S. Balderrama