**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| **DEEPROOT CAPITAL** | § | CASE NO. 21-51523-MMP |
| **MANAGEMENT, LLC, ET AL.,**[1] | § | |
| | § | JOINTLY ADMINISTERED |
| *Debtors.* | § | |

---

**LANDLORD'S RESPONSE IN LIMITED OPPOSITION TO THE TRUSTEE'S SALE**
**MOTION AND REQUEST FOR ADEQUATE PROTECTION**
(***Relates to Dkt. 54***)

---

CVH University Park, LP ("CVH" or "Landlord"), a creditor and party-in-interest herein, files this *Response in Limited Opposition to the Trustee's Sale Motion and Request for Adequate Protection* ("Limited Objection"), and in support states:

**I.**
**INTRODUCTION**

Landlord files this Limited Objection to seek adequate protection for its property and to enforce its right to timely payment for current services rendered post-petition. Specifically, approval of the Trustee's Sale Motion should be conditioned on the Trustee's timely payment for the estate's continued occupation and proposed use of Landlord's property pursuant to § 365(d)(3). Additionally, a final date should be set for the sale to be concluded and Landlord's property vacated and surrendered to Landlord so that it can prepare for marketing the property to new tenants and otherwise mitigate its damages as required by Texas law. In the alternative to

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Policy Services, Inc (2864), Wizard Mode Media, LLC (3205), deeproot Pinball LLC (0320), deeproot Growth Runs Deep Fund, LLC (8046), deeproot 575 Fund, LLC (9404), deeproot 3 Year Bonus Income Debenture Fund, LLC (7731), deeproot BonusGrowth 5 Year Debenture Fund, LLC (9661), deeproot Tech LLC (9043), deeproot Funds LLC (9404), deeproot Studios LLC (6283), and deeproot Capital Management, LLC (2638).

---

Landlord's requested protections under § 363(e) and 365(d)(3), Landlord requests that the Court order that the automatic stay is not in effect to prevent Landlord from recovering immediate possession of the Premises, that the Trustee's Sale Motion be denied without prejudice to refile at a later date, and that the estate immediately relocate its assets and surrender the Premises to Landlord.

## II.
## BACKGROUND

1.        On December 9, 2021 ("Petition Date"), deeproot Capital Management, LLC ("Debtor") filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").  John Patrick Lowe is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

2.        Prior to the Petition Date, the Debtor and Landlord were parties to a lease agreement ("Lease") relating to premises at 12669 Silicon Drive, San Antonio, Texas 78249, containing approximately 6,422 rentable square feet ("Premises").  The Debtor initially leased the Premises on October 1, 2019.

3.        The Lease provides for the Debtor to pay monthly rent of $8,453.02.  The Lease further provides for the recovery of Landlord's attorneys' fees, costs, and expenses in the event of a default by Debtor under the terms of the Lease.

4.        Prior to the Petition Date, the Debtor was in default under the Lease for failing to pay rent due for August and September 2021.  On September 29, 2021, due to the Debtor's continuing default, Landlord tendered a Notice of Termination to the Debtor.  Thereafter, Landlord requested that Tenant remove its equipment and tangible personal property ("Equipment") stored within the Premises, but Tenant was unresponsive.  The Debtor's continued to occupy the Premises creating a tenancy at will contractually entitling Landlord to rent at 150% the base rent amount

provided for in the Lease.  On November 22, 2021, Landlord submitted a Notice of Abandonment to Tenant pursuant to the Lease and Chapter 93 of the Texas Property Code.  The Notice of Abandonment, among other things, notified Tenant that if Tenant failed to claim and collect the Equipment remaining at the premises within 60 days (*i.e.*, by January 21, 2022), Landlord would proceed to dispose of or sell the Equipment to recover full possession of the Premises and satisfy the outstanding defaults under the Lease.  The Debtor continued to occupy and use the Premises for the purpose of storing the Equipment.

5.      As mentioned, on December 9, 2021, the Debtor filed this Chapter 7 case.  Since the Petition Date, the Debtor's estate continues to occupy and use the Premises as a tenant at will— including for the purpose of storing the Equipment for a public sale in place at Landlord's Premises.  The Trustee now seeks to sell the very Equipment that Landlord would now be able to sell, and to continue using Landlord's Premises for the purpose of usurping the value that would have secured Landlord's claim.  Landlord does not object to the estate's continued occupation, to the proposed public auction being conducted from the Premises, or to the proposed sale of the Debtor's Equipment.  But Landlord objects to providing current post-petition services without current timely payment for same. *See* 11 U.S.C. § 365(d)(3); *In re CEC Entertainment, Inc.*, 625 B.R. 344, 353 (Bankr. S.D. Tex. 2020) (Judge Isgur).

