**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 09, 2022.**



_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL., | § § § | BANKRUPTCY NO. 21-51523 |
| DEBTORS. | § § | JOINTLY ADMINISTERED |

---

**ORDER APPROVING MOTION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO SELL PROPERTY OF THE ESTATE BY PUBLIC AUCTION AND TO AUTHORIZE PAYMENT TO AUCTIONEER FROM SALES PROCEEDS**

---

The Court has considered the matter before the Court on the *Motion of Chapter 7 Trustee for Authorization to Sell Property of the Estate by Public Auction and to Authorize Payment to Auctioneer from Sales Proceeds* (the "**Motion**"),[1] any responses to the Motion, the statements of counsel, and the records in this case, and having held a hearing on the Motion, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

{00566266;1}

Debtor's estate, its creditors, and other parties-in-interest; (d) proper and adequate notice of the application and hearing hereon has been given and no other or further notice is necessary; and (e) good and sufficient cause exists for granting the relief requested. Therefore, it is **ORDERED** that the Trustee's Motion shall be **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that the Trustee is authorized to sell the Assets through an auction conducted by Mel T. Davis.

**IT IS FURTHER ORDERED** that the ad valorem tax lien for tax year 2021 pertaining to the personal property located in Bexar County shall attach to the sales proceeds and that the closing agent shall pay all ad valorem tax debt owed incident to the personal property located in Bexar County immediately upon closing and prior to any disbursement of proceeds to any other person or entity.

**IT IS FURTHER ORDERED** that all liens which secure the ad valorem tax penalty claims are avoided by right of 11 United States Code § 724(a) but are preserved for the benefit of the estate by right of 11 United States Code §551.

**IT IS FURTHER ORDERED** that the resulting unsecured tax penalties are subordinated to all allowed unsecured claims by right of 11 United States Code § 726(a)(4).

**IT IS FURTHER ORDERED** that the Trustee is authorized and directed to pay the ad valorem taxes and interest but no penalties to Bexar County within fifteen (15) days of the Trustee's receipt of the net sales proceeds from the auctioneer for the bankruptcy estate.

**IT IS FURTHER ORDERED** that, upon the consummation of the sale, all persons holding or asserting any lien, claim, interest, or encumbrance against or in the Assets of any kind or nature whatsoever, including all taxing authorities (except as stated in the preceding three paragraphs), are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such lien, claim, interest, or encumbrance against the buyer or the Assets themselves.

**IT IS FURTHER ORDERED** that such sale shall also be "as is," "where is," with all faults, without any warranties, other than a warranty that the sale is free and clear of liens, claims, security interests and encumbrances, and without recourse against the Trustee or the bankruptcy estate.

**IT IS FURTHER ORDERED** that the Trustee is authorized to pay auctioneer Mel T. Davis a ten percent (10%) commission for the auction sale and reimburse him for advertising and moving expenses. Mel T. Davis is also authorized to charge a fifteen percent (15%) buyer's commission, which will be paid by the buyers and not from the sales proceeds to help defray the costs of credit card and check transactions; storage and security charges; and the costs of insurance. These costs shall not be duplicative of out-of-pocket expenses described above.

**IT IS FURTHER ORDERED** that, as a condition to this Court's approval of the sale pursuant to 11 U.S.C. §§ 363(e) and 365(d)(3), the Trustee shall timely pay rent to CVH University Park, LP ("Landlord") for the estate's post-petition occupation and use of the leased space at 12669 Silicon Drive, San Antonio, Texas 78249 ("Premises"), in the amount of $20,000 for the post-petition period through March 31, with additional rent of $5,000 per month accruing thereafter, prorated for days in possession by the estate until rejection by the Trustee, which rejection shall occur no later than June 30, 2022.

**IT IS FURTHER ORDERED** that the Trustee's timely payment to Landlord for rent through March 31 in the amount of $20,000 shall be due and payable within fifteen (15) days of the Trustee's receipt of the net sales proceeds from the auctioneer for the bankruptcy estate. The Trustee's timely payment to Landlord for rent accruing after March 31, 2022, through surrender of the Premises and rejection of the lease with Landlord, shall be made within fifteen (15) days of the Trustee's rejection of the lease, which rejection shall occur no later than June 30, 2022.

**IT IS FURTHER ORDERED** that the Trustee's obligation to timely pay the rent described above is conditioned upon: (i) there being sufficient net proceeds (after all expenses) from the auction

sale; (ii) Landlord's waiver of the right to recover from the estate any further money for post-petition rent; and (iii) Landlord's waiver of the right to recover pre-petition rent or rejection damages and covenant not to file a proof of claim for such in these proceedings, provided that Landlord reserves its right to assert an administrative claim arising from any damages caused to the Premises during the conduct of the sale including the removal of the sold property ("Property Damage Administrative Claim").[2]

**IT IS FURTHER ORDERED** that any property remaining at the Premises after June 30, 2022, shall be deemed abandoned and the automatic stay deemed lifted, without need for further order of this Court, to allow Landlord to sell, remove, or dispose of such property as necessary to take back full possession of the Premises.

**IT IS FURTHER ORDERED** that the stay provided by Federal Rule of Bankruptcy Procedure 6004(h) is vacated and the Trustee is authorized to sell the Assets upon the entry of this Order.

**IT IS FURTHER ORDERED** that the Trustee is authorized to take any actions reasonably necessary to effectuate the relief granted by this order.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all disputes arising from or related to the implementation, interpretation, or enforcement of this order.

# # #

---

[2] Landlord and Trustee shall cooperate in drafting and serving on the creditor body a 9019 Motion to approve the material portions of the agreements and compromises reflected in this order. In the event a compromise and settlement is not approved, (1) the Trustee reserves his right to pursue avoidance of the rent payments as post-petition transfers under 11 U.S.C § 549; and (2) Landlord reserves its right to timely payment of rent under 11 U.S.C. § 365 as well as the right to file any and all claims available to it as of the date the lease is rejected and Premises surrendered without regard to the waivers and covenants otherwise granted by Landlord herein.

– 5 –

**Submitted by:**

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Anna MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com
**PULMAN, CAPPUCCIO, & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Telecopier

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED CASE OF IN RE DEEPROOT
CAPITAL MANAGEMENT, LLC ET AL.**