

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 21, 2022**

_____
**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| POLICY SERVICES, INC. | § | BANKRUPTCY NO. 21-51513 |
| | § | |
| DEBTOR. | § | JOINTLY ADMINISTERED |

**ORDER APPROVING TRUSTEE'S MOTION TO APPROVE
(A) SALE PROCEDURES, STALKING HORSE AGREEMENT AND BID PROTECTIONS IN
CONNECTION WITH THE SALE OF PROPERTY OF THE ESTATE OF POLICY SERVICES, INC. AND
(B) THE FORM OF NOTICE FOR THE SALE OF PROPERTY
OF THE ESTATE OF POLICY SERVICES, INC.**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Policy Services, Inc. (2864), Wizard Mode Media, LLC (3205), deeproot Pinball LLC (0320), deeproot Growth Runs Deep Fund, LLC (8046), deeproot 575 Fund, LLC (9404), deeproot 3 Year Bonus Income Debenture Fund, LLC (7731), deeproot Bonus Growth 5 Year Debenture Fund, LLC (9661), deeproot Tech LLC (9043), deeproot Funds LLC (9404), deeproot Studios LLC (6283), and deeproot Capital Management, LLC (2638).

{00570891;2}

Came on for consideration the *Trustee's Motion to Approve (A) Sale Procedures, Stalking Horse Agreement and Bid Protections in Connection with the Sale of Property of the Estate of Policy Services, Inc. and (B) the Form of Notice for the Sale of Property of the Estate of Policy Services, Inc.* (the "**Sale Procedures Motion**").[2]  Based on the representations made in the Sale Procedures Motion, the Court finds that (i) it has jurisdiction over the matters raised in the Sale Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order on the Sale Procedures Motion; (iii) the relief requested in the Sale Procedures Motion seeking the establishment of Sale Procedures and the approval of the Stalking Horse Agreement and the Bid Protections in connection with the sale of the property of the Estate of Policy Services, Inc. is in the best interests of the Estate and the creditors; (iv) proper and adequate notice of the Sale Procedures Motion has been given and no further notice is necessary; (v) all objections to the Sale Procedures Motion that were filed have been resolved or are hereby overruled; and (vi) based on the record herein, after due deliberation, good and sufficient cause exists for the granting of the Sale Procedures Motion in all respects, and pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014, the Court makes the additional **FINDINGS OF FACT AND CONCLUSIONS OF LAW.**

**THE COURT FINDS THAT:**

A.      Notice of the Sale Procedures Motion and related hearing or matter was reasonable and sufficient and complied with all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules in light of the circumstances and nature of the relief requested therein, and no other or further notice is necessary.  A reasonable and fair opportunity to object to the Sale Procedures Motion and all relief requested therein and granted in this Order has been afforded.

---

[2] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Sale Procedures Motion.

B.      The legal and factual basis set forth in the Sale Procedures Motion establish just cause for the relief granted herein. Granting the relief is in the best interests of the Estate and the creditors.

C.      Trustee has articulated good and sufficient reasons for this Court to grant the Sale Procedures Motion and to approve the Sale Notice, in substantially the same form as Exhibit 1 to this Order, and the Sale Procedures, in substantially the same form as Exhibit 2 to this Order.

D.      The Sale Procedures are reasonable and appropriate and designed to maximize the value of the property of the Estate.

**THEREFORE, IT IS ORDERED THAT:**

1.      The Sale Procedures Motion is approved and granted.

2.      Any objections to the Sale Procedures Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Sale Procedures Motion, are overruled in their entirety.

3.      The Sale Notice, attached as Exhibit 1 to this Order, is approved.  Within three business days after the Court enters an Order approving this Sale Procedures Motion, Trustee shall serve the Sale Notice by (a) first-class United States mail, postage-prepaid on (i) the parties identified on the Creditor Matrix in these Cases at the addresses set forth therein, (ii) the parties that have filed proofs of claim in these Cases at the addresses set forth in the respective proofs of claim, and (iii) any other parties who have expressed an interest in acquiring the Property; and (b) the Court's electronic-filing system on those parties receiving electronic notice by such system. Service of such Sale Notice is proper, due, timely, good, and sufficient notice of, among other things, the Sale Procedures, the auction, the proposed Sale, and the procedure for objecting thereto.

4.	The Sale Procedures, attached as <u>Exhibit 2</u> to this Order, which relate to the sale of the Policies (the "**Sale**"), are approved.

5.	The Stalking Horse Agreement, attached as <u>Exhibit 3</u> to this Order, is approved.

6.	The Stalking Horse Bidder, TuYo Holdings, LLC, a Texas limited liability company, is approved.

7.	The Bid Protections, as amended by agreement of the Trustee and TuYo Holdings, LLC provided in the Stalking Horse Agreement, attached as Exhibit 3 to this Order, are approved. Specifically, the Stalking Horse Fee is limited to $40,000.00 and the reimbursement of reasonable and necessary expenses is capped at $15,000.00

8.	The Stalking Horse Agreement and the transactions contemplated thereby will be deemed a Qualified Bid for all purposes, and the Stalking Horse Bidder will be deemed to be a Qualified Bidder.

