**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 21, 2022**

_____
**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| POLICY SERVICES, INC. | § | BANKRUPTCY NO. 21-51513 |
| | § | |
| DEBTOR. | § | JOINTLY ADMINISTERED |

ORDER APPROVING TRUSTEE'S MOTION TO APPROVE
(A) SALE PROCEDURES, STALKING HORSE AGREEMENT AND BID PROTECTIONS IN
CONNECTION WITH THE SALE OF PROPERTY OF THE ESTATE OF POLICY SERVICES, INC. AND
(B) THE FORM OF NOTICE FOR THE SALE OF PROPERTY
OF THE ESTATE OF POLICY SERVICES, INC.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Policy Services, Inc. (2864), Wizard Mode Media, LLC (3205), deeproot Pinball LLC (0320), deeproot Growth Runs Deep Fund, LLC (8046), deeproot 575 Fund, LLC (9404), deeproot 3 Year Bonus Income Debenture Fund, LLC (7731), deeproot Bonus Growth 5 Year Debenture Fund, LLC (9661), deeproot Tech LLC (9043), deeproot Funds LLC (9404), deeproot Studios LLC (6283), and deeproot Capital Management, LLC (2638).

{00570891;2}

Came on for consideration the *Trustee's Motion to Approve (A) Sale Procedures, Stalking Horse Agreement and Bid Protections in Connection with the Sale of Property of the Estate of Policy Services, Inc. and (B) the Form of Notice for the Sale of Property of the Estate of Policy Services, Inc.* (the "**Sale Procedures Motion**").[2] Based on the representations made in the Sale Procedures Motion, the Court finds that (i) it has jurisdiction over the matters raised in the Sale Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order on the Sale Procedures Motion; (iii) the relief requested in the Sale Procedures Motion seeking the establishment of Sale Procedures and the approval of the Stalking Horse Agreement and the Bid Protections in connection with the sale of the property of the Estate of Policy Services, Inc. is in the best interests of the Estate and the creditors; (iv) proper and adequate notice of the Sale Procedures Motion has been given and no further notice is necessary; (v) all objections to the Sale Procedures Motion that were filed have been resolved or are hereby overruled; and (vi) based on the record herein, after due deliberation, good and sufficient cause exists for the granting of the Sale Procedures Motion in all respects, and pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014, the Court makes the additional **FINDINGS OF FACT AND CONCLUSIONS OF LAW.**

**THE COURT FINDS THAT:**

A.     Notice of the Sale Procedures Motion and related hearing or matter was reasonable and sufficient and complied with all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules in light of the circumstances and nature of the relief requested therein, and no other or further notice is necessary. A reasonable and fair opportunity to object to the Sale Procedures Motion and all relief requested therein and granted in this Order has been afforded.

---

[2] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Sale Procedures Motion.

{00570891;2}                     – 2 –

B.      The legal and factual basis set forth in the Sale Procedures Motion establish just

cause for the relief granted herein. Granting the relief is in the best interests of the Estate and the

creditors.

C.      Trustee has articulated good and sufficient reasons for this Court to grant the Sale

Procedures Motion and to approve the Sale Notice, in substantially the same form as Exhibit 1 to

this Order, and the Sale Procedures, in substantially the same form as Exhibit 2 to this Order.

D.      The Sale Procedures are reasonable and appropriate and designed to maximize the

value of the property of the Estate.

**THEREFORE, IT IS ORDERED THAT:**

1.      The Sale Procedures Motion is approved and granted.

2.      Any objections to the Sale Procedures Motion that have not been withdrawn,

waived or settled as announced to the Court at the hearing on the Sale Procedures Motion, are

overruled in their entirety.

3.      The Sale Notice, attached as Exhibit 1 to this Order, is approved.  Within three

business days after the Court enters an Order approving this Sale Procedures Motion, Trustee shall

serve the Sale Notice by (a) first-class United States mail, postage-prepaid on (i) the parties

identified on the Creditor Matrix in these Cases at the addresses set forth therein, (ii) the parties

that have filed proofs of claim in these Cases at the addresses set forth in the respective proofs of

claim, and (iii) any other parties who have expressed an interest in acquiring the Property; and

(b) the Court's electronic-filing system on those parties receiving electronic notice by such system.

Service of such Sale Notice is proper, due, timely, good, and sufficient notice of, among other

things, the Sale Procedures, the auction, the proposed Sale, and the procedure for objecting thereto.

{00570891;2}                                    − 3 −

4.      The Sale Procedures, attached as Exhibit 2 to this Order, which relate to the sale of the Policies (the "**Sale**"), are approved.

