# Exhibit 3

2015 and 2019 575 Fund Application
and Subscription Agreement

# deeproot
## the575™
## Application & Subscription Agreement

RN: ☐☐☐☐
IP: ☐☐☐☐
A: 5 7 5 X 1 5

*Internal Use Only*

## SECTION A – ACCOUNT TYPE & INVESTOR INFORMATION

- ☐ NQ - INDIVIDUAL ( A-1 Only )
- ☒ NQ - JOINT TENANT WITH RIGHT OF SURVIVORSHIP ( A-1 & A-2 )
- ☐ NQ - JOINT TENANTS IN COMMON ( A-1 & A-2 )
- ☐ NQ - UGMA, UTMA or Custodial ( A-1 & A-2 )
- ☐ NQ - TRUST / ENTITY ( A-1 & A-3; A-2 if applicable )
- ☐ QUALFIEID - IRA / ROTH / SEP ( A-1 & A-4 )

### A-1 PRIMARY INVESTOR

☐ Individual or IRA   ☒ Spouse (Joint)   ☐ Trustee   ☐ Officer   ☐ UTMA/UGMA Custodian

First: [redacted]
Last: [redacted]
Sex: [redacted]
DOB: [redacted]
Drivers License (State/#): [redacted]
Citizenship/Nationality: [redacted]
INVESTOR ID (Internal Use Only): _____

Physical: [redacted]
Mailing: [redacted]
Home Phone: [redacted]
Mobile Phone: [redacted]
Email Address: [redacted]

### A-2 JOINT OR OTHER INVESTOR

☒ Spouse (Joint)   ☐ Non-Spouse Individual (Joint)   ☐ Trustee   ☐ Officer   ☐ UTMA/UGMA Minor

First: [redacted]
Last: [redacted]
Sex: [redacted]
DOB: [redacted]
Drivers License (State/#): [redacted]
Citizenship/Nationality: [redacted]
INVESTOR ID (Internal Use Only): _____

Physical: _____
Mailing: _____
Home Phone: ( ___ ) ___ - _____
Mobile Phone: ( ___ ) ___ - _____
Email Address: _____

### A-3 TRUST • ENTITY

☐ Revocable Trust   ☐ Irrevocable Trust   ☐ Corporation   ☐ LLC   ☐ LLP   ☐ General Partnership   ☐ Limited Partnership   ☐ Other

Name: _____
Creation Date: _____   Situs State: _____
EIN: _____
INVESTOR ID (Internal Use Only): _____

Address: _____
Office: ( ___ ) ___ - _____
Fax: ( ___ ) ___ - _____

### A-4 IRA • ROTH • SEP • INHERITED • OTHER QUALIFIED PLAN

**BANK of UTAH**
Experience. Service.

[redacted]

**Important guidelines:**
- Checks/transfers must be made payable to 'Bank of Utah FBO *Your_Name* IRA'
- A 5305 SEP Plan Agreement form is required for SEP accounts
- All *qualified account* set-up & annual fees are paid by deeproot® Funds provided you maintain a combined minimum $10,000 balance in your deeproot® Funds account; otherwise your account(s) will be charged the actual fee Bank of Utah charges per year.

☐ Traditional IRA   ☐ ROTH   ☐ SEP   ☐ Inherited

☐ Traditional IRA or ROTH Contribution ( Year: _____ )
☐ SEP Contribution ( current year only )
☐ Rollover ( 60 Day IRA Rollover from Traditional/ROTH/SEP ) *
☐ Direct Rollover ( from Traditional/ROTH/SEP ) *
☐ Direct Transfer ( from Traditional/ROTH/SEP ) *
☐ ROTH Conversion *
☐ Recharacterized Contribution or Transfer *
☐ Inherited (Stretch) IRA *

\* *Irrevocable Election*

**Select One if Over 70-½ this Year**
☐ I have already taken my RMD this year.
☐ I will take my RMD from another qualified account I own.
☐ The funds are from an IRA Owner who died this year.

## SECTION B – TERM • INITIAL ELECTION • PRINCIPAL

*See Funding Procedures Addendum*

**SUBSCRIPTION TERM**
5 Year

**PRIORITY RETURN ELECTION** *(initial alone)*

[ ] DEFERRED
[ ] PERIODIC

**MINIMUM PRINCIPAL**
$25,000.00

**NON-QUALIFIED ACCOUNTS**

**INITIAL AMOUNT** $ 75K

**FUNDS AVAILABLE**
☐ Now ☒ On: 1/27/16

**QUALIFIED ACCOUNTS**

**CONTRIBUTION AMOUNT** $ ______
**ROLLOVER AMOUNT** $ ______
**DIRECT ROLLOVER AMOUNT** $ ______
**DIRECT TRANSFER AMOUNT** $ ______

**FUNDS AVAILABLE**
☐ Now ☐ On: ______

## SECTION C – BENEFICIARY ELECTIONS

*All Accounts Except Trust or Entity*

I (we) designate that upon my (our) death(s), the assets in this account be paid to the beneficiaries named below, subject to the terms of the Offering/PPM. The interest of any beneficiary that predeceases me (us) terminates completely, and the percentage share of any remaining beneficiaries will be increased on a pro rata basis. If no beneficiaries are named, the last investor to die's estate will be the beneficiary. The balance in the account will be payable to contingent beneficiaries only if all primary beneficiaries have predeceased the last investor to die. **You may not designate beneficiaries if your ownership or account type is: Trust or Entity.**

### PRIMARY BENEFICIARIES *(The total percentage designated must equal 100%.)*

Name
Address
City/State/ZIP
Date of
Tax ID

Name ______
Address ______
City/State/ZIP ______
Date of Birth ______ Relationship ______
Tax ID *(SSN/TIN)* ______ Percent Designated ______

### CONTINGENT BENEFICIARIES *(The total percentage designated must equal 100%.)*

Name ______
Address ______
City/State/ZIP ______
Date of Birth ______ Relationship ______
Tax ID *(SSN/TIN)* ______ Percent Designated ______

Name ______
Address ______
City/State/ZIP ______
Date of Birth ______ Relationship ______
Tax ID *(SSN/TIN)* ______ Percent Designated ______

Name ______
Address ______
City/State/ZIP ______
Date of Birth ______ Relationship ______
Tax ID *(SSN/TIN)* ______ Percent Designated ______

Name ______
Address ______
City/State/ZIP ______
Date of Birth ______ Relationship ______
Tax ID *(SSN/TIN)* ______ Percent Designated ______

☐ *Check here if additional beneficiaries are listed on an attached addendum.* Total number of addendums attached to this Application ______

### MARITAL CONSENT STATUS (REQUIRED WHERE SPOUSE IS NOT A JOINT OWNER AND NOT THE SOLE PRIMARY BENEFICIARY)

☐ **I Am Not Married** – I understand that if I become married in the future, I should review the requirements for spousal consent.

☒ **I Am Married** – I understand that if I choose to designate a primary beneficiary other than or in addition to my spouse, my spouse must consent.

