IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| POLICY SERVICES, INC. | § | BANKRUPTCY NO. 21-51513 |
| | § | |
| DEBTOR. | § | JOINTLY ADMINISTERED |

TRUSTEE'S REPLY TO OBJECTIONS TO SALE OF THE PROPERTY
OF THE ESTATE OF POLICY SERVICES, INC.

TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:

John Patrick Lowe, Chapter 7 Trustee of the above captioned jointly administered bankruptcy estates ("**Trustee**"), on behalf of Policy Services, Inc., (the "**Debtor**") in the above captioned jointly administered case, by and through Trustee's counsel, Pulman, Cappuccio & Pullen, LLP, hereby files this *Trustee's Reply to Objections to Sale of the Property of the Estate of Policy Services, Inc.* (the "**Reply**"), respectfully showing the Court as follows:

REPLY TO THE OBJECTION

1.     Trustee hereby responds to the *Objections to Sale of the Property of the Estate of Policy Services, Inc.* (the "**Objection**"), filed by certain creditors/investors (the "**Objectors**") of

---

[1] The Debtors in these administratively consolidated chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Policy Services, Inc. (2864), Wizard Mode Media, LLC (3205), deeproot Pinball LLC (0320), deeproot Growth Runs Deep Fund, LLC (8046), deeproot 575 Fund, LLC (9404), deeproot 3 Year Bonus Income Debenture Fund, LLC (7731), deeproot Bonus Growth *5* Year Debenture Fund, LLC (9661), deeproot Tech LLC (9043), deeproot Funds LLC (9404), deeproot Studios LLC (6283), and deeproot Capital Management,  LLC (2638).

deeproot 575 Fund, LLC and deeproot Growth Runs Deep Fund, LLC, each a debtor affiliate of Debtor whose bankruptcy cases are being jointly administered under the above captioned lead bankruptcy case, in response to *Trustee's Motion to Approve (A) Sale of Life Insurance Policies, (B) Sale Procedures, Stalking Horse Agreement and Bid Protections in Connection with the Sale of Property of the Estate of Policy Services, Inc. and (C) the Form of Notice for the Sale of Property of the Estate of Policy Services, Inc.* (the "**Sale Motion**") and this Court's *Order Approving Trustee's Motion to Approve (A) Sale Procedures, Stalking Horse Agreement and Bid Protections in Connection with the Sale of Property of the Estate of Policy Services, Inc. and (B) the Form of Notice for the Sale of Property of the Estate of Policy Services, Inc.* (the *"***Procedures Order***"),* as follows (capitalized terms not defined herein shall have the meaning assigned to them in the Sale Motion):

2.       With respect to the factual allegations in Paragraphs 1 through 13 of the Objection, Trustee admits that such factual allegations are, in general, an accurate description of the facts as alleged in the complaint and the answer filed in *Securities and Exchange Commission v. Robert J. Mueller, Deeproot Funds LLC (a/k/a dprt Funds, LLC), and Policy Services, Inc., et al.*, Civil Action No. 5:21-cv-785 (the "**SEC Case**") (*See*, Objection Exhibits 1 and 2), and an accurate description of the information contained in the documents attached to the Objection as Exhibits 5, 6, 7, 8, 9 and 10.  The foregoing notwithstanding, Trustee denies the allegation contained in the fourth sentence of Paragraph 12 of the Objection.

3.       Trustee admits the factual allegations in Paragraph 14 of the Objection.

4.       Trustee denies the factual allegations in Paragraphs 15 through 22 of the Objection.

5.       Trustee denies the factual allegations in Paragraph 23 of the Objection.  The connection of one of the principals of TuYo Holdings, Inc. ("**TuYo**" or the "**Stalking Horse Bidder**"), Mr. Chris Turner, to the Debtor and the affiliated jointly administered debtors was

properly disclosed to this Court through the representations and warranties of TuYo contained in the Stalking Horse Agreement, to wit:

