

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 12, 2022.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| deeproot CAPITAL MANAGEMENT, § | | |
| LLC, ET AL.,[1] § | | BANKRUPTCY NO. 21-51523-MMP |
| § | | LEAD CASE |
| DEBTORS. § | | JOINTLY ADMINISTERED |

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| POLICY SERVICES, INC. § | | BANKRUPTCY NO. 21-51513 |
| § | | |
| DEBTOR. § | | JOINTLY ADMINISTERED |

**ORDER AUTHORIZING AND APPROVING THE SALE
OF CERTAIN PERSONAL PROPERTY FREE AND CLEAR OF ALL INTERESTS
PURSUANT TO 11 U.S.C. §§ 363(b) and (f)**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Policy Services, Inc. (2864), Wizard Mode Media, LLC (3205), deeproot Pinball LLC (0320), deeproot Growth Runs Deep Fund, LLC (8046), deeproot 575 Fund, LLC (9404), deeproot 3 Year Bonus Income Debenture Fund, LLC (7731), deeproot Bonus Growth 5 Year Debenture Fund, LLC (9661), deeproot Tech LLC (9043), deeproot Funds LLC (9404), deeproot Studios LLC (6283), and deeproot Capital Management, LLC (2638).

On April 11, 2022 the Court conduced a hearing on the *Motion* of John Patrick Lowe, the Trustee ("**Trustee**") of the bankruptcy estate of in the case of In re Policy Services, Inc., Case No. 21-51513, ("**Policy Services**") which case is jointly administered with that of deeproot Capital Management, LLC and other related entities at Case No. 21-51523-mmp, *for an Order Authorizing and Approving the Sale of Certain Personal Property Free and Clear of Interests Pursuant to 11 U.S.C. §§ 363(b) and (f)* (the "**Sale Motion**") concerning personal property described as follows:

> Life Insurance Policies detailed on Exhibit "A-1" to the Sale Motion and attached hereto as Exhibit A, and incorporated by this reference (the "**In-Force Insurance Policies**");

> Life Insurance Policies detailed on Exhibit "A-2": to the Sale Motion and attached hereto as Exhibit B, and incorporated by this reference (the "**Lapsed Insurance Policies**"),

The "In-Force Insurance Policies" and the "Lapsed Insurance Policies" are referred to herein, collectively, as "**the Assets.**" The sale and conveyance of the Assets for which approval is sought is occasionally referred to herein as "the Sale." The Court has reviewed the Sale Motion and has heard the evidence in support of the relief requested therein at a hearing before the Court on April 11, 2022 (the "**Sale Hearing**"). The Court considered any objections to the Sale Motion, each of which are overruled, resolved, or withdrawn; and including the announcements and agreements stated on the record at the hearing, the Court has determined that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein. After due deliberation the Court finds that:

1. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this bankruptcy case and the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 105(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. <u>Statutory Predicates</u>. The statutory predicates for the relief sought in the Sale Motion are sections 105(a) and 363 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002, 6004, 9007 and 9014, and the applicable Local Rules for the United States Bankruptcy Court for the Western District of Texas (the "**Local Rules**").

3. <u>Final Order</u>. This order approving the Sale Motion (the "**Order**") constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and to any extent necessary under Bankruptcy Rules 9014, Rule 54(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7054, and any other applicable rule or law, the Court expressly finds that there is no just reason for the delay in the implementation of this Order, waives any stay, and expressly directs entry of the order as set forth herein. This Order shall be effective and enforceable immediately upon entry.

4. <u>Notice</u>. As evidenced by the certificates of service filed with this Court, based upon the record of the case and representations of counsel at the Sale Hearing: (i) in accordance with inter alia, Bankruptcy Rule 2002, due proper, timely, adequate and sufficient notice of the Sale Motion and the transactions contemplated by Sales Procedures Order (Docket No. 85) (the "**Sale**") has been provided; (ii) no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances of this bankruptcy case; and (iv) no other or further notice of the Sale Motion, the Sale Hearing or the Sale is or shall be required. The disclosures made by the Trustee concerning the Sale Motion, the Sale, the Sale Hearing were reasonable, adequate, and complete.

