IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| deeproot CAPITAL MANAGEMENT, LLC, ET AL. | § | JOINTLY ADMINISTERED |
| | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

## NOTICE OF SUBPOENAS DUCES TECUM

John Patrick Lowe, Chapter 7 Trustee for the Estate of deeproot Capital Management, LLC, et al. ("**Trustee**") intends to issue the subpoena duces tecum attached hereto to Wells Fargo Bank, N.A. for the purpose of obtaining account statements related to the bank accounts of the debtors under the above captioned jointly administered bankruptcy cases. The subpoena duces tecum will be served on Wells Fargo Bank, N.A., ATTN: Legal Department, 420 Montgomery Street, San Francisco, CA 94104.

WHEREFORE, John Patrick Lowe, Chapter 7 Trustee, provides notice to all parties of the issuance of subpoena duces tecum directed to Wells Fargo Bank, N.A. commanding electronic production of documents to Trustee.

**[Remainder of Page Left Intentionally Blank]**

{00576031;1}

Dated: April 28, 2022          Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED CASE OF IN RE DEEPROOT CAPITAL MANAGEMENT, LLC ET AL.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April 2022, a true and correct copy of the foregoing document has been furnished via Electronic Noticing to all parties receiving notice by CM/ECF, as set forth below.

**_Via Counsel CM/ECF:_**
catherine.curtis@wickphillips.com
;jason.rudd@wickphillips.com
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

**_Via Counsel Via CM/ECF:_**
catherine.curtis@wickphillips.com;
jason.rudd@wickphillips.com
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

**_Via CM/ECF:_** pat.lowe.law@gmail.com
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

**_Via CM/ECF:_**
catherine.curtis@wickphillips.com;
jason.rudd@wickphillips.com
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

**_Via CM/ECF:_**
USTPRegion07.SN.ECF@usdoj.gov
Aubrey.thomas@usdoj.gov
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

**_Via CM/ECF:_** don.stecker@lgbs.com
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

**_Via CM/ECF:_** rbattaglialaw@outlook.com
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

**_Via CM/ECF:_** jpetree@mcslaw.com
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

**_Via CM/ECF:_** jdunne@smfadlaw.com
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

**_Via CM/ECF:_** bk-cmurphy@oag.texas.gov
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

| | |
|---|---|
| ***Via CM/ECF:** pautry@branscomblaw.com*<br>Patrick H. Autry<br>BRANSCOMB PLLC<br>4630 N. Loop 1604 West, Suite 206<br>San Antonio, TX 78249 | ***Via CM/ECF:** lmjurek@jureklaw.com*<br>Lynne M. Jurek<br>THE JUREK LAW GROUP, PLLC<br>4309 Yoakum Blvd.<br>Houston, TX  77006 |

And was served via US Certified Mail and US First Class Mail to the following party-in-interest:

***Via US Certified Mail No. 7021 1970 0001 3525 5858***
***And Via US First Class Mail***
Wells Fargo Bank, N.A.
ATTN: Legal Department
420 Montgomery Street
San Francisco, CA 94104

                                                             */s/Randall A. Pulman*
                                                             Randall A. Pulman

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western District of Texas

In re deeproot Capital Management, LLC, et al.
Debtor

Case No. 21-51523-MMP

Chapter 7

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Wells Fargo Bank, N.A.
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit A.

| PLACE | Pulman Cappuccio & Pullen, LLP - Attn: Randall Pulman<br>2161 NW Military Hwy. Suite 400<br>San Antonio, TX 78213 - rpulman@pulmanlaw.com | DATE AND TIME<br>05/18/22  12:00 pm |
|---|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/27/2022

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

*/s/ signature*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* John Patrick Lowe, Ch. 7 Trustee, who issues or requests this subpoena, are:
Randall A. Pulman, 2161 NW Military Hwy, Suite 400, San Antonio, TX 78213, rpulman@pulmanlaw.com, (210) 222-9494

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

# SUBPOENA DUCES TECUM

You are required to make the following documents available in electronic form to Randall A. Pulman, Pulman, Cappuccio & Pullen, LLP, Attorneys for John Patrick Lowe, Chapter 7 Trustee for the Jointly Administered Bankruptcy Estate of deeproot Capital Management, LLC, et al., on or before May 18, 2022.

