I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> B<small>ANKRUPTCY</small> C<small>OURT</small>
<small>FOR THE</small> W<small>ESTERN</small> D<small>ISTRICT OF</small> T<small>EXAS</small>
S<small>AN</small> A<small>NTONIO</small> D<small>IVISION</small>

| | | |
|---|---|---|
| I<small>N</small> R<small>E</small>: | § | |
| | § | |
| D<small>EEPROOT</small> C<small>APITAL</small> M<small>ANAGEMENT</small>, | § | |
| LLC, <small>ET AL.</small>[1], | § | B<small>ANKRUPTCY</small> N<small>O</small>. 21-51523 |
| | § | |
| D<small>EBTORS</small>. | § | J<small>OINTLY</small> A<small>DMINISTERED</small> |

**T<small>RUSTEE</small>'<small>S</small> N<small>UNC</small> P<small>RO</small> T<small>UNC</small>[2] A<small>PPLICATION TO</small> E<small>MPLOY</small>
G<small>REG</small> T. M<small>URRAY</small>, P.L.L.C. <small>AS</small> A<small>CCOUNTANT</small>**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

John Patrick Lowe, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates of deeproot Capital Management, LLC, Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth *5* Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

[2] Trustee's counsel notes the recent Supreme Court ruling relating to the issuance of Nunc Pro Tunc Orders, *Roman Catholic Archdiocese of San Juan, Puerto Rico v Acevedo, et al.*, 140 S.Ct. 696 (2020), as well as the recent ruling by Chief United States Bankruptcy Judge Craig A. Gargotta in *In Re: Leroy Ramirez*, Case No. 13-52576-cag, United States Bankruptcy Court for the Western District of Texas, San Antonio Division, Dkt. #93; however, this District's Local Rules still reference "*nunc pro tunc*" employment applications, *see* LR 9014(c), so that term is used in this Application.

{00580755;2}

LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot Bonus Growth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds LLC, deeproot Studios LLC (each a "**Debtor**" and collectively, the "**Debtors**"), being jointly administered under lead case *In re: deeproot Capital Management, LLC*, Case No. 21-51523 hereby files this *Application to Employ Greg T. Murray, P.L.L.C. as Accountant for a Limited Purpose* (the "**Application**"). In support of the Application, Trustee relies upon the *Unsworn Declaration under Penalty of Perjury of Greg T. Murray in support of the Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Murray Declaration**") attached hereto as Exhibit A. Trustee presents the Application and respectfully represents the following:

### I. JURISDICTION, VENUE AND BACKGROUND

1. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014 of the Local Rules of Bankruptcy Procedure for the Southern District of Texas.

3. On December 9, 2021, (the "**Petition Date**"), each of the Debtors filed their respective voluntary petition under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (**as amended, the "Bankruptcy Code"**).

### II. RELIEF REQUESTED

4. By this Application, pursuant to section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, Trustee seeks to employ Greg T. Murray,

P.L.L.C. (the "**Firm**") as accountant, as of January 3, 2022. Mr. Greg T. Murray, CPA, a member of the Firm, will be the accountant assisting the Trustee. Other members and employees at the Firm may also provide services to the Trustee. The contact information for Mr. Murray is:.

>Mr. Greg T. Murray
>Greg T. Murray, P.L.L.C.
>1503 Tarton Lane
>San Antonio, Texas 78231
>(210) 413-9162 Telephone
>(210) 492-6389 Facsimile
>greg@gregmurraycpa.com

5. Mr. Murray and the Firm are well-suited to provide the accounting services required by Trustee to enable Trustee to effectively and fully execute his duties as Trustee in these Chapter 7 Bankruptcy Cases. Mr. Murray and the Firm have considerable experience in performing accounting services to Trustees in Chapter 7 bankruptcy cases. Trustee believes that Mr. Murray and the Firm are well qualified to deal effectively and efficiently with the accounting issues involved in the Chapter 7 bankruptcy cases based on his experience and the Firm's capabilities.

6. Trustee presently contemplates that the professional services to be provided to the Estate by Mr. Murray and the Firm will include, without limitation, the following:

   a. Review the current accounting reports and recommend entries required to reflect Debtors' true financial conditions on the Petition Date;
   b. Review all accounting reports to determine intermingling of funds and properties between Debtors;
   c. Review all accounting reports and financial records, including bank statements, to determine if grounds exist for any preferential or fraudulent transfer adversary complaints to be filed;
   d. Supervise the preparation of all payroll tax and sales tax reporting forms required by the federal government and the State of Texas;
   e. Prepare supporting information required to complete federal income tax returns for the Debtors; and
   f. Complete requests for information by the Trustee's attorney
   g. Perform a forensic accounting analysis of transfers of monies between the debtor entities.
   h. Perform a solvency analysis of the debtor entities

7. It is necessary that Trustee employ an accountant to render the foregoing professional services. The Firm has stated its desire and willingness to act as the Trustee's accountant in the case and render the necessary professional services.

