**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 28, 2022.**

/s/ Michael M. Parker
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.[1], | § § § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**ORDER GRANTING TRUSTEE'S *NUNC PRO TUNC*[2] APPLICATION TO EMPLOY GREG T. MURRAY, P.L.L.C. AS ACCOUNTANT**

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

[2] Trustee's counsel notes the recent Supreme Court ruling relating to the issuance of Nunc Pro Tunc Orders, *Roman Catholic Archdiocese of San Juan, Puerto Rico v Acevedo, et al.*, 140 S.Ct. 696 (2020), as well as the recent ruling by Chief United States Bankruptcy Judge Craig A. Gargotta in *In Re: Leroy Ramirez*, Case No. 13-52576-cag, United States Bankruptcy Court for the Western District of Texas, San Antonio Division, Dkt. #93; however, this District's Local Rules still reference "*nunc pro tunc*" employment applications, see LR 9014(c). so that term is used in the Application.

{00580759;1}

Came on for consideration the *Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Application**").[3] Based on the representations made in the Application and in the supporting *Unsworn Declaration under Penalty of Perjury of Greg T. Murray in support of Trustee's Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Murray Declaration**"), the Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application approving the employment of Greg T. Murray, P.L.L.C. (the "**Firm**") is in the best interest of the Debtors, their respective Bankruptcy Estates and the creditors; (iv) the Firm holds no interest adverse to the Bankruptcy Estates and is a disinterested person under 11 U.S.C. § 101(4); (v) proper and adequate notice of the Application has been given and no further notice is necessary; (vi) no objections to the Application have been filed; (vii) the Firm is qualified to be employed as an accountant to Trustee —to perform work as described in the Application for the Trustee relating to the eleven jointly administered Bankruptcy Estates—pursuant to sections 327 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016; and (viii) based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Application in all respects.

**IT IS, THEREFORE, ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ the Firm as his accountant, *Nunc Pro Tunc* effective as of January 3, 2022, in accordance with the terms described in the Application and this Order, and to perform the services described therein.

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after entry of this Order, absent any objections within 21 days after the filing and service

---

[3] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Application.

{00580759;1}

of such supplemental declarations or affidavits, the Firm's employment shall continue as authorized pursuant to this Order.

**IT IS FURTHER ORDERED** that the Firm shall be compensated upon appropriate application in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###

<u>**Submitted by:**</u>
Randall A. Pulman
Texas State Bar No. 16393250
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
<u>www.pulmanlaw.com</u>
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED BANKRUPTCY ESTATE OF
DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**