IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| deeproot CAPITAL MANAGEMENT, LLC, ET AL.[1] | § | JOINTLY ADMINISTERED |
| | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

## NOTICE OF SUBPOENAS DUCES TECUM

John Patrick Lowe, Chapter 7 Trustee for the Estate of deeproot Capital Management, LLC, et al. ("**Trustee**") intends to issue the subpoena duces tecum attached hereto to CNB Custody, a Division of Community National Bank ("**CNB**"), for the purpose of obtaining account statements and other documents related to the accounts of, and services provided for, the debtors under the above captioned jointly administered bankruptcy cases. The subpoena duces tecum will be served on CNB Custody, A Division of Community National Bank, ATTN: Legal Department, 225 Main Street, Seneca, KS 66538.

WHEREFORE, John Patrick Lowe, Chapter 7 Trustee, provides notice to all parties of the issuance of subpoena duces tecum directed to CNB commanding electronic production of documents to Trustee's counsel on or before August 26, 2022

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

{00586817;1}

Dated: August 3, 2022     Respectfully submitted,

    **PULMAN, CAPPUCCIO & PULLEN, LLP**
    2161 NW Military Highway, Suite 400
    San Antonio, Texas 78213
    www.pulmanlaw.com
    (210) 222-9494 Telephone
    (210) 892-1610 Facsimile

    By: */s/ Randall A. Pulman*
        Randall A. Pulman
        Texas State Bar No. 16393250
        rpulman@pulmanlaw.com

    **ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED CASE OF IN RE DEEPROOT CAPITAL MANAGEMENT, LLC ET AL.**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August 2022, a true and correct copy of the foregoing document has been furnished via Electronic Noticing to all parties receiving notice by CM/ECF, as set forth below.

***Via Counsel CM/ECF:***
*catherine.curtis@wickphillips.com ;jason.rudd@wickphillips.com*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
*catherine.curtis@wickphillips.com; jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

***Via CM/ECF:*** *pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
*catherine.curtis@wickphillips.com; jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
*USTPRegion07.SN.ECF@usdoj.gov Aubrey.thomas@usdoj.gov*
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF:*** *don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

***Via CM/ECF:*** *rbattaglialaw@outlook.com*
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF:*** *jpetree@mcslaw.com*
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF:*** *jdunne@smfadlaw.com*
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

***Via CM/ECF:*** *bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

| | |
|---|---|
| ***Via CM/ECF:** pautry@branscomblaw.com*<br>Patrick H. Autry<br>BRANSCOMB PLLC<br>4630 N. Loop 1604 West, Suite 206<br>San Antonio, TX 78249 | ***Via CM/ECF:** lmjurek@jureklaw.com*<br>Lynne M. Jurek<br>THE JUREK LAW GROUP, PLLC<br>4309 Yoakum Blvd.<br>Houston, TX 77006 |

And was served on the 3rd day of August, 2022 via US Certified Mail and US First Class Mail to the following party-in-interest:

***Via US Certified Mail No. 7021 1970 0001 3625 6417***
***Return Receipt Requested and***
***Via US First Class Mail***
CNB Custody
A Division of Community National Bank
225 Main Streeet
Seneca, KS 66538

                                                                            */s/Randall A. Pulman*
                                                                            Randall A. Pulman

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Western_____ District of _____Texas_____

In re deeproot Capital Management, LLC, et al.
Debtor

Case No. 22-51523-MMP

*(Complete if issued in an adversary proceeding)*

Chapter 7

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Community National Bank ("CNB")
*(Name of person to whom the subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibits A and A-1

| PLACE | DATE AND TIME |
|---|---|
| Produce responsive documents electronically to Randall A. Pulman | 08/26/22      12:00 pm |
| rpulman@pulmanlaw.com; mvilla@pulmanlaw.com | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/3/2022

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
John Patrick Lowe, Ch. 7 Trustee , who issues or requests this subpoena, are:
Randall A. Pulman, 2161 NW Military Hwy, Suite 400, San Antonio, TX 78213, rpulman@pulmanlaw.com, (210) 222-9494

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

### SUBPOENA DUCES TECUM
### INSTRUCTIONS

1. **ORGANIZATION:** Documents produced in response to this Subpoena Duces Tecum shall be produced in the condition and order of arrangement in which they existed when this Subpoena Duces Tecum was served, including any file labels, dividers, or identifying markers with which they were associated when this request was served. Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained. Whenever a requested document or file or group of documents or files are kept or found in a file drawer, file box, or other place, before the same is produced, attach thereto a copy of the label, number, or title on the file drawer, file box, or other place from which the document or file was found or removed. When producing a requested document, file, or photograph indicate in an appropriate manner to which of the following numbered document requests each document, file, or photograph is responsive. Each document, file, or photograph produced should be given a consecutive identification number.

