**<u>Exhibit B</u>**

**Trustee's Bankruptcy Rule 2004 Notice and Three Identical Subpoenas**

**[Previously Filed by Trustee at Dkt No. 129 in Case No. 21-51523]**

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| POLICY SERVICES, INC. | § | BANKRUPTCY NO. 21-51513 |
| | § | |
| DEBTOR. | § | JOINTLY ADMINISTERED |

## TRUSTEE'S NOTICE OF INTENTION TO TAKE RULE 2004 EXAMINATIONS
### WITH SUBPOENA DUCES TECUM

To: CYCLADIC INTERNATIONAL, LLC     CYCLADIC, LLC
4580 PGA BLVD.                   660 BEACHLAND BLVD.
SUITE 209                            SUITE 310
PALM BEACH GARDENS, FL 33418    VERO BEACH, FL 32963
ATTN: THOMAS N. ANDREW, MANAGER    ATTN: THOMAS N. ANDREW, MANAGER

      THOMAS N. ANDREW
4580 PGA BLVD.
SUITE 209
PALM BEACH GARDENS, FL 33418

**PLEASE TAKE NOTICE** that John Patrick Lowe, Chapter 7 Trustee in the above-styled

jointly administered bankruptcy case, by and through his counsel, Pulman, Cappuccio & Pullen,

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each an "**Estate**" and collectively, the "**Estates**".

LLP, will conduct an oral Rule 2004 Examination of a designated representative of Cycladic International, LLC, a Florida limited liability company, and Cycladic, LLC, a Florida limited liability company, (hereinafter referred to individually and collectively as "**Cycladic**"), and Thomas N. Andrew, individually, and in his capacity as manager of Cycladic International, LLC, Cycladic, LLC, regarding: acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, as they relate to (1) the sale by Cycladic of life insurance policies, or life settlements, to Policy Services, Inc., (2) the purchase by Cycladic of life insurance policies, or life settlements, from Policy Services, Inc., and (3) the contents of the documents produced in response to the Subpoena Duces Tecum.

**The Rule 2004 Examination of Cycladic International, LLC will be held on August 24, 2022, commencing at 10:00 am prevailing Central Time** (the "**Cycladic International Examination**") (see Exhibit A – Subpoena Duces Tecum);

**The Rule 2004 Examination of Cycladic, LLC will be held on August 24, 2022, commencing at 1:00 pm prevailing Central Time** (the "**Cycladic Examination**") (see Exhibit B – Subpoena Duces Tecum); and

**The Rule 2004 Examination of Thomas N. Andrew will be held on August 24, 2022, commencing at 3:00 pm prevailing Central Time** (the "**Thomas Andrew Examination**") (see Exhibit C - Subpoena Duces Tecum).

The Cycladic International Examination, the Cycladic Examination and the Thomas Andrew Examination are hereinafter collectively referred to as the "**Examinations**".

The Examinations shall be held at the offices of Pulman, Cappuccio & Pullen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 79213, testimony of which will be used as evidence in the above-styled and numbered jointly administered bankruptcy cases and any

resulting actions. The Examinations will be held via LegalView remote proceeding; a link to the remote proceeding will be provided by the Court Reporter prior to the examination. Testimony will be taken down in stenograph by a licensed court reporter and may be videotaped. The oral examination will continue from day to day until completed. You are invited to have counsel present for the purpose of cross-examination.

Documents responsive to the attached Subpoenas Duces Tecum shall be produced no later than seven (7) days prior to the date of the Examinations, at the offices of Pulman, Cappuccio & Pullen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 78213 and may be produced electronically to Randall A. Pulman at rpulman@pulmanlaw.com . The documents produced will be used as evidence in the above-styled and numbered jointly administered bankruptcy case and any resulting actions.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
      Randall A. Pulman
      rpulman@pulmanlaw.com
      Texas State Bar No. 16393250

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATE OF DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July 2022, a true and correct copy of the foregoing document has been furnished via Electronic Noticing to all parties receiving notice by CM/ECF, as set forth below.

*Via Counsel CM/ECF:*
*catherine.curtis@wickphillips.com*
*;jason.rudd@wickphillips.com*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

*Via Counsel Via CM/ECF:*
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

*Via CM/ECF: pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

*Via CM/ECF:*
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

*Via CM/ECF:*
*USTPRegion07.SN.ECF@usdoj.gov*
*Aubrey.thomas@usdoj.gov*
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

*Via CM/ECF: don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

*Via CM/ECF: rbattaglialaw@outlook.com*
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

*Via CM/ECF: jpetree@mcslaw.com*
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

*Via CM/ECF: jdunne@smfadlaw.com*
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

*Via CM/ECF: bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

*Via CM/ECF:* *pautry@branscomblaw.com*
Patrick H. Autry
Branscomb PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

*Via CM/ECF:* *lmjurek@jureklaw.com*
Lynne M. Jurek
The Jurek Law Group, PLLC
4309 Yoakum Blvd.
Houston, TX  77006

And was served on the 26th of July, 2022 via US Certified Mail and US First Class Mail to the following party-in-interest:

*Via US Certified Mail No. 7019 6640 0000 6076 3682*
*Return Receipt Requested and*
*Via US First Class Mail*
Cycladic International, LLC
Attn: Thomas N. Andrew, Manager
4580 PGA Blvd., Suite 209
Palm Beach Gardens, FL 33418

*Via US Certified Mail No. 7019 6640 0000 6076 3699*
*Return Receipt Requested and*
*Via US First Class Mail*
Cycladic, LLC
Attn: Thomas N. Andrew, Manager
660 Beachland Blvd, Suite 310
Vero Beach, FL 32963

