**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 07, 2022.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| deeproot Capital Management, LLC, *et al.*,[1] | Case No. 21-51523 (MMP) |
| Debtors. | (Jointly Administered) |

**ORDER REGARDING EXPEDITED MOTION TO QUASH BANKRUPTCY RULE 2004 EXAMINATION NOTICES WITH SUBPOENA DUCES TECUM**

Came upon for consideration the *Expedited Motion to Quash Bankruptcy Rule 2004 Examination Notices with Subpoena Duces Tecum* [Dkt. No. 137] (the "*Motion*")[2] filed by

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In re Policy Services, Inc.*, 21-51513 (2864), *In re Wizard Mode Media, LLC*, 21-51514 (3205), *In re deeproot Pinball LLC*, 21-51515 (0320), *In re deeproot Growth Runs Deep Fund, LLC*, 21-51516 (8046), *In re deeproot 575 Fund, LLC*, 21-51517 (9404), *In re deeproot 3 Year Bonus Income Debenture Fund, LLC*, 21-51518 (7731), *In re deeproot Bonus Growth 5 Year Debenture Fund, LLC*, 21-51519 (9661), *In re deeproot Tech LLC*, 21-51520 (9043), *In re deeproot Funds LLC*, 21-51521 (9404), *In re deeproot Studios LLC*, 21-51522 (6283), and *In re deeproot Capital Management, LLC*, 21-51523 (2638).

[2] Capitalized terms used but not defined herein are intended to have the meanings ascribed to them in the Motion. Docket entries refer to those in chapter 7 Case No. 21-51523 (MMP).

{00591417;2}  1

129009681v.3

Cycladic International, LLC, ("*Cycladic International*"), Cycladic, LLC ("*Cycladic*"), and Thomas N. Andrew ("*Andrew*" and together with Cycladic International and Cycladic, the "*Subpoena Respondents*") seeking relief concerning a certain examination notices that John Patrick Lowe, Chapter 7 Trustee (the "*Trustee*") issued to the Subpoena Respondents pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "*Rule 2004 Notices*") along with subpoenas *duces tecum* the Trustee issued accompanying the Rule 2004 Notices (the "*Subpoenas*" and together with the Rule 2004 Notices, the "*Discovery*") [Dkt. No. 129]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having held an expedited hearing on September 1, 2022 (the "*Hearing*") with counsel for the Subpoena Respondents and the Trustee appearing; and the Court, having considered the Motion and the arguments of counsel at the Hearing, has determined that the Motion should be GRANTED in part and DENIED in part as set forth herein and decided on the record at the Hearing.

**IT IS HEREBY ORDERED THAT**

1. The Motion is DENIED with respect to the Trustee's designated topics for examination set forth in the Rule 2004 Notices.

2. The Motion is GRANTED to the extent the Trustee seeks Discovery for the period prior to September 1, 2012.

3. The Motion is DENIED to the extent that it seeks to quash requests seeking documents and communications belonging to Dover Capital Strategies LLC and Anemos

Consulting, Inc. The Trustee may seek documents and communications belonging to the foregoing entities that are in Thomas Andrew's possession, custody, and control.

4. The Motion is GRANTED to the extent that the Trustee's Request No. 11 seeks discovery from "any Person." The phrase "any Person" is hereby stricken from Trustee's Request No. 11 and replaced with the name "Russell Hagan."

5. The Trustee withdrew Trustee's Request No. 15 on the record at the Hearing and such request is hereby stricken from the Discovery.

6. The Motion is GRANTED to the extent Trustee's Request Nos. 18-20 seek discovery about compensation and/or distributions of funds that were not received from, or otherwise related to funds received from, Policy Services, Inc. ("*PSI*").

7. The Motion is GRANTED to the extent Trustee's Request Nos. 17, 21 and 22 seek discovery that is not related to funds received from PSI. The Trustee's Request Nos. 17, 21 and 22 are hereby limited to financial and banking records that evidence funds received from PSI.

8. The Motion is otherwise DENIED except as to the relief specifically set forth herein.

9. The Court shall retain jurisdiction to enforce and interpret this Order, along with any disputes related thereto.

# # #

PREPARED AND SUBMITTED BY:

*/s/ Stephen J. Humeniuk*
Stephen J. Humeniuk
LOCKE LORD LLP
600 Congress Ave., Suite 2200
Austin, TX 78701
Telephone: (512) 305-4700
stephen.humeniuk@lockelord.com
***Counsel for Cycladic International, LLC;
Cycladic, LLC; and Thomas N. Andrew***

AGREED TO AS TO FORM:

*/s/ W. Drew Mallender*
Randall A. Pulman
W. Drew Mallender
PULMAN CAPPUCCIO & PULLEN, LLP
2161 NW Military Hwy., Suite 400
San Antonio, TX 78213
Telephone: (210) 222-9494
rpulman@pulmanlaw.com
dmallender@pulmanlaw.com
***Counsel for John Patrick Lowe,
Chapter 7 Trustee***

{00591417;2}  4

129009681v.3