**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 14, 2022.**

_____
**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT FUNDS, LLC | § | BANKRUPTCY NO. 21-51521 |
| | § | |
| DEBTOR. | § | JOINTLY ADMINISTERED |

---

ORDER APPROVING TRUSTEE'S MOTION TO APPROVE
(A) SALE PROCEDURES, AND (B) THE FORM OF NOTICE FOR THE SALE OF PROPERTY
OF THE ESTATE OF DEEPROOT FUNDS, LLC

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each an "**Estate**" and collectively, the "**Estates**".

{00592412;1}

Came on for consideration the *Trustee's Motion to Approve (A) Sale Procedures, and (B) the Form of Notice for the Sale of Property of the Estate of deeproot Funds, LLC* (the "**Sale Procedures Motion**").[2] Based on the representations made in the Sale Procedures Motion, the Court finds that (i) it has jurisdiction over the matters raised in the Sale Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order on the Sale Procedures Motion; (iii) the relief requested in the Sale Procedures Motion seeking the establishment of Sale Procedures is in the best interests of the Estate and the creditors; (iv) proper and adequate notice of the Sale Procedures Motion has been given and no further notice is necessary; (v) all objections to the Sale Procedures Motion that were filed have been resolved or are hereby overruled; and (vi) based on the record herein, after due deliberation, good and sufficient cause exists for the granting of the Sale Procedures Motion in all respects, and pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014, the Court makes the additional **FINDINGS OF FACT AND CONCLUSIONS OF LAW.**

**THE COURT FINDS THAT:**

A.       Notice of the Sale Procedures Motion and related hearing on the matter was reasonable and sufficient and complied with all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules in light of the circumstances and nature of the relief requested therein, and no other or further notice is necessary.  A reasonable and fair opportunity to object to the Sale Procedures Motion and all relief requested therein and granted in this Order has been afforded.

---

[2] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Sale Procedures Motion.

B.      The legal and factual basis set forth in the Sale Procedures Motion establish just cause for the relief granted herein. Granting the relief is in the best interests of the Estate and the creditors.

C.      The Subscription Agreement is an executory contract because performance remained due by both Debtor and CCW as of the date of the bankruptcy filing by the Debtors.  The Trustee did not expressly accept or reject the Subscription Agreement within 60 days after the order of relief, and, therefore, the Subscription Agreement was deemed rejected by the Trustee, as provided by §365(d)(1) of the Bankruptcy Code.  Because the Subscription Agreement was rejected, the Trustee shall sell the Note at the Sale free and clear of any encumbrance or obligation provided for in the Subscription Agreement.

D.      Trustee has articulated good and sufficient reasons for this Court to grant the Sale Procedures Motion and to approve the Sale Notice, in substantially the same form as Exhibit 1 to this Order, and the Sale Procedures, in substantially the same form as Exhibit A to Exhibit 1 Sale Notice to this Order.

E.      The Sale Procedures are reasonable and appropriate and designed to maximize the value of the property of the Estate.

**THEREFORE, IT IS ORDERED THAT:**

1.      The Sale Procedures Motion is approved and granted.

2.      Any objections to the Sale Procedures Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Sale Procedures Motion, are overruled in their entirety.

3.      The Sale Notice, attached hereto as Exhibit 1, is approved.  Within three business days after the Court enters an Order approving the Sale Procedures Motion, Trustee shall serve the

Sale Notice by (a) by first-class United States mail, postage-prepaid, or by email if an email address has been provided on (i) the Limited Notice Parties, as such term is defined in the Limited Notice Order [ECF No. 74], and, (ii) any other parties who have expressed an interest in acquiring the Note; and (b) the Court's electronic-filing system on those parties receiving electronic notice by such system. Service of such Sale Notice is proper, due, timely, good, and sufficient notice of, among other things, the Sale Procedures, the proposed Sale, and the procedure for objecting thereto.

4.      The Sale Procedures, attached as <u>Exhibit A to Exhibit 1 Sale Notice</u>, which relate to the sale of the Note (the "**Sale**"), are approved.

