Roxanne Holly
6821 E. Brownstone Pl.
Tucson, AZ 85750
Rholly04@msn.com
520-235-2650



# IN THE UNITED STATES BANKRUPTSY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC | § | BANKRUPTCY NO. 21-51523-MMP |
| ET AL., | § | LEAD CASE |
| DEBTORS | § | JOINTLY ADINISTERED |

## CREDITOR, ROXANNE HOLLY, OBJECTIONS TO PROPOSED SETTLEMENT

Roxanne Holly, a creditor in these proceedings, and Objector herein, for her objection to the proposed settlement observes and advises the court as follows:

1. Objector is a creditor of the combined estates in these proceedings.

2. Objector has filed in court her claim for relief from the fraudulently operated scams of the debtor/debtors herein.

3. With respect to the proposed settlement agreement, it should be apparent it is a nonstarter from the beginning. Specifically, in the recitals of the settlement agreement, which are incorporated into the substantive terms thereof, it is recited and acknowledged that the trust or trust parties received $330,000 from investor funds, through the obvious improper and illegal actions of Robert Mueller.

4. Notwithstanding this statement, the trustee's proposed settlement does not even recover the amount so transferred improperly of investor funds. Instead, the trustee immediately appears to

The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re:Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: Deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: Deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a **"Bankruptcy Estate"** and collectively, the **"Bankruptcy Estates"**.

leave $30,000 of the ill-gotten gains to and for the benefit of the debtors and or the Trust Parties. When the trail is evident for the source of these funds what can possibly justify abandoning that amount?

5. The recitations and accompanying documents further indicate that the Trust Parties received handsome growth in value of the improperly provided funds. Specifically, the funds were used to purchase valuable properties which, according to the information provided, appreciated tremendously in value subsequent to purchase and by the time of sales being effected.

6. At a minimum, in addition to not leaving $30,000 in the hands of persons not entitled thereto, the settlement, if honestly made, should certainly, at least, provide a pro rata return on the investment based upon the net proceeds received from the sales of the Hawaiian properties. Otherwise, Robert Mueller and his related beneficiaries of his illegal and inappropriate actions benefit directly and exclusively from the use and misuse of such funds. Creditors, including most certainly the undersigned creditor did not have the prospect for such appreciation due to the multiple dishonesties of the Debtors.

7. The trustee relies heavily on the guidance of the applicable case law to address the several standards which are applicable to the review and determination by the court for the granting of the compromise and settlement. This, of course, is appropriate. The analysis of the trustee, however, is not appropriate.

8. In a single sentence, paragraph 25 of the Trustee's motion, the Trustee asserts confidence in the strength of the claims, and yet immediately compromises the same. With much less information at hand than the Trustee has, Objector nonetheless observes that the operative facts are not in dispute. There's no question how much money was taken inappropriately and how much was provided inappropriately to the related parties of the person, Robert Mueller, so providing the funds. The tracking of the funds appears to have already been completed and does not appear to be in dispute. Therefore, the Trustee's immediate walking away from the confidence half a sentence extols is misplaced. The trustee does appear to be in a strong position, one which would lend itself to quick establishment if an adversary proceeding were required.

9. Objector herein very much appreciates and encourages the control of administrative expenses, including those associated with litigation. But the net proceeds alone observed from the sales of several Hawaiian properties are substantially more than the projected expenses for administrative proceeding, or adversary proceeding. In other words, even using the timidity of the Trustee as a guideline, there would appear to be substantial, significant, and valuable proceeds in excess of the cost of securing the same which would arise from not permitting the Trust Parties to have the exclusive, full benefit of the use of the ill-gotten funds as to them. No, those valuable proceeds should be utilized for and gathered by the Trustee for the benefit of the administration of the estate, and more importantly for payment to creditors, each and all who have likely been defrauded as has this Objector.

10. As with the assertion of his confidence in the likelihood of prevailing, so to the second prong of the test utilized by the Trustee to determine the suitability of a settlement is one in which the

Trustee makes a factually correct statement about the claims not being complex, but then immediately again moves in the opposite direction of that statement with a concern about administrative expenses. Again, assuming the Trustees has gathered correctly the information provided in his motion and attachments, the net proceeds from even administrative expense as substantial as projected by the trustee, will leave substantial valuable benefits for the estate and for the creditors thereof.

11. With respect to the third prong of the test for the propriety of this settlement agreement, Objector herein relies on the accuracy of the information provided in the motion accompanying the proposed settlement. With respect to the degree to which it is the effect of arm's-length negotiations, again, Objector will rely upon the same. Notwithstanding that reliance, no information whatsoever is provided regarding what more had been sought by the Trustee and what compromises have been made in such negotiations. Objector, a creditor, is completely without any information with respect thereto and cannot therefore effectively evaluate that criterion and therefore does not acquiesce to that determination.

12. Objector notes there is another factor which has not been addressed at all by the proposed settlement. In **In re Allied Properties, LLC**, case no. 06-33754, the court therein, in consideration of a proposed settlement, observed that <u>the court is also required to consider the views of creditors</u>. Curiously, that is the one element of the analysis provided to the court herein which is not even vaguely referenced in the compromise proposal and yet, it is a requirement for consideration.

14. Objector has not counselled with or sought participation by any other creditors. Notwithstanding, she perceives it is likely there are creditors who have or will object to the proposed settlement, as it is patently dismissive of their positions and interests. If even as the sole creditor to be heard on the issue, Objector lodges her disagreement with the proposed settlement. Trustee's fiduciary responsibilities must at a minimum ensure the most favorable outcome, the most favorable recourse for all creditors, and must favor the need for equities to be balanced in favor of the victims of unscrupulous debtors.

For the above stated reasons, Objector moves the court to deny the motion seeking approval of the settlement agreement. If the court is so inclined, the court should order the parties to fully and transparently provide information to creditors and to readdress any settlement possibilities. To the extent they are not already sequestered by orders from the District Court, this court should direct sequestering of proceeds from the sales of properties which were only available for purchase through the ill-gotten monies provided to the detriment of the creditors and to the benefit of the Trust Parties.

Respectfully submitted this 3rd of October, 2022,

*Roxanne Holly*

Roxanne Holly, Creditor/Objector

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of October 2022, a true and correct copy of the foregoing document has been furnished via Electronic Noticing to all parties receiving notice by email, and via US First Class Mail to the parties on the attached Limited Service List.

catherine.curtis@wickphillips.com

:jason.rudd@wickphillips.com

Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC

deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
I 2621 Silicon Dr.
San Antonio, TX 78249

catherine.curtis@wickphillips.com,·
jason.rudd@wickphillips.com
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020
Pat.lowe.law@gmail.com
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

catherine.curtis@wickphillips.com;
jaso11.rudd@wickphillips.com
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
313 I McKinney Ave, Suite 500
Dallas, TX 75204

Aubrey.thomas@usdoi.gov

United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

Don.stecker@lgbs.com
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

rbattaglialaw@outlook.com
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

jpetree@mcslaw.com
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

jdunne@smfadlaw.com
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

*Bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

*pautry@branscomblaw.com*
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206 San Antonio, TX 78249

*lmjurek@jureklaw.com*
Lynne M. Jurek
THE JUREK LAWGROUP, PLLC
4309 Yoakum Blvd.
Houston, TX 77006

*esnyder@casnlaw.com*
Edward C. Snyder Castillo Snyder PC
700 N. St. Mary's Street Suite 405 San Antonio, TX 78205

/s/ Roxanne Holly
Roxanne Holly