**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 13, 2022.**



_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| deeproot CAPITAL MANAGEMENT, LLC, ET AL.,[1] | § § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| deeproot FUNDS, LLC, | § | BANKRUPTCY NO. 21-51521 |
| | § | |
| DEBTOR. | § | JOINTLY ADMINISTERED |

**ORDER APPROVING TRUSTEE'S MOTION TO APPROVE THE SALE OF PROPERTY OF THE ESTATE OF deeproot FUNDS, LLC, FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. §§ 363(B) AND (F)**

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each an "**Estate**" and collectively, the "**Estates**".

On October 13, 2022 the Court conduced a hearing on the Sale Motion of John Patrick Lowe, the Trustee ("**Trustee**") of the bankruptcy estate of *In re deeproot Funds, LLC*, Case No. 21-51521, ("**deeproot Funds**") which case is jointly administered under lead case *In re deeproot Capital Management, LLC* with other related entities at Case No. 21-51523, for an Order approving *Trustee's Motion to Approve (A) Sale of Property of the Estate of deeproot Funds, LLC, (B) Sale Procedures in Connection with the Sale of Property of the Estate of deeproot Funds, LLC, and (c) the Form of Notice for the Sale of Property of the Estate of deeproot Funds, LLC* (the "**Sale Motion**")[2] concerning property described as follows:

> Promissory Note dated November 20, 2018, in the original principal sum of $3,350,000 (the "**Note**"), executed by CCW Braun Heights, LLC ("**Purchaser**" and/or "**CCW**") and payable to the order of Debtor. Payment of the Note is secured by a lien on certain real property located at 10670 Bandera, San Antonio, Texas 78250 (the "**Property**") pursuant to a certain Subordinated Second Lien Deed of Trust of even date with the Note (the "**Deed of Trust**"), executed by Debtor, as lender, and by CCW, as grantor, and recorded in the official public records of Bexar County, Texas. A copy of the Note and a copy of the Deed of Trust are attached as **Exhibit A** and **Exhibit B**, to the Sale Motion. [ECF No. 147].

The Note and the Deed of Trust are sometimes collectively referred to herein, as "**the Assets**". The sale and conveyance of the Assets for which approval is sought is occasionally referred to herein as "the Sale". The Court has reviewed the Sale Motion and has heard the evidence in support of the relief requested therein at a hearing before the Court on October 13, 2022 (the "**Sale Hearing**"). The Court considered any objections to the Sale Motion, each of which are overruled, resolved, or withdrawn; and including the announcements and agreements stated on the record at the hearing, the Court has determined that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein. After due deliberation the Court finds that:

---

[2] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Sale Motion.

1. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this bankruptcy case and the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 105(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. <u>Statutory Predicates</u>. The statutory predicates for the relief sought in the Sale Motion are sections 105(a) and 363 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002, 6004, 9007 and 9014, and the applicable Local Rules for the United States Bankruptcy Court for the Western District of Texas (the "**Local Rules**").

3. <u>Final Order</u>. This order approving the Sale Motion (this "**Order**") constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and to any extent necessary under Bankruptcy Rules 9014, Rule 54(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7054, and any other applicable rule or law, the Court expressly finds that there is no just reason for the delay in the implementation of this Order, waives any stay, and expressly directs entry of the order as set forth herein. This Order shall be effective and enforceable immediately upon entry.

4. <u>Notice</u>. As evidenced by the certificates of service filed with this Court, based upon the record of the case and representations of counsel at the Sale Hearing: (i) in accordance with inter alia, Bankruptcy Rule 2002, due proper, timely, adequate and sufficient notice of the Sale Motion and the transactions contemplated therein (the "**Sale**") has been provided; (ii) no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances of this bankruptcy case; and (iv) no other or further notice of the Sale Motion, the Sale Hearing or the Sale is or shall be required. The disclosures made by the Trustee

concerning the Sale Motion, the Sale, and the Sale Hearing were reasonable, adequate, and complete.

5. <u>Opportunity to Object</u>. A reasonable opportunity to object and to be heard with respect to the proposed Sale, the Sale Motion and the relief requested therein has been given to all interested persons and entities, including, without limitation, the following: (i) all potential purchasers previously identified by the Trustee and any additional parties who have expressed an interest in potentially acquiring the Note, including those parties that have submitted formal expressions of interest; (ii) all other potentially interested parties identified by the Trustee in his business judgment as a potential purchaser of the Note; (iii) the Office of the United States Trustee; (iv) all applicable federal, state and local regulatory or taxing authorities; and (v) the debtors and all parties on the most current service list.

