**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 01, 2022.**

  _____
  **MICHAEL M. PARKER**
  **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.,[1] | § § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**AGREED ORDER GRANTING TRUSTEE'S RULE 9019 MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH DRAPER 5, LLC**
**[RELATING TO DKT. NO. ____]**

The Court has considered the *Trustee's Rule 9019 Motion to Approve Compromise and Settlement with Draper 5, LLC* ("**Motion**") of the post-petition administrative expense claims of Draper 5, LLC ("**Landlord**"), and the underlying Settlement Agreement attached thereto (the

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, the "**Bankruptcy Estates**".

"**Settlement Agreement**"), filed by John Patrick Lowe, chapter 7 Trustee ("**Trustee**") of the bankruptcy estate of Wizard Mode Media, LLC ("**Debtor**"), one of 11 debtors in the above captioned jointly administered cases. The Court, having considered the Motion and the Settlement Agreement of the parties, finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §1334; (ii) this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); (iii) approval of the compromise and settlement set out in the Settlement Agreement and granting the relief requested in the Motion as set out herein is in the best interests of the Estates and their creditors; (iv) the recognition of the Landlord's post-petition administrative claims and the satisfaction and payment of the claims by the Trustee pursuant to the Settlement Agreement is a valid exercise of the Trustee's business judgment, necessary to enter into the Settlement Agreement and implement the settlement provided for therein, and appropriate under the provisions of the Bankruptcy Code; (v) proper and adequate notice has been given and no other or further notice is necessary under the circumstances; (vi) all objections to the Motion have been resolved or are overruled in their entirety; and (vii) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

IT IS THEREFORE ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. The Trustee and Landlord are hereby authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers, and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement attached to the Motion and attached hereto as <u>Exhibit 1</u>, and to perform any and all obligations contemplated hereunder.

3. Within ten (10) days of the closing on the sale of the Pinball Property, in accordance with the Court's Order Authorizing and Approving the Sale of Certain Personal Property Free and Clear of All Interests Pursuant to 11 U.S.C. §363(b) and (f) [Dkt. No. ____]: (i) the Trustee shall pay to Landlord, by check or wire transfer, the total amount of $15,000.00 (the "**Settlement Payment**"), which shall be an administrative expense of the Bankruptcy Estate of Debtor, and (ii) the Trustee shall deliver to Landlord a bill of sale or similar document (the "**Bill of Sale**") transferring all of Debtor's rights, interest and title in and to the Office Furnishings, free and clear of all liens, claims and encumbrances, to Draper 5, LLC. The transfer of title to the Office Furnishings shall be without any warranties and without recourse against the Trustee or the Bankruptcy Estates.

4. Turner Logic, LLC (the "Purchaser"), at its sole cost and expense, will use its best efforts to remove the Pinball Property from the Premises no later than November 30, 2022 (the "Removal Date). Landlord agrees to cooperate with Purchaser's removal of the Pinball Property from the Premises and, upon reasonable advance notice, to provide Purchaser, or its agent(s), with access to the Premises for such purpose.

5. If the Pinball Property has not been removed from the Premises by Purchaser on or before the Removal Date, Landlord may, at Landlord's sole option, remove the Pinball Property from the Premises and store the Pinball Property at a secure location to be determined by Landlord. If Landlord has removed and stored the Pinball Property as provided herein, Landlord agrees to provide Purchaser with the location of, and access to, the Pinball Property, for pick-up and removal by Purchaser.

6. Purchaser shall reimburse Landlord for Landlord's actual cost of removing the Pinball Property and the storage thereof, the total amount of such reimbursement shall not exceed $5,000.

7. Regardless of whether the Purchaser closes on the Purchase of the Pinball Property, if the Trustee or Purchaser has not retrieved the Pinball Property by March 31, 2023, the Landlord may sell the Pinball Property, deduct from the proceeds all costs of moving and storage, plus $15,000.00 if not previously paid by the Trustee, and transfer the remaining balance, if any, to the Purchaser or the Trustee, as the case may be.

8. Upon the Landlord's receipt of the Settlement Payment and the Bill of Sale, the Bankruptcy Estates, the Debtor, the deeproot Affiliates, and the Trustee, shall forever be released from any and all liens, claims or liability, at law or in equity, arising from, or otherwise related to, the Lease. Any other claim of Landlord for post-petition administrative expenses in any of the bankruptcy cases being jointly administered under the jointly administered case shall be waived, and the Landlord shall file with the Court a Notice of Withdrawal pursuant to Bankruptcy Rule 3006, withdrawing the Proof of Claim filed by Landlord in the Jointly Administered Case.

IT IS FURTHER ORDERED that the Trustee is authorized to immediately pay to Landlord the total amount of $15,000.00, from the Bankruptcy Estate account of Wizard Mode Media, LLC.

IT IS FURTHER ORDERED that Draper 5, LLC waives any other claim for post-petition administrative expenses in any of the jointly administered bankruptcy cases.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###

**AGREED:**

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATE OF deeproot CAPITAL MANAGEMENT, LLC, ET AL.**


**HALE | WOOD PLLC**
4766 Holladay Blvd.
Holladay, Utah 84117
(801) 930-5609 Telephone
(801) 208-8995 Facsimile

By: */s/A. Craig Hale [WITH PERMISSION]*
    A. Craig Hale
    Utah Bar No. 6557
    achale@halewoodlaw.com

**ATTORNEYS FOR DRAPER 5, LLC**

**Submitted by:**

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE**