IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

TRUSTEE'S NOTICE OF INTENTION TO TAKE RULE 2004 EXAMINATIONS
WITH SUBPOENA DUCES TECUM

---

To:    Adam Sidwell                        Future House Publishing LLC
       405 S. 100 E #101                   405 S. 100 E #101
       Pleasant Grove, UT 84062            Pleasant Grove, UT 84062

**PLEASE TAKE NOTICE** that John Patrick Lowe, Chapter 7 Trustee in the above-styled

jointly administered bankruptcy case, by and through his counsel, Pulman, Cappuccio & Pullen,

LLP, will conduct an oral Rule 2004 Examination of a designated representative of Future House

Publishing LLC, a Utah limited liability company, and Adam Sidwell, individually, and in his

capacity as the Chief Executive Officer of Future House Publishing LLC, regarding: acts, conduct,

or property or to the liabilities and financial condition of the debtor, or to any matter which may

affect the administration of the debtor's estate, as they relate to (1) the intellectual and personal

property of the Debtors (2) the transfer of the intellectual and personal property of Debtors to

Adam Sidwell and/or Future House Publishing LLC, and (3) the contents of the documents

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each an "**Estate**" and collectively, the "**Estates**".

produced in response to the Subpoena Duces Tecum.

**The Rule 2004 Examination of Future House Holdings LLC will be held on November 29, 2022, commencing at 10:00 am prevailing Central Time** (the "**Future House Publishing Examination**") (see <u>Exhibit A</u> – Subpoena Duces Tecum).

**The Rule 2004 Examination of Adam Sidwell will be held on November 29, 2022, commencing at 1:00 pm prevailing Central Time** (the "**Adam Sidwell Examination**") (see <u>Exhibit B</u> – Subpoena Duces Tecum).

The Future House Holdings Examination, and the Adam Sidwell Examination are hereinafter together referred to as the "**Examinations**".

The Examinations shall be held at the offices of Pulman, Cappuccio & Pullen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 79213, testimony of which will be used as evidence in the above-styled and numbered jointly administered bankruptcy cases and any resulting actions. The Examinations will be held via LegalView remote proceeding; a link to the remote proceeding will be provided by the Court Reporter prior to the examination. Testimony will be taken down in stenograph by a licensed court reporter and may be videotaped. The oral examination will continue from day to day until completed. You are invited to have counsel present for the purpose of cross-examination.

**Documents responsive to the attached Subpoenas Duces Tecum shall be produced no later than November 21, 2022**, at the offices of Pulman, Cappuccio & Pullen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 78213 and may be produced electronically to Randall A. Pulman at <u>rpulman@pulmanlaw.com</u> . The documents produced will be used as evidence in the above-styled and numbered jointly administered bankruptcy case and any resulting actions.

{00591705;1}

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
      Randall A. Pulman
      rpulman@pulmanlaw.com
      Texas State Bar No. 16393250
      W. Drew Mallender
      Texas State Bar No. 24118450
      dmallender@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED BANKRUPTCY ESTATE OF
DEEPROOT CAPITAL MANAGEMENT, LLC,
ET AL.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November, 2022, a true and correct copy of the foregoing document has been furnished via Electronic Noticing to all parties receiving notice by CM/ECF, as set forth below.

***Via Counsel CM/ECF:***
*catherine.curtis@wickphillips.com*
*;jason.rudd@wickphillips.com*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
 *catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

***Via CM/ECF:*** *pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
*USTPRegion07.SN.ECF@usdoj.gov*
*Aubrey.thomas@usdoj.gov*
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF:*** *don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

***Via CM/ECF:*** *rbattaglialaw@outlook.com*
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF:*** *jpetree@mcslaw.com*
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF:*** *jdunne@smfadlaw.com*
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

***Via CM/ECF:*** *bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

**_Via CM/ECF: pautry@branscomblaw.com_**
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

**_Via CM/ECF: lmjurek@jureklaw.com_**
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX  77006

**_Via CM/ECF:_**
**_stephen.humeniuk@lockelord.com_**
Stephen J. Humeniuk
Locke Lord LLP
600 Congress Ave. #2200
Austin, TX 78701

**_Via CM/ECF:_**
**_tcunningham@lockelord.com_**
Thomas J. Cunningham
LOCKE LORD LLP
777 S. Flalger Dr., Suite 215
West Palm Beach, FL 33401

And was served on the 4th of November, 2022 via US Certified Mail and US First Class Mail to
the following party-in-interest:

**_Via US Certified Mail No. 7022 2410 0002 7429 4189_**
**_Return Receipt Requested, and_**
**_Via US First Class Mail_**
Adam Sidwell, Individually and
In his capacity as CEO of
Future House Publishing LLC
405 S. 100 E #101
Pleasant Grove, UT 84062

_/s/Randall A. Pulman_
Randall A. Pulman

# EXHIBIT A

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Western_____  District of ___Texas_____

In re deeproot Capital Management LLC, et al.,___
              Debtors

*(Complete if issued in an adversary proceeding)*

_____
             Plaintiff
             v.
_____
             Defendant

Case No. _21-51523_____
  Jointly Administered
  Chapter ___7_____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __**Future House Publishing LLC**_____
                 *(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| | |
|---|---|
| PLACE  Pulman Cappuccio & Pullen LLP - VIA ZOOM<br>2161 NW Military Hwy., Ste. 400<br>San Antonio, TX  78213 | DATE AND TIME<br>November 29, 2022 at 10:00am Central |

The deposition will be recorded by this method: Court stenographer, and may be videotaped

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
    See Exhibit A

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __11/04/22__

           CLERK OF COURT

                         OR

_____
   *Signature of Clerk or Deputy Clerk*
                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*   John Patrick Lowe, Chapter 7 Trustee,  who issues or requests this subpoena, are: Randall A. Pulman rpulman@pulmanlaw.com; and W. Drew Mallender dmallender@pulmanlaw.com; Pulman Cappuccio & Pullen LLP, 2161 NW Military Hwy. #400, San Antonio, TX 78213

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

**SUBPOENA DUCES TECUM**
**INSTRUCTIONS**

1.  **ORGANIZATION:** Documents produced in response to this Subpoena Duces Tecum shall be produced in the condition and order of arrangement in which they existed when this Subpoena Duces Tecum was served, including any file labels, dividers, or identifying markers with which they were associated when this request was served. Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained. Whenever a requested document or file or group of documents or files are kept or found in a file drawer, file box, or other place, before the same is produced, attach thereto a copy of the label, number, or title on the file drawer, file box, or other place from which the document or file was found or removed. When producing a requested document, file, or photograph indicate in an appropriate manner to which of the following numbered document requests each document, file, or photograph is responsive. Each document, file, or photograph produced should be given a consecutive identification number.

2.  **LOST DOCUMENT OR TANGIBLE THING:** If you or any of your attorneys, agents or representatives had, at any time, possession, custody, or control of a document or tangible thing requested and such document or tangible thing has been lost, destroyed, purged or is not presently in your possession or your control, identify such document or tangible thing, describe its substance, and describe the circumstances surrounding the loss, destruction, purge, or separation from your possession, custody, or control, indicating the dates that such circumstances occurred.

3.  **CONTINUING REQUEST:** Pursuant to Federal Rule of Civil Procedure 26(e), this Subpoena Duces Tecum is continuing in nature and should be supplemented as soon as possible should you come into possession, custody, or control of any of the information, documents, or materials requested herein. In answering these requests, furnish such information as is available to you, not merely such information that is of your own knowledge. This means you are to furnish information which is known by or in the possession of you or your employees or agents, including your attorney or any agent or investigator of your attorney. If you later learn that one or more of your responses are incomplete or not fully accurate, you are under a duty to amend your responses reasonably promptly after such discovery.

4.  **AMBIGUITIES:** If you allege that any Subpoena Duces Tecum is in any manner ambiguous, you are to state your interpretation of the request that you feel is ambiguous and respond to said request subject to your interpretation.

5.  **ELECTRONIC DATA:** Any responsive documents that are in electronic form are to be produced in both electronic form and print or written form unless a particular request specifically indicates otherwise. If any electronic file is password protected or requires a user name, you are instructed to provide the password and username necessary to access the file.

6.  **ASSERTIONS OF PRIVILEGE:** For every document for which you assert a privilege, you

are instructed to fully comply with Federal Rule of Civil Procedure 26(b)(5).

       7.  **ALTERATION, MUTILATION, BLURRING, DIMMING, & DESTRUCTION:**  No document, file, or photograph requested should be altered, changed, modified, supplemented, mutilated, blurred, and/or dimmed in any respect.  No document, file, or photograph requested should be disposed of or destroyed.

       8.  **POSSESSION, CUSTODY OR CONTROL:** This Subpoena Duces Tecum includes any and all requested documents within your possession or custody, or subject to your control, possession, custody, or control of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item.

       9.  **COMPLETE PRODUCTION, INCLUDING ALL DRAFTS & VERSIONS:**  For each document or thing requested, produce the entire document or thing, including all attachments, appendices, or exhibits.  All non-identical copies of documents should be produced as well as all drafts and versions of a document.  All copies with hand-written or typed notations should also be produced.

<u>**DEFINITIONS**</u>

Words used in these requests shall be ascribed their common meaning unless indicated otherwise. The following definitions shall be used in connection with these requests, regardless of capitalization.

1. The term "**person**" means and includes not only natural persons, but also all proprietorships, d/b/a's, assumed names, firms, companies, partnerships, associations, trusts, joint ventures, corporations, and "entities" as defined herein.

2. The term "**entity**" means and includes any organization, whatever its form, whether for profit or not, including but not limited to public or private corporations, partnerships, joint ventures, associations, company, estate, trust, society, limited to limited liability companies, limited partnerships, professional associations, or other enterprise.

3. "**Document**" means such documents, electronically stored information, and tangible things as are included within Rule 34(a)(1) and shall be interpreted in the broadest possible sense to include any medium upon or with which information is recorded, reproduced, or preserved, including, but not limited to, all written, computer generated or stored or maintained information or data, recorded, printed, typed, transcribed, filmed, digitized, electromagnetic or graphic matter, and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented.

Without limiting the generality of the foregoing, "document" includes, but is not limited to, books, papers, records, correspondence, reports, memoranda, computer files, email, text messages, articles, newspapers, contracts, tables, tabulations, graphs, charts, diagrams, plans, schedule appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, facsimiles, files, telephone logs and messages, checks, microfilm, microfiche, pictures, photographs, printouts, electronic data complications, tapes, diskettes, drives, removable media, note minutes or transcripts of proceedings and every means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or a combination thereof.

"Document" includes originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary, into usable form) and any preliminary versions, draft or revisions of any of the foregoing. If a document was prepared in several copies or if additional copies were thereafter made and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever including, without limitation, notations on the front or back of any pages thereof, then each such copy must be produced.

4. "**Communication**" means every manner of transmitting or receiving information, opinions, messages, or thoughts, orally, in writing, in person, or otherwise. "Oral communication" means any utterance hear by a person other than the speaker. Communication includes any verbal, recorded, written, or electronic communication of any

kind, including but not limited to electronic mail ("email").

5. The terms "**and**" and "**or**" shall be construed either conjunctively or disjunctively depending upon, and in the favor of, that construction that would require the disclosure of more information.

6. Any term used in the singular shall be deemed to include the plural where appropriate, and vice-versa.

7. The term "**to,**" when modifying the terms contribute, invest, advance, lend, guaranty, or similar verbs indicating action related to money, means "to," "for the benefit of," and "on behalf of."

8. The terms "**his**," "**her**," or "**its**" can be used interchangeably and mean "his," "her," or "its," as appropriate for agreement with the antecedent noun to which the term refers.

9. "**Any,**" "**all,**" "**each,**" and "**every**" mean each, any, every, and/or all, whichever meaning or meanings will result in the greatest amount of production.

10. "**You**" or "**Your**" means the person or entity to whom this written discovery request is directed.

11. "**Related To**" means regarding, constituting, concerning, identified in, supporting, evidencing, substantiating, refuting, undermining, contrary to, contradicting, constituting, containing, reflecting, connected with, and/or related thereto and is to be interpreted in the broadest possible manner so as to result in the greatest amount of document production.

12. "**Code**" means the United States Bankruptcy Code, which is codified under 11 U.S.C. §§ 101-1532, including any amendments thereto.

13. "*deeproot Company*" means deeproot Capital Management, LLC, Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot Bonus Growth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds LLC, deeproot Studios LLC, each of which are debtors under the above captioned jointly administered bankruptcy case, and includes such entities' members, managers, officers, agents, representatives, and all other persons acting on such entities' behalf.

14. "**Transaction**" means any agreement between two or more persons for the exchange of goods, services, or financial assets in return for money.

### DOCUMENT REQUESTS

Please produce:

1. Copies of any and all contracts, agreements, letter agreements or communications by and between Adam Sidwell and Robert J. Mueller, which concern, or relate to, the transfer or sale of intellectual property rights, copyrights, patents, trademarks, or other tangible or intangible personal property from deeproot Pinball, LLC, deeproot Tech, LLC, Wizard Mode Media LLC, deeproot Studios, LLC, or other deeproot Company, to Adam Sidwell or Future House Publishing LLC.

2. A schedule or list of any and all deeproot Company intellectual property, intellectual property rights, patents, licenses, tangible personal property, or intangible personal property, transferred or sold by Robert J. Mueller or any deeproot Company to Adam Sidwell or Future House Publishing LLC, or which is otherwise currently within the possession or control of Adam Sidwell or Future House Publishing LLC.

3. Copies of all Communications by and between Adam Sidwell, individually, or in his capacity as CEO of Future House Publishing LLC, and Robert J. Mueller, concerning or related to the transfer of intellectual property, intellectual property rights, patents, licenses, tangible personal property, or intangible personal property of any deeproot Company, that occurred between January 1, 2019 and December 31, 2021.

4. Any document evidencing payment of money or transfer of anything of value by Adam Sidwell or Future House Publishing, LLC, to Robert Mueller, deeproot Pinball, LLC, deeproot Tech, LLC, Wizard Mode Media LLC, deeproot Studios, LLC, or other deeproot Company in exchange for any asset or property Adam Sidwell or Future House Publishing, LLC received from deeproot Pinball, LLC, deeproot Tech, LLC, Wizard Mode Media LLC, deeproot Studios, LLC, or other deeproot Company.

# EXHIBIT B

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Western_____    District of ___Texas_____

In re deeproot Capital Management LLC, et al.,___
                              Debtors

*(Complete if issued in an adversary proceeding)*

_____
                              Plaintiff
                                 v.
_____
                              Defendant

Case No. _21-51523_____
  Jointly Administered
Chapter ___7_____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Adam Sidwell_____
                              *(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE  Pulman Cappuccio & Pullen LLP - VIA ZOOM | DATE AND TIME |
|---|---|
| 2161 NW Military Hwy., Ste. 400<br>San Antonio, TX  78213 | November 29, 2022 at 1:00pm Central |

The deposition will be recorded by this method: Court stenographer, and may be videotaped

[X] *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
        See Exhibit A

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __11/04/22__

                    CLERK OF COURT                           OR

        _____                    _____
        *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*   John Patrick Lowe, Chapter 7 Trustee,  who issues or requests this subpoena, are: Randall A. Pulman rpulman@pulmanlaw.com; and W. Drew Mallender dmallender@pulmanlaw.com; Pulman Cappuccio & Pullen LLP, 2161 NW Military Hwy. #400, San Antonio,
                    **Notice to the person who issues or requests this subpoena**          TX  78213
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

SUBPOENA DUCES TECUM
INSTRUCTIONS

1. **ORGANIZATION:** Documents produced in response to this Subpoena Duces Tecum shall be produced in the condition and order of arrangement in which they existed when this Subpoena Duces Tecum was served, including any file labels, dividers, or identifying markers with which they were associated when this request was served. Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained. Whenever a requested document or file or group of documents or files are kept or found in a file drawer, file box, or other place, before the same is produced, attach thereto a copy of the label, number, or title on the file drawer, file box, or other place from which the document or file was found or removed. When producing a requested document, file, or photograph indicate in an appropriate manner to which of the following numbered document requests each document, file, or photograph is responsive. Each document, file, or photograph produced should be given a consecutive identification number.

2. **LOST DOCUMENT OR TANGIBLE THING:** If you or any of your attorneys, agents or representatives had, at any time, possession, custody, or control of a document or tangible thing requested and such document or tangible thing has been lost, destroyed, purged or is not presently in your possession or your control, identify such document or tangible thing, describe its substance, and describe the circumstances surrounding the loss, destruction, purge, or separation from your possession, custody, or control, indicating the dates that such circumstances occurred.

3. **CONTINUING REQUEST:** Pursuant to Federal Rule of Civil Procedure 26(e), this Subpoena Duces Tecum is continuing in nature and should be supplemented as soon as possible should you come into possession, custody, or control of any of the information, documents, or materials requested herein. In answering these requests, furnish such information as is available to you, not merely such information that is of your own knowledge. This means you are to furnish information which is known by or in the possession of you or your employees or agents, including your attorney or any agent or investigator of your attorney. If you later learn that one or more of your responses are incomplete or not fully accurate, you are under a duty to amend your responses reasonably promptly after such discovery.

4. **AMBIGUITIES:** If you allege that any Subpoena Duces Tecum is in any manner ambiguous, you are to state your interpretation of the request that you feel is ambiguous and respond to said request subject to your interpretation.

5. **ELECTRONIC DATA:** Any responsive documents that are in electronic form are to be produced in both electronic form and print or written form unless a particular request specifically indicates otherwise. If any electronic file is password protected or requires a user name, you are instructed to provide the password and username necessary to access the file.

6. **ASSERTIONS OF PRIVILEGE:** For every document for which you assert a privilege, you

are instructed to fully comply with Federal Rule of Civil Procedure 26(b)(5).

7.  **ALTERATION, MUTILATION, BLURRING, DIMMING, & DESTRUCTION:**  No document, file, or photograph requested should be altered, changed, modified, supplemented, mutilated, blurred, and/or dimmed in any respect.  No document, file, or photograph requested should be disposed of or destroyed.

8.  **POSSESSION, CUSTODY OR CONTROL:**  This Subpoena Duces Tecum includes any and all requested documents within your possession or custody, or subject to your control, possession, custody, or control of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item.

9.  **COMPLETE PRODUCTION, INCLUDING ALL DRAFTS & VERSIONS:**  For each document or thing requested, produce the entire document or thing, including all attachments, appendices, or exhibits.  All non-identical copies of documents should be produced as well as all drafts and versions of a document.  All copies with hand-written or typed notations should also be produced.

<u>**DEFINITIONS**</u>

Words used in these requests shall be ascribed their common meaning unless indicated otherwise. The following definitions shall be used in connection with these requests, regardless of capitalization.

1. The term "**person**" means and includes not only natural persons, but also all proprietorships, d/b/a's, assumed names, firms, companies, partnerships, associations, trusts, joint ventures, corporations, and "entities" as defined herein.

2. The term "**entity**" means and includes any organization, whatever its form, whether for profit or not, including but not limited to public or private corporations, partnerships, joint ventures, associations, company, estate, trust, society, limited to limited liability companies, limited partnerships, professional associations, or other enterprise.

3. "**Document**" means such documents, electronically stored information, and tangible things as are included within Rule 34(a)(1) and shall be interpreted in the broadest possible sense to include any medium upon or with which information is recorded, reproduced, or preserved, including, but not limited to, all written, computer generated or stored or maintained information or data, recorded, printed, typed, transcribed, filmed, digitized, electromagnetic or graphic matter, and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented.

Without limiting the generality of the foregoing, "document" includes, but is not limited to, books, papers, records, correspondence, reports, memoranda, computer files, email, text messages, articles, newspapers, contracts, tables, tabulations, graphs, charts, diagrams, plans, schedule appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, facsimiles, files, telephone logs and messages, checks, microfilm, microfiche, pictures, photographs, printouts, electronic data complications, tapes, diskettes, drives, removable media, note minutes or transcripts of proceedings and every means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or a combination thereof.

"Document" includes originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary, into usable form) and any preliminary versions, draft or revisions of any of the foregoing. If a document was prepared in several copies or if additional copies were thereafter made and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever including, without limitation, notations on the front or back of any pages thereof, then each such copy must be produced.

4. "**Communication**" means every manner of transmitting or receiving information, opinions, messages, or thoughts, orally, in writing, in person, or otherwise. "Oral communication" means any utterance hear by a person other than the speaker. Communication includes any verbal, recorded, written, or electronic communication of any

kind, including but not limited to electronic mail ("email").

5. The terms "**and**" and "**or**" shall be construed either conjunctively or disjunctively depending upon, and in the favor of, that construction that would require the disclosure of more information.

6. Any term used in the singular shall be deemed to include the plural where appropriate, and vice-versa.

7. The term "**to,**" when modifying the terms contribute, invest, advance, lend, guaranty, or similar verbs indicating action related to money, means "to," "for the benefit of," and "on behalf of."

8. The terms "**his,**" "**her,**" or "**its**" can be used interchangeably and mean "his," "her," or "its," as appropriate for agreement with the antecedent noun to which the term refers.

9. "**Any,**" "**all,**" "**each,**" and "**every**" mean each, any, every, and/or all, whichever meaning or meanings will result in the greatest amount of production.

10. "**You**" or "**Your**" means the person or entity to whom this written discovery request is directed.

11. "**Related To**" means regarding, constituting, concerning, identified in, supporting, evidencing, substantiating, refuting, undermining, contrary to, contradicting, constituting, containing, reflecting, connected with, and/or related thereto and is to be interpreted in the broadest possible manner so as to result in the greatest amount of document production.

12. "**Code**" means the United States Bankruptcy Code, which is codified under 11 U.S.C. §§ 101-1532, including any amendments thereto.

13. "*deeproot Company*" means deeproot Capital Management, LLC, Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot Bonus Growth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds LLC, deeproot Studios LLC, each of which are debtors under the above captioned jointly administered bankruptcy case, and includes such entities' members, managers, officers, agents, representatives, and all other persons acting on such entities' behalf.

14. "**Transaction**" means any agreement between two or more persons for the exchange of goods, services, or financial assets in return for money.

## DOCUMENT REQUESTS

Please produce:

1. Copies of any and all contracts, agreements, letter agreements or communications by and between Adam Sidwell and Robert J. Mueller, which concern, or relate to, the transfer or sale of intellectual property rights, copyrights, patents, trademarks, or other tangible or intangible personal property from deeproot Pinball, LLC, deeproot Tech, LLC, Wizard Mode Media LLC, deeproot Studios, LLC, or other deeproot Company, to Adam Sidwell or Future House Publishing LLC.

2. A schedule or list of any and all deeproot Company intellectual property, intellectual property rights, patents, licenses, tangible personal property, or intangible personal property, transferred or sold by Robert J. Mueller or any deeproot Company to Adam Sidwell or Future House Publishing LLC, or which is otherwise currently within the possession or control of Adam Sidwell or Future House Publishing LLC.

3. Copies of all Communications by and between Adam Sidwell, individually, or in his capacity as CEO of Future House Publishing LLC, and Robert J. Mueller, concerning or related to the transfer of intellectual property, intellectual property rights, patents, licenses, tangible personal property, or intangible personal property of any deeproot Company, that occurred between January 1, 2019 and December 31, 2021.

4. Any document evidencing payment of money or transfer of anything of value by Adam Sidwell or Future House Publishing, LLC, to Robert Mueller, deeproot Pinball, LLC, deeproot Tech, LLC, Wizard Mode Media LLC, deeproot Studios, LLC, or other deeproot Company in exchange for any asset or property Adam Sidwell or Future House Publishing, LLC received from deeproot Pinball, LLC, deeproot Tech, LLC, Wizard Mode Media LLC, deeproot Studios, LLC, or other deeproot Company.