**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 22, 2022.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.,[1] | § | |
| | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

## ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN PERSONAL PROPERTY FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) and (f)

---

On November 22, 2022, the Court conduced a hearing on the *Motion* of John Patrick Lowe, the Chapter 7 Trustee ("**Trustee**") of the Bankruptcy Estates being jointly administered under the above styled case, *for an Order Authorizing and Approving the Sale of Certain*

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth *5* Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" or "**Estate**" and collectively, the "**Bankruptcy Estates**" or "**Estates**".

{00601350;3} 1

*Personal Property Free and Clear of Interests Pursuant to 11 U.S.C. §§ 363(b) and (f)* (the "**Sale Motion**") concerning personal property described as

> All interests of the Debtors in and to certain pinball related tangible and intangible property, including without limitation any claims, debts, causes of action, and insurance claims arising from damage or loss to said property, as described on Exhibit 1 attached hereto (the "**Pinball Property**").

The Pinball Property is referred to herein, as "**the Assets**". The sale and conveyance of the Assets for which approval is sought is occasionally referred to herein as "the Sale". The Court has reviewed the Sale Motion and has heard the evidence in support of the relief requested therein at a hearing before the Court on November 22, 2022 (the "**Sale Hearing**"). The Court considered any objections to the Sale Motion, each of which are overruled, resolved, or withdrawn; and including the announcements and agreements stated on the record at the hearing, the Court has determined that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein. After due deliberation the Court finds that:

1. Jurisdiction and Venue. This Court has jurisdiction over this bankruptcy case and the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 105(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. Statutory Predicates. The statutory predicates for the relief sought in the Sale Motion are sections 105(a) and 363 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002, 6004, 9007 and 9014, and the applicable Local Rules for the United States Bankruptcy Court for the Western District of Texas (the "**Local Rules**").

3.     <u>Final Order</u>.  This order approving the Sale Motion (the "**Order**") constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and to any extent necessary under Bankruptcy Rules 9014, Rule 54(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7054, and any other applicable rule or law, the Court expressly finds that there is no just reason for the delay in the implementation of this Order, waives any stay, and expressly directs entry of the order as set forth herein.  This Order shall be effective and enforceable immediately upon entry.

4.     <u>Notice</u>.  As evidenced by the certificates of service filed with this Court, based upon the record of the case and representations of counsel at the Sale Hearing:  (i) in accordance with inter alia, Bankruptcy Rule 2002, due proper, timely, adequate and sufficient notice of the Sale Motion and the transactions contemplated by Sales Procedures Order (Docket No. 195) (the "**Sale**") has been provided; (ii) no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances of this bankruptcy case; and (iv) no other or further notice of the Sale Motion, the Sale Hearing or the Sale is or shall be required. The disclosures made by the Trustee concerning the Sale Motion, the Sale, the Sale Hearing were reasonable, adequate, and complete.

5.     <u>Opportunity to Object</u>.  A reasonable opportunity to object and to be heard with respect to the proposed Sale, the Sale Motion and the relief requested therein has been given to all interested persons and entities, including, without limitation, the following:  (i) all potential purchasers previously identified by the Trustee and any additional parties who have expressed an interest in potentially acquiring the Pinball Property, including those parties that have submitted formal expressions of interest; (ii) all other potentially interested parties identified by the Trustee in his business judgment as a potential purchaser of the Pinball Property; (iii) the Office of the

United States Trustee; (iv) all applicable federal, state and local regulatory or taxing authorities; and (v) the debtors and all parties on the most current service list.

6. <u>Arm's-Length Sale</u>. The Sale was negotiated, proposed, and entered into by the Trustee of behalf of Debtors and Turner Logic, LLC, a Texas limited liability company ("**Turner Logic**") for the purchase price of $50,000, and such additional consideration as provided in the Purchase Agreement with respect to the Pinball Property, without collusion, in good faith and from arm's-length bargaining positions. Neither the Trustee nor Turner Logic, nor any of their respective representatives, have engaged in any conduct that would cause or permit the Sale to be avoided under section 363(n) of the Bankruptcy Code. Specifically, neither Turner Logic, nor any of its representatives have acted in a collusive manner with any person. The terms and conditions of the Sale and the transaction contemplated thereby (including without limitation the consideration provided in respect thereof) are fair and reasonable and shall not be avoided under section 363(n) of the Bankruptcy Code.

7. <u>Good Faith Purchaser</u>. Turner Logic is purchasing the Pinball Property in good faith and is a good faith purchaser of the Assets within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all of the protections afforded by that provision. Turner Logic and its representatives have proceeded in good faith and without collusion in all respects in connection with the Sale and Sale Hearing.

8. <u>Sale in the Best Interests of the Trustee, the Debtors' Estates and Creditors</u>. Good and sufficient reasons for approval of the Sale have been articulated, and the relief requested in the Sale Motion and granted herein is in the best interest of the Trustee, the Debtors, their estates, their creditors, and other parties in interest.

9. <u>Business Justification</u>. The Trustee has demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sale outside of the ordinary course of business under section 363(f) of the Bankruptcy Code. Given all the circumstances of this bankruptcy case and the adequacy and fair value of the purchase price, the proposed Sale constitutes a reasonable and sound exercise of the Trustee's business judgment and should be approved.

10. <u>Free and Clear</u>. Debtors are the owners of the Pinball Property. The conveyance of the Pinball Property will be a legal, valid, and effective transfer of the Assets and vests or will vest Turner Logic with all right, title, and interest of the Debtors to the Assets free and clear of all interests to the fullest extent permitted under 11 U.S.C. §363(f) including without limitation all liens (as defined in section 101(37) of the Bankruptcy Code, whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code and including without limitation successor liability claims), or other interests, of any kind or nature whatsoever, whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or after the commencement of these bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise, accruing, arising or relating thereto (collectively, the "<u>Interests</u>"[2]), at any time prior to the date of the Closing Date.

11. <u>Satisfaction of 363(f) Standards</u>. The Trustee may sell and transfer, and Turner Logic may purchase, the Pinball Property free and clear of any interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5)

---

[2] The term "<u>Interests</u>" as used in this Order includes, without limitations: all encumbrances; obligations; debts; liabilities; demands; guaranties; options; rights; restrictions; contractual commitments, including but not limited to, any license obligations; rights of first refusal or interests; any of the foregoing that purport to give to any party any defense, a defense or right of setoff, or recoupment against or a right or option to effect any forfeiture, modification or termination of the Debtors' interests in the Pinball Property, or any similar rights.

{00601350;3}  5

of the Bankruptcy Code has been satisfied. The proposed sale of the Assets will be free and clear of all liens, claims, Interests, and encumbrances including any liabilities that arose prior to the Closing Date, with all such liens, claims, Interests, encumbrances and liabilities to transfer and attach to the sale proceeds with the same validity, priority, force and effect (if any) that such liens, claims, interests, encumbrances and liabilities had on the Pinball Property immediately prior to the closing date.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. <u>Sale Motion is Granted</u>. The Sale Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein and on the record of the Sale Hearing, which is incorporated herein in its entirety, and the Sale as contemplated thereby is granted and approved. All findings of fact and conclusions of law of this Court stated on the record as part of the Court's ruling at the Sale Hearing are incorporated herein by reference and made a part hereof. The Trustee is authorized and directed to sell the Pinball Property to Turner Logic for $50,000.00 and such additional consideration as is provided in the Purchase Agreement with respect to the Pinball Property.

2. <u>Objections Overruled</u>. Any objections to the entry of this Order or the relief granted herein or requested in the Sale Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. <u>Free and Clear</u>. Except as expressly provided for in this Order, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, as of the Closing Date, the Trustee shall transfer, and Turner Logic shall take title to and possession of, the Pinball Property free and clear of all Interests, with all such Interests attaching to the proceed of sale, subject to the terms of such

Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have, if any, against the Pinball Property.

4. <u>Valid Transfer</u>. As of the Closing Date, the transaction shall effect a legal, valid, enforceable and effective sale and transfer of the Pinball Property to Turner Logic and shall vest Turner Logic with valid legal title free and clear of any Interests of any kind whatsoever. The Pinball Property is transferred to Turner Logic "as is, where is" with all faults.

5. <u>Direction to Release Interests</u>. On the Closing Date, each of the Debtors, creditors or Interest holders is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Interests in the Pinball Property, if any, as such Interests may have been recorded or may otherwise exist.

6. <u>Good Faith</u>. The transactions contemplated are undertaken by Turner Logic, its affiliates, agents, and representatives, without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization is duly stayed pending such appeal prior to the closing. Turner Logic, which shall include its affiliates, agents and representative, is a good faith purchaser of the Assets, and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

7. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order, including, but not limited to, retaining jurisdiction to: (a) interpret, implement and enforce the provisions of this Order and any related order; and (b)

protect Turner Logic against any Interests in the of any kind or nature whatsoever that attach to the sales proceed.

9. <u>Application of Sale Proceeds</u>.  Any and all valid and perfected Interests in the Pinball Property shall attach to any proceeds in the order of priority, and with the same validity, force and effect (if any) that such liens, claims, Interests, encumbrances and liabilities had on the Pinball Property immediately prior to the Closing Date.

10. <u>Non-Material Modifications</u>.  The Purchase Agreement and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Trustee or the Debtors' Estates in the business judgment of the Trustee.

11. <u>General Authorization</u>.  The Trustee is further authorized and directed to perform such tasks and execute, acknowledge and deliver such instruments or documents as may be necessary to evidence and/or consummate the sale of the Pinball Property pursuant to this Order.

12. <u>No Stay of Order</u>.  Notwithstanding the provisions of the Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

13. <u>Direction to Parties in Possession</u>.  Any parties in possession of the prototype pinball machines constituting a part of the Pinball Property, identified in the Sale Motion as the UL Testing Facility and the Washington Contractor, are hereby directed, upon the request of Turner

Logic, LLC, to turn over such Pinball Property to Turner Logic, LLC, subject to the payment by Turner Logic, LLC of any fees or costs due to such parties in possession.

    14. <u>Order Controls</u>. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this bankruptcy case, the terms of this Order shall govern.

    15. The Court herein incorporates all rulings made on the record as part of this Order.

###

**Submitted by**:

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
**ATTORNEY FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

# EXHIBIT 1

### PINBALL PROPERTY

The **"Deeproot Machines"** are defined as: Retro Atomic Zombie Adventureland (**"RAZA"**), Food Truck, Goonies, Machine Age, Merlin's Arcade, Gladiator, Lucha Libre, Fire & Brimstone, Yukon Yeti, The Who, Magic Girl, Alice In Wonderland, and Space Mission X.

All of the following is included in the Pinball Property:

1. All rights, title, and interest including inventions and copyright to game rule documentation, art, models, animations, designs, mechanical drawings, trademarks, licenses, and any other digital files related to the Deeproot Machines and owned by Debtors.

2. Trademarks for: "Pinbar", "PinArmor", and "PinPod".

3. International Patent WO2018183948A1 for "Pinball cabinet and backbox" and any US equivalents and the inventions embodied within.

4. International Patent WO2021133990A1 for "Interactive touch control for a pinball machine" and any US equivalents and the inventions embodied within.

5. All rights, title, and interest including inventions and copyright to software developed by or for the Debtors including but not limited to:

    a. deeproot Pinball Websites
    b. Go Pinball Framework
    c. Pinball Machine API
    d. Pinball Mobile API
    e. Pinball Audio API
    f. Pinball Development Environment
    g. Pinball Mobile iOS app
    h. Pinball Stats Manager
    i. Firmware and Protocol for Pinball Circuit Boards
    j. Game Rules Code for the Deeproot Machines
    k. User Interface Code for the Deeproot Machines

6. All intellectual property acquired as part of the Zidware settlement from Zidware, John Popadiuk, Jeremy Packer (aka Zombie Yeti), and Jim Askey (aka Applejuice or myPinballs), including but not limited to art, designs, inventions, copyrights, and trademarks for Retro Atomic Zombie Adventureland, Magic Girl, Alice In Wonderland, and Space Mission X.

7. All rights, title, and interest including inventions and copyright to pinball circuit board layouts and designs developed by or for the Debtors.

8. Any software licenses owned by Debtors.

9. All computer equipment, electronics, printing equipment, office supplies, tools, moving equipment, pinball machines (3), and any other pinball related property in the Utah office held by the Landlord.

10. All computer equipment from the Silicon Drive office which is being held by Mel Davis Auctions and/or the Trustee.

11. RAZA prototype machines produced by Debtors that were not present at the physical goods auction at the Silicon Drive office including:

    a. Incomplete RAZA prototype held by UL tester in Dallas, Texas.
    b. Incomplete RAZA prototype held by contractor in Redmond, Washington.

This list is meant to comprehensively include all pinball related tangible and intangible property owned by the Debtors that has not already been sold through the auction at the Silicon Drive office.

**Trustee is not responsible for delivering Pinball Property not in his possession. It will be the Purchaser's responsibility to locate and pick up the Pinball Property wherever it may be located.**