**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 28, 2022.**



_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**INTERIM ORDER GRANTING FIRST INTERIM APPLICATION
FOR ALLOWANCE OF FEES AND EXPENSES
FOR GREG T. MURRAY, AS ACCOUNTANT TO TRUSTEE
FOR THE TIME PERIOD OF JANUARY 3, 2022 TO SEPTEMBER 30, 2022**

Came on for consideration the *First Interim Application for Allowance of Fees and Expenses to Greg T. Murray, P.L.L.C., as Accountant to Trustee for the Time Period of January*

---

[1] The jointly admnisterd chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth *5* Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**".

{00565395;3}  1

*3, 2022 to September 30, 2022* ("**First Interim Application**").[2] The Court has considered the First Interim Application and finds that (i) the fees and expenses represent reasonable compensation for actual and necessary services, and reimbursement for actual, necessary expenses; (ii) the First Interim Application includes fees for bookkeeping services provided by Becker Harker in the amount of $1,687.50, however, the Employment Application does not include a request to employ Becky Harker; and (iii) before the Court may award the fees requested for Becky Harker's bookkeeping services, the Trustee must file a supplement to the Employment Application with the Court seeking the employment of Becky Harker.

After considering the pleadings, the Court also finds that (i) it has jurisdiction over the matters raised in the First Interim Application pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) proper and adequate notice of the First Interim Application has been given and that no other or further notice is necessary; (iv) all objections to the First Interim Application have been resolved by this Order or are overruled in their entirety; and (v) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.

**IT IS THEREFORE ORDERED** that the First Interim Application pursuant to 11 U.S.C. §331 is hereby **GRANTED** in part and **DENIED** in part pending the Court's approval of a supplemental employment application to be filed with the Court by the Trustee seeking the employment of Becky Harper for the purpose of providing bookkeeping services in connection with the services provided by Murray ("**Supplemental Employment Application**");

**IT IS FURTHER ORDERED** that the fees in connection with the hourly services described in the First Interim Application attributable to the services provided by Murray are

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the First Interim Application.

2

allowed. All interim fees attributable to the services provided by Murray in the amount of $21,937.50 shall be an administrative expense of the bankruptcy estate.

**IT IS FURTHER ORDERED** the Trustee is authorized to immediately pay the amount of $21,937.50 approved in this Interim Order on the First Interim Application.

**IT IS FURTHER ORDERED** that the Trustee shall file a Supplemental Employment Application with the Court seeking the employment of Becky Harper for the purpose of providing bookkeeping services in connection with the services provided by Murray.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

**Submitted by:**

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Pulman, Cappuccio & Pullen, LLP
2161 NW Military Hwy., Suite 400
San Antonio, TX 78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE**