IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| deeproot CAPITAL MANAGEMENT, LLC, | § | |
| ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019 TO APPROVE COMPROMISE AND
SETTLEMENT WITH THE U.S. SECURITIES AND EXCHANGE COMMISSION

---

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE
THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE
THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A
RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR
RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE
MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A
TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO
YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU
MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT
MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE
HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:

John Patrick Lowe, the Chapter 7 Trustee (the "**Trustee**") in the above-styled jointly

administered bankruptcy case, by and through his counsel Pulman, Cappuccio & Pullen, LLP,

hereby files *Trustee's Motion Under Bankruptcy Rule 9019 to Approve Compromise and*

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits
of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In
Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In
Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-
51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re:
deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-
51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522
(6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), collectively, the "**Bankruptcy
Cases**".

*Settlement with the U.S. Securities and Exchange Commission* (this "**Motion**"), and in support respectfully shows the Court as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

2.      The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## II.    <u>PROCEDURAL HISTORY</u>

3.      On December 9, 2021, (the "**Petition Date**"), each of the Debtors filed their respective voluntary petition under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").   The cases were ordered to be jointly administered under the lead case In re: deeproot Capital Management, LLC, 21-51523.

4.      On or about December 21, 2021, John Patrick Lowe was appointed as Chapter 7 Trustee of all eleven bankruptcy cases comprising the Jointly Administered Case.

5.      On or about August 20, 2021, the United States Securities and Exchange Commission ("**SEC**") initiated a civil action in the United States District Court for the Western District of Texas (the "**District Court**") pending under Case No. 5:21-cv-785 (the "**SEC Civil Action**"). The SEC Civil Action was brought against Robert J. Mueller, and debtors, deeproot Funds, LLC (a/k/a dprt Funds, LLC), and Policy Services, Inc., as defendants, and names debtors, deeproot Tech, LLC, deeproot Pinball, LLC, and deeproot Studios, LLC, among others, as relief defendants (deeproot Funds, LLC, Policy Services, Inc., deeproot Tech, LLC, deeproot Pinball, LLC, and deeproot Studios, LLC are herein collectively referred to as the "**Debtors**" or the "**Debtor Defendants**").

6.     On or about September 23, 2021, the District Court entered an Order Freezing Certain Assets, Ordering an Accounting, and Preliminary Injunction ("**Asset Freeze Order**") in the SEC Civil Action.

7.     On or about January 14, 2022, the District Court entered an Order Modifying Asset Freeze in the SEC Civil Action, modifying the Asset Freeze Order to permit the Trustee to pursue chapter 5 avoidance claims against third parties for the benefit of the Debtors' bankruptcy estates.

8.     The Trustee, on behalf of the Debtor Defendants, and the SEC have agreed to a compromise and settlement, subject to the approval of the District Court and Bankruptcy Court, of the SEC's claims asserted against the Debtor Defendants in the SEC Civil Action.

9.     Robert J. Mueller ("**Mueller**") was not a party to the compromise and settlement negotiations between the Debtor Defendants and the SEC, nor is Mueller a party to the Consent (defined below).

10.    Attached hereto as <u>Exhibit A</u> is the proposed order on this Motion.

11.    Attached hereto as <u>Exhibit B</u> is the Consent of Debtor Defendants (the "**Consent**"), whereby the Debtor Defendants, by and through the Trustee, without admitting or denying the allegations of the complaint (except as otherwise provided in the Consent), consent to the District Court's entry of the Final Judgment (defined below) in the SEC Civil Action.

12.    Attached hereto as <u>Exhibit C</u> is the proposed Final Judgment, to be entered by the District Court in the SEC Civil Action, as to the Debtor Defendants (the "**Final Judgment**").

### III.    PROPOSED SETTLEMENT

13.    In August 2022, the Trustee, on behalf of the Debtor Defendants, and the SEC entered into negotiations of a compromise and settlement of the SEC's claims asserted against the Debtor Defendants in the SEC Civil Action.  The negotiations were conducted in good faith and

at arm's length, and the parties have agreed to a compromise and settlement, as described in the Consent, and to the entry of the Final Judgment in the SEC Civil Action, subject to approval by this Court and the District Court.

14.     As described in the Consent, the Debtor Defendants, by and through the Trustee, without admitting or denying the allegations of the complaint filed by the SEC in the SEC Civil Action (except as otherwise provided in the Consent), and subject to the Courts' approval, have consented to the entry of the Final Judgment, which, among other things:

a.     permanently enjoins deeproot Funds, LLC and Policy Services, Inc. from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder;

b.     permanently enjoins deeproot Funds, LLC and Policy Services, Inc. from violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Advisers Act [15 U.S.C. § 80b-6(1),(2), and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8];

c.     as to deeproot Funds, LLC and Policy Services, Inc., sets the amount of disgorgement in the amount of $48,064,717, and prejudgment interest thereon in the amount of $4,522,350 (i) on a joint and several basis with each other for the entire amount, (ii) on a joint and several basis with any other disgorgement and prejudgment interest that may be ordered in the future against any other defendant or relief defendant in this case as the District Court deems appropriate, and (iii) on a joint and several basis with deeproot Tech LLC, deeproot Pinball LLC, and deeproot Studios LLC, but only up to the amounts set forth in sub-paragraphs (d) and (e) below;

d.      as to deeproot Tech LLC and deeproot Pinball LLC, sets the amount of disgorgement in the amount of $14,162,565 and prejudgment interest thereon in the amount of $1,332,538 on a joint and several basis with each other and with deeproot Funds, LLC and Policy Services, Inc.;

e.      as to deeproot Studios LLC, sets the amount of disgorgement in the amount of $3,745,925 and prejudgment interest thereon in the amount of $352,449 on a joint and several basis with deeproot Funds, LLC and Policy Services, Inc.;

f.      requires the Trustee, in consultation with the SEC, to determine whether all eligible investors have filed proofs of claim and to use his best efforts to include eligible investors in either deeproot 575 Fund, LLC or deeproot Growth Runs Deep Fund, LLC in distributions to be made by the Trustee; and

g.      acknowledges that payment of the SEC's claims in the Bankruptcy Cases will be deferred until defrauded investors are paid in full and will be subject to an offset of any cash payments made by the Trustee to defrauded investors in the Bankruptcy Cases.

15.      The Consent further provides that the Debtor Defendants, by and through the Trustee, acknowledge that the SEC will enforce any monetary judgments against the Debtor Defendants in compliance with applicable provisions of the Bankruptcy Code and Rules.  Subject to the express consent of the SEC, any payment to the SEC in the Bankruptcy Cases may be distributed by the Chapter 7 Trustee in the Bankruptcy Cases.  If the Bankruptcy Cases are dismissed, the Debtor Defendants shall remain liable for the Judgment and the SEC may, within 5 years of the date of the Judgment, move the District Court for an order requiring Debtor Defendants to pay the unpaid amount of disgorgement plus prejudgment interest, to the SEC, if the Debtor Defendants continue to operate or have assets.

16.     Debtor Defendants, by and through the Trustee, have entered into the Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the SEC or any member, officer, employee, agent, or representative of the SEC to induce Debtor Defendants to enter into the Consent.

17.     The Trustee, having evaluated the merits of the SEC's claims asserted against the Debtor Defendants in the SEC Civil Action, has determined that defending against the SEC's claims is not in the best interests of the Debtor Defendants, the Bankruptcy Estates, or their creditors; and, therefore, the Trustee has determined that entering into the Consent is in the best interests of the Debtor Defendants, the Bankruptcy Estates and its creditors.

### IV.     AUTHORITY AND REQUESTED RELIEF

18.     Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Court has discretionary authority to approve a compromise or settlement. *See Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *In re Continental Airlines Corp.*, 907 F.2d 1500 (5th Cir. 1990). Whether to approve a proposed compromise is a matter within the discretion of the bankruptcy court. *In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984). Bankruptcy settlements "are a normal part of the process of reorganization" and "desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

19.     According to the Fifth Circuit, in deciding whether to approve a settlement, a bankruptcy court should evaluate the following: "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors

bearing on the wisdom of the compromise." *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). This standard seeks to balance the risks and benefits associated with pursuing a potential claim against the costs associated with the proposed settlement.

20.     Whether a settlement is a product of arm's length negotiation is a factor bearing on the wisdom of a proposed compromise. *Id.* at 918. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement agreement. Instead, the bankruptcy court should determine whether the agreement is fair and equitable and in the best interest of the estate. *Id.* at 917.

21.     The proposed Consent and the Final Judgment are the result of extensive arm's length negotiations between the Trustee and the SEC and reflect a fair compromise of the matters raised in the SEC Civil Action.

22.     The Trustee believes the proposed Consent is fair and equitable and in the best interest of the Bankruptcy Estates in that it provides, among other things, that the payment of the SEC's claims in the bankruptcy cases will be deferred until defrauded investors are paid in full, and such claims will be subject to an offset of any cash payments made by the Trustee to defrauded investors in the bankruptcy cases.

23.     The Trustee, having given due consideration for the uncertainty in fact and law, and to the probability of the Debtor Defendants' success in the SEC Civil Action, has determined that the proposed Consent, given the facts, applicable law, and the uncertainty, expense, and delay associated with trial and continued litigation, is fair, reasonable and equitable and in the best interest of the Debtor Defendants, the Bankruptcy Estates, and its creditors and should, therefore, be approved by the Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Consent as set forth herein, and grant such other and further relief, at law or in equity, as the Court deems to be just, proper, and equitable.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
W. Drew Mallender
Texas State Bar No. 24118450
dmallender@pulmanlaw.com
Anna K. MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATE OF DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December 2022, a true and correct copy of the foregoing document has been furnished via electronic mail to all parties receiving notice by CM/ECF, as set forth below; a supplemental certificate of service will be filed evidencing service by US First Class Mail on the parties listed on the limited service list in this matter.

***Via CM/ECF: dodda@sec.gov***
Angela D. Dodd
U. S. Securities and Exchange Commission
175 Jackson Blvd. Suite 900
Chicago, IL 60604

***Via Counsel email:***
***catherine.curtis@wickphillips.com***
***;jason.rudd@wickphillips.com***
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
***catherine.curtis@wickphillips.com;***
***jason.rudd@wickphillips.com***
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

***Via CM/ECF: pat.lowe.law@gmail.com***
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
***catherine.curtis@wickphillips.com;***
***jason.rudd@wickphillips.com***
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
***USTPRegion07.SN.ECF@usdoj.gov***
***Aubrey.thomas@usdoj.gov***
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF: don.stecker@lgbs.com***
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

***Via CM/ECF: rbattaglialaw@outlook.com***
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF: jpetree@mcslaw.com***
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF: jdunne@smfadlaw.com***
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

***Via CM/ECF:  bk-cmurphy@oag.texas.gov***
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

***Via CM/ECF:  pautry@branscomblaw.com***
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

***Via CM/ECF:  lmjurek@jureklaw.com***
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX  77006

***Via CM/ECF:***
***stephen.humeniuk@lockelord.com***
Stephen J. Humeniuk
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701

***Via CM/ECF:***
***tcunningham@lockelord.com***
Thomas J. Cunningham
Locke Lord LLP
777 South Flagler Drive #215
West Palm Beach, FL  33401

*/s/Randall A. Pulman*
Randall A. Pulman

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC, | § | |
| ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

ORDER GRANTING TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019 TO APPROVE
COMPROMISE AND SETTLEMENT WITH THE U.S. SECURITIES AND EXCHANGE COMMISSION

On this date came on to be considered the *Trustee's Motion Under Bankruptcy Rule 9019*

*to Approve Compromise and Settlement with the U.S. Securities and Exchange Commission* (the

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, the "**Bankruptcy Estates**".

"**Motion**").[2]  The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) the relief requested in the Motion is in the best interests of debtors deeproot Funds LLC (a/k/a dprt Funds, LLC), Policy Services Inc., deeproot Tech, LLC, deeproot Pinball LLC, and deeproot Studios LLC (collectively the "**Debtors**"), the Bankruptcy Estates, and their creditors; (iv) proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and (v) good and sufficient cause exists for the granting of the relief requested.

**IT IS THEREFORE ORDERED** that the Consent, attached to the Motion as Exhibit "B" and incorporated by reference herein, and the Motion are, in all things, **APPROVED**.

**IT IS FURTHER ORDERED** that Trustee and the SEC are hereby authorized and directed to take any and all actions necessary consummate the agreements of the Consent and are hereby authorized to file the Consent in the SEC Civil Action pending before the District Court.

**IT IS FURTHER ORDERED** that payment of the SEC's claims against the Debtors will be deferred until defrauded investors are paid in full and shall be subject to an offset of any cash payments made by the Trustee to defrauded investors.

**IT IS FURTHER ORDERED** that this Court shall RETAIN jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS FURTHER ORDERED** that in the event the Consent is voided by the Trustee or the SEC, or the Final Judgment is not entered by the District Court, the Trustee shall file a notice of such event with the Court.

# # #

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Submitted by:
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Anna K. MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED BANKRUPTCY ESTATE OF
DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      **Plaintiff,**<br><br>      **-against-**<br><br>ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,<br><br>      **Defendants,**<br><br>      **-and-**<br><br>DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,<br><br>      **Relief Defendants.** | Civil Action No.: **5:21-cv-785-XR** |

<u>**CONSENT OF DEBTOR DEFENDANTS**</u>

1.     Defendants deeproot Funds LLC (a/k/a dprt Funds, LLC) ("deeproot") and Policy Services Inc. ("Policy Services") and Relief Defendants deeproot Tech, LLC, deeproot Pinball LLC, and deeproot Studios LLC (collectively, "Debtor Defendants"), by and through John Patrick Lowe in his capacity as the bankruptcy trustee ("Trustee") appointed in the cases pending under Chapter 7 of the Bankruptcy Code titled, *In re deeproot Capital Management LLC, et al.*, No. 21-51523 (Bankr. W.D. Tex. Jointly Admin.) ("Bankruptcy Cases"), acknowledge having waived service of a summons and the complaint in this action, enter a general appearance, and

admit the Court's jurisdiction over the Debtor Defendants and over the subject matter of this action.

2.     Debtor Defendants filed petitions for voluntary Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Texas on December 9, 2021 giving rise to the Bankruptcy Cases.

3.     John Patrick Lowe was appointed as Chapter 7 Trustee in the Bankruptcy Cases on December 21, 2021.

4.     Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which the Trustee on behalf of the Debtor Defendants admits), and subject to Bankruptcy Court approval in the Bankruptcy Cases, the Debtor Defendants, by and through the Trustee, consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

> (a) permanently enjoins Defendants deeproot and Policy Services from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder;

> (b) permanently enjoins Defendant deeproot from violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Advisers Act [15 U.S.C. § 80b-6(1),(2), and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8];

> (c) as to Defendants deeproot and Policy Services, sets the amount of disgorgement in the amount of **$48,064,717** and prejudgment interest thereon in the amount of **$4,522,350** (i) on a joint and several basis with each other for

the entire amount, (ii) on a joint and several basis with any other disgorgement and prejudgment interest that may be ordered in the future against any other defendant or relief defendant in this case as the Court deems appropriate,[1] and (iii) on a joint and several basis with the Relief Defendants deeproot Tech LLC, deeproot Pinball LLC, and deeproot Studios LLC, but only up to the amounts set forth in sub-paragraphs (d) and (e) below;

(d) as to Relief Defendants deeproot Tech LLC and deeproot Pinball LLC, sets the amount of disgorgement in the amount of **$14,162,565** and prejudgment interest thereon in the amount of **$1,332,538** on a joint and several basis with each other and with Defendants deeproot and Policy Services;

(e) as to Relief Defendant deeproot Studios LLC, sets the amount of disgorgement in the amount of **$3,745,925** and prejudgment interest thereon in the amount of **$352,449** on a joint and several basis with Defendants deeproot and Policy Services;

(f) requires the Trustee, in consultation with Plaintiff Securities and Exchange Commission (the "Commission"), to determine whether all eligible investors have filed proofs of claim and to use his best efforts to include eligible investors in either deeproot 575 Fund, LLC or deeproot Growth Runs Deep Fund, LLC in distributions to be made by the Trustee; and

(g) acknowledges that payment of the SEC's claims in the Bankruptcy Cases will be deferred until defrauded investors are paid in full and will be subject to an

---

[1] The SEC reserves the right to seek payment for disgorgement and pre-judgment interest from any other defendant or relief defendant in this action on a joint and several basis with the Debtor Defendants up to an including the amounts set forth in this Consent.

offset of any cash payments made by the Trustee to defrauded investors in the Bankruptcy Cases.

5.      The Debtor Defendants, by and through the Trustee, acknowledge that the Commission will enforce any monetary Judgments against the Debtor Defendants in compliance with applicable provisions of the Bankruptcy Code and Rules.  Subject to the express consent of the Commission, any payment to the Commission in the Bankruptcy Cases may be distributed by the Chapter 7 Trustee in the Bankruptcy Cases.  If the Bankruptcy Cases are dismissed, the Debtor Defendants shall remain liable for the Judgment and the Commission may, within 5 years of the date of this Judgment, move the Court for an order requiring Debtor Defendants to pay the unpaid amount of disgorgement plus prejudgment interest, to the Commission, if the Debtor Defendants continue to operate or have assets.

6.      Debtor Defendants, by and through the Trustee, waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.      Debtor Defendants, by and through the Trustee, waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.      Debtor Defendants, by and through the Trustee, enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Debtor Defendants to enter into this Consent.

9.      Debtor Defendants, by and through the Trustee, agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.     Debtor Defendants, by and through the Trustee, will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

11.     Debtor Defendants, by and through the Trustee, waive personal service of the Final Judgment and agree that the signing of the Final Judgment by the Court, entry by the Clerk of Court, and service through CM/ECF will constitute notice to Debtor Defendants of its terms and conditions. Debtor Defendants, by and through the Trustee, further agree to provide counsel for the Commission, within thirty days after the Final Judgment is entered by the Clerk of Court, with an affidavit or declaration stating that the Trustee has received and read a copy of the Final Judgment.

12.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Debtor Defendants in this civil proceeding. Debtor Defendants, by and through the Trustee, acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Debtor Defendants, by and through the Trustee, waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Debtor Defendants, by and through the Trustee, further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.

This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Debtor Defendants, by and through the Trustee, understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Debtor Defendants, by and through the Trustee, understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Debtor Defendants' agreement to comply with the terms of Section 202.5(e), Debtor Defendants, by and through the Trustee, agree that they: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Debtor Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Debtor Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Notwithstanding the foregoing, nothing in this paragraph affects the Trustee's or the Debtor Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Debtor Defendants, by and through the Trustee, hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996,

or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorneys' fees or other fees, expenses, or costs expended by Debtor Defendants to defend against this action. For these purposes, Debtor Defendants, by and through the Trustee, agree that Debtor Defendants were not the prevailing party in this action since the parties have reached a good faith settlement.

15.     Debtor Defendants, by and through the Trustee, agree to promptly seek a court order in the Bankruptcy Cases, pursuant to Fed. R. Bankr. P. 9019, authorizing Debtor Defendants to enter into this Consent and consenting to the entry of Final Judgment.

16.     Debtor Defendants, by and through the Trustee, agree that the Commission may, upon issuance of the court order in the Bankruptcy Cases referenced in paragraph 15 above, present the Final Judgment to the Court for signature and entry without further notice.

17.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Debtor Defendants, by and through the Trustee, (i) agree to appear and be interviewed by Commission staff at such times within the Western District of Texas as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoint Debtor Defendants' undersigned attorney as agent to receive service of such notices and subpoenas during the duration of the undersigned attorney's employment as counsel to the Trustee; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party

7

requesting the testimony reimburses Debtor Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Debtor Defendants in the United States District Court for the Western District of Texas for purposes of enforcing any such subpoena.

18.     Debtor Defendants, by and through the Trustee, agree that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of the Final Judgment. The Bankruptcy Court shall continue to maintain jurisdiction over all such matters in the Bankruptcy Cases as to which the Bankruptcy Court has jurisdiction.

Dated: _____

By: _____
J. Patrick Lowe
Bankruptcy Trustee for Defendant deeproot Funds, LLC

Dated: _____

By: _____
J. Patrick Lowe
Bankruptcy Trustee for Defendant Policy Services Inc.

Dated: _____

By: _____
J. Patrick Lowe
Bankruptcy Trustee for Relief Defendant Deeproot Tech LLC.

Dated: _____

By: _____
J. Patrick Lowe
Bankruptcy Trustee for Relief Defendant Deeproot Pinball LLC

Dated: _____

By: _____
J. Patrick Lowe
Bankruptcy Trustee for Relief Defendant Deeproot Studios LLC

On September 7, 2022, John Patrick Lowe, Trustee, a person known to me, personally appeared before me an acknowledged executing the foregoing Consent with full authority to do so on behalf of deeproot Funds, LLC, Policy Services, Inc., Deeproot Tech LLC, Deeproot Pinball LLC, and Deeproot Studios LLC as their Bankruptcy Trustee.



VERONICA B. HINOJOSA
Notary Public, State of Texas
Comm. Expires 03-13-2025
Notary ID 3251224

Veronica B. Hinojosa
Notary Public
Commission expires: 03-13-2025

Approved as to form:

_____
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
PULMAN, CAPPUCCIO & PULLEN, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**Counsel for J. Patrick Lowe, Trustee**

# EXHIBIT C

**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **-against-** | |
| **ROBERT J. MUELLER, DEEPROOT FUNDS LLC (a/k/a dprt Funds, LLC), AND POLICY SERVICES INC.,** | **Civil Action No.: 5:21-cv-785-XR** |
| **Defendants,** | |
| **-and-** | |
| **DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, DEEPROOT STUDIOS LLC, DEEPROOT SPORTS & ENTERTAINMENT LLC, DEEPROOT RE 12621 SILICON DR LLC, AND ROBERT J. MUELLER, JEFFREY L. MUELLER, AND BELINDA G. BREEN, AS CO-TRUSTEES OF THE MB HALE OHANA REVOCABLE TRUST,** | |
| **Relief Defendants.** | |

**FINAL JUDGMENT AS TO DEFENDANTS DEEPROOT FUNDS LLC AND POLICY SERVICES AND RELIEF DEFENDANTS DEEPROOT TECH LLC, DEEPROOT PINBALL LLC, AND DEEPROOT STUDIOS LLC**

Plaintiff Securities and Exchange Commission having filed a Complaint and Defendants deeproot Funds LLC (a/k/a dprt Funds, LLC) and Policy Services Inc. and Relief Defendants deeproot Tech, LLC, deeproot Pinball LLC, and deeproot Studios LLC (collectively the "Debtor Defendants"), by and through John Patrick Lowe in his capacity as the bankruptcy trustee ("Trustee") appointed in the case pending under Chapter 7 of the Bankruptcy Code titled, *In re deeproot Capital Management LLC, et al.*, No. 21-51523 (Bankr. W.D. Tex. Jointly Admin.) ("Bankruptcy Cases"), having entered a general appearance; consented to the Court's jurisdiction

over Debtor Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations in the Complaint (except as to jurisdiction and except as provided herein in paragraph X); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants deeproot Funds LLC and Policy Services Inc. are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     employing any device, scheme, or artifice to defraud;

(b)     obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants deeproot Funds LLC's and Policy Services Inc.'s officers, agents, servants, employees, and attorneys; and

(b) other persons in active concert or participation with Defendants deeproot Funds LLC and Policy Services Inc. or with anyone described in (a).

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants deeproot Funds LLC and Policy Services Inc. are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants deeproot Funds LLC's and Policy Services Inc.'s officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants deeproot Funds LLC and Policy Services Inc. or with anyone described in (a).

**III.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant deeproot Funds LLC is permanently restrained and enjoined from violating, directly or indirectly Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1),(2), and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud any client or prospective client;

(b)      to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c)      to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant deeproot Funds LLC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant deeproot Funds LLC or with anyone described in (a).

**IV.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants deeproot Funds LLC and Policy Services Inc. are jointly and severally liable for disgorgement in the amount of $48,064,717, representing unjust enrichment gained as a result of the conduct alleged in the Complaint together with prejudgment interest thereon in the amount of $4,522,350, for a total of

4

$52,587,067. Relief Defendants deeproot Tech LLC, deeproot Pinball LLC, and deeproot Studios LLC shall be jointly and severally liable for a portion of this obligation as set forth below.

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendants deeproot Tech LLC and deeproot Pinball LLC are jointly and severally liable, with each other and with Defendants deeproot Funds LLC and Policy Services Inc., for disgorgement in the amount of $14,162,565, representing unjust enrichment received from one or more of the Defendants that is the proceeds of, in furtherance of, or are traceable to the proceeds of, the unlawful activities alleged in the Complaint and to which the Relief Defendants deeproot Tech LLC and deeproot Pinball LLC have no legitimate claim, together with prejudgment interest thereon in the amount of $1,332,538, for a total of $15,495,103.

## VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant deeproot Studios LLC is liable, jointly and severally with Defendants deeproot Funds LLC and Policy Services, Inc., for disgorgement in the amount of $3,745,925, representing unjust enrichment received from one or more of the Defendants that is the proceeds of, in furtherance of, or are traceable to the proceeds of, the unlawful activities alleged in the Complaint and to which the Relief Defendant deeproot Studios LLC has no legitimate claim, together with prejudgment interest thereon in the amount of $352,449, for a total of $4,098,374 Relief deeproot Studios LLC may also be jointly and severally liable up to this amount with any other defendant or relief

defendant whom the Court may order to pay disgorgement and prejudgment interest in this case, as the Court may deem appropriate.

**VII.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Trustee for the Debtor Defendants, in consultation with Plaintiff Securities and Exchange Commission (the "Commission"), will determine whether all eligible investors have filed proofs of claim and will use his best efforts to include eligible investors in either deeproot 575 Fund, LLC or deeproot Growth Runs Deep Fund, LLC in distributions to be made by the Trustee.

**VIII.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that payment of the SEC's claims in the Bankruptcy Cases will be deferred until defrauded investors are paid in full and subject to an offset of any cash payments made by the Trustee to defrauded investors in the Bankruptcy Cases.

**IX.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Consent of Debtor Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Debtor Defendants shall comply with all the undertakings and agreements set forth therein.

**X**.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**XI.**

Nothing in this order precludes or otherwise prejudices the Commission's rights or claims to seek disgorgement and prejudgment interest from any other defendant or relief defendant in this

action, including disgorgement and prejudgment interest of the amounts ordered herein on a joint and several basis with Debtor Defendants.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this final Judgment forthwith and without further notice.

Dated: _____, _____

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE