**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 03, 2023.**

_____
**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| deeproot CAPITAL MANAGEMENT, LLC, ET AL.,[1] | § § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

_____

**ORDER GRANTING TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019 TO APPROVE COMPROMISE AND SETTLEMENT WITH CYCLADIC, LLC, CYCLADIC INTERNATIONAL, LLC, DOVER CAPITAL STRATEGIES, LLC, ANEMOS CONSULTING, INC., AND THOMAS N. ANDREW**

_____

On this date came on to be considered the *Trustee's Motion Under Bankruptcy Rule 9019 to Approve Compromise and Settlement with Cycladic, LLC, Cycladic International, LLC, Dover Capital Strategies, LLC, Anemos Consulting, Inc., and Thomas N. Andrew* (the "**Motion**"), and

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), collectively, the "**Bankruptcy Cases**".

{00602820;1}

the underlying Settlement Agreement attached thereto (the "**Settlement Agreement**"), file by John Patrick Lowe, chapter 7 Trustee ("**Trustee**") of the bankruptcy estate of Policy Services, Inc. ("**Debtor**" or "**Policy Services**"), one of 11 debtors in the above captioned jointly administered cases.[2] The Court, having considered the Motion and the Settlement Agreement of the parties, finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) approval of the Settlement Agreement and the relief requested in the Motion is in the best interests of debtor Policy Services Inc., the Bankruptcy Estate, and its creditors; (iv) the decision of the Trustee to enter into the Settlement Agreement is a proper and valid exercise of the Trustee's business judgment, and is appropriate under the provisions of the Bankruptcy Code; (v) proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and (vi) good and sufficient cause exists for the granting of the relief requested.

**IT IS THEREFORE ORDERED** that the Settlement Agreement, attached as Exhibit "B" to the Motion and incorporated by reference herein, is in all things, **APPROVED**.

**IT IS FURTHER ORDERED** that Trustee and the Settling Parties are hereby authorized and directed to take any and all actions necessary consummate the agreements of the Settlement Agreement.

**IT IS FURTHER ORDERED** that payment of the Settlement Amount by the Settling Parties, and the Trustee's receipt thereof, shall constitute full, final, and complete satisfaction of any and all claims, differences and disputes involving the Settling Parties and their principals, insiders, and other affiliated entities (including Thomas Nicholas LLC) that the Trustee, the Debtors, or the Bankruptcy Estates have or may have, known or unknown, real or imagined, that could have been

---

2 Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

{00602820;1}

brought under any theory whatsoever prior to the effective date of the Settlement Agreement, including all claims, differences and disputes arising from, related to, or otherwise connected to the Trustee, the Debtors, the Jointly Administered Case, the Bankruptcy Estates, the Transferred Funds, and the Basha Agreements.

**IT IS FURTHER ORDERED** that all terms of the Settlement Agreement, including Paragraph 7 therein, shall take effect immediately and the Effective Date for purposes of the Settlement Agreement shall be the same date as this Order.

**IT IS FURTHER ORDERED** that this Court shall **RETAIN** jurisdiction to hear and determine all matters arising from the implementation of this Order.

### # # #

Submitted by:
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
W. Drew Mallender
Texas State Bar No. 24118450
dmallender@pulmanlaw.com
Anna K. MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED BANKRUPTCY ESTATE OF
deeproot CAPITAL MANAGEMENT, LLC, ET AL.**

{00602820;1}