6.      As of February 7, 2022, which is sixty (60) days after the Petition Date, Landlord is entitled to receipt of funds for the sixty days of post-petition occupation of the leased premises, as well as timely payment of rent as it comes due for the estate's continued post-petition occupation of the premises through completion of the sale and vacation of the Premises.  The amount of post-petition rent due and payable on February 7, 2022, is $23,177.64.  Thereafter, the Lease provides for monthly rent of $8,453.02, due on the first of each month.

7.      After the Debtor's bankruptcy filing and after retaining counsel, Landlord contacted the Trustee to consent to the estate's short-term occupation and use of the premises in furtherance of the sale for timely payment of post-petition rent to be paid from the sale proceeds. On January 24, 2022, Landlord's counsel prepared and submitted a draft compromise and settlement agreement to the Trustee and his counsel to negotiate an agreed rent amount, instead of the contract rate's 150% holdover rate, to be paid timely paid from the sale proceeds in satisfaction of Landlord's right to timely payment under § 365, among other terms.  Landlord also sought stipulation to relief from the automatic stay after the sale and stipulation to the Trustee's abandonment of tangible items remaining after the sale to allow Landlord's repossession of the Premises to make it ready for new tenants.  Counsel for the Trustee indicated over the phone that there was no dispute that Landlord was entitled to an administrative rent claim and that an estimated completion date for the sale would be the end of March.  Counsel for Landlord agreed in principle to the estate's continued occupation through the estimated date for conclusion of the sale with the understanding that post-petition rent was to be paid from the sales proceeds, and waited for further substantive response regarding the other compromise and settlement terms as proposed.

8.      On January 31, 2022, the Trustee filed a *Motion for Authorization to Sell Property of the Estate by Public Auction and to Authorize Payment to Auctioneer from Sales Proceeds* [Dkt. 54] ("Sale Motion"), requesting the Courts permission to sell the Debtor's Equipment "as is, where is," free and clear of all liens, claims, and encumbrances, through an in-place auction on Landlord's Premises.  The Sale Motion proposes to pay the auctioneer out of the sale proceeds.  However, the Sale Motion does not seek authorization to timely pay Landlord out of the sale proceeds for the current services it is providing and upon which the sale itself fully depends.

## II.
## LIMITED OBJECTION AND REQUEST FOR ADEQUATE PROTECTION

9.    Landlord does not object to the estate's post-petition use and occupation of the Premises or the Trustee's proposed sale in place, in principle.  However, Landlord objects to the sale to the extent it does not receive timely payment for the current post-petition services rendered and the Estate's continued occupation of the leased premises.

10.    Even before enactment of bankruptcy code section 365, Judge Learned Hand admonished that the estate, as the successor tenant, must pay post-petition rent as it comes due "if the trustee were to hold the premises even temporarily." *Palmer v. Palmer*, 104 F.2d 161, 163 (2d Cir. 1939); *see In re Sturgis Iron & Metal Co., Inc.*, 420 B.R. 716, 732 (Bankr. W.D. Mich. 2009). And, in fact, the bankruptcy code was amended to include section 365 for the express purpose of providing landlords the very protection now sought—current, timely payment for current services rendered post-petition.  Consider Senator Hatch's comments in support of section 365(d)(3):

> In this situation, the landlord is forced to provide current services—the use of its property, utilities, security, and other services—without current payment. No other creditor is put in this position.

> \* \* \*

> This timely performance requirement will insure that debtor-tenants pay their rent, common area, and other charges on time pending the trustee's assumption or rejection of the lease.

H.R. Rep. No. 882, 95th Cong., 2d Sess. 1984, *reprinted in* 1984 U.S.C.C.A.N. 576.

11.    Congress unequivocally deemed landlords to be a class of vulnerable creditors with interests in need of protecting.  Accordingly, section 365(d)(3) was added to the bankruptcy code as a direct remedy to estates remaining in possession of landlords' property with only the trustee's assurance that they would eventually be reimbursed as an administrative claimant against the

estate.[2]

12.     The estate continues to occupy—and proposes to <u>publicly</u> use—the Premises as an indispensably necessary service to generate value for the estate.  The sixty-day period wherein the Trustee does not have to pay rent expires February 7, 2022.   Therefore Landlord must be timely compensated by the Trustee for the estate's occupation and use of the Premises until the Lease is rejected by the Trustee and the Premises are surrendered back to Landlord.  *See In re Compuadd Corp.* 166 B.R. 862, 864 (Bankr. W.D. Tex. 1994) ("The language of [§ 365] is mandatory. It says 'The trustee shall timely perform all obligations of the debtor . . .'.  Payment of rent is clearly one such obligation.  Therefore, under § 365(d)(3) the trustee must make *timely* payment of rent under such leases. It is mandatory.") (emphasis original).   Therefore, Landlord requests that the Court condition approval of the Trustee's Sale Motion on the Trustee's timely payment to Landlord for the estate's post-petition occupation and use of the Premises, either:

a.     out of the sale proceeds (or more specifically, the Trustee's cash on hand after the proposed sale concludes), by extending the sixty-day period under § 365(d)(3) wherein the Trustee need not comply with its duty to timely pay rent, until the date the sale is completed and the property vacated and surrendered to Landlord, at which time timely payment to Landlord will be due;

b.     as rent comes due, with the accrued post-petition rent through February 7, 2022 paid in full and future rent payments due and payable on the first of each month, until such time as the proposed sale is completed, the Trustee vacates and surrenders the Premises, and reject the lease.

13.     To be clear, Landlord is not requesting that the sale proceeds be surcharged, or that it be awarded any sort of fictitious administrative "superpriority."   In fact, Landlord is not requesting payment of an "administrative priority" claim at all.  Instead Landlord is requesting

---

[2] The express language in section 365(d)(3), "notwithstanding section 503(b)(1) of this title," removes the landlord's entitlement to current payment for current services rendered from the administrative priority scheme otherwise afforded.  It was the administrative priority protections that were deemed insufficient to protect vulnerable landlord's, and thus § 365 was enacted to mandate timely payment for the current post-petition services being offered.  *See In re Krystal Co.*, 194 B.R. 161, 163–164 (Bankr. E.D. Tenn. 1996).

timely payment for its current services being rendered as expressly safeguarded by section 365(d)(3).[3]

14.     Just as the Trustee has a duty under § 365(d)(3) to pay the accrued post-petition rent on February 7, 2022, with payments continuously paid on time thereafter, so too will the Trustee have a duty to pay the accrued rent at the end of any extension period granted pursuant to § 363(e) and 365(d)(3), with a continuing obligation to pay future rents as they come due until lease rejection.  *See CEC Entertainment*, 625 B.R. at 353 and 364 (denying abatement of rent obligations after expiration of the 60-day period).  Therefore, Landlord may be paid out of the sale proceeds (or rather the Trustee's cash on hand after the sale) pursuant to the Trustee's duty to timely pay rent after expiration of the ordered extension—without need for a surcharge of the sale proceeds or fictitious administrative superpriority of the Landlord.  Timely payment of rent is an unequivocal duty of the Trustee and Landlord requests that approval of the proposed sale be conditioned on it pursuant to § 363(e).

15.     Further, the Sale Motion does not specify the date by which the sale will be complete and the Premises returned to Landlord.  Since the Trustee proposes to host an auction in place at Landlord's Premises, it is likely that the buyers will take possession of the equipment at the Premises.  Landlord requests adequate, reasonable protections for its Premises while hosting the Trustee's proposed public sale, as more fully listed below.  Landlord's proposed *Order Approving Chapter 7 Trustee's Sale Motion* is attached as **Exhibit A**.

---

[3] Any rebuttal to Landlord's request on the basis of priority of administrative payments cannot survive scrutiny. Landlord is not requesting that it be paid an administrative claim ahead of other administrative claimants; Landlord does not yet have an administrative claim at all and is merely requesting that the proposed sale be contingent on the Trustee's compliance with his statutory duty to make current timely payments for current services rendered.

16.     Pursuant to section 363(e) of the Bankruptcy Code the Landlord requests that it be provided adequate protection for the estate's continued occupation and public use of the Premises. In particular, Landlord requests that the Court condition approval of the proposed sale as follows:

a.  That the Trustee commit to a date no later than June 30, 2022, by which it will conclude the sale process and have all of the property either removed by the buyers or the Debtor's estate from the Premises and possession of the Premises returned to the Landlord in a reasonably clean condition;

b.  That the Trustee timely pay the Landlord for post-petition services rendered to the estate pursuant to section 365(d)(3) through the completion of the proposed sale and surrender of the Premises, either

   o  out of the sale proceeds (or more specifically, the Trustee's cash on hand after the proposed sale concludes), by extending the sixty-day period under § 365(d)(3) wherein the Trustee need not comply with its duty to pay rent, until the date the sale is completed and the property vacated and surrendered to Landlord, at which time timely payment to Landlord of all amounts then due under the lease will be paid; or

   o  as rent comes due, with the accrued post-petition rent until February 7, 2022 paid in full, and future rent payments due and payable timely made to the Landlord on the first of each month, until such time as the proposed sale is completed, the Trustee vacates and surrenders the Premises, and rejects the lease;

c.  That any property remaining at the Premises after June 30, 2022, be deemed abandoned and the automatic stay lifted to allow the Landlord to sell, remove, or dispose of such property as necessary to take back full possession of the Premises and prepare for marketing to new tenants; and

d.  That the Premises are left in reasonably clean condition upon the conclusion of the proposed sale. To the extent that the Premises are damaged during the sale process or in removal of the sold property or on account of the Debtor's use of the Premises during the sale process (collectively, "Sale Damage") or the Premises are not returned to Landlord reasonably clean, Landlord shall be entitled to a section 503(b) administrative priority expense in this case in the amount required to clean the Premises or remediate such Sale Damage;

Accordingly, Landlord requests that it be provided adequate protection in connection with the Debtor's post-petition use of the Leased Premises as set forth herein and as reflected in the

proposed order attached as **Exhibit A** and that it have all further and other relief to which it may be entitled.

## III.
## ALTERNATIVE REQUEST FOR RELIEF FROM THE AUTOMATIC STAY

17.     Alternatively, if the proposed sale is not conditioned on the Trustee's timely payment, Landlord requests that this Court order that Landlord is not automatically stayed from recovering immediate possession of the Premises, that the Trustee's Sale Motion be denied without prejudice to refile, and that the estate immediately relocate the assets for sale and surrender the Premises to Landlord.

18.     Landlord's request for relief from the automatic stay is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (G).  The statutory basis for Landlord's requested relief is 11 U.S.C. §§ 362(b)(10), 362(d)(1), 365(c)(3); 365(d)(3); and 541(b)(2).

19.     Landlord is not adequately protected or assured that it will be timely or fully compensated for the services it is currently providing to the estate.  Section 362(d)(1) of the Bankruptcy Code provides, in pertinent part, that "cause" for courts to terminate, annul, modify, or condition the automatic stay includes a creditor's lack of adequate protection.  Thus, cause exists pursuant to § 362(d)(1) to terminate the stay and allow Landlord's immediate repossession of the premises, should the stay be applicable at all.

20.     If the estate's continued occupancy and usage of the Premises as a tenant at will does not give rise to the Trustee's duty to timely pay rent under 365(d)(3) on the basis that the Lease is expired, the natural corollary of that determination is that the estate has no interest in the Premises and the automatic stay cannot bar Landlord's immediate repossession.  11 U.S.C. §§ 362(b)(10); 365(c)(3); 541(b)(2).  Accordingly, in that event Landlord requests that the Court order the stay inapplicable to Landlord, order that the Trustee's Sale Motion be denied without prejudice

to refile at a later date, and order the estate enjoined from further willful dispossession of Landlord and require immediate vacation and surrender of the Premises.

21.     A proposed order granting Landlord's alternatively sought relief is attached hereto as **Exhibit B**.

### IV.
### <u>CONCLUSION</u>

22.     WHEREFORE, PREMISES CONSIDERED, Landlord respectfully requests that this Court condition approval of the Trustee's Sale Motion as set forth herein or alternatively order that Landlord is not stayed to immediately repossess the Premises, deny Trustee's Sale Motion, and enjoin the estate's further willful dispossession of the Premises from Landlord.

(Intentionally left black)

DATED: February 7, 2022

Respectfully submitted,

*/s/ Jonathan S. Petree   [2022-02-07]*
**Jonathan S. Petree**
Texas Bar No. 24116897
**MCGUIRE, CRADDOCK & STROTHER, P.C.**
500 North Akard Street, Suite 2200
Dallas, Texas 75201
T: 214.954.6800
F: 214.954.6868
jpetree@mcslaw.com

***Counsel for CVH University Park, LP***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Limited Objection was served on February 7, 2022, via electronic mail to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the CM/ECF System in this District.

*/s/ Jonathan S. Petree [2022-02-07]*
**Jonathan S. Petree**