9.	Any party wishing to participate as a qualified bidder should submit (a) a <u>sealed</u> bid for the Policies ("**Bid**"), (b) a purchase agreement ("**Purchase Agreement**"), signed by an authorized representative of such bidder, marked against the Stalking Horse Agreement to show all changes requested by such bidder, and (c) evidence of the bidder's financial ability to close the transaction, to J. Patrick Lowe, Trustee, and deposit Six Hundred Thousand and no/100 Dollars ($600,000.00) ("**Earnest Money Deposit**") with Trustee's counsel, Randall A. Pulman, at Pulman, Cappuccio & Pullen, LLP, by no later thanApril 4 **, 2022** (the "**Bid Deadline**").  Any such Bid submitted by the Bid Deadline shall be in the amount of at least One Million, Two Hundred Fifty Thousand and no/100 Dollars ($1,250,000.00) to be a qualified bid ("**Qualified Bid**") and to allow the bidder to become a Qualified Bidder ("**Qualified Bidder**").  The deposited funds will be held by Pulman, Cappuccio & Pullen, LLP in its trust account until after the closing of the sale. The

{00570891;2}	– 4 –

Earnest Money Deposit of all Qualified Bidders (except for the highest bidder (the "**Successful Bidder**")) will be returned, without interest, to each Qualified Bidder as soon as reasonably practicable but in any event within ten (10) business days after the closing of the Sale.

10.     By no later than noon on **April 5, 2022**, Trustee will file a notice with the Court stating whether it has timely received a binding offer to purchase the Policies in a cash amount of at least $1,250,000.00.

11.      The Court shall hold a **hearing to approve a sale of the Policies to the Stalking Horse Bidder, or its assignee, or to the Successful Bidder, free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363, based on the Stalking Horse Agreement. Such hearing shall be held on April 11, 2022, at 2:00 P.M.. in Courtroom #1, 3rd Floor, 615 E. Houston Street, San Antonio, Texas.** (the "**Sale Hearing**").

12.     In the event Trustee receives at least one Qualified Bid by the Bid Deadline, the Trustee may in his absolute discretion, exercising only his best business judgment on behalf of the Estate, negotiate with the Stalking Horse Bidder and one or more of the Qualified Bidders on price and terms of the Qualified Bid and Trustee shall, in his absolute discretion, exercising only his best business judgment on behalf of the Estate, select the Successful Bidder.

13.     The closing of the sale of the Policies to the Successful Bidder shall occur no later than May 2, 2022 (the "**Closing Deadline**"). The Closing Deadline may be modified upon an agreement between Trustee and the Successful Bidder.

14.     If any Successful Bidder fails to consummate a Sale because of a breach or failure to perform on the part of such Successful Bidder, the Qualified Bidder that had submitted the next highest or otherwise best Qualified Bid (if any), as determined by the Trustee (the "**Back-Up Bidder(s)**"), will be deemed to be the Successful Bidder for the Policies and Trustee will be authorized to consummate the Sale of the Policies to such Back-Up Bidder without further order

– 5 –

{00570891;2 }

of the Bankruptcy Court and such Qualified Bid shall thereupon be deemed the Successful Bid.

15. If any Successful Bidder fails to consummate the purchase of the Policies, and such failure to consummate the purchase is the result of a breach by such Successful Bidder, 25% of the Deposit on Purchase Price of such Successful Bidder shall be forfeited to the estate.

16. Any objection(s) filed to the sale of the Policies (i) shall be set forth in writing and shall specify with particularity the grounds for such objections or other statements of position and (ii) shall be filed with the Court on or before **April 4, 2022** (the "**Objection Deadline**").  Any person failing to timely file an objection to the Sale prior to the Objection Deadline shall be forever barred from objecting to the Sale, including the transferring of the Policies free and clear of any and all liens, claims and other interests.

17. Trustee reserves the right to (i) determine in its discretion whether any Qualified Bid is a Successful Bid and (ii) reject, at any time prior to the entry of the Sale Order by the Bankruptcy Court, without liability, any Bid that Trustee in its discretion, determines to be inadequate, insufficient, not in conformity with the Sale Procedures or the Bankruptcy Code, or contrary to the best interests of the Estate.

18. Trustee reserves the right to modify the Sale Procedures, without the need for any further order of the Bankruptcy Court, including, without limitation (a) extending the deadlines set forth in these Sale Procedures, and (b) requesting a continuance of the hearing on the Sale Motion; provided, however, that the Trustee may not alter any Bid Protections granted to the Stalking Horse Bidder, change the amount of a Qualified Bid, or change the Deposit Requirement of a Qualified Bidder.

19.     Nothing contained in the Sale Procedures or this Order shall limit, restrict, alter, modify, waive or otherwise impair Trustee's reasonable business judgment in relation to the sale process contemplated by the Sale Procedures.

20.     Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rule 6004(h) is hereby waived.

21.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

### # # #

**ORDER SUBMITTED BY:**

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR CHAPTER 7 TRUSTEE**