5.      The Stalking Horse Agreement, attached as Exhibit 3 to this Order, is approved.

6.      The Stalking Horse Bidder, TuYo Holdings, LLC, a Texas limited liability company, is approved.

7.      The Bid Protections, as amended by agreement of the Trustee and TuYo Holdings, LLC provided in the Stalking Horse Agreement, attached as Exhibit 3 to this Order, are approved. Specifically, the Stalking Horse Fee is limited to $40,000.00 and the reimbursement of reasonable and necessary expenses is capped at $15,000.00

8.      The Stalking Horse Agreement and the transactions contemplated thereby will be deemed a Qualified Bid for all purposes, and the Stalking Horse Bidder will be deemed to be a Qualified Bidder.

9.      Any party wishing to participate as a qualified bidder should submit (a) a sealed bid for the Policies ("**Bid**"), (b) a purchase agreement ("**Purchase Agreement**"), signed by an authorized representative of such bidder, marked against the Stalking Horse Agreement to show all changes requested by such bidder, and (c) evidence of the bidder's financial ability to close the transaction, to J. Patrick Lowe, Trustee, and deposit Six Hundred Thousand and no/100 Dollars ($600,000.00) ("**Earnest Money Deposit**") with Trustee's counsel, Randall A. Pulman, at Pulman, Cappuccio & Pullen, LLP, by no later thanApril 4 **, 2022** (the "**Bid Deadline**").  Any such Bid submitted by the Bid Deadline shall be in the amount of at least One Million, Two Hundred Fifty Thousand and no/100 Dollars ($1,250,000.00) to be a qualified bid ("**Qualified Bid**") and to allow the bidder to become a Qualified Bidder ("**Qualified Bidder**").  The deposited funds will be held by Pulman, Cappuccio & Pullen, LLP in its trust account until after the closing of the sale. The

{00570891;2}                                      – 4 –

Earnest Money Deposit of all Qualified Bidders (except for the highest bidder (the "**Successful**

**Bidder**")) will be returned, without interest, to each Qualified Bidder as soon as reasonably

practicable but in any event within ten (10) business days after the closing of the Sale.

10.     By no later than noon on **April 5, 2022**, Trustee will file a notice with the Court

stating whether it has timely received a binding offer to purchase the Policies in a cash amount of

at least $1,250,000.00.

11.     The Court shall hold a **hearing to approve a sale of the Policies to the**

**Stalking Horse Bidder, or its assignee, or to the Successful Bidder, free and clear**

**of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363, based**

**on the Stalking Horse Agreement. Such hearing shall be held on April 11, 2022, at**

**2:00 P.M.. in Courtroom #1, 3rd Floor, 615 E. Houston Street, San Antonio, Texas.**

(the "**Sale Hearing**").

12.     In the event Trustee receives at least one Qualified Bid by the Bid Deadline, the

Trustee may in his absolute discretion, exercising only his best business judgment on behalf of

the Estate, negotiate with the Stalking Horse Bidder and one or more of the Qualified Bidders on

price and terms of the Qualified Bid and Trustee shall, in his absolute discretion, exercising

only his best business judgment on behalf of the Estate, select the Successful Bidder.

13.     The closing of the sale of the Policies to the Successful Bidder shall occur no later

than May 2, 2022 (the "**Closing Deadline**"). The Closing Deadline may be modified upon an

agreement between Trustee and the Successful Bidder.

14.     If any Successful Bidder fails to consummate a Sale because of a breach or failure

to perform on the part of such Successful Bidder, the Qualified Bidder that had submitted the

next highest or otherwise best Qualified Bid (if any), as determined by the Trustee (the

"**Back-Up Bidder(s)**"), will be deemed to be the Successful Bidder for the Policies and

Trustee will be authorized to consummate the Sale of the Policies to such Back-Up Bidder

without further order

– 5 –

{00570891;2
}

of the Bankruptcy Court and such Qualified Bid shall thereupon be deemed the Successful Bid.

15. If any Successful Bidder fails to consummate the purchase of the Policies, and such failure to consummate the purchase is the result of a breach by such Successful Bidder, 25% of the Deposit on Purchase Price of such Successful Bidder shall be forfeited to the estate.

16. Any objection(s) filed to the sale of the Policies (i) shall be set forth in writing and shall specify with particularity the grounds for such objections or other statements of position and (ii) shall be filed with the Court on or before **April 4, 2022** (the "**Objection Deadline**"). Any person failing to timely file an objection to the Sale prior to the Objection Deadline shall be forever barred from objecting to the Sale, including the transferring of the Policies free and clear of any and all liens, claims and other interests.

17. Trustee reserves the right to (i) determine in its discretion whether any Qualified Bid is a Successful Bid and (ii) reject, at any time prior to the entry of the Sale Order by the Bankruptcy Court, without liability, any Bid that Trustee in its discretion, determines to be inadequate, insufficient, not in conformity with the Sale Procedures or the Bankruptcy Code, or contrary to the best interests of the Estate.

18. Trustee reserves the right to modify the Sale Procedures, without the need for any further order of the Bankruptcy Court, including, without limitation (a) extending the deadlines set forth in these Sale Procedures, and (b) requesting a continuance of the hearing on the Sale Motion; provided, however, that the Trustee may not alter any Bid Protections granted to the Stalking Horse Bidder, change the amount of a Qualified Bid, or change the Deposit Requirement of a Qualified Bidder.

19.     Nothing contained in the Sale Procedures or this Order shall limit, restrict, alter, modify, waive or otherwise impair Trustee's reasonable business judgment in relation to the sale process contemplated by the Sale Procedures.

20.     Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rule 6004(h) is hereby waived.

21.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

### # #

**ORDER SUBMITTED BY:**

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR CHAPTER 7 TRUSTEE**

United States Bankruptcy Court

Western District of Texas

In re:                                                                                          Case No. 21-51523-mmp

deeproot Capital Management, LLC                                               Chapter 7

deeproot Capital Management, LLC

     Debtors

# CERTIFICATE OF NOTICE

| District/off: 0542-5 | User: admin | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Mar 25, 2022 | Form ID: pdfintp | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 27, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| cr | Texas Workforce Commission, Christopher S.Murphy, P.O. Box 12548, Austin, TX 78711-2548 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 27, 2022                    Signature:            /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 25, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| A. Craig Hale | |
| | on behalf of Creditor Draper 5 LLC achale@halewoodlaw.com |
| Catherine A. Curtis | |
| | on behalf of JointAdmin Debtor deeproot Capital Management LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com |
| Catherine A. Curtis | |
| | on behalf of Debtor Wizard Mode Media LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com |
| Catherine A. Curtis | |
| | on behalf of Debtor deeproot 575 Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com |
| Catherine A. Curtis | |
| | on behalf of JointAdmin Debtor deeproot Studios LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com |
| Catherine A. Curtis | |
| | on behalf of Debtor deeproot Studios LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com |
| Catherine A. Curtis | |
| | on behalf of Debtor deeproot BonusGrowth 5 Year Debenture Fund LLC catherine.curtis@wickphillips.com, |

| | | |
|---|---|---|
| District/off: 0542-5 | User: admin | Page 2 of 3 |
| Date Rcvd: Mar 25, 2022 | Form ID: pdfintp | Total Noticed: 1 |

brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot 3 Year Bonus Income Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot 575 Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot Growth Runs Deep Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor Wizard Mode Media LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot Funds LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot Tech LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor Policy Services Inc. catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot Funds LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot Pinball LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot Capital Management LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot Growth Runs Deep Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot Tech LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot 3 Year Bonus Income Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot BonusGrowth 5 Year Debenture Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor Policy Services Inc. catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Christopher S. Murphy

on behalf of Creditor Texas Workforce Commission bk-cmurphy@oag.texas.gov sherri.simpson@oag.texas.gov

Don Stecker

on behalf of Creditor Bexar County don.stecker@lgbs.com

Jason M. Rudd

on behalf of JointAdmin Debtor Wizard Mode Media LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot Growth Runs Deep Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot Capital Management LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot Studios LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot 575 Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot Capital Management LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot Funds LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot Growth Runs Deep Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

District/off: 0542-5                          User: admin                                    Page 3 of 3

Date Rcvd: Mar 25, 2022                       Form ID: pdfintp                               Total Noticed: 1

Jason M. Rudd

on behalf of Debtor deeproot Pinball  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot 3 Year Bonus Income Fund  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot Funds  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot Tech  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot 3 Year Bonus Income Fund  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor Policy Services  Inc. jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor Wizard Mode Media  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor Policy Services  Inc. jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot BonusGrowth 5 Year Debenture Fund  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot 575 Fund  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot Tech  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot Studios  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot BonusGrowth 5 Year Debenture Fund  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot Pinball  LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

John C. Dunne

on behalf of Creditor Silicon Drive Office Venture  LLC jdunne@smfadlaw.com, ereddick@smfadlaw.com

John Patrick Lowe

pat.lowe.law@gmail.com  plowe@ecf.axosfs.com

Jonathan Petree

on behalf of Creditor CVH University Park  LP jpetree@mcslaw.com

Patrick H. Autry

on behalf of Interested Party TuYo Holdings  LLC pautry@branscomblaw.com, waspcreek@gmail.com;bsmith@branscomblaw.com

Randall A. Pulman

on behalf of Trustee John Patrick Lowe rpulman@pulmanlaw.com  jgonzales@pulmanlaw.com;mvilla@pulmanlaw.com

Raymond W. Battaglia

on behalf of Creditor Conrad Car Wash  Inc. rbattaglialaw@outlook.com

Raymond W. Battaglia

on behalf of Creditor Cliff Conrad rbattaglialaw@outlook.com

Raymond W. Battaglia

on behalf of Creditor Susan Conrad Trust rbattaglialaw@outlook.com

Raymond W. Battaglia

on behalf of Creditor CCW Braun Heights  LLC rbattaglialaw@outlook.com

United States Trustee - SA12

USTPRegion07.SN.ECF@usdoj.gov


TOTAL: 56