*For spouse*: I am the spouse of the above-named owner. I acknowledge that I have received a fair and reasonable disclosure of my spouse's property and financial obligations. Because of the important tax consequences of releasing any contingent, future rights, I have been advised to see a tax professional. I hereby grant the above-named owner any interest I may claim a right to in or to the assets or property deposited in this account and consent to the beneficiary designation(s) indicated above. I assume full responsibility for any adverse consequences that may result. *For witness:* I personally was present and witnessed the undersigned Sp s n below.

Signature of Spouse Date Signature of Witness

# SECTION D – SUITABILITY: FINANCIAL PROFILE

*Required for all accounts except Entity*

| Asset | Ownership | Name/Source/Institution | Value | Totals |
|---|---|---|---|---|
| **REAL PROPERTY** | I – Individual  JT – Joint  H – Husband  W – Wife | | | |
| Homestead | ☒ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | |
| Other Real Estate | ☒ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | $ ███ |
| **VEHICLES** | | | | |
| Cars/Trucks | ☒ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | |
| RVs/Boats/ATVs/Trailers | ☐ I/JT ☐ H ☐ W ☒ Mixed | ███ | $ ███ | $ ███ |
| **INVESTABLE ASSETS/ACCOUNTS** (NO BANKING) | | | | |
| CD's | ☒ I/JT ☐ H ☐ W ☒ Mixed | ███ | $ ███ | |
| Checking | ☐ I/JT ☐ H ☐ W ☒ Mixed | ███ | $ ███ | |
| Savings | ☐ I/JT ☐ H ☐ W ☒ Mixed | ███ | $ ███ | |
| Money Market | ☐ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | $ ███ |
| (NQ INVESTMENTS) Brokerage | ☐ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | |
| Mutual Funds | ☐ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | |
| Bonds | ☐ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | |
| Alternatives | ☐ I/JT ☐ H ☐ W ☒ Mixed | ███ | $ ███ | |
| ~~Metals~~ | ☐ I/JT ☐ H ☐ W ☒ Mixed | ███ | $ ███ | |
| Annuities | ☐ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | |
| Life Insurance Cash Value | ☐ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | $ ███ |
| (QUALIFIED) IRA 1 | ☐ I ☒ H ☐ W | ███ | $ ███ | |
| IRA 2 | ☐ I ☐ H ☐ W | ███ | $ ███ | |
| ROTH 1 | ☐ I ☐ H ☐ W | ███ | $ ███ | |
| ROTH 2 | ☐ I ☐ H ☐ W | ███ | $ ███ | |
| Other Retirement 1 | ☐ I ☐ H ☐ W | ███ | $ ███ | |
| Other Retirement 2 | ☐ I ☐ H ☐ W | ███ | $ ███ | $ ███ |
| **OTHER ASSETS** | | | | *Do Not Include in Calculation* |
| Life Insurance Death Benefit(s) | ☐ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | |
| Household Goods | ☒ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | |
| Antiques/Collections & Jewelry | ☐ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | |
| Burial Policy(ies) | ☐ I/JT ☐ H ☐ W ☐ Mixed | ███ | $ ███ | $ ███ |
| | | | **TOTAL ASSETS** | $ ███ |

## LIABILITIES & EXPENSES

| | |
|---|---|
| Balances of Mortgages | $ ███ |
| Balances of Vehicles/Other Liens | $ ███ |
| Balances of Personal Loans | $ ███ |
| Balances of Credit Cards | $ ███ |
| Other Debt Balances | $ ███ |
| **TOTAL LIABILITIES:** | $ ███ |
| Monthly Expenses | $ ███ |

## INCOME (Monthly)

| | |
|---|---|
| Employment (net) | $ ███ |
| Pension/Retirement (net) | $ ███ |
| Social Security (net) | $ ███ |
| Rentals/Real Estate (gross) | $ ███ |
| Investments (net) | $ ███ |
| RMDs (gross) | $ ███ |
| Other Income (net) | $ ███ |
| **TOTAL MONTHLY INCOME:** | $ ███ |

---

**INTERNAL USE ONLY**

NET WORTH: _____  INVESTABLE ASSETS: _____  ANN INC: _____  EMERGENCY: _____

NET MONTHLY INCOME: _____  RATIOS (D2E: _____%, LIQ: _____% PERC2IA: _____%)

## SECTION E – SUIABILITY: PRIMARY INVESTOR PROFILE *Required for all accounts except Entity*

**Education (check all that apply)**
☒ H.S. Diploma or G.E.D. ☐ Associates Degree ☒ Bachelors Degree ☐ Masters Degree ☐ JD, MD, PhD

**Prior Investment Experience (check all that apply)**
☒ Bank Account ☒ CD ☒ Stocks ☒ Bonds ☒ Mutual Funds ☐ Hedge Funds
☐ REIT ☒ Real Estate ☒ Annuities ☐ Commodities ☐ Options ☐ Life Insurance

**Overall Risk Tolerance (check only one)**
☒ Very Conservative ☐ Conservative ☐ Moderate ☐ Aggressive ☐ Very Aggressive

**Financial Objectives from this Investment (check all that apply)**
☐ Growth ☒ Growth, Followed by Income ☐ Tax-Deferred Growth ☐ Liquidity ☒ Guarantees Provided

**Employment (check only one)**
☐ Employed ☐ Self-Employed ☒ Retired ☐ Unemployed

**Do you anticipate any significant changes to your income over the initial term?**
☒ No Change ☐ Will Increase ☐ Will Decrease

**Do you anticipate any significant changes to your expenses over the initial term?**
☒ No Change ☐ Will Increase ☐ Will Decrease

**Decision Making (check only one)**
☐ I rely on an investment advisor or professional for all my investment decisions.
☒ I consult with an investment advisor or professional, but make my own investment decisions.
☐ I rely on my own investment knowledge and skill-set to make my own investment decisions.

**Liquid or Emergency Assets Available (after this investment)**
☐ None ☐ < $5,000 ☐ $5,000 - $10,000 ☐ $10,000 - $25,000 ☐ $25,000 - $50,000 ☒ > $50,000

**Liquidity Needs (check only one)**
☐ I will need access to all of this money during the initial term.
☐ I might need access to some of this money during the initial term.
☒ I do not need access to any of this money during the initial term.

**Suitability Acknowledgements (must initial each)**
[REDACTED] understand that there is no liquidity permitted during the term of this investment, without fees/penalties.
understand that if I am investing an IRA, I must take any RMD on this IRA from other IRA account(s).
understand that if I die during the term, my heirs are subject to the same withdrawal rights as if I were alive.

## SECTION F – CUSTODIAL AGREEMENT • INVESTMENT DIRECTION *(IRA / ROTH / QUALIFIED ONLY)*

If you are opening a qualified account (*i.e.* Traditional IRA, Roth, SEP, Rollover, etc.), you must initial that you have received the following three documents, that you have read and been provided the opportunity to ask and receive questions concerning them, and that you are voluntarily proceeding with this Application and Subscription Agreement under the terms and provisions therein. If you are initiating a direct transfer, then you also need to fill out and submit the IRA TO IRA TRANSFER form. If you are converting a non-ROTH IRA to a ROTH IRA, you need to fill out and submit the ROTH CONVERSION form.

______ Initials — INDIVIDUAL RETIREMENT CUSTODIAL ACCOUNT AGREEMENT & IRA FINANCIAL DISCLOSURE WORKSHEET (Form 5305-A / Form 5305-SEP / Form 5305-RA)

______ Initials — BANK OF UTAH – SELF DIRECTED ACCOUNT AGREEMENT

______ Initials — LIMITED ACCOUNT ACCESS FORM (Original must be returned to us)

I understand that my IRA account is being designated as a self-directed account, and I alone am responsible for the selection, due diligence, management, review and retention of all investments in my account. I agree that Bank of Utah as Custodian is not a "fiduciary" for my account, as the term is defined by in the Internal Revenue Code, ERISA or any other applicable federal, state or local laws. Therefore, I hereby direct the Custodian, in a passive capacity, to enact this transaction for my account, in accordance with my agreement. I have read and received all pertinent information relating to the Preferred Shares being subscribed to and direct Custodian to immediately transfer the indicate sums (or rollovers or transfers upon receipt) to deeproot Funds, LLC for placement.

______________________________
Investor Signature Date

This Subscription Agreement is between deeproot 575 Fund, LLC ("the575™" or the "Company") and the person executing this Application and Subscription Agreement (in the entirety, "Agreement") as an Investor of the securities ("Investor").

**1 - General.** This Agreement sets forth the terms under which Investor will purchase Class B Shares from the Company. This Subscription Agreement is one of a limited number of subscriptions for Class B Shares offered to a limited number of suitable Investors on behalf of the Company. Execution of this Agreement by the Investor shall constitute confirmation of such's offer to purchase the Class B Shares in the amount and on the terms and conditions specified herein. The Company shall have the right to reject such subscription offer or, by executing a copy of this Agreement, to accept such offer. If Investor's subscription is accepted, the Company will execute a copy of this Agreement and return it to Investor along with a duly authenticated Share Certificate.

**2 - Subscription Amount and Payment.** Investor hereby subscribes for and agrees to purchase an equivalent sum of Class B shares from the Principal Amount as indicated in Section B herein.

**3 - Description of Offering.** The Company will be offering up to $25,000,000 aggregate principal amount of Class B Shares (the "Offering"). The Offering will be continuous due to the renewable nature of the Class B Shares.

**4 - Subscriptions and Closing.** Investor agrees that this subscription is and shall be irrevocable by the Investor, but that the Investor's obligation hereunder will terminate if not accepted by the Company. The Company expressly reserves the right to refuse to accept the subscription provided in this Agreement.

**5 - Covenants of the Company.** The Company covenants and agrees that (upon request) the Company shall make available to the Investor reports or information as enumerated information in the Offering documents.

**6 - Indemnification.** Investor agrees to indemnify, defend and hold harmless the Company, its officers, directors, employees and agents from and against any liability, claim, loss or expense, including without limitation reasonable attorneys' fees, if the Investor, alone or with others, defaults in or has misrepresented any of its foregoing representations or warranties.

**7 - Miscellaneous.** This Agreement, any amendments or replacements hereof, and the legality, validity and performance of the terms hereof, shall be governed by and enforced, determined and construed in accordance with the laws of the State of Texas applicable to contracts, transactions and obligations entered into and to be performed in Texas. Furthermore, this Agreement and the rights, powers and duties set forth herein shall, except as set forth herein, bind and inure to the benefit of the heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto. Investor may not assign any of Investor's rights or interests in and under this Agreement without the prior written consent of the Company, and any attempted assignment without such consent shall be void and without affect.

**8 - Construction.** When the context requires, singular nouns and pronouns include the plural.

**9 - Investor's Representations and Warranties.** By the respective initials, Investor represents, warrants and covenants to the Company as follows (**provide at least one initial (or two for joint accounts) for each of the 17 paragraphs**):

i. [redacted] [redacted] I (we) have received copies of the Offering do[redacted] (the "PPM") dated September 1, 2015, including all Exhibits thereto, and am (are) familiar with the contents thereof and understand the information and related assumptions therein.

ii. [redacted] [redacted] I (we) are acquiring the Class B Shares sub[redacted]ed for herein solely based upon the information contained in the PPM and this Agreement and not upon reliance on any other information or representation communicated to me (us).

iii. [redacted] [redacted] I (we) have sufficient knowledge and expe[redacted] in business and financial matters, that I (we) am (are) capable of evaluating the Company and the proposed activities thereof, that the risks and merits of this prospective investment are suitable for me (us) by and through my (our) assertions in Sections D & E, whether or not I (we) am (are) relying on the advice of a representative.

iv. [redacted] [redacted] While I (we) may have received pro[redacted]al advice from the following designated representative, I (we) have nonetheless evaluated the risks and merits of this prospective investment myself (ourselves). I (we) specifically authorize, unless revoked hereafter in writing, that you may disclose any or all information about my (our) account to such individual; provided, however, that I (we) do not authorize such designated representative to make any account changes, execute trades, or request withdrawals.

Representative: [redacted]
Entity (if any): [redacted]
Address: [redacted]

Occupation: [redacted]
Licenses (if any) [redacted]

v. [redacted] I (we) have previously been advised that I (we) would have an opportunity to review all the pertinent facts concerning the Company, and to obtain any additional information which I (we) might request, to the extent possible or obtainable, without unreasonable effort and expense, in order to verify the accuracy of the information presented to us by the Company; and I (we) have obtained and reviewed all such due diligence.

**SECTION G CONT'D**

vi. [redacted] I (we) affirm that I (we) understand the liquidity provisions of this Offering. I (we) further affirm that I am (we are) able to leave the invested principal for the indicated term without need for a withdrawal of Principal or deferred Priority Return(s).

vii [redacted] I (we) affirm that we understand the rules and terms that govern the control and disposition of Class B Shares upon the death of one (or more) Investors. I (we) further affirm that the Company retains the right to request any documentation necessary to confirm a death or the qualification of a successor or beneficiary, and absent a court order, retains the sole and absolute discretion of permitting such successor or beneficiary to assume the Decedent Investor's powers or interest(s).

vii [redacted] At a renewal, I (we) affirm that if I (we) do not provide written notice my (our) intent to change my (our) Priority Return Election from GROWTH to INCOME, or vice versa, within the thirty (30) day period prior to a renewal Start Date, then I (we) specifically authorize the575™ to continue the same prior Election for the renewed term.

ix. [redacted] I (we) affirm that we understand the rules and terms that govern the control and disposition of Principal and Deferred or Periodic Priority Returns, including but not limited to: assets, sources, payment terms, liquidation amount, bonus qualifications and amounts, expenses, and fees.

x. [redacted] I (we) affirm that if I (we) have read the PPM and been provided an opportunity to ask questions about any terms, provisions, or restrictions, etc., that we do not understand.

xi. [redacted] I (we) have been advised to consult with my (our) attorney regarding legal matters concerning the Company and my (our) tax advisor regarding the tax consequences of participating in the Offering.

[redacted]

xii. [redacted] I (we) acknowledge that I (we) must bear the economic risk of the investment for the term of the Offering since the Class B Shares cannot be sold, transferred or assigned to any person or entity, except by compliance with the provisions of the Securities Act of 1933 and application state Blue Sky or securities laws. In other words, I (we) understand there is no market for the Class B Shares and that none may develop and, therefore, that I (we) must bear the economic risks of the investment for an indefinite term.

[redacted]

xiii [redacted] I (we) represent that I (we) am (are) the sole party in interest as to my (our) participation in and commitment to the Company and am (are) acquiring the Class B Shares solely for investment for my (our) own account, have no present agreement, understanding, arrangement or intent to subdivide, sell, assign, transfer or otherwise dispose of all or any part of my (our) Class B Shares to any other person, do not have in mind any sale of my (our) Class B Shares either currently or after the passage of a fixed or determinable period of time or upon the occurrence or nonoccurrence of any predetermined event or circumstance, have no present or contemplated agreement, undertaking, arrangement, obligation, indebtedness or commitment providing for or which is likely to compel a disposition of my (our) Class B Shares , and am (are) not aware of any circumstance presently in existence which are likely in the future to prompt a disposition of the Class B Shares.

x [redacted] I (we) understand the speculative nature of investing in the Company and acquiring the Class B Shares, and I (we) hereby affirm that I (we) am (are) in a financial position to handle a loss of principal and/or return in the unforeseen circumstance of a default.

xv [redacted] I (we) hereby agree to indemnify the Company and hold the Company harmless from and against any and all liability damage, cost or expense incurred on account of or arising out of:

(i) any inaccuracy in my (our) declarations, representations, and covenants herein above set forth;

(ii) the disposition of any of the Class B Shares which I (we) will receive, contrary to my (our) foregoing declarations, representations, and covenants; and/or

(iii) any action, suit, or proceeding based upon (1) the claim that said declarations, representations, and covenants were inaccurate or misleading or otherwise cause for obtaining damages or redress from the Company or (2) the disposition of any of the Class B Shares or any part thereof.

xvi [redacted] I (we) acknowledge that I (we) qualify as an accredited investor under the prerequisites set forth in the PPM, or that I (we), with approval of the Company, are applying for a limited number of non-accredited slots, and this Offering is otherwise suitable for our investment goals and needs.

xv [redacted] I (we) understand that any communication or administrative functions of the Company shall be handled by and through deeproot Funds, LLC as the assignee administrator of all aspects and functions of any interest(s) I (we) hold.

**SPACE INTENTIONALLY LEFT BLANK**

## SECTION H – DIRECT DEPOSIT INFORMATION *FOR PERIODIC ELECTION ONLY* *Please attach a voided check*

All distributions must be made payable to the account owner or an account for the benefit of the account owner. Distributions made payable to an account owner in the name of a trust for benefit of the account owner will be reported to the IRS as a distribution to the account owner using the account owner's social security number.

If you are distributing from a Qualified plan, then you understand that such distribution will be classified as a normal distribution if you are older than 59 1/2, or premature and subject to IRS penalties if under 59 1/2. All qualified distributions are subject to income tax unless an exemption applies (such as for some ROTH IRA distributions). You understand that any election you may make for state withholding may be overridden without your prior permission due to change in your state's laws.

**ACCOUNT INFORMATION (must complete all blanks)**

***Bank Account Holder*** [redacted]

***Account Type:*** ☒ *Checking* ☐ *Savings*

***Routing Number*** [redacted]

***Account Number*** [redacted]

***Bank Name*** [redacted]

***Addres*** [redacted]

***Bank Phone*** [redacted]

**FEDERAL WITHHOLDING (must select one)**

☐ Withhold _______% from my requested distribution (must be at least 10%).

☒ I elect NOT to have federal income tax withheld.

**STATE WITHHOLDING (must select one)**

☒ I elect NOT to have state income tax withheld (No State Income Tax in: AK, FL, HI, NH, NV, SD, TN, TX, WA, WY; Voluntary State Income Tax Withholding in: AL, AR, AZ, CO, CT, DC, ID, IL, IN, KY, LA, MI, MN, MO, MS, MT, ND, NJ, NM, NY, OH, PA, RI, SC, UT, WI, WV). You may not select this election in the following states: CA, DE, GA, IA, KS, MA, MD, ME, NC, NE, OK, OR, VA, or VT.

☐ I elect to have state income tax withheld at the higher of the: minimum of the mandatory state withholding amount, or _____%.

**DIRECT DEPOSIT ACKNOWLEDGMENT**

By my (our) signature(s) below, I authorize deeproot 575 Fund, LLC and/or Bank of Utah to convey payment for my distribution by initiating credit entries to my account indicated at the financial institution named. I request such financial institution to accept any credit entries to such account and to credit the same such account without responsibility for the correctness thereof. I understand that such amounts will be debited as distributions from my deeproot 575 Fund, LLC and/or Bank of Utah account, and may arrive earlier or later than the date I anticipate or have been told. I understand that this authorization may be terminated by me at any time by sending written notification to both my financial institution, and to deeproot 575 Fund, LLC and/or Bank of Utah. Any request to terminate or change these distributions must be in writing and received at least thirty (30) days prior to effectiveness. I agree to hold deeproot 575 Fund, LLC and/or Bank of Utah harmless from any consequences of acting in accordance with this authorization, including but not limited to my financial institution failing to accept or credit any distributions.

[redacted]

Date

Bank Account Owner Signature Date

 © 2013 2015 + deeproot Funds [redacted]

## SECTION I ACKNOWLEDGMENTS & EXECUTION

**IN WITNESS WHEREOF,** the Investor(s) hereto have understood, agreed and executed this deeproot 575 Fund, LLC Application and Subscription Agreement on the day, month and year so signed.

**FURTHERMORE IF YOU ARE OPENING AN IRA OR QUALIFIED PLAN:** I further understand the eligibility requirements for the type of IRA deposit I am making, and I state that I do qualify to make the deposit. I have received a copy of the Custodial Account Agreement (Form 5305 A / Form 5305-SEP / Form 5305-RA), the Financial Disclosure, and the Disclosure Statement. I understand that the terms and conditions that apply to this IRA are contained in this Application and the Custodial Account Agreement. I agree to be bound by those terms and conditions. I assume complete responsibility for: (i) determining that I am eligible for an IRA each year I make a contribution; (ii) ensuring that all contributions I make are within the limits set forth by the tax laws; and (iii) the tax consequences of any contributions (including rollover contributions) and distributions.

Investor Signature

Printed Name

## SECTION J – SUBSTITUTE FORM W-9 & PATRIOT ACT COMPLIANCE

Under penalties of perjury, the primary investor or entity herein, certifies by such signature below, that the EIN or SSN indicated below and on page one of this document: **i) is correct; ii) that the primary investor or entity is not subject to backup withholding due to failure to report interest and dividend income; iii) that the primary investor is a U.S. person or entity is a US based entity; & iv) the primary investor or entity is exempt from FATCA reporting**. The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Color Copy or Photo of Drivers License(s) Required

Please enclose or email to

Primary Investor Signature

## SECTION K – COMPANY/CUSTODIAN ACCEPTANCE

**ACCEPTED BY:**

| Officer, deeproot 575 Fund, LLC | Date | Officer, deeproot Funds, LLC | Date |
|---|---|---|---|

| Officer, Bank of Utah (*if qualified*) | Date |
|---|---|

© 2013-2015 + deeproot Funds



# the575™ Application & Subscription Agreement

RN: ☐☐☐☐
IP: ☐☐☐☐☐
A: 5 7 5 Y 9 R
*Internal Use Only*

## SECTION A – ACCOUNT TYPE & INVESTOR INFORMATION

❑ NQ - INDIVIDUAL ( A-1 Only )
❑ NQ - JOINT TENANT WITH RIGHT OF SURVIVORSHIP ( A-1 & A-2 )
❑ NQ - JOINT TENANTS IN COMMON ( A-1 & A-2 )
❑ NQ - UGMA, UTMA or Custodial ( A-1 & A-2 )
❑ NQ - TRUST / ENTITY ( A-1 & A-3; A-2 if applicable )
❑ QUALIFIED - IRA / ROTH / SEP ( A-1 & A-4 )

### A-1 PRIMARY INVESTOR

❑ Individual or IRA ❑ Spouse (Joint) ❑ Trustee ❑ Officer ❑ UTMA/UGMA Custodian

First ____________ MI ________
Last ____________ Suffix ________
Sex ________ Marital ____________
DOB ____________ SSN ____________
Drivers License (State/#) ____________
Citizenship/Nationality ____________
INVESTOR ID (Internal Use Only): ____________

Physical ____________
____________, ______ ______
Mailing ____________
____________, ______ ______
Home Phone (______) ______ - ______
Mobile Phone (______) ______ - ______
Email Address ____________

### A-2 JOINT OR OTHER INVESTOR

❑ Spouse (Joint) ❑ Non-Spouse Individual (Joint) ❑ Trustee ❑ Officer ❑ UTMA/UGMA Minor

First ____________ MI ________
Last ____________ Suffix ________
Sex ________ Marital ____________
DOB ____________ SSN ____________
Drivers License (State/#) ____________
Citizenship/Nationality ____________
INVESTOR ID (Internal Use Only): ____________

Physical ____________
____________, ______ ______
Mailing ____________
____________, ______ ______
Home Phone (______) ______ - ______
Mobile Phone (______) ______ - ______
Email Address ____________

### A-3 TRUST • ENTITY

❑ Revocable Trust ❑ Irrevocable Trust ❑ Corporation ❑ LLC ❑ LLP ❑ General Partnership ❑ Limited Partnership ❑ Other

Name ____________
Creation Date ____________ Situs State ________
EIN ____________
INVESTOR ID (Internal Use Only): ____________

Address ____________
____________, ______ ______
Office (______) ______ - ______
Fax (______) ______ - ______

### A-4 IRA • ROTH • SEP • INHERITED • OTHER QUALIFIED PLAN

Preferred Custodian: **CNB Custody ("CNB")**, a division of Community National Bank
225 Main St – PO Box 225 | Seneca, KS 66538 Phone: 800.680.0340 cnbcustody.com

Important:

- CNB is not affiliated with, an agent of, or partnered with deeproot Funds. It is an independent Bank custodian that deeproot prefers for custody of qualified assets. CNB does not sponsor or endorse any investment product and acceptance of fees shall not be construed as CNB's endorsement or recommendation of any investment product(s).
- All of CNB's paperwork must be filled out separately and returned for all qualified accounts, even if duplicative of the information requested herein.
- Checks must be made payable to 'Community National Bank FBO *Your_Name* IRA'
- All *qualified account* set-up & annual fees are advanced by **deeproot Funds** and are deducted from your account as outlined in the PPM. CNB has agreed to a flat annual fee of $450 in 2020, $500 from 2021 to 2023, and $550 beyond. This fee schedule is subject to change.
- Under certain circumstances as outlined in the offering documents, deeproot Funds may elect to pay CNB's annual fee if qualified accounts under the same registration are held over $400k.

❑ Traditional IRA ❑ ROTH ❑ Inherited

❑ Traditional IRA or ROTH Contribution
( Year: ____________ )
❑ Rollover ( 60 Day IRA Rollover )
❑ Direct Rollover ( from Traditional/ROTH/SEP )
❑ Direct Transfer ( from Traditional/ROTH/SEP )
❑ Inherited (Stretch) IRA

**Select One if Over 70-½ this Year (Traditional IRA Only)**
❑ I have already taken my RMD this year.
❑ I will take my RMD from another qualified account I own.
❑ The funds are from an IRA Owner who died this year.

## SECTION B – TERM • INITIAL ELECTION • PRINCIPAL

*See Funding Procedures Addendum*

**SUBSCRIPTION TERM**
5 Year

**PRIORITY RETURN ELECTION**
*(initial one)*

☐ DEFERRED

☐ PERIODIC

**MINIMUM PRINCIPAL**
$50,000.00

**NON-QUALIFIED ACCOUNTS**

**INITIAL AMOUNT** $ ____________

**FUNDS AVAILABLE**
❑ Now ❑ On: ____________

**QUALIFIED ACCOUNTS**

**CONTRIBUTION AMOUNT** $ ____________
**ROLLOVER AMOUNT** $ ____________
**DIRECT ROLLOVER AMOUNT** $ ____________
**DIRECT TRANSFER AMOUNT** $ ____________

**FUNDS AVAILABLE**
❑ Now ❑ On: ____________

## SECTION C – BENEFICIARY ELECTIONS

*Only for Individual or Joint Registrations*

I (we) designate that upon my (our) death(s), the assets in this account be paid to the beneficiaries named below, subject to the terms of the Offering/PPM. The interest of any beneficiary that predeceases me (us) terminates completely, and the percentage share of any remaining beneficiaries will be increased on a pro rata basis. If no beneficiaries are named, the last investor to die's estate will be the beneficiary. The balance in the account will be payable to contingent beneficiaries only if all primary beneficiaries have predeceased the last investor to die.

### PRIMARY BENEFICIARIES *(The total percentage designated must equal 100%.)*

Name ____________
Address ____________
City/State/ZIP ____________
Date of Birth ____________ Relationship ____________
Tax ID *(SSN/TIN)* ____________ Percent Designated ____________

Name ____________
Address ____________
City/State/ZIP ____________
Date of Birth ____________ Relationship ____________
Tax ID *(SSN/TIN)* ____________ Percent Designated ____________

Name ____________
Address ____________
City/State/ZIP ____________
Date of Birth ____________ Relationship ____________
Tax ID *(SSN/TIN)* ____________ Percent Designated ____________

Name ____________
Address ____________
City/State/ZIP ____________
Date of Birth ____________ Relationship ____________
Tax ID *(SSN/TIN)* ____________ Percent Designated ____________

### CONTINGENT BENEFICIARIES *(The total percentage designated must equal 100%.)*

Name ____________
Address ____________
City/State/ZIP ____________
Date of Birth ____________ Relationship ____________
Tax ID *(SSN/TIN)* ____________ Percent Designated ____________

Name ____________
Address ____________
City/State/ZIP ____________
Date of Birth ____________ Relationship ____________
Tax ID *(SSN/TIN)* ____________ Percent Designated ____________

Name ____________
Address ____________
City/State/ZIP ____________
Date of Birth ____________ Relationship ____________
Tax ID *(SSN/TIN)* ____________ Percent Designated ____________

Name ____________
Address ____________
City/State/ZIP ____________
Date of Birth ____________ Relationship ____________
Tax ID *(SSN/TIN)* ____________ Percent Designated ____________

❑ *Check here if additional beneficiaries are listed on an attached addendum.* Total number of addendums attached to this Application ______

### MARITAL CONSENT STATUS (REQUIRED WHERE SPOUSE IS NOT A JOINT OWNER AND NOT THE SOLE PRIMARY BENEFICIARY)

❑ **I Am Not Married –** I understand that if I become married in the future, I should review the requirements for spousal consent.

❑ **I Am Married –** I understand that if I choose to designate a primary beneficiary other than or in addition to my spouse, my spouse must consent.

*For spouse*: I am the spouse of the above-named owner. I acknowledge that I have received a fair and reasonable disclosure of my spouse's property and financial obligations. Because of the important tax consequences of releasing any contingent, future rights, I have been advised to see a tax professional. I hereby grant the above-named owner any interest I may claim a right to in or to the assets or property deposited in this account and consent to the beneficiary designation(s) indicated above. I assume full responsibility for any adverse consequences that may result. *For witness:* I personally was present and witnessed the undersigned Spouse sign below.

Signature of Spouse ____________ Date ____________

Signature of Witness ____________ Date ____________

## SECTION D – SUITABILITY: FINANCIAL PROFILE
*Required for all accounts except Entity*

| Asset | Ownership | Name/Source/Institution | Value | Totals |
|---|---|---|---|---|
| **REAL PROPERTY** | *I – Individual JT – Joint H – Husband W – Wife* | | | |
| Homestead | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Other Real Estate | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | $ |
| **VEHICLES** | | | | |
| Cars/Trucks | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| RVs/Boats/ATVs/Trailers | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | $ |
| **INVESTABLE ASSETS/ACCOUNTS** | | | | |
| CD's | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Checking | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Savings | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Money Market | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | $ |
| Brokerage | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Mutual Funds | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Bonds | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Alternatives | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Metals | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Annuities | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Life Insurance Cash Value | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | $ |
| IRA 1 | ☐ I ☐ H ☐ W | | $ | |
| IRA 2 | ☐ I ☐ H ☐ W | | $ | |
| ROTH 1 | ☐ I ☐ H ☐ W | | $ | |
| ROTH 2 | ☐ I ☐ H ☐ W | | $ | |
| Other Retirement 1 | ☐ I ☐ H ☐ W | | $ | |
| Other Retirement 2 | ☐ I ☐ H ☐ W | | $ | $ |
| **OTHER ASSETS** | | | | |
| Life Insurance Death Benefit(s) | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | *Do Not Include in Calculation* |
| Household Goods | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Antiques/Collections & Jewelry | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | |
| Burial Policy(ies) | ☐ I/JT ☐ H ☐ W ☐ Mixed | | $ | $ |
| | | | **TOTAL ASSETS** | $ |

Side labels: NO BANKING / NQ INVESTMENTS / QUALIFIED

### LIABILITIES & EXPENSES
| | |
|---|---|
| Balances of Mortgages | $ |
| Balances of Vehicles/Other Liens | $ |
| Balances of Personal Loans | $ |
| Balances of Credit Cards | $ |
| Other Debt Balances | $ |
| **TOTAL LIABILITIES:** | $ |
| Monthly Expenses | $ |

### INCOME (Monthly)
| | |
|---|---|
| Employment (net) | $ |
| Pension/Retirement (net) | $ |
| Social Security (net) | $ |
| Rentals/Real Estate (gross) | $ |
| Investments (net) | $ |
| RMDs (gross) | $ |
| Other Income (net) | $ |
| **TOTAL MONTHLY INCOME:** | $ |

*INTERNAL USE ONLY*

NET WORTH: _____ INVESTABLE ASSETS: _____ ANN INC: _____ EMERGENCY: _____

NET MONTHLY INCOME: _____ RATIOS (D2E: _____ %, LIQ: _____ %, PERC2IA: _____ %)

the575-APP / Rev 2019.I1    © 2013-2020 + deeproot Funds    12621 Silicon Dr • San Antonio, TX 78249 • (888) 316-2935    Page 3 of 7

## SECTION E – SUITABILITY: PRIMARY INVESTOR PROFILE *Required for all accounts except Entity*

**Education (check all that apply)**

❑ H.S. Diploma or G.E.D. ❑ Associates Degree ❑ Bachelors Degree ❑ Masters Degree ❑ JD, MD, PhD

**Prior Investment Experience (check all that apply)**

❑ Bank Account ❑ CD ❑ Stocks ❑ Bonds ❑ Mutual Funds ❑ Hedge Funds
❑ REIT ❑ Real Estate ❑ Annuities ❑ Commodities ❑ Options ❑ Life Insurance

**Overall Risk Tolerance (check only one)**

❑ Very Conservative ❑ Conservative ❑ Moderate ❑ Aggressive ❑ Very Aggressive

**Financial Objectives from this Investment (check all that apply)**

❑ Growth ❑ Growth, Followed by Income ❑ Tax-Deferred Growth ❑ Liquidity ❑ Guarantees Provided

**Employment (check only one)**

❑ Employed ❑ Self-Employed ❑ Retired ❑ Unemployed

**Do you anticipate any significant changes to your income over the initial term?**

❑ No Change ❑ Will Increase ❑ Will Decrease

**Do you anticipate any significant changes to your expenses over the initial term?**

❑ No Change ❑ Will Increase ❑ Will Decrease

**Decision Making (check only one)**

❑ I rely on an investment advisor or professional for all my investment decisions.
❑ I consult with an investment advisor or professional, but make my own investment decisions.
❑ I rely on my own investment knowledge and skill-set to make my own investment decisions.

**Liquid or Emergency Assets Available (after this investment)**

❑ None ❑ < $5,000 ❑ $5,000 - $10,000 ❑ $10,000 - $25,000 ❑ $25,000 - $50,000 ❑ > $50,000

**Liquidity Needs (check only one)**

❑ I will need access to all of this money during the initial term.
❑ I might need access to some of this money during the initial term.
❑ I do not need access to any of this money during the initial term.

**Suitability Acknowledgements (must initial each)**

____________ I understand that there is no liquidity permitted during the term of this investment, without fees/penalties.
____________ I understand that if I am investing an IRA, I must take any RMD on this IRA from other IRA account(s).
____________ I understand that if I die during the term, my heirs are subject to the same withdrawal rights as if I were alive.

## SECTION F – SUBSCRIPTION AGREEMENT *Investor(s) must initial/complete all 17 entries*

This Subscription Agreement is between deeproot 575 Fund, LLC ("the575™" or the "Company") and the person executing this Application and Subscription Agreement (in the entirety, "Agreement") as an Investor of the securities ("Investor").

**1 - General.** This Agreement sets forth the terms under which Investor will purchase Class B Shares from the Company. This Subscription Agreement is one of a limited number of subscriptions for Class B Shares offered to a limited number of suitable Investors on behalf of the Company. Execution of this Agreement by the Investor shall constitute confirmation of such's offer to purchase the Class B Shares in the amount and on the terms and conditions specified herein. The Company shall have the right to reject such subscription offer or, by executing a copy of this Agreement, to accept such offer. If Investor's subscription is accepted, the Company will execute a copy of this Agreement and return it to Investor along with a duly authenticated Share Certificate.

**2 - Subscription Amount and Payment.** Investor hereby subscribes for and agrees to purchase an equivalent sum of Class B shares from the Principal Amount as indicated in Section B herein.

**3 - Description of Offering.** The Company will be offering up to $50,000,000 aggregate principal amount of Class B Shares for the 2019 Version of the "Offering" dated September 16, 2019. The Offering will be continuous due to the renewable nature of the Class B Shares.

**4 - Subscriptions and Closing.** Investor agrees that this subscription is and shall be irrevocable by the Investor, but that the Investor's obligation hereunder will terminate if not accepted by the Company. The Company expressly reserves the right to refuse to accept the subscription provided in this Agreement.

**5 - Covenants of the Company.** The Company covenants and agrees that (upon request) the Company shall make available to the Investor reports or information as enumerated information in the Offering documents.

**6 - Indemnification.** Investor agrees to indemnify, defend and hold harmless the Company, its officers, directors, employees and agents from and against any liability, claim, loss or expense, including without limitation reasonable attorneys' fees, if the Investor, alone or with others, defaults in or has misrepresented any of its foregoing representations or warranties.

**7 - Miscellaneous.** This Agreement, any amendments or replacements hereof, and the legality, validity and performance

of the terms hereof, shall be governed by and enforced, determined and construed in accordance with the laws of the State of Texas applicable to contracts, transactions and obligations entered into and to be performed in Texas. Furthermore, this Agreement and the rights, powers and duties set forth herein shall, except as set forth herein, bind and inure to the benefit of the heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto. Investor may not assign any of Investor's rights or interests in and under this Agreement without the prior written consent of the Company, and any attempted assignment without such consent shall be void and without affect.

**8 - Construction.** When the context requires, singular nouns and pronouns include the plural.

**9 - Investor's Representations and Warranties.** By the respective initials, Investor represents, warrants and covenants to the Company as follows **(provide at least one initial, or two for joint accounts, for <u>each</u> of the 17 paragraphs)**:

i. ______ ______ I (we) have received copies of the Offering documents (the "PPM") dated September 16, 2019, including all Exhibits thereto, and am (are) familiar with the contents thereof and understand the information and related assumptions therein.

ii. ______ ______ I (we) are acquiring the Class B Shares subscribed for herein solely based upon the information contained in the PPM and this Agreement and not upon reliance on any other information or representation communicated to me (us).

iii. ______ ______ I (we) have sufficient knowledge and experience in business and financial matters, that I (we) am (are) capable of evaluating the Company and the proposed activities thereof, that the risks and merits of this prospective investment are suitable for me (us) by and through my (our) assertions in Sections D & E, whether or not I (we) am (are) relying on the advice of a representative.

iv. ______ ______ Regardless of having received professional advice from the following representative, I (we) have nonetheless evaluated the risks and merits of this prospective investment myself (ourselves). I (we) specifically authorize, unless revoked hereafter in writing, that you may disclose any or all information about my (our) account to such individual; provided, however, that I (we) do not authorize such designated representative to make any account changes, execute trades, or request withdrawals. I (we) further acknowledge receiving notice that such representative is receiving the indicated fee or commission, paid by the Company under the terms of the PPM.

Representative: ______________________________

Entity (if any): ______________________________

Address: ______________________________

______________________________

Finder Fee: $ ____ , ____________ . ______

Commission: $ ____ , ____________ . ______

v. ______ ______ I (we) have previously been advised that I (we) would have an opportunity to review all the pertinent facts concerning the Company, and to obtain any additional information which I (we) might request, to the extent possible or obtainable, without unreasonable effort and expense, in order to verify the accuracy of the information presented to us by the Company; and I (we) have obtained and reviewed all such due diligence.

vi. ______ ______ I (we) affirm that I (we) understand the liquidity provisions of this Offering. I (we) further affirm that I am (we are) able to leave the invested principal for the indicated term without need for a withdrawal of Principal or deferred Priority Return(s).

vii. ______ ______ I (we) affirm that we understand the rules and terms that govern the control and disposition of Class B Shares upon the death of one (or more) Investors. I (we) further affirm that the Company retains the right to request any documentation necessary to confirm a death or the qualification of a successor or beneficiary, and absent a court order, retains the sole and absolute discretion of permitting such successor or beneficiary to assume the Decedent Investor's powers or interest(s).

viii. ______ ______ At a renewal, I (we) affirm that if I (we) do not provide written notice my (our) intent to change my (our) Priority Return Election from GROWTH to INCOME, or vice versa, within the thirty (30) day period prior to a renewal Start Date, then I (we) specifically authorize the575™ to continue the same prior Election for the renewed term.

ix. ______ ______ I (we) affirm that we understand the rules and terms that govern the control and disposition of Principal and Deferred or Periodic Priority Returns, including but not limited to: assets, sources, payment terms, liquidation amount, bonus qualifications and amounts, expenses, and fees.

x. ______ ______ I (we) affirm that if I (we) have read the PPM and been provided an opportunity to ask questions about any terms, provisions, or restrictions, etc., that we do not understand. I (we) further affirm that I (we) have read and understand the allocation amendment and am/are agreeable with them as-is.

xi. ______ ______ I (we) have been advised to consult with my (our) attorney regarding legal matters concerning the Company and my (our) tax advisor regarding the tax consequences of participating in the Offering.

xii. ______ ______ I (we) acknowledge that I (we) must bear the economic risk of the investment for the term of the Offering since the Class B Shares cannot be sold, transferred or assigned to any person or entity, except by compliance with the provisions of the Securities Act of 1933 and application state Blue Sky or securities laws. In other words, I (we) understand there is no market for the Class B Shares and that none may develop and, therefore, that I (we) must bear the economic risks of the investment for an indefinite term.

xiii. ______ ______ I (we) represent that I (we) am (are) the sole party in interest as to my (our) participation in and commitment to the Company and am (are) acquiring the Class B Shares solely for investment for my (our) own account, have no present agreement, understanding, arrangement or intent to subdivide, sell, assign, transfer or otherwise dispose of all or any part of my (our) Class B Shares to any other person, do not have in mind any sale of my (our) Class B Shares either currently or after the passage of a fixed or determinable period of time or upon the occurrence or nonoccurrence of any predetermined event or circumstance, have no present or contemplated agreement, undertaking, arrangement, obligation, indebtedness or commitment providing for or which is likely to compel a disposition of my (our) Class B Shares , and am (are) not aware of any circumstance presently in existence which are likely in the future to prompt a disposition of the Class B Shares.

xiv. ______ ______ I (we) understand the speculative nature of investing in the Company and acquiring the Class B Shares, and I (we) hereby affirm that I (we) am (are) in a financial position to handle a loss of principal and/or return in the unforeseen circumstance of a default.

xv. ______ ______ I (we) hereby agree to indemnify the Company and hold the Company harmless from and against any and all liability damage, cost or expense incurred on account of or arising out of:

(i) any inaccuracy in my (our) declarations, representations, and covenants herein above set forth;

(ii) the disposition of any of the Class B Shares which I (we) will receive, contrary to my (our) foregoing declarations, representations, and covenants; and/or

(iii) any action, suit, or proceeding based upon (1) the claim that said declarations, representations, and covenants were inaccurate or misleading or otherwise cause for obtaining damages or redress from the Company or (2) the disposition of any of the Class B Shares or any part thereof.

xvi. ______ ______ I (we) acknowledge that I (we) qualify as an accredited investor under the prerequisites set forth in the PPM, or that I (we), with approval of the Company, are applying for a limited number of non-accredited slots, and this Offering is otherwise suitable for our investment goals and needs.

xvii. ______ ______ I (we) understand that any communication or administrative functions of the Company shall be handled by and through deeproot Funds, LLC as the assignee administrator of all aspects and functions of any interest(s) I (we) hold.

## SECTION G – DIRECT DEPOSIT INFORMATION *FOR NQ PERIODIC ELECTION ONLY* *Please attach a voided check*

All distributions must be made payable to the account owner or an account for the benefit of the account owner. Distributions made payable to an account owner in the name of a trust for benefit of the account owner will be reported to the IRS as a distribution to the account owner using the account owner's social security number. If you are distributing from a Qualified plan, then <u>do not fill out this form.</u> You must fill out the Custodian's appropriate form.

**ACCOUNT INFORMATION (must complete all blanks)**

***Bank Account Holder*** ____________________

***Account Type:*** ☐ *Checking* ☐ *Savings*

***Routing Number*** ____________________

***Account Number*** ____________________

***Bank Name*** ____________________

***Address*** ____________________

____________, ______ ______

***Bank Phone*** (______) ______-________

**FEDERAL WITHHOLDING (must select one)**

☐ Withhold _______% from my requested distribution (must be at least 10%).
☐ I elect NOT to have federal income tax withheld.

**DIRECT DEPOSIT ACKNOWLEDGMENT**

By my signature below, I authorize deeproot 575 Fund, LLC to convey payment for my distribution by initiating credit entries to my account indicated at the financial institution named. I request such financial institution to accept any credit entries to such account and to credit the same such account without responsibility for the correctness thereof. I understand that such amounts will be debited as distributions from my deeproot 575 Fund, LLC account, and may arrive earlier or later than the date I anticipate or have been told. I understand that this authorization may be terminated by me at any time by sending written notification to both my financial institution, and to deeproot 575 Fund, LLC. Any request to terminate or change these distributions must be in writing and received at least thirty (30) days prior to effectiveness. I agree to hold deeproot 575 Fund, LLC harmless from any consequences of acting in accordance with this authorization, including but not limited to my financial institution failing to accept or credit any distributions.

____________________________________

Bank Account Owner Signature Date

## SECTION H – ACKNOWLEDGMENTS & EXECUTION

**IN WITNESS WHEREOF**, the Investor(s) hereto have understood, agreed and executed this deeproot 575 Fund, LLC Application and Subscription Agreement on the day, month and year so signed. ***** IF YOU HAVE BEEN REFERRED OR HELPED BY A REPRESENTATIVE, YOU MUST FILL OUT SECTION G, ¶iv *****

Investor Signature Date

Investor Signature Date

Printed Name of Investor & Title of Investor (if applicable)

Printed Name of Investor & Title of Investor (if applicable)

## SECTION I – SUBSTITUTE FORM W-9 & PATRIOT ACT COMPLIANCE

Under penalties of perjury, the primary investor or entity herein, certifies by such signature below, that the EIN or SSN indicated below and on page one of this document: **i) is correct; ii) that the primary investor or entity is not subject to backup withholding due to failure to report interest and dividend income; iii) that the primary investor is a U.S. person or entity is a US based entity; & iv) the primary investor or entity is exempt from FATCA reporting.** The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Color Copy or Photo of Drivers License(s) Required

Please enclose or email to contact@deeprootfunds.com

Primary Investor Signature Date

SSN/EIN/TIN of Primary Investor or Entity

## SECTION J – COMPANY/CUSTODIAN ACCEPTANCE

**ACCEPTED BY:**

Officer, deeproot 575 Fund Date

Officer, CNB Custody *(if qualified)* Date

# deeproot® the575™ FUNDING PROCEDURES & PRIVACY NOTICE

KEEP FOR YOUR RECORDS

**ALL PAPERWORK & CHECKS SHOULD BE SENT to deeproot Funds, LLC.**

Physical/Overnight: **deeproot Funds, LLC • 12621 Silicon Dr • San Antonio, TX 78249**
Mailing: **deeproot Funds, LLC • P.O. Box 691610 • San Antonio, TX 78269-1610**

## FUNDING FOR NON-QUALIFIED ACCOUNTS

**ALL NON-QUALIFIED MONEY SHOULD BE WIRED OR CHECKS MADE PAYABLE to 'deeproot Funds'.**
***Note: There is a $250 processing fee for any deposit not a wire or Cashier's check.***

| | |
|---|---|
| Bank Name: | Wells Fargo Bank, NA |
| Branch Address: | 12003 Vance Jackson Rd.<br>San Antonio, TX 78230 |
| Branch Phone: | (210) 856-8507 |
| Bank Routing No. | 121000248 |
| Account Name: | deeproot Funds, LLC |
| Account Address: | P.O. Box 691610<br>San Antonio, TX 78269-1610 |
| Account Phone: | (888) 316-2935 |
| Account No.: | 9688682385 |
| FBO/MEMO: | *Your Name* |

## FUNDING FOR QUALIFIED ACCOUNTS

**ALL CONTRIBUTION OR ROLLOVER CHECKS SHOULD BE MADE PAYABLE TO: 'Community National Bank FBO *your name* IRA'**

For direct transfers, please fill out and submit an IRA to IRA Transfer form.

## PRIVACY NOTICE

The deeproot® family of companies is committed to maintaining the confidentiality, integrity, and security of personal information about our current and prospective customers. Please note that certain details of this policy may depend on whether you deal with us through an investment professional or directly as an individual investor. Our privacy policies are reviewed annually. Our printed and online notices are then updated to reflect any changes.

How and why we obtain personal information

deeproot® may use personal information about you to service and maintain your account; respond to inquiries from you or your representative; develop, offer, and deliver products and services; or to fulfill legal and regulatory requirements. deeproot® may collect public and non-public personal information about you from any of the following sources: You or your representative on applications or forms; Customer Service interactions from you or your representative regarding your preferences; Information from other third-party data services; or Other sources with your consent or with the consent of your representative.

How we protect information about you and who we share information with

deeproot® considers the protection of personal information to be a foundation of customer trust and a sound business practice. We employ physical, electronic and procedural controls and we regularly adapt these controls to respond to changing requirements and advances in technology. We restrict access to personal information to those who require it to develop, support, offer and deliver products and services to you. deeproot® does not share personal information about our customers with unaffiliated third parties for use in marketing their products and services. We may, as is necessary to conduct business, share personal information with your designated representative (and that representative's assigns), third party service providers, government agencies, other regulatory bodies and law enforcement officials, or other entities (the last only being with your consent or as directed by your representative).

Online Privacy

When you interact with us online deeproot® manages personal information in accordance with all of the practices and safeguards standard for the industry. Each deeproot® website has its own privacy policy that describes the privacy polices applicable.

deeproot® provides experiences on social media platforms that enable online sharing and collaboration among users who have registered to use them. We may collect information you provide by interacting with us via social media, such as photographs, opinions, or Twitter handle. Any content you post, such as pictures, information, opinions, or any personal information that you make available to other participants on these social platforms, becomes part of the public domain and also subject to the terms of use and privacy policies of those platforms.