> "Other than an entity owned by the principal of the Purchaser having provided services to some of the deeproot entities prior to petition date, Purchaser and none of its owners, principals, agents, investors, lenders or any other persons who may benefit in some fashion from this Agreement or its consummation, has any connection to the Debtor or its principal, Mr. Robert Mueller. Purchaser has no intention or agreement, written, oral or otherwise to share in the profits, losses or in any other manner with the Debtor, its principals or an insider (including a non-statutory insider) as defined at 11 U.S.C. Section 101."[2]

And, in Paragraph 27 of the Sale Motion, Trustee advised this Court that Turner Logic is identified as a creditor of one or more of the jointly administered debtors and provided software services to one or more of the jointly administered debtors[3].  It should be noted that there is no mention of Mr. Chris Turner or Turner Logic, LLC in the pleadings filed in the SEC Case.

      **6.**      Trustee denies the factual allegations in Paragraph 24 of the Objection.

      **7.**      To the extent a response is required to the question posed by Objectors in Paragraph 24(a): Yes, the Debtor, Policy Services, Inc., is the owner, as well as the sole beneficiary, of each of the Life Insurance Policies sought to be sold.  Debtor purchased each Life Insurance Policy pursuant to purchase agreements which it entered into with entities in the business of buying and selling such policies.  Copies of the purchase agreements for each of the eight In-force Insurance Policies are marked hearing Exhibits 7C through 14C.  The life insurance companies that issued the In-force Insurance Policies have each acknowledged that Debtor is the 100% owner of record of each such policy (*See*, Trustee's Hearing Exhibits 7 through 14.  All correspondence received by Trustee post-petition from each life insurance company concerning the Policies, and

---

[2] *See*, the Stalking Horse Agreement, Paragraph 6(o), attached to the Order as Exhibit 3.
[3] Even if Turner were an insider, that status would not disqualify TuYo from purchasing the Life Insurance Policies. *See*, *Sabatini Frozen Foods, LLC v. Jones*, 2013 U.S. Dist. WL 1345104, at *4 (E.D.N.Y. 2013) ("It is not per se bad faith for an insider to purchase assets of a debtor, and 'a sale to him without more [will] not suffice to show a lack of good faith").

correspondence found within Debtor's files, is addressed to, and indicates that, Debtor is the owner of the Policies.  Trustee has found no evidence of co-ownership of any of the Policies, and no evidence of co-ownership has been provided by Objectors. As of the date of this Reply, ownership of one In-force Insurance Policy (identified as Policy ID. ANDE75 in Exhibit A-1 to the Sale Motion) has been transferred to Trustee; a letter from the issuer of said insurance policy acknowledging the transfer of ownership to Trustee shows Policy Services, Inc. as the previous owner of the policy (*See* <u>Trustee Hearing Exhibit 15</u>).

**8.**     To the extent a response is required to the question posed by Objectors in Paragraph 24(b) of the Objection, the business judgment standard is appropriate in this case.  Trustee has demonstrated both (i) good, sufficient, and sound business purposes and justifications, and (ii) compelling circumstances for the Sale outside of the ordinary course of business under section 363(f) of the Bankruptcy Code in that, among other things, the immediate approval by this Court of the sale to TuYo is necessary and appropriate to maximize the value to the Debtors' estates. Given all the circumstances of this bankruptcy case and the adequacy and fair value of the purchase price, the proposed Sale constitutes a reasonable and sound exercise of the Trustee's business judgment and should be approved.

**9.**     With respect to Paragraph 24 (c) of the Objection, Debtor filed a voluntary petition under chapter 7, title 11 of the United States Code, and it is therefore the task of the chapter 7 Trustee to collect, liquidate and thereafter distribute the assets of the Debtor's estate to its creditors. Debtor, Policy Services, Inc., is no longer a going concern, is out of possession, and there will be no benefit to management as no management exists.

**10.**     With respect to Paragraph 24(d) of the Objection, the objection is moot as no competing bids were received by Trustee.  Moreover, as Trustee has articulated above and in the Sale Motion, there are good and sufficient reasons for approval of the sale of the Policies, and the

relief requested in the Sale Motion is in the best interest of the Debtor and the affiliated debtors, their estates, their creditors, and other parties in interest.

11.     With respect to Paragraph 24(e) of the Objection, as explained in Paragraph 7, above, Debtor is the sole owner of each of the Policies and the sale of the Policies as contemplated in the Sale Motion is in the best interest of the Debtor and the affiliated debtors, their estates, their creditors, and other parties in interest.  As discussed in detail in the Sale Motion and in this Reply, Trustee is without sufficient funds to pay premiums as they come due and delaying the sale of the Policies will result in many, and depending on the length of the delay, if not all of the Policies lapsing for failure to pay premiums. It should be noted that Debtor's accounting records, as well as those of the affiliated debtors, are incomplete or non-existent and must be verified or recreated. This process will take time, and it is therefore Trustee's best business judgment that the immediate sale of the Policies is necessary to preserve any value the Policies may have to the Debtor's estate and its creditors.  It should also be noted that to Trustee's knowledge there are no IRS records in existence for the deeproot 575 Fund, LLC or the deeproot Growth Runs Deep Fund, LLC; those entities appear to have been treated as pass through entities and, as such, no tax returns were filed with the IRS.

12.     With respect to an apparent fraudulent transfer from the 575 Fund to Policy Services, Inc., referenced in Paragraph 25 of the Objection, and other suspected fraudulent transfers noted elsewhere in the Objection, Trustee admits that these transactions may have been made without the exchange of reasonably equivalent value between the deeproot affiliates. If the intra-company transfers are fraudulent conveyances, those claims are derivative of the estate and belong to the Trustee, not the individual creditors. *See*, e.g., In *the Matter of SI Acquisition, Inc*., 817 F.2d 1142, 1153 (5th Cir. 1987).  Even so, the treatment of the intra-company debts is not a consideration in a Section 363 sale. Any issues with respect to the treatment of the interests of

others in the proceeds of the sale can be preserved for another day.

**13.** With respect to the objections in Paragraphs 26, 27 and 28 of the Objection concerning the failure of certain debtors to file proofs of claims for intercompany transfers, Trustee admits that no Proof of Claim for intercompany transfers has been filed by Debtor, deeproot 575 Fund, LLC, or the deeproot Growth Runs Deep Fund, LLC. Here Objectors have raised procedural issues concerning the various debtors' failure to file proofs of claim, which procedural issues do not affect the Sale but do point to the question of whether a substantive consolidation of the jointly administered cases is in the best interest of debtor's estates and their creditors. Trustee has not made a final determination as to whether he will move the Court to grant a substantive consolidation of the jointly administered cases, and although Trustee believes a substantive consolidation may ultimately be in the best interest of the various debtors' estates and their creditors, in order to preserve his ability to file proofs of claim on behalf the various debtors, Trustee has filed Trustee's Motion to Extend Time to File Proofs of Claim, in which Trustee has moved the Court to grant a one-year extension of the thirty day time period, provided in Rule 3004, in which Trustee may file a proof of claim on behalf of a debtor. *See*, Fed. Rules of Bankruptcy Procedure, Rule 3004.

**14.** Trustee admits that he has not used his subpoena power to request, receive, review or otherwise access the accounting or bookkeeping documents in the possession of Charlotte Acker or the tax documents of Policy Services, Inc. (*See*, Objection, Paragraph 27). It is Trustee's understanding that Ms. Acker was a part time bookkeeper who was brought in from time to time to assist Mr. Mueller, and that Mr. Mueller himself prepared the Debtor's accounting records using QuickBooks. Trustee is in possession of the Debtor's QuickBooks files which were examined for Trustee by a forensic accountant prior to filing the Sale Motion.

15.     Trustee admits that "no proposal for cashing out the policies at face value…has been presented as an option" (*See*, Objection, Paragraph 29).  Assuming Objectors are referring to "cashing out" the Policies for their "cash value" rather than their "face value," since the face value of a policy is only paid upon the death of the insured, Trustee can represent that there is little, if any, cash value remaining in any of the policies, because any cash value that may have existed in the Policies was applied over time towards the payment of policy premiums as they came due.

16.     With respect to the Objections made in Paragraph 30, Trustee denies making any false statements.   Trustee made no reference in Paragraph 7 of the Sale Motion to investors/creditors of the 575 Fund or the dGRD Fund, nor did Trustee misrepresent the Objectors' claims as Trustee was not therein referring to or otherwise addressing the claims of the Objectors. As Objector should be aware, the creditors to which Trustee was referring in Paragraph 7 of the Sale Motion invested directly with Debtor, Policy Services, Inc. Those investors/creditors, as explained in detail in the Sale Motion, invested in life settlements. Examples of the two transaction documents between an individual investor/creditor and Debtor for the purchase of a life settlement, attached as <u>Exhibit C-1</u> and <u>Exhibit C-2</u> to the Sale Motion.  It appears to Trustee that Policy Services, Inc. stopped accepting investments in life settlements on or about the time in 2015 when the Supreme Court of Texas issued its opinion in *Life Partners, Inc. v. Arnold*, in which it held that a life settlement agreement is an investment contract and thus a security under the Texas Securities Act.  *Life Partners, Inc. v. Arnold*, 464 S.W.3d 660, 662 (Tex. Sup. Ct. 2015).  Thereafter, it appears that investors/creditors investments in life insurance policies (including those of the Objectors) were made through the 575 Fund and the dGRD Fund.

17.     The Objectors have failed to show that they are co-owners of any of the In-force policies which are the subject of the Sale Motion. The Trustee has been unable to identify any of the Objectors as investors in the In-force Insurance Policies which are the subject of this Sale

Motion. Nor do the objectors offer to purchase the Policies on better terms, or to pay the premiums which may come due during the indeterminate period of time it would take to further market the Policies with no assurance of a higher price. In short, the Objectors appear to be objecting merely for the purpose of causing delay.  Simply put, they have no standing to complain.

SUMMARY

18.     The objection to the Sale Motion should be denied. The Objectors raise a number of arguments and issues which have no bearing on the elements necessary for this Court to approve a Sale Motion under Section 363. The Objectors were likely defrauded by the Debtor and its management, but that is not a reason to further delay these proceedings and risk an arms-length sale of a withering asset for $1,078,389.36.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By:*/s/ Randall A. Pulman*
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED CASE OF IN RE DEEPROOT CAPITAL MANAGEMENT, LLC ET AL.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2022, I electronically filed the foregoing document using the CM/ECF system, which will serve the document to the following parties requesting notice:.

***Via Counsel CM/ECF:***
*catherine.curtis@wickphillips.com*
*;jason.rudd@wickphillips.com*
Policy Services, Inc
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020
Debtor's Counsel

***Via CM/ECF:*** *pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
Wick Phillips Gould & Martin, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
*USTPRegion07.SN.ECF@usdoj.gov*
*Aubrey.thomas@usdoj.gov*
United States Trustee - SA12
US Trustee's Office (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF:*** *rbattaglialaw@outlook.com*
Raymond W. Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF:*** *jpetree@mcslaw.com*
Jonathan Petree
McGuire, Craddock & Strother, P.C
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF:*** *jdunne@smfadlaw.com*
John C Dunne
SMFAD Law
1001 McKinney Street #1100
Houston, TX 77002

***Via CM/ECF:*** *bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
Texas Attorney General's Office
PO Box 12548
Austin, TX 78711

***Via CM/ECF:*** *pautry@branscomblaw.com*
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

***Via CM/ECF:*** *lmjurek@jureklaw.com*
Lynn M. Jurek
The Jurek Law Group, PLLC
4309 Yoakum Blvd.
Houston, TX 77006

*Randall A. Pulman*
Randall A. Pulman