5. <u>Opportunity to Object</u>. A reasonable opportunity to object and to be heard with respect to the proposed Sale, the Sale Motion and the relief requested therein has been given to

all interested persons and entities, including, without limitation, the following: (i) all potential purchasers previously identified by the Trustee and any additional parties who have expressed an interest in potentially acquiring the In-Force Insurance Policies and the Lapsed Insurance Policies, including those parties that have submitted formal expressions of interest; (ii) all other potentially interested parties identified by the Trustee in his business judgment as a potential purchaser of the In-Force Insurance Policies and the Lapsed Insurance Policies; (iii) the Office of the United States Trustee; (iv) all applicable federal, state and local regulatory or taxing authorities; and (v) the debtors and all parties on the most current service list.

6. <u>Arm's-Length Sale</u>. The Sale was negotiated, proposed, and entered into by the Trustee of behalf of Policy Services, Inc. and TuYo Holdings, LLC, a Texas limited liability company ["**Turner-Yost Entity**"] for the purchase price of $1,078,389.36, and such additional consideration as provided in the Life Insurance Policy Purchase and Sale Agreement with respect to Lapsed Policies, without collusion, in good faith and from arm's-length bargaining positions. Neither the Trustee nor the Turner-Yost Entity, nor any of their respective representatives, have engaged in any conduct that would cause or permit the Sale to be avoided under section 363(n) of the Bankruptcy Code. Specifically, neither the Turner-Yost Entity, nor any of its representatives have acted in a collusive manner with any person. The terms and conditions of the Sale and the transaction contemplated thereby (including without limitation the consideration provided in respect thereof) are fair and reasonable and shall not be avoided under section 363(n) of the Bankruptcy Code.

7. <u>Good Faith Purchaser</u>. Turner-Yost Entity is purchasing the In-Force Insurance Policies and the Lapsed Insurance Policies in good faith and is a good faith purchaser of the Assets within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to

all of the protections afforded by that provision. Turner-Yost Entity and its representatives have proceeded in good faith and without collusion in all respects in connection with the Sale and Sale Hearing.

8. <u>Sale in the Best Interests of the Trustee, the Debtors' Estates and Creditors</u>. Good and sufficient reasons for approval of the Sale have been articulated, and the relief requested in the Sale Motion and granted herein is in the best interest of the Trustee, Policy Services, Inc., and the other Debtors, their estates, their creditors, and other parties in interest.

9. <u>Business Justification</u>. The Trustee has demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sale outside of the ordinary course of business under section 363(f) of the Bankruptcy Code in that, among other things, the immediate approval by this Court of the Sale to Turner-Yost Entity is necessary and appropriate to maximize the value of the Debtors' estates. Given all the circumstances of this bankruptcy case and the adequacy and fair value of the purchase price, the proposed Sale constitutes a reasonable and sound exercise of the Trustee's business judgment and should be approved.

10. <u>Free and Clear</u>. Policy Services, Inc. is the sole and lawful owners of the In-Force Insurance Policies and the Lapsed Insurance Policies. The conveyance of the In-Force Insurance Policies will be a legal, valid, and effective transfer of the Assets and vests or will vest Turner-Yost Entity with all right, title, and interest of the Debtors to the Assets free and clear of all interests to the fullest extent permitted under 11 U.S.C. §363(f) including without limitation all liens (as defined in section 101(37) of the Bankruptcy Code, whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code and including without limitation successor liability claims), or other interests, of any kind or

nature whatsoever, whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or after the commencement of these bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise, accruing, arising or relating thereto (collectively, the "Interests"[2]), at any time prior to the date of the Closing Date.

11. <u>Satisfaction of 363(f) Standards</u>. The Trustee may sell and transfer, and Turner Yost Entity may purchase, the In-Force Insurance Policies and the Lapsed Insurance Policies free and clear of any interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. The proposed sale of the In-Force Insurance Policies and the Lapsed Insurance Policies will be free and clear of all liens, claims, Interests, and encumbrances including any liabilities that arose prior to the Closing Date, with all such liens, claims, Interests, encumbrances and liabilities to transfer and attach to the sale proceeds with the same validity, priority, force and effect (if any) that such liens, claims, interests, encumbrances and liabilities had on the In-Force Insurance Policies and the Lapsed Insurance Policies immediately prior to the closing date.

12. <u>Not Executory Contracts</u>. The In-Force Insurance Policies and the Lapsed Insurance Policies, either individually or as a group, do not constitute "executory contracts" as that term is used in the context of 11 U.S.C. § 365. Without regard to their executory or non-executory nature, the Trustee, with Court approval, may transfer all right, title and interest of

---

[2] The term "Interests" as used in this Order includes, without limitations: all encumbrances; obligations; debts; liabilities; demands; guaranties; options; rights; restrictions; contractual commitments, including but not limited to, any license obligations; rights of first refusal or interests; any of the foregoing that purport to give to any party any defense, a defense or right of setoff, or recoupment against or a right or option to effect any forfeiture, modification or termination of the Debtors' interests in the Inforce Insurance Policies and the Lapsed Insurance Policies, or any similar rights; any of the foregoing arising under any mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, judgments, demands, encumbrances, rights of first refusal or charges of any kind or nature, the interest of any Debtor other than Policy Services, Inc., or any other person or entity, whether asserted as to the totality of the Inforce Insurance Policies and Lapsed Insurance Policies, or any portion thereof, including any fractional interest in any such policy or policies.

Policy Services, Inc., in and to the In-Force Insurance Policies and the Lapsed Insurance Policies pursuant to 11. U.S.C. §§363(b) and 363(f).

NOW, THEREFORE, IT IS ORDERED, ADJUDGMENT AND DECREED THAT:

1. <u>Sale Motion is Granted</u>.  The Sale Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein and on the record of the Sale Hearing, which is incorporated herein in its entirety, and the Sale as contemplated thereby is granted and approved. All findings of fact and conclusions of law of this Court stated on the record as part of the Court's ruling at the Sale Hearing are incorporated herein by reference and made a part hereof. The Trustee is authorized and directed to sell the In-Force Insurance Policies and the Lapsed Insurance Policies to Turner-Yost Entity for $1,078,389.36 and such additional consideration as is provided in the Life Insurance Policy Purchase and Sale Agreement with respect to the Lapsed Policies. The Turner-Yost entity shall fund the balance of the Purchase Price to Counsel for Trustee and the transaction shall close on or before five days from the entry of this Order but in no event later than May 3, 2022.

2. <u>Objections Overruled</u>.  Any objections to the entry of this Order or the relief granted herein or requested in the Sale Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. <u>Free and Clear</u>.  Except as expressly provided for in this Order, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, as of the Closing Date, the Trustee shall transfer, and Turner-Yost Entity shall take title to and possession of, the In-Force Insurance Policies and the Lapsed Insurance Policies free and clear of all Interests, with all such Interests attaching to the proceed of sale, subject to the terms of such Interests, with the same validity, force and effect,

and in the same order of priority, which such Interests now have against the In-Force Insurance Policies and the Lapsed Insurance Policies.

4. Valid Transfer. As of the Closing Date, the transaction shall effect a legal, valid, enforceable and effective sale and transfer of the In-Force Insurance Policies and the Lapsed Insurance Policies to Turner-Yost Entity and shall vest the Turner-Yost Entity with valid legal title free and clear of any Interests of any kind whatsoever. The In-Force Insurance Policies and the Lapsed Insurance Policies are transferred to Turner-Yost Entity "as is, where is" with all faults. All of the issuers of the In-Force Policies and the Lapsed Insurance Policies are hereby directed to effectuate the terms of this Order by recording in their books and records TuYo Holdings, LLC as the owner of each of the insurance policies described in Exhibits "1" and "2" attached hereto.

5. Direction to Release Interests. On the Closing Date, each of the Debtors, creditors or Interest holders is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Interests in the In-Force Insurance Policies and the Lapsed Insurance Policies, if any, as such Interests may have been recorded or may otherwise exist.

6. Good Faith. The transactions contemplated are undertaken by Turner Yost entity, its affiliates, agents, and representatives, without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization is duly stayed pending such appeal prior to the closing. Turner-Yost Entity, which shall include its affiliates, agents and representative, is a good faith purchaser

of the Assets, and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

7. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things:

    a.    interpret, implement, and enforce the terms and provisions of this Order, any related order, the Life Insurance Policy Purchase and Sale Agreement, and any other agreement executed in connection therewith;

    b.    protect the Turner-Yost Entity, or any of the Assets, against any Interests in the Assets of any kind or nature whatsoever;

    c.    resolve any disputes arising under or related to the Life Insurance Policy Purchase and Sale Agreement;

    d.    resolve any disputes concerning the acknowledgement of the transfer and assignment to Turner-Yost Entity of the Assets on the books and records of any insurance company;

    e.    adjudicate all issues concerning all Interests in and to the Assets, including the extent, validity, enforceability, priority and nature of all such Interests; and,

    f.    adjudicate any and all issues or disputes related to the right, title and interest of Policy Services or any other Debtor in the Assets or the proceeds thereof.

8. <u>Assignment of Assets</u>. Upon the closing of the purchase of the assets by Turner-Yost entity, this Order shall be construed and shall constitute for any and all purposes a full and complete assignment, conveyance, and transfer of the Assets pursuant to the terms of the Life Insurance Policy Purchase and Sale Agreement.

9. <u>Application of Sale Proceeds</u>. Any and all valid and perfected Interests in the In-Force Insurance Policies and the Lapsed Insurance Policies shall attach to any proceeds in the order of priority, and with the same validity, force and effect (if any) that such liens, claims, Interests, encumbrances and liabilities had on the In-Force Insurance Policies and the Lapsed Insurance Policies immediately prior to the Closing Date.

10. <u>Non-Material Modifications</u>. The Purchase Agreement and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Trustee or the Debtors' estates in the business judgment of the Trustee.

11. <u>General Authorization</u>. The Trustee is further authorized and directed to perform such tasks and execute, acknowledge and deliver such instruments or documents as may be necessary to evidence and/or consummate the sale of the In-Force Insurance Policies and the Lapsed Insurance Policies pursuant to this Order. The Trustee is specifically authorized to execute and deliver any assignments or other evidence of the transfer of the Assets to Turner-Yost Entity as the authorized representative of Policy Services.

12. <u>No Stay of Order</u>. Notwithstanding the provisions of the Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry. Time is of the essence in closing the transaction referenced herein, and the Trustee and Purchaser intend to close the Sale as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

13, <u>Order Controls</u>. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this bankruptcy case, the terms of this Order shall govern.

14. The Court herein incorporates all rulings made on the record as part of this Order.

###

**Submitted by**:

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE**

# EXHIBIT 1

# IN-FORCE INSURANCE POLICIES

| Carrier | Policy ID | Last Name | Status | Policy Number | Face Amount of Policy | Acquisition Cost |
|---|---|---|---|---|---|---|
| **Protective Life Insurance Company (West Coast Life)** | ANDE75 | REDACTED | In-Force | REDACTED 575 | $2,000,000.00 | $1,212,121.21 |
| **Brighthouse Life Insurance Company** | JKN22A | REDACTED | In-Force | REDACTED 319 REDACTED | $2,500,000.00 | $1,648,351.65 |
| **John Hancock Life Insurance Company** | FEE287 | REDACTED | In-Force | REDACTED 287 | $500,000.00 | $338,983.05 |
| **John Hancock Life Insurance Company** | FEE548 | REDACTED | In-Force | REDACTED 548 | $500,000.00 | $338,983.05 |
| **Occidental Life Insurance Company NC** | MAR790 | REDACTED | In-Force | REDACTED 790 | $100,000.00 | $67,039.11 |
| **Transamerica Life Insurance Company** | JMD135 | REDACTED | In-Force | REDACTED 135 | $500,000.00 | $305,295.36 |
| **Brighthouse Life Insurance Company** | KFFN57 | REDACTED | In-Force | REDACTED 157 REDACTED | $500,000.00 | $254,104.00 |
| **Protective Life Insurance Company** | RID363 | REDACTED | In-Force | REDACTED 371 | $500,000.00 | $148,680.00 |

**Total Acquisition Cost:** **$4,313,557.43**

**Purchase Price (25%):** **$1,078,389.36**

# EXHIBIT 2

## LAPSED INSURANCE POLICIES

| Carrier | Policy ID | Last Name | Status | Policy Number | Face Amount of Policy |
|---|---|---|---|---|---|
| Midland National Life | GRR553 | REDACTED | Lapsed | REDACTED 553 | $242,520.00 |
| ING Reliastar Life (VOYA) | PER437 | REDACTED | Lapsed | REDACTED 378 | $1,000,000.00 |
| SunLife Financial | SUL428 | REDACTED | Lapsed | REDACTED 428 | $300,000.00 |
| SunLife Financial | SUL429 | REDACTED | Lapsed | REDACTED 429 | $300,000.00 |
| US Life City NY | UD33NL | REDACTED | Lapsed | REDACTED 0NL | $750,000.00 |
| Protective Life Insurance Company | LW7116 | REDACTED | Lapsed | REDACTED 116 | $1,100,000.00 |
| American General Life | JDE21L | REDACTED | Lapsed | REDACTED 21L | $633,342.81 |
| Transamerica Life | SIE687 | REDACTED | Lapsed | REDACTED 687 | $1,500,000.00 |
| AXA Equitable Life | FERN07 | REDACTED | Lapsed | REDACTED 607 | $10,000,000.00 |
| Mass Mutual | HCS883 | REDACTED | Lapsed | REDACTED 883 | $1,540,000.00 |
| Principal | ANDR62 | REDACTED | Lapsed | REDACTED 262 | $1,000,000.00 |
| Transamerica Life | BASH82 | REDACTED | Lapsed |  | $9,000,000.00 |

United States Bankruptcy Court

Western District of Texas

| | |
|---|---|
| In re: | Case No. 21-51523-mmp |
| deeproot Capital Management, LLC | Chapter 7 |
| deeproot Capital Management, LLC | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0542-5 | User: admin | Page 1 of 4 |
| Date Rcvd: Apr 13, 2022 | Form ID: pdfintp | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 15, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| intp | + Mel T. Davis, P.O. Box 236, Elmendorf, TX 78112-0236 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 15, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 13, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| A. Craig Hale | on behalf of Creditor Draper 5 LLC achale@halewoodlaw.com |
| Catherine A. Curtis | on behalf of Debtor deeproot 575 Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com |
| Catherine A. Curtis | on behalf of Debtor deeproot Studios LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com |
| Catherine A. Curtis | on behalf of JointAdmin Debtor deeproot 575 Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com |
| Catherine A. Curtis | on behalf of Debtor deeproot Growth Runs Deep Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com |
| Catherine A. Curtis | |

| | | |
|---|---|---|
| District/off: 0542-5 | User: admin | Page 2 of 4 |
| Date Rcvd: Apr 13, 2022 | Form ID: pdfintp | Total Noticed: 1 |

on behalf of Debtor deeproot Tech LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot Pinball LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot Capital Management LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot Growth Runs Deep Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot Tech LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot BonusGrowth 5 Year Debenture Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor Policy Services Inc. catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor Wizard Mode Media LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot Capital Management LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot Funds LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot Studios LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot BonusGrowth 5 Year Debenture Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot 3 Year Bonus Income Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of Debtor deeproot 3 Year Bonus Income Fund LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor Wizard Mode Media LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor deeproot Funds LLC catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Catherine A. Curtis

on behalf of JointAdmin Debtor Policy Services Inc. catherine.curtis@wickphillips.com, brenda.ramirez@wickphillips.com

Christopher S. Murphy

on behalf of Creditor Texas Workforce Commission bk-cmurphy@oag.texas.gov sherri.simpson@oag.texas.gov

Don Stecker

on behalf of Creditor Bexar County don.stecker@lgbs.com

Jason M. Rudd

on behalf of Debtor deeproot Growth Runs Deep Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot Studios LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot Capital Management LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot Funds LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of Debtor deeproot 3 Year Bonus Income Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

on behalf of JointAdmin Debtor deeproot 3 Year Bonus Income Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com

Jason M. Rudd

21-51523-mmp Doc#104 Filed 04/15/22 Entered 04/15/22 23:17:18 Imaged Certificate of Notice Pg 18 of 19

| District/off: 0542-5 | User: admin | Page 3 of 4 |
|---|---|---|
| Date Rcvd: Apr 13, 2022 | Form ID: pdfintp | Total Noticed: 1 |

| | |
|---|---|
| Jason M. Rudd | on behalf of JointAdmin Debtor deeproot 575 Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of JointAdmin Debtor deeproot Studios LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of JointAdmin Debtor deeproot BonusGrowth 5 Year Debenture Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of Debtor deeproot BonusGrowth 5 Year Debenture Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of Debtor deeproot Capital Management LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of Debtor deeproot 575 Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of JointAdmin Debtor deeproot Growth Runs Deep Fund LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of Debtor deeproot Pinball LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of JointAdmin Debtor deeproot Funds LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of JointAdmin Debtor deeproot Tech LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of JointAdmin Debtor Policy Services Inc. jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of JointAdmin Debtor deeproot Pinball LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of Debtor Policy Services Inc. jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of Debtor Wizard Mode Media LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of Debtor deeproot Tech LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| Jason M. Rudd | on behalf of JointAdmin Debtor Wizard Mode Media LLC jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com |
| John C. Dunne | on behalf of Creditor Silicon Drive Office Venture LLC jdunne@smfadlaw.com, ereddick@smfadlaw.com |
| John Patrick Lowe | pat.lowe.law@gmail.com plowe@ecf.axosfs.com |
| Jonathan Petree | on behalf of Creditor CVH University Park LP jpetree@mcslaw.com |
| Lynne M Jurek | on behalf of Creditor Karen Ready lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Clara Dean lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Jack S. and Shirley Daniel lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Jacquelin A. Peters-Farrar lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Judy Marsolan lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Philip J. Erdmann lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Donald W. Cook lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Helene Cook lmjurek@jureklaw.com |

21-51523-mmp Doc#104 Filed 04/15/22 Entered 04/15/22 23:17:18 Imaged Certificate of Notice Pg 19 of 19

| | | |
|---|---|---|
| District/off: 0542-5 | User: admin | Page 4 of 4 |
| Date Rcvd: Apr 13, 2022 | Form ID: pdfintp | Total Noticed: 1 |

| | |
|---|---|
| Lynne M Jurek | on behalf of Creditor Roberta L. Erdmann lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Clyde R. and Shirley Watson lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Richard T. Jennings lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Mary B. Summy lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Pauline Rubin lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor JoAnn Wells Trustee Wells Trust lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Mary G. Marquis lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor David and Paula Burke lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Judith L Werner Ttee Judith L. Werner RLT lmjurek@jureklaw.com |
| Lynne M Jurek | on behalf of Creditor Brenda E. Jennings lmjurek@jureklaw.com |
| Patrick H. Autry | on behalf of Interested Party TuYo Holdings LLC pautry@branscomblaw.com, waspcreek@gmail.com;bsmith@branscomblaw.com |
| Randall A. Pulman | on behalf of Trustee John Patrick Lowe rpulman@pulmanlaw.com jgonzales@pulmanlaw.com;mvilla@pulmanlaw.com |
| Raymond W. Battaglia | on behalf of Creditor Conrad Car Wash Inc. rbattaglialaw@outlook.com |
| Raymond W. Battaglia | on behalf of Creditor Susan Conrad Trust rbattaglialaw@outlook.com |
| Raymond W. Battaglia | on behalf of Creditor Cliff Conrad rbattaglialaw@outlook.com |
| Raymond W. Battaglia | on behalf of Creditor CCW Braun Heights LLC rbattaglialaw@outlook.com |
| United States Trustee - SA12 | USTPRegion07.SN.ECF@usdoj.gov |

TOTAL: 74