{00576027;1}

## DEFINITIONS

The following definitions apply throughout this document request:

1. "**Wells Fargo**" means Wells Fargo Bank, N.A., and when the context of a request permits or requires, any person acting or purporting to act at the direction of or on behalf of Wells Fargo Bank, N.A., without limitation, all of its past and present employees, agents, attorneys, and accountants.

2. "**Account**" or "**Accounts**" means the Wells Fargo checking accounts listed below in this Exhibit A.

3. "**Account Holder**" or "**Account Holders**" means individually and collectively, as the case may be, each of the entities listed below in this Exhibit A, each of whom is a debtor, and who are collectively the debtors, under the above captioned jointly administered bankruptcy case.

3. "**Account Statement**" or "**Account Statements**" means each and every statement, notice, letter, or document, concerning or relating to an Account, issued by Wells Fargo to an Account Holder.

4. "**Person**" means any natural person, firm, association, partnership, joint venture, corporation, or any other legal or informal entity.

5. "**Relating to**," "**relates to**," or "**reflect**" means in any way directly or indirectly concerning, pertaining or referring to, discussing, disclosing, constituting, describing, confirming, supporting, evidencing, or representing any information which bears upon that matter.

6. The terms "**and**" and "**or**," as used herein, are both conjunctive and disjunctive.

7. All singular words include the plural, and all plural words include the singular.

8. All words in the present tense include the past, and all words in the past tense include the present.

## INSTRUCTIONS

1. Produce all documents described in the following categories that are in your possession, custody, or control, as required by Rule 34, Federal Rules of Civil Procedure, as made applicable Rule 7034 of the Federal Rules of Bankruptcy Procedure.

2. Produce all original and non-exact copies of the documents requested that were created or originated by you, or that came into your possession, custody or control, from all files or other sources that contain responsive documents, whether maintained electronically or in hard copy, wherever located, and whether active, in storage, or otherwise. Any non-identical copy of a document, including without limitation, copies with notes, highlighting, comments or marginalia of any kind or nature, must be identified and produced as separate documents.

3. Documents stored in electronic form or format of any kind are to be produced in their original and native format, including all "metadata" or other electronic components of the information relating to or comprising such documents, and these documents shall not be converted to any other form, such as paper, ".tiff" or ".pdf" images.

4. If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded, or destroyed shall be identified in your written response as completely as possible, together with the following information: date of disposal, manner of disposal, reason for disposal, persons authorizing the disposal, and persons disposing of the documents.

5. If you assert that any request is objectionable in any respect, unless your objection is directed to the entire request and to each and every document requested, please produce all documents responsive to the portions of the request that you do not deem to be objectionable.

6. The obligation to produce the documents specified below is of a continuing nature; your responses to the document requests are to be supplemented to the full extent required the Federal Rules of Civil Procedure; and, if at any time you acquire possession, custody or control of any additional documents specified below, such documents are to be furnished promptly to the undersigned counsel.

7. All documents should be organized and labeled to correspond with the below requests or should be produced as they are kept in the usual course of business (with any identifying labels, file markings, or similar identifying features), as required by Rule 34, Federal Rules of Civil Procedure.

8. If full compliance with any of the below requests would require disclosure of attorney/client or other privileged information, please comply with the request to the extent possible without disclosing such information.

9. When a request calls for the production of a document that you claim is protected from disclosure by a privilege of any kind, please specify the privilege you assert applies, and please provide all foundational information necessary for a ruling upon the claim, including, without limitation, with respect to each document, the information described in Rule 26(b)(5), Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

All Account Statements relating to each of the below listed Accounts, issued to the Account Holders from the date each of the Accounts was opened to the present date.

| Account Holder | Account No. |
|---|---|
| deeproot 3 Year Bonus Reset Debenture Fund | 1024 |
| deeproot 575 Fund, LLC | 8673 |
| deeproot Bonus Growth 5 Year Debenture Fund | 1016 |
| DPRT Funds LLC | 2385 |
| DPRT Funds LLC | 2534 |
| deeproot Growth Runs Deep Fund, LLC | 1354 |
| deeproot Pinball, LLC | 5571 |
| deeproot Studios LLC | 6415 |
| deeproot Tech, LLC | 6575 |
| Policy Services, Inc. | 8461 |
| Policy Services, Inc. | 3081 |
| Policy Services, Inc. | 3099 |
| Policy Services, Inc. | 8487 |
| Policy Services, Inc. | 3787 |
| Wizard Mode Media LLC | 4603 |
| Wizard Mode Media LLC | 9298 |

{00576027;1}