### III. THE FIRM'S CONNECTIONS AND LACK OF CONFLICTS

**A. CONNECTIONS WITH TRUSTEE**

8. Trustee is unaware of any circumstances where the Firm has a connection with Trustee that would disqualify the Firm from representing Trustee in this case. The Firm has no connection to Trustee, other than previous employment by Trustee in other cases. To the best of Trustee's knowledge and belief, the Firm has no relationship that presently causes a disqualification, an actual conflict of interest, or otherwise renders the Firm ineligible to serve as accountant to Trustee. Accordingly, Trustee believes his engagement of the Firm in this case is permissible under the Bankruptcy Code and is in the best interest of the Estate and all parties in interest.

**B. CONNECTIONS WITH DEBTOR, CREDITORS, DEFENDANTS AND OTHER PARTIES IN INTEREST**

9. Trustee is unaware of any circumstances where the Firm has a connection with the Debtor, any creditors of Debtor, and/or parties in interest in this case that would disqualify the Firm from representing Trustee in this case. To the best of Trustee's knowledge, the members and employees of the Firm do not have any connection with or any interest adverse to Trustee, the Debtor, the Bankruptcy Estates, their respective creditors, or any other party in interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee.

10. The Firm does not hold or provide accounting services to an entity that holds an interest adverse to the Estates and the Trustee and the Firm's employees are disinterested persons under 11 U.S.C. § 101(14).

### IV. COMPENSATION TERMS

11. The Firm has agreed to provide the accounting services as described herein. Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to the Firm on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the Firm. The Firm will charge $250.00 per hour for its services plus out-of-pocket expenses. If services are required to support litigation efforts leading to deposition or court testimony, the hourly rate will be $300.00 per hour.

12. The Firm has not received a retainer in this case.

13. The hourly rates set forth above are subject to periodic adjustments. The hourly rates are the Firm's hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its accountants and employees and to cover fixed and routine overhead expenses. It is the Firm's policy, in all of its practice areas, to charge its clients for additional expenses incurred in connection with the client's case. The expenses charged to the Firm's clients include, among other things, filing fees, photocopying, courier fees, postage, travel expenses, and such other out-of-pocket costs that may be reasonably necessary in the rendition of accounting services. The Firm will charge the Estate for expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

14. The Firm's compliance with the requirements of sections 327, 328, 330, and 504 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014 are set forth in detail in the Murray Declaration.

## V. CAUSE FOR *NUNC PRO TUNC* EMPLOYMENT

15. A *nunc pro tunc* application may be granted when cause is shown, and after notice and an opportunity for a hearing. Local Rule 2014 (c).

16. *Nunc pro tunc* relief would be appropriate, given that there is sufficient cause and because it was only a slight delay in filing the Application. *See In re Jackson*, 484 B.R. at 172 (six month delay in filing employment application); *In re American Housing Foundation*, Case No. 09-20232, 2011 WL 4542651 (Bankr. N.D. Tex. Sept. 28, 2011)(over 60 day delay in filing employment application); *In re Palacios*, Case No. 14-70076, 2016 WL 361569 (Bankr. S.D. Tex. January 27, 2016)(special counsel sought *nunc pro tunc* retention in connection with final fee application).

17. Trustee's counsel contacted the Firm to begin its work on January 3, 2022, however, Trustee's counsel failed to timely file this Application within thirty (30) days after the employment began because of inadvertence and mistake. Trustee's counsel simply got distracted by other pending matters in this case and did not file the application within thirty (30) days of the first service performed.

## VI. NOTICE

18. Pursuant to Local Rules 2014 and 9003, the Application has been served on the United States Trustee. Trustee submits that no other or further notice need be provided.

19. No previous application for the relief sought herein has been made to this or any other court. Trustee has not sought to employ any other accountant in the case.

{00580755;2}  6

WHEREFORE, Trustee respectfully requests that the Court enter an Order approving the Trustee's *Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant*, effective as of January 3, 2022, as forth above, and granting such other relief as is just and proper.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
    Randall A. Pulman
    Texas State Bar No. 16393250

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED BANKRUPTCY ESTATE OF
DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2022, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, including the United States Trustee as required by Local Rules 2014(e) and 9003.

*Via Counsel CM/ECF:*
catherine.curtis@wickphillips.com
;jason.rudd@wickphillips.com
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

*Via Counsel Via CM/ECF:*
catherine.curtis@wickphillips.com;
jason.rudd@wickphillips.com
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

*Via CM/ECF:* pat.lowe.law@gmail.com
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

*Via CM/ECF:*
catherine.curtis@wickphillips.com;
jason.rudd@wickphillips.com
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

*Via CM/ECF:*
USTPRegion07.SN.ECF@usdoj.gov
Aubrey.thomas@usdoj.gov
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

*Via CM/ECF:* don.stecker@lgbs.com
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

*Via CM/ECF:* rbattaglialaw@outlook.com
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

*Via CM/ECF:* jpetree@mcslaw.com
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

*Via CM/ECF:* jdunne@smfadlaw.com
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

*Via CM/ECF:* bk-cmurphy@oag.texas.gov
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

***Via CM/ECF:*** *pautry@branscomblaw.com*
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

***Via CM/ECF:*** *lmjurek@jureklaw.com*
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX 77006

          */s/Randall A. Pulman*
          Randall A. Pulman

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| DEEPROOT CAPITAL MANAGEMENT, § | | |
| LLC, ET AL.[1], § | BANKRUPTCY NO. 21-51523 | |
| § | | |
| DEBTORS. § | JOINTLY ADMINISTERED | |

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF GREG T. MURRAY IN SUPPORT OF TRUSTEE'S APPLICATION TO EMPLOY GREG T. MURRAY, P.L.L.C. AS ACCOUNTANT TO TRUSTEE**

1. I am a member of Greg T. Murray, P.L.L.C. (the "**Firm**"), proposed accountant for John Patrick Lowe, Chapter 7 Trustee for the Jointly Administered Bankruptcy Estates of the Debtors ("**Trustee**"). I am submitting this declaration (the "**Declaration**") in support of the *Application to Employ Greg T. Murray, P.L.L.C. as Accountant to Trustee* (the "**Application**").

## I. BACKGROUND

2. I am a certified public accountant and have been licensed by the Texas State Board of Public Accountancy since August 3, 1978. I am employed by the Firm.

3. My office address is 1503 Tarton Lane, San Antonio, Texas 78231; telephone (210) 413-9162; fax (210) 492-6389; and email: greg@gregmurraycpa.com.

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

{00573028;2}  1

4. Trustee has proposed to retain the Firm to undertake the following professional services:

 a. Review the current accounting reports and recommend entries required to reflect Debtors' true financial conditions on the Petition Date;
 b. Review all accounting reports to determine intermingling of funds and properties between Debtors;
 c. Review all accounting reports and financial records, including bank statements, to determine if grounds exist for any preferential or fraudulent transfer adversary complaints to be filed;
 d. Supervise the preparation of all payroll tax and sales tax reporting forms required by the federal government and the State of Texas;
 e. Prepare supporting information required to complete federal income tax returns for the Debtors; and
 f. Complete requests for information by the Trustee's attorney
 g. Perform a forensic accounting analysis of transfers of monies between the debtor entities.
 h. Perform a solvency analysis of the debtor entities

## II. CONNECTIONS WITH TRUSTEE, DEBTORS, CREDITORS AND PARTIES IN INTEREST

A. In preparing this Affidavit, I performed a review of the connections and relationships between the Firm, Trustee, creditors of Debtors, and other parties in interest based upon the information supplied to me by Trustee. Neither I, nor the Firm holds or provides accounting services to any entity holding any interest adverse to Trustee or the Bankruptcy Estates as required by 11 U.S.C. § 327(a). The Firm has no presently known connections or relationships with Trustee, Debtors' creditors, any other party in interest and their respective attorneys and accountants, and the United States Trustee or any person employed in the office of the United States Trustee. To the extent that I become aware of any other relationships or connections, I will promptly file a supplemental declaration disclosing any other relationships or connections.

B. I am unaware of any circumstances where the Firm has a connection with Trustee in this case that would disqualify the Firm from providing accounting services to the Trustee in

{00573028;2} 2

this case. I submit that the Firm's retention by the Trustee is permissible under the Bankruptcy Code and is in the best interest of all parties in interest.

C.  Except for the proposed engagement with the Trustee, neither I nor the Firm has provided accounting services or will provide accounting services to any other entity in connection with this case, and neither I nor the Firm will accept any fee from any other party or parties in interest in this case related to this case. As a condition to acceptance of the employment as counsel to Trustee, the Firm has not and will not undertake to provide accounting services to any creditor of Debtor in any matter related to this case. The Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

### III.  COMPENSATION TERMS

D.  Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to the Firm on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the Firm. The Firm will charge $250.00 per hour for its services plus out-of-pocket expenses. If services are required to support litigation efforts leading to deposition or court testimony, the hourly rate will be $300.00 per hour.

E.  The hourly rates set forth above are the Firm's typical hourly rates for work of this nature. From time to time, other employees of the Firm may serve Trustee in connection with the matters for which the Firm will be retained. The hourly rates of all employees of the Firm are set at a level designed to fairly compensate the Firm for the work of its accountants and to cover fixed and routine overhead expenses. It is the Firm's policy, in all of its practice areas, to charge its clients for additional expenses incurred in connection with the client's case. The expenses charged to the Firm's clients include, among other things, filing fees, photocopying, courier fees, postage, travel expenses, and such other out-of-pocket costs that may be reasonably necessary in the

rendition of accounting services. The Firm will charge Trustee for expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

### IV.   CONCLUSION

F.   In view of the foregoing, I believe that the Firm (i) does not hold an interest adverse to Trustee or its Estate in connection with this case, (ii) does not provide accounting services to any other party in connection with this case, and (iii) is a "disinterested person" as that term is defined under section 101(4) of the Bankruptcy Code. The Firm recognizes, and takes very seriously, its continuing responsibility to be aware of and to further disclose any relationship or connection between it and other parties in interest in connection with Debtor's bankruptcy case as they appear or become recognized during the case. Accordingly, we reserve the right to, and shall, supplement this disclosure, if necessary, if more information becomes available to us reflecting further connections with parties in interest. The foregoing constitutes the statement of the Firm pursuant to sections 327 and 328 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of June, 2022.

                                                                Greg T. Murray

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**ORDER GRANTING TRUSTEE'S *NUNC PRO TUNC*[2] APPLICATION TO EMPLOY**
**GREG T. MURRAY, P.L.L.C. AS ACCOUNTANT**

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

[2] Trustee's counsel notes the recent Supreme Court ruling relating to the issuance of Nunc Pro Tunc Orders, *Roman Catholic Archdiocese of San Juan, Puerto Rico v Acevedo, et al.*, 140 S.Ct. 696 (2020), as well as the recent ruling by Chief United States Bankruptcy Judge Craig A. Gargotta in *In Re: Leroy Ramirez*, Case No. 13-52576-cag, United States Bankruptcy Court for the Western District of Texas, San Antonio Division, Dkt. #93; however, this District's Local Rules still reference "*nunc pro tunc*" employment applications, *see* LR 9014(c). so that term is used in the Application.

{00580759;1}

Came on for consideration the *Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Application**").[3] Based on the representations made in the Application and in the supporting *Unsworn Declaration under Penalty of Perjury of Greg T. Murray in support of Trustee's Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Murray Declaration**"), the Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application approving the employment of Greg T. Murray, P.L.L.C. (the "**Firm**") is in the best interest of the Debtors, their respective Bankruptcy Estates and the creditors; (iv) the Firm holds no interest adverse to the Bankruptcy Estates and is a disinterested person under 11 U.S.C. § 101(4); (v) proper and adequate notice of the Application has been given and no further notice is necessary; (vi) no objections to the Application have been filed; (vii) the Firm is qualified to be employed as an accountant to Trustee —to perform work as described in the Application for the Trustee relating to the eleven jointly administered Bankruptcy Estates—pursuant to sections 327 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016; and (viii) based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Application in all respects.

**IT IS, THEREFORE, ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ the Firm as his accountant, *Nunc Pro Tunc* effective as of January 3, 2022, in accordance with the terms described in the Application and this Order, and to perform the services described therein.

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after entry of this Order, absent any objections within 21 days after the filing and service

---

[3] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Application.

{00580759;1}

of such supplemental declarations or affidavits, the Firm's employment shall continue as authorized pursuant to this Order.

**IT IS FURTHER ORDERED** that the Firm shall be compensated upon appropriate application in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

**Submitted by:**
Randall A. Pulman
Texas State Bar No. 16393250
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED BANKRUPTCY ESTATE OF
DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**