2. **LOST DOCUMENT OR TANGIBLE THING:** If you or any of your attorneys, agents or representatives had, at any time, possession, custody, or control of a document or tangible thing requested and such document or tangible thing has been lost, destroyed, purged or is not presently in your possession or your control, identify such document or tangible thing, describe its substance, and describe the circumstances surrounding the loss, destruction, purge, or separation from your possession, custody, or control, indicating the dates that such circumstances occurred.

3. **CONTINUING REQUEST:** Pursuant to Federal Rule of Civil Procedure 26(e), this Subpoena Duces Tecum is continuing in nature and should be supplemented as soon as possible should you come into possession, custody, or control of any of the information, documents, or materials requested herein. In answering these requests, furnish such information as is available to you, not merely such information that is of your own knowledge. This means you are to furnish information which is known by or in the possession of you or your employees or agents, including your attorney or any agent or investigator of your attorney. If you later learn that one or more of your responses are incomplete or not fully accurate, you are under a duty to amend your responses reasonably promptly after such discovery.

4. **AMBIGUITIES:** If you allege that any Subpoena Duces Tecum is in any manner ambiguous, you are to state your interpretation of the request that you feel is ambiguous and respond to said request subject to your interpretation.

5. **ELECTRONIC DATA:** Any responsive documents that are in electronic form are to be produced in both electronic form and print or written form unless a particular request specifically indicates otherwise. If any electronic file is password protected or requires a user name, you are instructed to provide the password and username necessary to access the file.

6. **ASSERTIONS OF PRIVILEGE:** For every document for which you assert a privilege, you are instructed to fully comply with Federal Rule of Civil Procedure 26(b)(5).

7. **ALTERATION, MUTILATION, BLURRING, DIMMING, & DESTRUCTION:** No document, file, or photograph requested should be altered, changed, modified, supplemented, mutilated, blurred, and/or dimmed in any respect. No document, file, or photograph requested should be disposed of or destroyed.

8. **POSSESSION, CUSTODY OR CONTROL**: This Subpoena Duces Tecum includes any and all requested documents within your possession or custody, or subject to your control, possession, custody, or control of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item.

9. **COMPLETE PRODUCTION, INCLUDING ALL DRAFTS & VERSIONS**: For each document or thing requested, produce the entire document or thing, including all attachments, appendices, or exhibits. All non-identical copies of documents should be produced as well as all drafts and versions of a document. All copies with hand-written or typed notations should also be produced.

## **DEFINITIONS**

Words used in these requests shall be ascribed their common meaning unless indicated otherwise. The following definitions shall be used in connection with these requests, regardless of capitalization.

1. The term "**person**" means and includes not only natural persons, but also all proprietorships, d/b/a's, assumed names, firms, companies, partnerships, associations, trusts, joint ventures, corporations, and "entities" as defined herein.

2. The term "**entity**" means and includes any organization, whatever its form, whether for profit or not, including but not limited to public or private corporations, partnerships, joint ventures, associations, company, estate, trust, society, limited to limited liability companies, limited partnerships, professional associations, or other enterprise.

3. "**Document**" means such documents, electronically stored information, and tangible things as are included within Rule 34(a)(1) and shall be interpreted in the broadest possible sense to include any medium upon or with which information is recorded, reproduced, or preserved, including, but not limited to, all written, computer generated or stored or maintained information or data, recorded, printed, typed, transcribed, filmed, digitized, electromagnetic or graphic matter, and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented.

Without limiting the generality of the foregoing, "document" includes, but is not limited to, books, papers, records, correspondence, reports, memoranda, computer files, email, text messages, articles, newspapers, contracts, tables, tabulations, graphs, charts, diagrams, plans, schedule appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, facsimiles, files, telephone logs and messages, checks, microfilm, microfiche, pictures, photographs, printouts, electronic data complications, tapes, diskettes, drives, removable media, note minutes or transcripts of proceedings and every means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or a combination thereof.

"Document" includes originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary, into usable form) and any preliminary versions, draft or revisions of any of the foregoing. If a document was prepared in several copies or if additional copies were thereafter made and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever including, without limitation, notations on the front or back of any pages thereof, then each such copy must be produced.

4. "**Communication**" means every manner of transmitting or receiving information, opinions, messages, or thoughts, orally, in writing, in person, or otherwise. "Oral communication" means any utterance hear by a person other than the speaker. Communication includes any verbal, recorded, written, or electronic communication of any kind, including but not limited to electronic mail ("email").

5. The terms "**and**" and "**or**" shall be construed either conjunctively or disjunctively depending upon, and in the favor of, that construction that would require the disclosure of more information.

6. Any term used in the singular shall be deemed to include the plural where appropriate, and vice-versa.

7. The term "**to,**" when modifying the terms contribute, invest, advance, lend, guaranty, or similar verbs indicating action related to money, means "to," "for the benefit of," and "on behalf of."

8. The terms "**his**," "**her**," or "**its**" can be used interchangeably and mean "his," "her," or "its," as appropriate for agreement with the antecedent noun to which the term refers.

9. "**Any,**" "**all,**" "**each,**" and "**every**" mean each, any, every, and/or all, whichever meaning or meanings will result in the greatest amount of production.

10. "**You**" or "**Your**" means the person or entity to whom this written discovery request is directed.

11. "**Related To**" means regarding, constituting, concerning, identified in, supporting, evidencing, substantiating, refuting, undermining, contrary to, contradicting, constituting, containing, reflecting, connected with, and/or related thereto and is to be interpreted in the broadest possible manner so as to result in the greatest amount of document production.

12. "**Code**" means the United States Bankruptcy Code, which is codified under 11 U.S.C. §§ 101-1532, including any amendments thereto.

13. "**CNB**" means CNB Custody, A Division of Community National Bank.

14. "**Deeproot**" means deeproot Capital Management, LLC, Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot Bonus Growth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds LLC, deeproot Studios LLC, each of which are debtors under the above captioned jointly administered bankruptcy case, and includes such entities' members, managers, officers, agents, representatives, and all other persons acting on such entities' behalf.

15. "**PPM**" or "**PPMs**" means a private placement memorandum concerning or otherwise related to any Deeproot entity or fund for which CNB acted as preferred custodian.

16. "**Application & Subscription Agreement**" means the Application & Subscription Agreements submitted to CNB in connection with the transfer of funds from the non-qualified and qualified accounts of individual investors in any Deeproot funds, including, but not limited to deeproot Growth Runs Deep Fund, deeproot 575 Fund, deeproot 3 Year Bonus Income Debenture Fund, and deeproot Bonus Growth 5 Year Debenture Fund.

17. "**Transaction**" means any agreement between two or more persons for the exchange of goods, services, or financial assets in return for money.

## DOCUMENT REQUESTS

Please produce:

1. Copies of all contracts, agreements, account statements, checks, notices or confirmations of wire transfers, PPMs, Application & Subscription Agreements, Communications, and Documents, for, by, between or related to services of any kind provided by CNB as the Preferred Custodian for, or on the behalf of, deeproot Funds, LLC, the debtor in bankruptcy case *In re deeproot Funds, LLC*, Case No. 21-51521, being jointly administered under lead case *In re: deeproot Capital Management, LLC, et al.*, Case No. 21-51523, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

2. Copies of all contracts, agreements, account statements, checks, notices or confirmations of wire transfers, PPMs, Application & Subscription Agreements, Communications, and Documents, for, by, between or related to services provided by CNB for, or on the behalf of any of the below listed entities, each of which are debtors in the respective bankruptcy cases being jointly administered under lead case *In re: deeproot Capital Management, LLC, et al.*, Case No. 21-51523, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division. (the respective bankruptcy case number of each debtor, and last four digits of each debtor's federal tax identification number, are provided in parentheses after each entity's name):

    a. Policy Services, Inc. (21-51513; 2864),
    b. deeproot Pinball, LLC (21-51515; 0320)
    c. deeproot Growth Runs Deep Fund, LLC (21-51516; 8046)
    d. deeproot 575 Fund, LLC (21-51517; 9404)
    e. deeproot 3 Year Bonus Income Debenture Fund, LLC (21-51518; 7731)
    f. deeproot Bonus Growth 5 Year Debenture Fund, LLC (21-51519; 9661)

3. Copies of all documents relating to the transactions listed on Exhibit A-1 attached hereto including, without limitation, copies (front and back) of checks, wire transfer confirmations, deposit slips and / or any documentation whatsoever relating to these transactions.

# EXHIBIT A-1 to Subpoena to Community National Bank

**deeproot Funds LLC**
## Transaction Detail By Account
**All Transactions**

| | Type | Date | Num | Name | Memo | Clr | Split | Amount |
|---|---|---|---|---|---|---|---|---|
| **Divdend Expense** | | | | | | | | |
| | Check | 01/10/2020 | | CNB | | | WF Checking 2385 | 41,658.08 |
| | Check | 02/02/2020 | | CNB | | | WF Checking 2385 | 45,403.08 |
| | Check | 02/18/2020 | | CNB | | | WF Checking 2385 | 19,881.93 |
| | Check | 02/20/2020 | | CNB | | | WF Checking 2385 | 1,855.60 |
| | Check | 02/26/2020 | | CNB | | | WF Checking 2385 | 16,776.56 |
| | Check | 03/05/2020 | | CNB | | | WF Checking 2385 | 19,481.66 |
| | Check | 03/10/2020 | | CNB | | | WF Checking 2385 | 31,474.96 |
| | Check | 03/24/2020 | | CNB | | | WF Checking 2385 | 39,554.64 |
| | Check | 04/08/2020 | | CNB | | | WF Checking 2385 | 52,820.69 |
| | Check | 04/30/2020 | | CNB | | | WF Checking 2385 | 58,754.59 |
| | Check | 05/13/2020 | | CNB | | | WF Checking 2385 | 17,662.50 |
| | Check | 05/19/2020 | | CNB | | | WF Checking 2385 | 41,285.47 |
| | Check | 05/20/2020 | | CNB | | | WF Checking 2385 | 3,097.22 |
| | Check | 06/04/2020 | | CNB | | | WF Checking 2385 | 35,683.88 |
| | Check | 06/18/2020 | | CNB | | | WF Checking 2385 | 34,182.79 |
| | Check | 07/20/2020 | | CNB | | | WF Checking 2385 | 46,500.33 |
| | Check | 07/24/2020 | | CNB | | | WF Checking 2385 | 8,077.19 |
| | Check | 08/19/2020 | | CNB | | | WF Checking 2385 | 19,575.00 |
| | Check | 08/19/2020 | | CNB | | | WF Checking 2385 | 22,525.94 |
| | Deposit | 08/28/2020 | | | Deposit | | WF Checking 2385 | -10.00 |
| | Check | 08/31/2020 | | CNB | | | WF Checking 2385 | 47,953.02 |
| | Check | 09/28/2020 | | Community National Bank | | | WF Checking 2385 | 7,223.17 |
| | Check | 09/29/2020 | | Community National Bank | | | WF Checking 2385 | 2,193.26 |
| | Check | 10/29/2020 | | Community National Bank | | | WF Checking 2385 | 31,318.98 |
| | Check | 11/05/2020 | | Community National Bank | | | WF Checking 2385 | 60,756.66 |
| | Check | 11/30/2020 | | Community National Bank | | | WF Checking 2385 | 117,181.87 |
| | Check | 12/31/2020 | | Community National Bank | | | WF Checking 2385 | 31,230.66 |
| | Check | 01/05/2021 | | Community National Bank | Direct pay - various | | WF Checking 2385 | 59,287.29 |
| | Check | 02/02/2021 | | Community National Bank | Direct pay - various | | WF Checking 2385 | 76,722.08 |
| | Check | 02/24/2021 | | Community National Bank | Direct pay - various | | WF Checking 2385 | 84,409.99 |
| | Check | 03/26/2021 | | Community National Bank | Direct pay - various | | WF Checking 2385 | 82,351.32 |
| | Check | 04/26/2021 | | Community National Bank | Direct pay - various | | WF Checking 2385 | 87,550.86 |
| | Check | 05/27/2021 | | Community National Bank | Direct pay - various | | WF Checking 2385 | 87,550.86 |
| | Check | 06/25/2021 | | Community National Bank | Direct pay - various | | WF Checking 2385 | 92,208.00 |
| **Total Divdend Expense** | | | | | | | | **1,424,180.13** |
| **TOTAL** | | | | | | | | **1,424,180.13** |