*Via US Certified Mail No. 7019 6640 0000 6076 3705*
*Return Receipt Requested and*
*Via US First Class Mail*
Thomas N. Andrew
4580 PGA Blvd., Suite 209
Palm Beach Gardens, FL 33418

*/s/Randall A. Pulman*
Randall A. Pulman

# EXHIBIT A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Western_____ District of _____Texas_____

In re __deeproot Capital Management, LLC, et al.__

Debtor

Case No. ___21-51523-mmp___

Chapter _____7_____

Jointly Administered

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Cycladic International LLC__

*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Pulman, Cappuccio & Pullen, LLP<br>2161 NW Military Hwy., Suite 400<br>San Antonio, TX 78213 - contact rpulman@pulmanlaw.com for ZOOM link | 08/24/22<br>10:00 am CT |

The examination will be recorded by this method: __Via ZOOM - Stenographer__

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit "A"

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___7/26/22___

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __J. Patrick Lowe, Chap. 7 Trustee__ , who issues or requests this subpoena, are:

Randall A. Pulman / Pulman, Cappuccio & Pullen, LLP; 2161 NW Military Hwy., Suite 400, San Antonio, TX 78213 rpulman@pulmanlaw.com ; (210) 222-9494

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

### SUBPOENA DUCES TECUM
### INSTRUCTIONS

1. **ORGANIZATION:** Documents produced in response to this Subpoena Duces Tecum shall be produced in the condition and order of arrangement in which they existed when this Subpoena Duces Tecum was served, including any file labels, dividers, or identifying markers with which they were associated when this request was served. Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained. Whenever a requested document or file or group of documents or files are kept or found in a file drawer, file box, or other place, before the same is produced, attach thereto a copy of the label, number, or title on the file drawer, file box, or other place from which the document or file was found or removed. When producing a requested document, file, or photograph indicate in an appropriate manner to which of the following numbered document requests each document, file, or photograph is responsive. Each document, file, or photograph produced should be given a consecutive identification number.

2. **LOST DOCUMENT OR TANGIBLE THING:** If you or any of your attorneys, agents or representatives had, at any time, possession, custody, or control of a document or tangible thing requested and such document or tangible thing has been lost, destroyed, purged or is not presently in your possession or your control, identify such document or tangible thing, describe its substance, and describe the circumstances surrounding the loss, destruction, purge, or separation from your possession, custody, or control, indicating the dates that such circumstances occurred.

3. **CONTINUING REQUEST:** Pursuant to Federal Rule of Civil Procedure 26(e), this Subpoena Duces Tecum is continuing in nature and should be supplemented as soon as possible should you come into possession, custody, or control of any of the information, documents, or materials requested herein. In answering these requests, furnish such information as is available to you, not merely such information that is of your own knowledge. This means you are to furnish information which is known by or in the possession of you or your employees or agents, including your attorney or any agent or investigator of your attorney. If you later learn that one or more of your responses are incomplete or not fully accurate, you are under a duty to amend your responses reasonably promptly after such discovery.

4. **AMBIGUITIES:** If you allege that any Subpoena Duces Tecum is in any manner ambiguous, you are to state your interpretation of the request that you feel is ambiguous and respond to said request subject to your interpretation.

5. **ELECTRONIC DATA:** Any responsive documents that are in electronic form are to be produced in both electronic form and print or written form unless a particular request specifically indicates otherwise. If any electronic file is password protected or requires a user name, you are instructed to provide the password and username necessary to access the file.

6. **ASSERTIONS OF PRIVILEGE:** For every document for which you assert a privilege, you are instructed to fully comply with Federal Rule of Civil Procedure 26(b)(5).

{00577475;1}

7.  **ALTERATION, MUTILATION, BLURRING, DIMMING, & DESTRUCTION:**  No document, file, or photograph requested should be altered, changed, modified, supplemented, mutilated, blurred, and/or dimmed in any respect.  No document, file, or photograph requested should be disposed of or destroyed.

8.  **POSSESSION, CUSTODY OR CONTROL:**  This Subpoena Duces Tecum includes any and all requested documents within your possession or custody, or subject to your control, possession, custody, or control of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item.

9.  **COMPLETE PRODUCTION, INCLUDING ALL DRAFTS & VERSIONS:**  For each document or thing requested, produce the entire document or thing, including all attachments, appendices, or exhibits.  All non-identical copies of documents should be produced as well as all drafts and versions of a document.  All copies with hand-written or typed notations should also be produced.

## DEFINITIONS

Words used in these requests shall be ascribed their common meaning unless indicated otherwise. The following definitions shall be used in connection with these requests, regardless of capitalization.

1. The term "**person**" means and includes not only natural persons, but also all proprietorships, d/b/a's, assumed names, firms, companies, partnerships, associations, trusts, joint ventures, corporations, and "entities" as defined herein.

2. The term "**entity**" means and includes any organization, whatever its form, whether for profit or not, including but not limited to public or private corporations, partnerships, joint ventures, associations, company, estate, trust, society, limited to limited liability companies, limited partnerships, professional associations, or other enterprise.

3. "**Document**" means such documents, electronically stored information, and tangible things as are included within Rule 34(a)(1) and shall be interpreted in the broadest possible sense to include any medium upon or with which information is recorded, reproduced, or preserved, including, but not limited to, all written, computer generated or stored or maintained information or data, recorded, printed, typed, transcribed, filmed, digitized, electromagnetic or graphic matter, and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented.

Without limiting the generality of the foregoing, "document" includes, but is not limited to, books, papers, records, correspondence, reports, memoranda, computer files, email, text messages, articles, newspapers, contracts, tables, tabulations, graphs, charts, diagrams, plans, schedule appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, facsimiles, files, telephone logs and messages, checks, microfilm, microfiche, pictures, photographs, printouts, electronic data complications, tapes, diskettes, drives, removable media, note minutes or transcripts of proceedings and every means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or a combination thereof.

"Document" includes originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary, into usable form) and any preliminary versions, draft or revisions of any of the foregoing. If a document was prepared in several copies or if additional copies were thereafter made and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever including, without limitation, notations on the front or back of any pages thereof, then each such copy must be produced.

4. "**Communication**" means every manner of transmitting or receiving information, opinions, messages, or thoughts, orally, in writing, in person, or otherwise. "Oral communication" means any utterance hear by a person other than the speaker. Communication includes any verbal, recorded, written, or electronic communication of any

kind, including but not limited to electronic mail ("email").

5. The terms "**and**" and "**or**" shall be construed either conjunctively or disjunctively depending upon, and in the favor of, that construction that would require the disclosure of more information.

6. Any term used in the singular shall be deemed to include the plural where appropriate, and vice-versa.

7. The term "**to**," when modifying the terms contribute, invest, advance, lend, guaranty, or similar verbs indicating action related to money, means "to," "for the benefit of," and "on behalf of."

8. The terms "**his**," "**her**," or "**its**" can be used interchangeably and mean "his," "her," or "its," as appropriate for agreement with the antecedent noun to which the term refers.

9. "**Any**," "**all**," "**each**," **and** "**every**" mean each, any, every, and/or all, whichever meaning or meanings will result in the greatest amount of production.

10. "**You**" or "**Your**" means the person or entity to whom this written discovery request is directed.

11. "**Related To**" means regarding, constituting, concerning, identified in, supporting, evidencing, substantiating, refuting, undermining, contrary to, contradicting, constituting, containing, reflecting, connected with, and/or related thereto and is to be interpreted in the broadest possible manner so as to result in the greatest amount of document production.

12. "**Anemos Consulting, Inc.**" means Anemos Consulting, Inc., and includes its directors, officers, managers, agents, employees, representatives, and all other persons acting on its behalf.

13. "**Code**" means the United States Bankruptcy Code, which is codified under 11 U.S.C. §§ 101-1532, including any amendments thereto.

14. "**Cycladic**" means Cycladic LLC and, or Cycladic International, LLC, individually and collectively, and includes its members, managers, officers, agents, employees, representatives, and all other persons acting on its behalf.

15. "**Deeproot**" means deeproot Capital Management, LLC, Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot Bonus Growth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds LLC, deeproot Studios LLC, each of which are debtors under the above captioned jointly administered bankruptcy case, and includes such entities' members, managers, officers, agents, representatives, and all other persons acting on such entities' behalf.

16. "**Dover Capital Strategies, LLC**" means Dover Capital Strategies, LLC, , and includes its members, managers, officers, agents, employees, representatives, and all other persons acting on its behalf.

17. "**Life Gift**" means Life Gift, Inc., and includes its directors, officers, managers, agents, employees, representatives, and all other persons acting on its behalf.

18. "**Policy Services**" means Policy Services, Inc., and includes its agents, representatives, and all other persons acting on its behalf.

19. "**Thomas Nicholas, LLC**" means Thomas Nicholas, LLC, and includes its members, managers, officers, agents, employees, representatives, and all other persons acting on its behalf.

20. "**Transaction**" means any agreement between two or more persons for the exchange of goods, services, or financial assets in return for money.

## DOCUMENT REQUESTS

Please produce:

1. Copies of any and all Life Insurance Policy Purchase and Sale Agreements, by and between Policy Services and Cycladic.

2. Copies of any and all Life Insurance Policy Purchase and Sale Agreements, by and between Policy Services and Dover Capital Strategies LLC.

3. Copies of all Documents and Communications produced by Cycladic International LLC to the SEC in response to the February 24, 2021, Subpoena from the SEC to Cycladic International, LLC and Thomas N. Andrew.

4. Any and all Documents and Communications relating to the purchase and sale by Cycladic of a life insurance policy insuring the life of Margaret Basha, including, but not limited to, the purchase by Cycladic of such life insurance policy from a provider of such life insurance policies, the sale of such life insurance policy to Policy Services, the relinquishment of such life insurance policy by Policy Services to Cycladic, and the subsequent sale of such life insurance policy by Cycladic to a provider or any person.

5. Any and all Documents evidencing the amounts Cycladic paid to purchase life insurance policies that were ultimately sold by Cycladic to Policy Services.

6. Any and all Documents evidencing the amounts Dover Capital Strategies LLC paid to purchase life insurance policies that were ultimately sold by Dover Capital Strategies LLC to Policy Services.

7. Any and all Documents evidencing the amounts Anemos Consulting, Inc. paid to purchase life insurance policies that were ultimately sold by Anemos Consulting, Inc. to Policy Services

8. Any and all Documents and Communications relating to the purchase and sale of life insurance policies or life settlements by and between Cycladic and Policy Services.

9. Any and all Documents and Communications relating to the purchase and sale of life insurance policies or life settlements by and between Dover Capital Strategies LLC and Policy Services.

10. Any and all Documents and Communications relating to the purchase and sale of life insurance policies or life settlements by and between Anemos Consulting, Inc. and Policy Services

11. Any and all Communications relating to the purchase and sale of life insurance policies by, between, or among Cycladic, Policy Services, Robert J. Mueller, or any Person.

12. Any and all Communications by and between Thomas N. Andrew and Robert J. Mueller.

13. Any and all Communications by and between Thomas N. Andrew and Russell Hagen.

14. Any and all Communications by and between Thomas N. Andrew and Life Gift, or any officer, employee or agent of Life Gift, concerning Robert J. Mueller, Policy Services or Deeproot.

15. Any and all Communications and Documents relating to Deeproot, Policy Services, or Robert J. Mueller.

16. Any and all Communications and Documents evidencing Transactions or contemplated Transactions by, between, or among Cycladic, Policy Services, Life Gift and, or Estate Portfolio Management.

17. All financial statements, balance sheets, profit and loss statements, and income statements, related to any transaction between Cycladic and Policy Services ("Financial Records"), and including all Documents and records from which the information contained in such Financial Records was derived.

18. Any and all Documents evidencing distributions made by Cycladic to Thomas Nicholas LLC, or any other entity or person during calendar years 2015, 2016, 2017, 2018, 2019 and 2020.

19. Any and all Documents evidencing distributions made by Thomas Nicholas LLC to Thomas N. Andrew or any other person during calendar years 2016, 2017, 2018, 2019 and 2020.

20. Any and all Documents evidencing compensation or distributions of any kind made by Anemos Consulting, Inc. to Thomas N. Andrew or any other person during calendar years 2016, 2017, 2018, 2019 and 2020.

21. Any and all Documents and Communications relating to any and all Christiana Bank & Trust Company accounts owned, held, or in the name of Cycladic or Dover Capital Strategies LLC, through which funds for the purchase of life insurance policies by Policy Services flowed, including, but not limited to, account statements, notices of deposits, notices of wire transfers, or advice of payments made to such account(s) by Policy Services for the benefit of Cycladic or Dover Capital Strategies LLC.

22. Any and all Documents and Communications relating to any and all Bank of Utah accounts owned, held, or in the name of Cycladic, through which funds for the purchase of life insurance policies by Policy Services flowed, including, but not limited to, account statements, notices of deposits, notices of wire transfers, or advice of payments made to such account(s) by Policy Services for the benefit of Cycladic.

# EXHIBIT B

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Western_____ District of _____Texas_____

In re  deeproot Capital Management, LLC, et al.
_____Debtor_____

Case No.  21-51523-mmp

Chapter  7

Jointly Administered

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Cycladic, LLC
_____
*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Pulman, Cappuccio & Pullen, LLP<br>2161 NW Military Hwy., Suite 400<br>San Antonio, TX 78213 - contact rpulman@pulmanlaw.com for ZOOM link | 08/24/22<br>1:00 pm Central |

The examination will be recorded by this method:  Via ZOOM - Stenographer and Videographer

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit "A"

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  7/26/22

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
J. Patrick Lowe, Chap. 7 Trustee , who issues or requests this subpoena, are:
Randall A. Pulman / Pulman, Cappuccio & Pullen, LLP; 2161 NW Military Hwy., Suite 400, San Antonio, TX 78213
rpulman@pulmanlaw.com ; (210) 222-9494

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

### SUBPOENA DUCES TECUM
### INSTRUCTIONS

1. **ORGANIZATION:** Documents produced in response to this Subpoena Duces Tecum shall be produced in the condition and order of arrangement in which they existed when this Subpoena Duces Tecum was served, including any file labels, dividers, or identifying markers with which they were associated when this request was served. Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained. Whenever a requested document or file or group of documents or files are kept or found in a file drawer, file box, or other place, before the same is produced, attach thereto a copy of the label, number, or title on the file drawer, file box, or other place from which the document or file was found or removed. When producing a requested document, file, or photograph indicate in an appropriate manner to which of the following numbered document requests each document, file, or photograph is responsive. Each document, file, or photograph produced should be given a consecutive identification number.

2. **LOST DOCUMENT OR TANGIBLE THING:** If you or any of your attorneys, agents or representatives had, at any time, possession, custody, or control of a document or tangible thing requested and such document or tangible thing has been lost, destroyed, purged or is not presently in your possession or your control, identify such document or tangible thing, describe its substance, and describe the circumstances surrounding the loss, destruction, purge, or separation from your possession, custody, or control, indicating the dates that such circumstances occurred.

3. **CONTINUING REQUEST:** Pursuant to Federal Rule of Civil Procedure 26(e), this Subpoena Duces Tecum is continuing in nature and should be supplemented as soon as possible should you come into possession, custody, or control of any of the information, documents, or materials requested herein. In answering these requests, furnish such information as is available to you, not merely such information that is of your own knowledge. This means you are to furnish information which is known by or in the possession of you or your employees or agents, including your attorney or any agent or investigator of your attorney. If you later learn that one or more of your responses are incomplete or not fully accurate, you are under a duty to amend your responses reasonably promptly after such discovery.

4. **AMBIGUITIES:** If you allege that any Subpoena Duces Tecum is in any manner ambiguous, you are to state your interpretation of the request that you feel is ambiguous and respond to said request subject to your interpretation.

5. **ELECTRONIC DATA:** Any responsive documents that are in electronic form are to be produced in both electronic form and print or written form unless a particular request specifically indicates otherwise. If any electronic file is password protected or requires a user name, you are instructed to provide the password and username necessary to access the file.

6. **ASSERTIONS OF PRIVILEGE:** For every document for which you assert a privilege, you are instructed to fully comply with Federal Rule of Civil Procedure 26(b)(5).

7. **ALTERATION, MUTILATION, BLURRING, DIMMING, & DESTRUCTION:** No document, file, or photograph requested should be altered, changed, modified, supplemented, mutilated, blurred, and/or dimmed in any respect. No document, file, or photograph requested should be disposed of or destroyed.

8. **POSSESSION, CUSTODY OR CONTROL:** This Subpoena Duces Tecum includes any and all requested documents within your possession or custody, or subject to your control, possession, custody, or control of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item.

9. **COMPLETE PRODUCTION, INCLUDING ALL DRAFTS & VERSIONS:** For each document or thing requested, produce the entire document or thing, including all attachments, appendices, or exhibits. All non-identical copies of documents should be produced as well as all drafts and versions of a document. All copies with hand-written or typed notations should also be produced.

## DEFINITIONS

Words used in these requests shall be ascribed their common meaning unless indicated otherwise. The following definitions shall be used in connection with these requests, regardless of capitalization.

1. The term "**person**" means and includes not only natural persons, but also all proprietorships, d/b/a's, assumed names, firms, companies, partnerships, associations, trusts, joint ventures, corporations, and "entities" as defined herein.

2. The term "**entity**" means and includes any organization, whatever its form, whether for profit or not, including but not limited to public or private corporations, partnerships, joint ventures, associations, company, estate, trust, society, limited to limited liability companies, limited partnerships, professional associations, or other enterprise.

3. "**Document**" means such documents, electronically stored information, and tangible things as are included within Rule 34(a)(1) and shall be interpreted in the broadest possible sense to include any medium upon or with which information is recorded, reproduced, or preserved, including, but not limited to, all written, computer generated or stored or maintained information or data, recorded, printed, typed, transcribed, filmed, digitized, electromagnetic or graphic matter, and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented.

Without limiting the generality of the foregoing, "document" includes, but is not limited to, books, papers, records, correspondence, reports, memoranda, computer files, email, text messages, articles, newspapers, contracts, tables, tabulations, graphs, charts, diagrams, plans, schedule appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, facsimiles, files, telephone logs and messages, checks, microfilm, microfiche, pictures, photographs, printouts, electronic data complications, tapes, diskettes, drives, removable media, note minutes or transcripts of proceedings and every means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or a combination thereof.

"Document" includes originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary, into usable form) and any preliminary versions, draft or revisions of any of the foregoing. If a document was prepared in several copies or if additional copies were thereafter made and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever including, without limitation, notations on the front or back of any pages thereof, then each such copy must be produced.

4. "**Communication**" means every manner of transmitting or receiving information, opinions, messages, or thoughts, orally, in writing, in person, or otherwise. "Oral communication" means any utterance hear by a person other than the speaker. Communication includes any verbal, recorded, written, or electronic communication of any

kind, including but not limited to electronic mail ("email").

5. The terms "**and**" and "**or**" shall be construed either conjunctively or disjunctively depending upon, and in the favor of, that construction that would require the disclosure of more information.

6. Any term used in the singular shall be deemed to include the plural where appropriate, and vice-versa.

7. The term "**to**," when modifying the terms contribute, invest, advance, lend, guaranty, or similar verbs indicating action related to money, means "to," "for the benefit of," and "on behalf of."

8. The terms "**his**," "**her**," or "**its**" can be used interchangeably and mean "his," "her," or "its," as appropriate for agreement with the antecedent noun to which the term refers.

9. "**Any**," "**all**," "**each**," **and** "**every**" mean each, any, every, and/or all, whichever meaning or meanings will result in the greatest amount of production.

10. "**You**" or "**Your**" means the person or entity to whom this written discovery request is directed.

11. "**Related To**" means regarding, constituting, concerning, identified in, supporting, evidencing, substantiating, refuting, undermining, contrary to, contradicting, constituting, containing, reflecting, connected with, and/or related thereto and is to be interpreted in the broadest possible manner so as to result in the greatest amount of document production.

12. "**Anemos Consulting, Inc.**" means Anemos Consulting, Inc., and includes its directors, officers, managers, agents, employees, representatives, and all other persons acting on its behalf.

13. "**Code**" means the United States Bankruptcy Code, which is codified under 11 U.S.C. §§ 101-1532, including any amendments thereto.

14. "**Cycladic**" means Cycladic LLC and, or Cycladic International, LLC, individually and collectively, and includes its members, managers, officers, agents, employees, representatives, and all other persons acting on its behalf.

15. "**Deeproot**" means deeproot Capital Management, LLC, Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot Bonus Growth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds LLC, deeproot Studios LLC, each of which are debtors under the above captioned jointly administered bankruptcy case, and includes such entities' members, managers, officers, agents, representatives, and all other persons acting on such entities' behalf.

16. "**Dover Capital Strategies, LLC**" means Dover Capital Strategies, LLC, , and includes its members, managers, officers, agents, employees, representatives, and all other persons acting on its behalf.

17. **"Life Gift"** means Life Gift, Inc., and includes its directors, officers, managers, agents, employees, representatives, and all other persons acting on its behalf.

18. **"Policy Services"** means Policy Services, Inc., and includes its agents, representatives, and all other persons acting on its behalf.

19. **"Thomas Nicholas, LLC"** means Thomas Nicholas, LLC, and includes its members, managers, officers, agents, employees, representatives, and all other persons acting on its behalf.

20. **"Transaction"** means any agreement between two or more persons for the exchange of goods, services, or financial assets in return for money.

## DOCUMENT REQUESTS

Please produce:

1. Copies of any and all Life Insurance Policy Purchase and Sale Agreements, by and between Policy Services and Cycladic.

2. Copies of any and all Life Insurance Policy Purchase and Sale Agreements, by and between Policy Services and Dover Capital Strategies LLC.

3. Copies of all Documents and Communications produced by Cycladic International LLC to the SEC in response to the February 24, 2021, Subpoena from the SEC to Cycladic International, LLC and Thomas N. Andrew.

4. Any and all Documents and Communications relating to the purchase and sale by Cycladic of a life insurance policy insuring the life of Margaret Basha, including, but not limited to, the purchase by Cycladic of such life insurance policy from a provider of such life insurance policies, the sale of such life insurance policy to Policy Services, the relinquishment of such life insurance policy by Policy Services to Cycladic, and the subsequent sale of such life insurance policy by Cycladic to a provider or any person.

5. Any and all Documents evidencing the amounts Cycladic paid to purchase life insurance policies that were ultimately sold by Cycladic to Policy Services.

6. Any and all Documents evidencing the amounts Dover Capital Strategies LLC paid to purchase life insurance policies that were ultimately sold by Dover Capital Strategies LLC to Policy Services.

7. Any and all Documents evidencing the amounts Anemos Consulting, Inc. paid to purchase life insurance policies that were ultimately sold by Anemos Consulting, Inc. to Policy Services

8. Any and all Documents and Communications relating to the purchase and sale of life insurance policies or life settlements by and between Cycladic and Policy Services.

9. Any and all Documents and Communications relating to the purchase and sale of life insurance policies or life settlements by and between Dover Capital Strategies LLC and Policy Services.

10. Any and all Documents and Communications relating to the purchase and sale of life insurance policies or life settlements by and between Anemos Consulting, Inc. and Policy Services

11. Any and all Communications relating to the purchase and sale of life insurance policies by, between, or among Cycladic, Policy Services, Robert J. Mueller, or any Person.

12. Any and all Communications by and between Thomas N. Andrew and Robert J. Mueller.

13. Any and all Communications by and between Thomas N. Andrew and Russell Hagen.

14. Any and all Communications by and between Thomas N. Andrew and Life Gift, or any officer, employee or agent of Life Gift, concerning Robert J. Mueller, Policy Services or Deeproot.

15. Any and all Communications and Documents relating to Deeproot, Policy Services, or Robert J. Mueller.

16. Any and all Communications and Documents evidencing Transactions or contemplated Transactions by, between, or among Cycladic, Policy Services, Life Gift and, or Estate Portfolio Management.

17. All financial statements, balance sheets, profit and loss statements, and income statements, related to any transaction between Cycladic and Policy Services ("Financial Records"), and including all Documents and records from which the information contained in such Financial Records was derived.

18. Any and all Documents evidencing distributions made by Cycladic to Thomas Nicholas LLC, or any other entity or person during calendar years 2015, 2016, 2017, 2018, 2019 and 2020.

19. Any and all Documents evidencing distributions made by Thomas Nicholas LLC to Thomas N. Andrew or any other person during calendar years 2016, 2017, 2018, 2019 and 2020.

20. Any and all Documents evidencing compensation or distributions of any kind made by Anemos Consulting, Inc. to Thomas N. Andrew or any other person during calendar years 2016, 2017, 2018, 2019 and 2020.

21. Any and all Documents and Communications relating to any and all Christiana Bank & Trust Company accounts owned, held, or in the name of Cycladic or Dover Capital Strategies LLC, through which funds for the purchase of life insurance policies by Policy Services flowed, including, but not limited to, account statements, notices of deposits, notices of wire transfers, or advice of payments made to such account(s) by Policy Services for the benefit of Cycladic or Dover Capital Strategies LLC.

22. Any and all Documents and Communications relating to any and all Bank of Utah accounts owned, held, or in the name of Cycladic, through which funds for the purchase of life insurance policies by Policy Services flowed, including, but not limited to, account statements, notices of deposits, notices of wire transfers, or advice of payments made to such account(s) by Policy Services for the benefit of Cycladic.

# EXHIBIT C

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Western_____ District of _____Texas_____

In re deeproot Capital Management, LLC, et al.

Debtor

Case No. 21-51523-mmp

Chapter 7

Jointly Administered

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Thomas N. Andrew

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Pulman, Cappuccio & Pullen, LLP<br>2161 NW Military Hwy., Suite 400<br>San Antonio, TX 78213 - contact rpulman@pulmanlaw.com for ZOOM link | 08/24/22<br>3:00 pm Central |

The examination will be recorded by this method: Via ZOOM - Stenographer and Videographer

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit "A"

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/26/22

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
J. Patrick Lowe, Chap. 7 Trustee , who issues or requests this subpoena, are:
Randall A. Pulman / Pulman, Cappuccio & Pullen, LLP; 2161 NW Military Hwy., Suite 400, San Antonio, TX 78213
rpulman@pulmanlaw.com ; (210) 222-9494

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

■ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

SUBPOENA DUCES TECUM
INSTRUCTIONS

1.  **ORGANIZATION:** Documents produced in response to this Subpoena Duces Tecum shall be produced in the condition and order of arrangement in which they existed when this Subpoena Duces Tecum was served, including any file labels, dividers, or identifying markers with which they were associated when this request was served. Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained. Whenever a requested document or file or group of documents or files are kept or found in a file drawer, file box, or other place, before the same is produced, attach thereto a copy of the label, number, or title on the file drawer, file box, or other place from which the document or file was found or removed. When producing a requested document, file, or photograph indicate in an appropriate manner to which of the following numbered document requests each document, file, or photograph is responsive. Each document, file, or photograph produced should be given a consecutive identification number.

2.  **LOST DOCUMENT OR TANGIBLE THING:** If you or any of your attorneys, agents or representatives had, at any time, possession, custody, or control of a document or tangible thing requested and such document or tangible thing has been lost, destroyed, purged or is not presently in your possession or your control, identify such document or tangible thing, describe its substance, and describe the circumstances surrounding the loss, destruction, purge, or separation from your possession, custody, or control, indicating the dates that such circumstances occurred.

3.  **CONTINUING REQUEST:** Pursuant to Federal Rule of Civil Procedure 26(e), this Subpoena Duces Tecum is continuing in nature and should be supplemented as soon as possible should you come into possession, custody, or control of any of the information, documents, or materials requested herein. In answering these requests, furnish such information as is available to you, not merely such information that is of your own knowledge. This means you are to furnish information which is known by or in the possession of you or your employees or agents, including your attorney or any agent or investigator of your attorney. If you later learn that one or more of your responses are incomplete or not fully accurate, you are under a duty to amend your responses reasonably promptly after such discovery.

4.  **AMBIGUITIES:** If you allege that any Subpoena Duces Tecum is in any manner ambiguous, you are to state your interpretation of the request that you feel is ambiguous and respond to said request subject to your interpretation.

5.  **ELECTRONIC DATA:** Any responsive documents that are in electronic form are to be produced in both electronic form and print or written form unless a particular request specifically indicates otherwise. If any electronic file is password protected or requires a user name, you are instructed to provide the password and username necessary to access the file.

6.  **ASSERTIONS OF PRIVILEGE:** For every document for which you assert a privilege, you are instructed to fully comply with Federal Rule of Civil Procedure 26(b)(5).

7. **ALTERATION, MUTILATION, BLURRING, DIMMING, & DESTRUCTION:** No document, file, or photograph requested should be altered, changed, modified, supplemented, mutilated, blurred, and/or dimmed in any respect.  No document, file, or photograph requested should be disposed of or destroyed.

8. **POSSESSION, CUSTODY OR CONTROL:**  This Subpoena Duces Tecum includes any and all requested documents within your possession or custody, or subject to your control, possession, custody, or control of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item.

9. **COMPLETE PRODUCTION, INCLUDING ALL DRAFTS & VERSIONS:**  For each document or thing requested, produce the entire document or thing, including all attachments, appendices, or exhibits.  All non-identical copies of documents should be produced as well as all drafts and versions of a document.  All copies with hand-written or typed notations should also be produced.

## DEFINITIONS

Words used in these requests shall be ascribed their common meaning unless indicated otherwise. The following definitions shall be used in connection with these requests, regardless of capitalization.

1. The term "**person**" means and includes not only natural persons, but also all proprietorships, d/b/a's, assumed names, firms, companies, partnerships, associations, trusts, joint ventures, corporations, and "entities" as defined herein.

2. The term "**entity**" means and includes any organization, whatever its form, whether for profit or not, including but not limited to public or private corporations, partnerships, joint ventures, associations, company, estate, trust, society, limited to limited liability companies, limited partnerships, professional associations, or other enterprise.

3. "**Document**" means such documents, electronically stored information, and tangible things as are included within Rule 34(a)(1) and shall be interpreted in the broadest possible sense to include any medium upon or with which information is recorded, reproduced, or preserved, including, but not limited to, all written, computer generated or stored or maintained information or data, recorded, printed, typed, transcribed, filmed, digitized, electromagnetic or graphic matter, and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented.

Without limiting the generality of the foregoing, "document" includes, but is not limited to, books, papers, records, correspondence, reports, memoranda, computer files, email, text messages, articles, newspapers, contracts, tables, tabulations, graphs, charts, diagrams, plans, schedule appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, facsimiles, files, telephone logs and messages, checks, microfilm, microfiche, pictures, photographs, printouts, electronic data complications, tapes, diskettes, drives, removable media, note minutes or transcripts of proceedings and every means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or a combination thereof.

"Document" includes originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary, into usable form) and any preliminary versions, draft or revisions of any of the foregoing. If a document was prepared in several copies or if additional copies were thereafter made and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever including, without limitation, notations on the front or back of any pages thereof, then each such copy must be produced.

4. "**Communication**" means every manner of transmitting or receiving information, opinions, messages, or thoughts, orally, in writing, in person, or otherwise. "Oral communication" means any utterance hear by a person other than the speaker. Communication includes any verbal, recorded, written, or electronic communication of any

kind, including but not limited to electronic mail ("email").

5. The terms "**and**" and "**or**" shall be construed either conjunctively or disjunctively depending upon, and in the favor of, that construction that would require the disclosure of more information.

6. Any term used in the singular shall be deemed to include the plural where appropriate, and vice-versa.

7. The term "**to**," when modifying the terms contribute, invest, advance, lend, guaranty, or similar verbs indicating action related to money, means "to," "for the benefit of," and "on behalf of."

8. The terms "**his**," "**her**," or "**its**" can be used interchangeably and mean "his," "her," or "its," as appropriate for agreement with the antecedent noun to which the term refers.

9. "**Any**," "**all**," "**each**," **and** "**every**" mean each, any, every, and/or all, whichever meaning or meanings will result in the greatest amount of production.

10. "**You**" or "**Your**" means the person or entity to whom this written discovery request is directed.

11. "**Related To**" means regarding, constituting, concerning, identified in, supporting, evidencing, substantiating, refuting, undermining, contrary to, contradicting, constituting, containing, reflecting, connected with, and/or related thereto and is to be interpreted in the broadest possible manner so as to result in the greatest amount of document production.

12. "**Anemos Consulting, Inc.**" means Anemos Consulting, Inc., and includes its directors, officers, managers, agents, employees, representatives, and all other persons acting on its behalf.

13. "**Code**" means the United States Bankruptcy Code, which is codified under 11 U.S.C. §§ 101-1532, including any amendments thereto.

14. "**Cycladic**" means Cycladic LLC and, or Cycladic International, LLC, individually and collectively, and includes its members, managers, officers, agents, employees, representatives, and all other persons acting on its behalf.

15. "**Deeproot**" means deeproot Capital Management, LLC, Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot Bonus Growth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds LLC, deeproot Studios LLC, each of which are debtors under the above captioned jointly administered bankruptcy case, and includes such entities' members, managers, officers, agents, representatives, and all other persons acting on such entities' behalf.

16. "**Dover Capital Strategies, LLC**" means Dover Capital Strategies, LLC, , and includes its members, managers, officers, agents, employees, representatives, and all other persons acting on its behalf.

17. **"Life Gift"** means Life Gift, Inc., and includes its directors, officers, managers, agents, employees, representatives, and all other persons acting on its behalf.

18. **"Policy Services"** means Policy Services, Inc., and includes its agents, representatives, and all other persons acting on its behalf.

19. **"Thomas Nicholas, LLC"** means Thomas Nicholas, LLC, and includes its members, managers, officers, agents, employees, representatives, and all other persons acting on its behalf.

20. **"Transaction"** means any agreement between two or more persons for the exchange of goods, services, or financial assets in return for money.

## DOCUMENT REQUESTS

Please produce:

1. Copies of any and all Life Insurance Policy Purchase and Sale Agreements, by and between Policy Services and Cycladic.

2. Copies of any and all Life Insurance Policy Purchase and Sale Agreements, by and between Policy Services and Dover Capital Strategies LLC.

3. Copies of all Documents and Communications produced by Cycladic International LLC to the SEC in response to the February 24, 2021, Subpoena from the SEC to Cycladic International, LLC and Thomas N. Andrew.

4. Any and all Documents and Communications relating to the purchase and sale by Cycladic of a life insurance policy insuring the life of Margaret Basha, including, but not limited to, the purchase by Cycladic of such life insurance policy from a provider of such life insurance policies, the sale of such life insurance policy to Policy Services, the relinquishment of such life insurance policy by Policy Services to Cycladic, and the subsequent sale of such life insurance policy by Cycladic to a provider or any person.

5. Any and all Documents evidencing the amounts Cycladic paid to purchase life insurance policies that were ultimately sold by Cycladic to Policy Services.

6. Any and all Documents evidencing the amounts Dover Capital Strategies LLC paid to purchase life insurance policies that were ultimately sold by Dover Capital Strategies LLC to Policy Services.

7. Any and all Documents evidencing the amounts Anemos Consulting, Inc. paid to purchase life insurance policies that were ultimately sold by Anemos Consulting, Inc. to Policy Services

8. Any and all Documents and Communications relating to the purchase and sale of life insurance policies or life settlements by and between Cycladic and Policy Services.

9. Any and all Documents and Communications relating to the purchase and sale of life insurance policies or life settlements by and between Dover Capital Strategies LLC and Policy Services.

10. Any and all Documents and Communications relating to the purchase and sale of life insurance policies or life settlements by and between Anemos Consulting, Inc. and Policy Services

11. Any and all Communications relating to the purchase and sale of life insurance policies by, between, or among Cycladic, Policy Services, Robert J. Mueller, or any Person.

12. Any and all Communications by and between Thomas N. Andrew and Robert J. Mueller.

13. Any and all Communications by and between Thomas N. Andrew and Russell Hagen.

14. Any and all Communications by and between Thomas N. Andrew and Life Gift, or any officer, employee or agent of Life Gift, concerning Robert J. Mueller, Policy Services or Deeproot.

{00577475;1}

15. Any and all Communications and Documents relating to Deeproot, Policy Services, or Robert J. Mueller.

16. Any and all Communications and Documents evidencing Transactions or contemplated Transactions by, between, or among Cycladic, Policy Services, Life Gift and, or Estate Portfolio Management.

17. All financial statements, balance sheets, profit and loss statements, and income statements, related to any transaction between Cycladic and Policy Services ("Financial Records"), and including all Documents and records from which the information contained in such Financial Records was derived.

18. Any and all Documents evidencing distributions made by Cycladic to Thomas Nicholas LLC, or any other entity or person during calendar years 2015, 2016, 2017, 2018, 2019 and 2020.

19. Any and all Documents evidencing distributions made by Thomas Nicholas LLC to Thomas N. Andrew or any other person during calendar years 2016, 2017, 2018, 2019 and 2020.

20. Any and all Documents evidencing compensation or distributions of any kind made by Anemos Consulting, Inc. to Thomas N. Andrew or any other person during calendar years 2016, 2017, 2018, 2019 and 2020.

21. Any and all Documents and Communications relating to any and all Christiana Bank & Trust Company accounts owned, held, or in the name of Cycladic or Dover Capital Strategies LLC, through which funds for the purchase of life insurance policies by Policy Services flowed, including, but not limited to, account statements, notices of deposits, notices of wire transfers, or advice of payments made to such account(s) by Policy Services for the benefit of Cycladic or Dover Capital Strategies LLC.

22. Any and all Documents and Communications relating to any and all Bank of Utah accounts owned, held, or in the name of Cycladic, through which funds for the purchase of life insurance policies by Policy Services flowed, including, but not limited to, account statements, notices of deposits, notices of wire transfers, or advice of payments made to such account(s) by Policy Services for the benefit of Cycladic.