5.      The Purchase Agreement is approved.

6.      The Purchase Agreement and the transactions contemplated thereby will be deemed a Qualified Bid for all purposes, and the Purchaser will be deemed to be a Qualified Bidder.

7.      The Subscription Agreement is an executory contract rejected by the Trustee pursuant to §365(d)(1) of the Bankruptcy Code; the Note shall be sold free and clear of any encumbrance or obligation of or created by the Subscription Agreement, including, but not limited to, the obligation to reimburse CCW for the interest expense and other related costs incurred by CCW in connection with the Conrad Loan.

8.      Any party wishing to participate as a qualified bidder should submit (a) a bid for the Note ("**Bid**"), (b) a purchase agreement, signed by an authorized representative of such bidder, and (c) evidence of the bidder's financial ability to close the transaction, to J. Patrick Lowe, Trustee, an earnest money deposit in the amount of One Hundred Thousand and no/100 Dollars ($100,000.00) ("**Deposit**") with Trustee's counsel, Randall A. Pulman, at Pulman, Cappuccio & Pullen, LLP, by no later than **<u>October 7, 2022</u>** (the "**Bid Deadline**"). Any such Bid submitted by

the Bid Deadline shall be in the amount of at least One Million Fifty Thousand and no/100 Dollars ($1,050,000.00) to be a qualified bid ("**Qualified Bid**") and to allow the bidder to become a Qualified Bidder ("**Qualified Bidder**"). The deposited funds will be held by Pulman, Cappuccio & Pullen, LLP in its trust account until after the closing of the sale. The Earnest Money Deposit of all Qualified Bidders (except for the highest bidder (the "**Successful Bidder**")) will be returned, without interest, to each Qualified Bidder as soon as reasonably practicable but in any event within seven (7) business days after the closing of the Sale.

9.      By no later than <u>noon on **October 10, 2022**</u>, Trustee will file a notice (the "**Bid Notice**") with the Court stating whether it has timely received a binding offer to purchase the Note in a cash amount of at least $1,050,000.00.

10.      **The Court shall hold a hearing to approve the sale of the Note to the Purchaser, or its assignee, or to the Successful Bidder, free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. §363, based on the Purchase Agreement. Such hearing shall be held on October 13, 2022, at 1:30 p.m., in Courtroom #1, 3rd Floor, 615 E. Houston Street, San Antonio, Texas** (the "**Sale Hearing**").

11.      In the event that Trustee files a notice stating that Trustee has not received a cash offer of at least $1,050,000.00, at the Sale Hearing the Trustee will seek approval of the Sale of the Note to the Purchaser, or its assignee, free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363, based on the Purchase Agreement. In the event Trustee files a notice stating that Trustee has received at least one Qualified Bid, at the Sale Hearing, Trustee will seek approval of the Sale of the Note to the Successful Bidder, or its assignee, free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363.

12.    In the event Trustee receives at least one Qualified Bid by the Bid Deadline, and such bid is better than CCW 's offer, as may be determined solely by the Trustee in exercising his best business judgment and discretion, a public outcry auction shall be conducted at the Sale Hearing.  Only CCW and any Qualified Bidder(s) shall be eligible to bid at the auction.  At the conclusion of the auction, the Court shall select the Successful Bidder.

13.    The closing of the sale of the Note to the Successful Bidder shall occur no later than seven (7) days following the Court filing an order approving the sale of the Note to the Successful Bidder (the "**Closing Deadline**"). The Closing Deadline may be modified upon an agreement between Trustee and the Successful Bidder.

14.    If any Successful Bidder fails to consummate a Sale because of a breach or failure to perform on the part of such Successful Bidder, the Qualified Bidder that had submitted the next highest or otherwise best Qualified Bid (if any), as determined by the Trustee (the "**Back-Up Bidder(s)**"), will be deemed to be the Successful Bidder for the Note and Trustee will be authorized to consummate the Sale of the Note to such Back-Up Bidder without further order of the Bankruptcy Court and such Qualified Bid shall thereupon be deemed the Successful Bid.

15.    If any Successful Bidder fails to consummate the purchase of the Note, and such failure to consummate the purchase is the result of a breach by such Successful Bidder, an amount equal to 25% of the Deposit of such Successful Bidder shall be forfeited to the estate.

16.    Any objection(s) filed to the sale of the Note (i) shall be set forth in writing and shall specify with particularity the grounds for such objections or other statements of position, and (ii) shall be filed with the Court no later than **October 7, 2022** (the "**Objection Deadline**").  Any person failing to timely file an objection to the Sale prior to the Objection Deadline shall be forever barred from objecting to the Sale, including the transferring of the Note free and clear of any and

all liens, claims and other interests, and will be deemed to consent to the Sale.

17.     Trustee reserves the right to (i) determine in its discretion whether any Qualified Bid is a Successful Bid and (ii) reject, at any time prior to the entry of the Sale Order by the Bankruptcy Court, without liability, any Bid that Trustee in its discretion, determines to be inadequate, insufficient, not in conformity with the Sale Procedures or the Bankruptcy Code, or contrary to the best interests of the Estate.

18.     Trustee reserves the right to modify the Sale Procedures, without the need for any further order of the Bankruptcy Court, including, without limitation (a) extending the deadlines set forth in these Sale Procedures, and (b) requesting a continuance of the hearing on the Sale Motion; provided, however, that the Trustee may not (i) change the amount required for a Bid to qualify as a Qualified Bid, or (ii) change the requirements for a bidder to become a Qualified Bidder.

19.     Nothing contained in the Sale Procedures or this Order shall limit, restrict, alter, modify, waive or otherwise impair Trustee's reasonable business judgment in relation to the sale process contemplated by the Sale Procedures.

20.     Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rule 6004(h) are hereby waived.

21.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

### #

**ORDER SUBMITTED BY:**

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR CHAPTER 7 TRUSTEE**

# EXHIBIT 1

vq'Qt f gt 'Cr r t qxlpi

Ucrg'P qvleg'cpf

Ucrg'Rt qegf wt gu

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT FUNDS, LLC | § | BANKRUPTCY NO. 21-51521 |
| | § | |
| DEBTOR. | § | JOINTLY ADMINISTERED |

TRUSTEE'S NOTICE OF SALE OF THE PROPERTY OF THE ESTATE OF POLICY SERVICES, INC.

## PLEASE READ THIS NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED AS SET FORTH HEREIN.

On December 9, 2021 (the "**Petition Date**"), the Debtors filed their respective voluntary petitions under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). The Court approved joint administration of Debtors listed in the captioned footnote on December 20, 2021. On December 21, 2021, John Patrick Lowe was appointed Chapter 7 Trustee (the "**Trustee**") of the estates of the Jointly Administered Debtors.

On September 8, 2022, Trustee filed *Trustee's Motion to Approve (A) Sale of Property of the Estate of deeproot Funds, LLC, (B) Sale Procedures in Connection with the Sale of Property of the Estate of deeproot Funds, LLC, and (c) the Form of Notice for the Sale of Property of the Estate of deeproot Funds, LLC* (the "**Sale Procedures Motion**") seeking approval of certain procedures for the sale of and taking bids (the "**Sale Process**") on property of the Estate of deeproot Funds, LLC. Through this Sale Process, Trustee seeks the highest and best offer(s) for the sale (the

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each an "**Estate**" and collectively, the "**Estates**".

"**Sale**") of a certain Promissory Note (the "**Note**") free and clear of any and all liens, claims, rights, interests, and encumbrances in accordance with Section 363(f) of the Bankruptcy Code, with such liens, claims, rights, interests, and encumbrances to attach to the sale proceeds. The Sale Process is subject to, and all offers must be in accordance with, the sale procedures approved by the Bankruptcy Court, which are attached hereto as **Exhibit A** (the "**Sale Procedures**").

On September ___, 2022, the Bankruptcy Court entered its Order Approving *Trustee's Motion to Approve (A) Sale of Property, and (B) the Form of Notice for the Sale of Property of the Estate of deeproot Funds, LLC* [Docket No. ___ (the "**Sales Procedures Order**") in which the Bankruptcy Court, among other things, (a) approved the Sales Procedures, (b) approved the form and manner of notice of the Sale Procedures, (c) set an Objection Deadline to the Sale, and (d) established the date for the sale hearing.

Any party wishing to participate as a qualified bidder should submit (a) a bid for the Note ("**Bid**"), (b) a purchase agreement ("**Purchase Agreement**"), signed by an authorized representative of such bidder, (c) evidence of the bidder's financial ability to close the transaction, to J. Patrick Lowe, Trustee, 2402 E. Main, Uvalde, Texas 78801; email pat.lowe.law@gmail.com, and (d) a deposit in the amount of One Hundred Thousand and no/100 Dollars ($100,000.00) ("**Deposit**") with Trustee's counsel, Randall A. Pulman, at Pulman, Cappuccio & Pullen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 78213; Phone No. (210) 222-9494, Fax No. (210) 892-1610; email rpulman@pulmanlaw.com by no later than October 7, 2022 (the "**Bid Deadline**"). Any such Bid submitted by the Bid Deadline shall be in the amount of at least One Million Fifty Thousand and no/100 Dollars ($1,050,000.00) to be a qualified bid ("**Qualified Bid**") and to allow the bidder to become a Qualified Bidder ("**Qualified Bidder**"). The deposited funds will be held by Pulman, Cappuccio & Pullen, LLP in its trust account until after the closing of the sale. The Deposit of all Qualified Bidders (except for the highest bidder (the "**Successful Bidder**")) will be returned, without interest, to each Qualified Bidder as soon as reasonably practicable but in any event within seven (7) business days after the closing of the Sale.

In the event Trustee receives at least one Qualified Bid by the Bid Deadline and such bid is better than CCW 's offer as may be determined solely by the Trustee in exercising his best business judgment and discretion, a public outcry auction shall be conducted at the hearing on the Sale Hearing. Only CCW and any Qualified Bidder(s) shall be eligible to bid at the auction. At the conclusion of the auction, the Court shall select the Successful Bidder.

In the event Trustee receives at least one Qualified Bid, counsel for Trustee will file a notice with the Court (the "**Bid Notice**") by no later than noon on October 10, 2022. **The Court shall hold a hearing to approve the sale of the Note on October 13, 2022, at 1:30 p.m. (the "Sale Hearing"), where Trustee will seek approval of the sale of the Note to the Successful Bidder.**

The Sale Hearing will be held at Hipolito F. Garcia Federal Building and United States Courthouse, Courtroom No. 1, Third Floor, 615 E. Houston St., San Antonio, Texas 78205.

Objections, if any, to the consummation of the Sale, shall be filed with the Bankruptcy Court by no later **October 7, 2022** (the "**Objection Deadline**"). Any person failing to timely file an objection to the Sale prior to the deadlines set forth in the Sale Procedures Order shall be forever barred from objecting to the Sale, including the transferring of the Note free and clear of any and all liens, claims and other interests, and will be deemed to consent to the Sale.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: _____
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

# Exhibit A to Notice of Sale:

## Approved Sale Procedures

# SALE PROCEDURES

On December 9, 2021 (the "**Petition Date**"), deeproot Funds, LLC, one of eleven jointly administered debtors ("**Debtor**"), and the holder and payee of the Note (defined below), filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").

On December 21, 2021, J. Patrick Lowe, was appointed chapter 7 Trustee ("**Trustee**") for the estate of *In re deeproot Funds, LLC.*, Case No. 21-51521, in the United States Bankruptcy Court of the Western District of Texas, San Antonio, Division, which case is being Jointly Administered under *In re deeproot Capital Management, LLC, et al.*, Case No. 21-51523, in the United States Bankruptcy Court of the Western District of Texas, San Antonio, Division.

These Sale Procedures have been approved and authorized pursuant to the *Trustee's Motion to Approve (A) Sale Procedures, and (B) the Form of Notice for the Sale of Property of the Estate of deeproot Funds, LLC* (the "**Sale Motion**") and the *Order Approving Trustee's Motion to Approve (A) Sale Procedures, and (B) the Form of Notice for the Sale of Property of the Estate of deeproot Funds, LLC* (the "**Sale Procedures Order**"), entered by the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

### A. Assets to be Sold

Generally, the assets to be sold include the conveyance free and clear of all liens, claims, encumbrances, and interests in a certain promissory note, as described in the Sale Motion, a copy of the Note is attached hereto as Exhibit A (the "**Note**").

Any interested purchaser who notifies the Trustee of their desire to submit a bid for the purchase of the Note will, upon request to the Trustee, be provided copies of relevant financial information and due diligence materials (the "**Due Diligence**"), provided such interested purchaser first executes a confidentiality (the "**Confidentiality Agreement**"). Any party wishing to receive a Confidentiality Agreement should make such request via email with the subject line to read "CONFIDENTIALTY AGREEMENT" and send it to MaryAnn Villa at mvilla@pulmanlaw.com

### B. Submission of Initial Qualifying Bids by Potential Purchasers

Any party wishing to participate as a qualified bidder should submit (a) a bid for the Note ("**Bid**"), (b) a purchase agreement ("**Purchase Agreement**"), signed by an authorized representative of such bidder, (c) evidence of the bidder's financial ability to close the transaction, to J. Patrick Lowe, Trustee, 2402 E. Main, Uvalde, Texas 78801; email pat.lowe.law@gmail.com, and (d) an earnest money deposit in the amount of One Hundred Thousand and no/100 Dollars ($100,000.00) ("**Deposit**") with Trustee's counsel, Randall A. Pulman, at Pulman, Cappuccio & Pullen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 78213; Phone No. (210) 222-9494, Fax No. (210) 892-1610; email rpulman@pulmanlaw.com by no later than October 7, 2022 (the "**Bid Deadline**").

Any such Bid submitted by the Bid Deadline shall be in the amount of at least One Million, Fifty Thousand and no/100 Dollars ($1,050,000.00) to be a qualified bid ("**Qualified Bid**") and to allow the bidder to become a Qualified Bidder ("**Qualified Bidder**"). The deposited funds will be

held by Pulman, Cappuccio & Pullen, LLP in its trust account until after the closing of the sale. The Deposits of all Qualified Bidders (except for the highest bidder (the "**Successful Bidder**")) will be returned, without interest, to each Qualified Bidder as soon as reasonably practicable but in any event within seven (7) business days after the closing of the Sale

### D.  The Selection of the Successful Bid

In the event Trustee receives at least one Qualified Bid by the Bid Deadline, and such bid is better than CCW 's offer as may be determined solely by the Trustee in exercising his best business judgment and discretion, a public outcry auction shall be conducted at the hearing on the Sale Hearing.  Only CCW and any Qualified Bidder(s) shall be eligible to bid at the auction. At the conclusion of the auction, the Court shall select the Successful Bidder.

### E.  Objections to Sale

Any objection(s) filed to the sale of the Note (i) shall be set forth in writing and shall specify with particularity the grounds for such objections or other statements of position; (ii) shall be filed with the Court no later October 7, 2022 (the "**Objection Deadline**").  Any person failing to timely file an objection to the Sale prior to the Objection Deadline shall be forever barred from objecting to the sale of the Note, including the transferring of the Note free and clear of any and all liens, claims and other interests, and will be deemed to consent to the sale of the Note.

### F.  Court Approval

The Court will hold a hearing to approve the sale of the Note to the Successful Bidder on October 13, 2022, at 1:30 p.m. in Courtroom #1, 3rd Floor, 615 E. Houston Street, San Antonio, Texas (the "**Sale Hearing**"), where Trustee will seek approval of the sale of the Note to the Successful Bidder.

At the Sale Hearing, Trustee will seek entry of an order approving the sale of the Note to the Successful Bidder pursuant to 11 U.S.C. §363(f) and free and clear of all liens, claims, encumbrances, and interests.  The Sale Hearing may be adjourned or rescheduled as ordered by the Bankruptcy Court or by Trustee with the approval of the Successful Bidder and without further notice to creditors and parties in interest other than by announcement by Trustee of the adjourned date at the Sale Hearing.

Trustee's presentation to the Bankruptcy Court for approval of a Successful Bid does not constitute Trustee's acceptance of the Bid. Trustee will be deemed to have accepted a Bid only when the Bid has been approved by Order of the Bankruptcy Court.

### G.  Closing

The closing of the sale of the Note to the Successful Bidder shall occur no later than seven (7) days following the Court filing an order approving the sale of the Note to the Successful Bidder (the "**Closing Deadline**"). The Closing Deadline may be modified upon an agreement between Trustee and the Successful Bidder; provided, however, that this requirement may be waived upon an agreement between Trustee and the Successful Bidder.

### H.  Failure to Consummate Purchase

If any Successful Bidder fails to consummate the purchase of the Note, and such failure to consummate the purchase is the result of a breach by such Successful Bidder, an amount equal to twenty percent (25%) of the Deposit of such Successful Bidder shall be forfeited to the Estate.

### I.  Back-Up Bidders

If any Successful Bidder fails to consummate a sale because of a breach or failure to perform on the part of such Successful Bidder, the Qualified Bidder that had submitted the next highest or otherwise best Qualified Bid (if any), (the "**Back-Up Bidder(s)**") will be deemed to be the Successful Bidder for the Note and Trustee will be authorized to consummate the sale of the Note to such Back-Up Bidder without further order of the Bankruptcy Court and such Qualified Bid shall thereupon be deemed the Successful Bid. If any Qualified Bidder fails to consummate the sale because of a breach or failure to perform on the part of such Qualified Bidder or for any reason within ten days after being deemed the Back-Up Bidder pursuant to this section of the Sale Procedures, the process described above may continue as determined by Trustee until a Qualified Bidder shall consummate the sale.

### J.  Return of Deposit

The Deposits of all Qualified Bidders, who are not the Successful Bidder, will be returned, without interest, to each such Qualified Bidder as soon as reasonably practicable but in any event within seven (7) business days after the closing of the sale of the Note.

### K.  Reservation of Rights

1.  <u>Determination of Successful Bid</u>. Trustee reserves the right to: (a) determine whether any bid is a Qualified Bid, and (b) reject, at any time prior to the entry of the Sale Order, any Bid that the Trustee in its discretion determines to be inadequate, insufficient, not in conformity with the Sales Procedures or the Bankruptcy Code, or contrary to the best interest of the Trustee and its Estate.

2.  <u>Modification of Bidding Procedures</u>. Trustee may modify the Sale Procedures, without the need for any further order of the Bankruptcy Court, including, without limitation (a) extending the deadlines set forth in these Sale Procedures, and (b) adjourning the Sale Hearing; provided, however, that the Trustee may not (i) change the amount required for a Bid to qualify as a Qualified Bid, or (ii) change the requirements for a bidder to become a Qualified Bidder.

3.  Nothing contained in these Sale Procedures, or the court's order, shall limit, restrict, alter, modify, waive or otherwise impair Trustee's reasonable business judgment in relation to the sale process contemplated by these Sale Procedures.

### L.  As Is, Where As Sale

The sale of the Note shall be on an **"as is, where as"** basis and without representations or warranties of any kind, nature, or description by the Trustee, the Estate, or its agents and

representatives. Except as otherwise expressly provided in these Sale Procedures, by submitting a Bid, each bidder shall be deemed to acknowledge and represent that it (i) has had an opportunity to conduct any and all reasonable due diligence regarding the Note prior to makings its bid, (ii) has relied solely upon its own independent review, investigation and/or inspection of any and all documents and/or the Note in making its bid, and (iii) did not rely on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Note, or the completeness of any information provided in connection therewith.

###### M.  **Trustee's 's Counsel**

Any questions regarding these Sales Procedures should be addressed to Trustee's Counsel whose contact information is:

Randall A. Pulman
rpulman@pulmanlaw.com
W. Drew Mallender
dmallender@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

# Exhibit A
# To Sale Procedures

# Note

FINAL EXECUTION COPY

## PROMISSORY NOTE

| | |
|---|---|
| **Effective Date:** | November 20, 2018 |
| **Maker:** | CCW Braun Heights, LLC, a Texas limited liability company |
| **Maker's Mailing Address:** | 22809 Citron Circle, San Antonio, TX 78260 |
| **Payee:** | deeproot Funds, LLC, a Texas limited liability company |
| **Place for Payment:** | PO Box 691610, San Antonio, TX 78260-1610 |
| **Principal Amount:** | THREE MILLION THREE HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS ($3,350,000.00),as adjusted by the First Amendment to Subscription Agreement of deeproot Funds, LLC. A list of the installments of loan proceeds is attached hereto as Exhibit A. |

**Maturity Date:** Five (5) years from the date of the grand opening of the carwash facility (Opening date is defined in the First Amendment to Subscription Agreement of deeproot Funds, LLC).

**Interest Rate on Unpaid Principal:** Pursuant to the First Amendment to Subscription Agreement of deeproot Funds, LLC.

**Annual Interest Rate on Matured, Unpaid Amounts:** FIVE (5%) PERCENT SIMPLE INTEREST, NOT COMPOUNDED

**Terms of Payment:** All accrued interest on the Principal Amount and the Principal Amount shall be due and payable in a balloon amount on the Maturity Date, Pursuant to the First Amendment to Subscription Agreementof deeproot Funds, LLC.

**Security for Payment:** Deed of Trust dated on or about November 20, 2018, securing a second lien against certain real property located in Bexar County, Texas.

Maker promises to pay to the order of Payee, at the place for payment and according to the terms of payment, the principal amount plus interest at the rates and in the amounts stated above. Maker promises to pay interest on matured, unpaid amounts at the Annual Interest Rate on Matured, Unpaid Amounts.

If Maker defaults in the payment of this Promissory Note, and the default continues after Payee gives Maker ten (10) days prior written notice of the default, or if a default occurs pursuant to the terms of the Security Agreement referenced above, then Payee may declare the unpaid principal

FINAL EXECUTION COPY

balance and earned and accrued interest on this note immediately due and payable. Maker waives all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

If this Promissory Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection and enforcement, including reasonable attorneys' fees and court costs, in addition to other amounts due.

Interest on the debt evidenced by this note shall not exceed the maximum amount of non-usurious interest that may be contracted for, taken, reserved, charged, or received under the laws of the State of Texas; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

Maker may prepay the principal amount outstanding in whole or in part. Any partial prepayment shall be applied against the principal amount outstanding and shall not postpone the due date of any subsequent monthly installments or change the amounts of such installment, unless the Payee shall otherwise agree in writing. Additional principal payments may be made in any amount on any regular payment date. Maker may pay this note in full at any time without charge or penalty.

Maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

[Signature on next page.]

FINAL EXECUTION COPY

**MAKER**:

CCW Braun Heights, LLC,
a Texas limited-liability company

BY: _____
Mike Conrad, Co-Manager Member

Signature Page

FINAL EXECUTION COPY

### Exhibit A
### Schedule of Funding Dates and Amounts

| Funding Date | Amount |
|---|---|
| May 12, 2017 | $625,000.00 |
| August 23,2017 | $250,000.00 |
| August 24, 2017 | $86,000.00 |
| January 10, 2018 | $180,000.00 |
| February 9, 2018 | $40,000.00 |
| May 15, 2018 | $125,000.00 |
| June 6, 2018 | $51,000.00 |
| August 7, 2018 | $100,000.00 |
| September 10, 2018 | $100,000.00 |
| October 19, 2018 | $100,000.00 |
| Subtotal: | $2,057,000.00 |

EXHIBIT A