6. <u>Sale in the Best Interests of the Trustee, the Debtors' Estates and Creditors</u>. Good and sufficient reasons for approval of the Sale have been articulated, and the relief requested in the Sale Motion and granted herein is in the best interest of the Trustee, deeproot Funds, LLC., and the other debtors, their estates, their creditors, and other parties in interest.

7. <u>Business Justification</u>. The Trustee has demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sale outside of the ordinary course of business under section 363(f) of the Bankruptcy Code. Given all the circumstances of this bankruptcy case and the adequacy and fair value of the purchase price, the proposed Sale constitutes a reasonable and sound exercise of the Trustee's business judgment and should be approved.

8. <u>Highest and Best Value</u>. The Trustee conducted a fair and open sale process. The sale process was non-collusive, duly noticed and provided a full, fair and reasonable opportunity

for any entity to make an offer to purchase the Assets. The process conducted by the Trustee obtained the highest and best value for the Assets for the estate.

9. <u>Good Faith; No Collusion</u>. The Trustee and the Purchaser, and their respective counsel and advisors, have negotiated, proposed and entered into the Note Purchase and Sale Agreement and each of the transactions contemplated therein in good faith, without collusion and from arm's-length bargaining positions. The Purchaser is a "good faith purchaser" and is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby. The Purchaser has proceeded in good faith in all respects in that, among other things, (i) the Purchaser recognized that the Trustee was free to deal with any other party interested in acquiring the Assets and (ii) all payments to be made by the Purchaser and all other material agreements or arrangements entered into by the Purchaser and the Trustee in connection with the Sale Transaction have been disclosed and are appropriate. The sale price in respect of the Assets was not controlled by any agreement among potential purchasers and neither the Trustee nor the Purchaser has engaged in collusion or any conduct that would cause or permit the sale to the Purchaser e to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code. The Purchaser has paid the fair market value for the Property, in an arm's length transaction, and the Court has not been presented with any evidence of collusion or fraud between the Purchaser and any other party, including the Debtor. The Purchaser is not an "insider" or "affiliate" of any of the Debtor, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders existed between the Purchaser and the Debtor. The Purchaser is entitled to the full protections of 11 U.S.C. section 363(m) as a good faith purchaser.

10. <u>Subscription Agreement</u>. The Subscription Agreement is an executory contract as it is a contract under which performance remained due by both Debtor and CCW as of the date the order of relief was granted. The Trustee did not expressly accept or reject the Subscription Agreement within 60 days after the order of relief, and, therefore, the Subscription Agreement was deemed rejected by the Trustee, as provided by §365(d)(1) of the Bankruptcy Code. Because the Subscription Agreement was rejected, the Trustee shall sell the Note at the Sale free and clear of any encumbrance or obligation of the Subscription Agreement.

11. <u>Free and Clear</u>. deeproot Funds, LLC is the sole and lawful holder of the Note. The conveyance of the Note will be a legal, valid, and effective transfer of the Assets and vests or will vest CCW Braun Heights, LLC with all right, title, and interest of the Debtors to the Assets free and clear of all interests to the fullest extent permitted under 11 U.S.C. §363(f) including without limitation all liens (as defined in section 101(37) of the Bankruptcy Code, whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code and including without limitation successor liability claims), or other interests, of any kind or nature whatsoever, whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or after the commencement of these bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise, accruing, arising or relating thereto (collectively, the "<u>Interests</u>"[3]), at any time prior to the date of the Closing Date.

---

[3] The term "<u>Interests</u>" as used in this Order includes, without limitations: all encumbrances; obligations; debts; liabilities; demands; guaranties; options; rights; restrictions; contractual commitments, including but not limited to, any license obligations; rights of first refusal or interests; any of the foregoing that purport to give to any party any defense, a defense or right of setoff, or recoupment against or a right or option to effect any forfeiture, modification or termination of the Debtors' interests in the Note, or any similar rights; any of the foregoing arising under any mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, judgments, demands, encumbrances, rights of first refusal or charges of any kind or nature, the interest of any Debtor other than deeproot Funds, LLC or any other person or entity, whether asserted as to the totality of the Note, or any portion thereof, including any fractional interest in the Note.

12. <u>Satisfaction of 363(f) Standards</u>. The Trustee may sell and transfer, and CCW Braun Heights, LLC, may purchase, the Note free and clear of any interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. The proposed sale of the Note will be free and clear of all liens, claims, Interests, and encumbrances including any liabilities that arose prior to the Closing Date, with all such liens, claims, Interests, encumbrances and liabilities to transfer and attach to the sale proceeds with the same validity, priority, force and effect (if any) that such liens, claims, interests, encumbrances and liabilities had on the Note immediately prior to the closing date.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. <u>Sale Motion is Granted</u>. The Sale Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein and on the record of the Sale Hearing, which is incorporated herein in its entirety, and the Sale as contemplated thereby is granted and approved. All findings of fact and conclusions of law of this Court stated on the record as part of the Court's ruling at the Sale Hearing are incorporated herein by reference and made a part hereof. The Trustee is authorized and directed to sell the Note to CCW Braun Heights, LLC for $1,000,000.

2. <u>Objections Overruled</u>. Any objections to the entry of this Order or the relief granted herein or requested in the Sale Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. <u>Subscription Agreement</u>. The Subscription Agreement is an executory contract rejected by the Trustee pursuant to §365(d)(1) of the Bankruptcy Code; the Note shall be sold free and clear of any encumbrance or obligation of or created by the Subscription Agreement, including, but not

limited to, the obligation to reimburse CCW for the interest expense and other related costs incurred by CCW in connection with the Conrad Loan.

4. <u>Free and Clear</u>. Except as expressly provided for in this Order, pursuant to §§ 105(a) and 363(f) of the Bankruptcy Code, as of the Closing Date, the Trustee shall transfer, and CCW Braun Heights, LLC[4] shall take title to and possession of, the Note and the Deed of Trust free and clear of all Interests, with all such Interests attaching to the proceed of sale, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Note.

5. <u>Valid Transfer</u>. As of the Closing Date, the transaction shall effect a legal, valid, enforceable and effective sale and transfer of the Note and the assignment of the Deed of Trust to CCW Braun Heights, LLC and shall vest CCW Braun Heights, LLC with valid legal title free and clear of any Interests of any kind whatsoever. The Note and the Deed of Trust are transferred to CCW Braun Heights, LLC "as is, where is" with all faults, and without recourse to the Trustee or the Debtor's Estate.

6. <u>Direction to Release Interests</u>. On the Closing Date, each of the Debtors, creditors or Interest holders is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Interests in Note, if any, as such Interests may have been recorded or may otherwise exist.

7. <u>Good Faith</u>. The transactions contemplated are undertaken by CCW Braun Heights, LLC, its affiliates, agents, and representatives, without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of

---

[4] Including any successor designated by CCW Braun Heights, LLC. Collectively referred to as "CCW Braun Heights, LLC"

the Sale, unless such authorization is duly stayed pending such appeal prior to the closing. CCW Braun Heights, LLC, which shall include its affiliates, agents and representative, is a good faith purchaser of the Assets, and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

8. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, (a) interpret, implement, and enforce the terms and provisions of this Order, any related order, the Purchase Agreement, and any other agreement executed in connection therewith; (b) resolve any disputes arising under or related to the Purchase Agreement; (b) protect CCW Braun Heights, LLC, or any of the Assets, against any Interests in the Assets of any kind or nature whatsoever; (c) adjudicate all issues concerning all Interests in and to the Assets, including the extent, validity, enforceability, priority and nature of all such Interests; and (d) adjudicate any and all issues or disputes related to the right, title and interest of the Debtors in the Assets or the proceeds thereof.

9. <u>Application of Sale Proceeds</u>. Any and all valid and perfected Interests in the Note shall attach to any proceeds in the order of priority, and with the same validity, force and effect (if any) that such liens, claims, Interests, encumbrances and liabilities had on the Note immediately prior to the Closing Date.

10. <u>Non-Material Modifications</u>. The Purchase Agreement and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Trustee or the Debtors' estates in the business judgment of the Trustee.

11. <u>General Authorization</u>. The Trustee is further authorized and directed to perform such tasks and execute, acknowledge and deliver such instruments or documents as may be necessary to evidence and/or consummate the sale of the Note pursuant to this Order.

12. <u>Withdrawal of Proof of Claim; Waiver of Rejection Damages Claim</u>. Provided CCW Braun Heights, LLC is the Successful Bidder and, provided the sale of the Note to CCW Braun Heights, LLC closes, within three (3) business days of closing, CCW Braun Heights, LLC shall (i) file with the Court a Notice of Withdrawal pursuant to Rule 3006, withdrawing the Proof of Claim [ECF No. 86] filed by CCW Braun Heights, LLC in the Bankruptcy Case, and (ii) shall be forever barred from filing or otherwise asserting a claim for rejection damages against the Debtors or the Estates

13. <u>Order Controls</u>. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this bankruptcy case, the terms of this Order shall govern.

14. The Court herein incorporates all rulings made on the record as part of this Order.

###

**Submitted by**:

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
**ATTORNEY FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE**