IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § § | | |
| DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.,[1] § § § | | BANKRUPTCY NO. 21-51523-MMP LEAD CASE |
| DEBTORS. § | | JOINTLY ADMINISTERED |

| | | |
|---|---|---|
| IN RE: § | | |
| DEEPROOT TECH, LLC § | | BANKRUPTCY NO. 21-51520 |

**TRUSTEE'S NOTICE OF INTENTION TO TAKE RULE 2004 EXAMINATIONS
WITH SUBPOENA DUCES TECUM**

TO:  **G-FORCE TECHNICAL. LTD.**
By and through its Registered Agent
Randall Geisler
9313 Dosier Cove
Fort Worth, Texas 76179

**PLEASE TAKE NOTICE** that John Patrick Lowe, Chapter 7 Trustee in the above-styled jointly administered bankruptcy case, by and through his counsel, Pulman, Cappuccio & Pullen, LLP, will conduct an oral Rule 2004 Examination of a designated representative of G-Force Technical, Ltd., a Texas limited partnership, regarding: any matter which may affect the administration of the Debtor's estate, as they relate to (1) The "Order Granting Plaintiff's Motion

---

[1] The jointly administered debtors in these chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC, 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each an "**Estate**" and collectively, the "**Estates**".

1

for Sanctions and Default Judgment" (the "**Judgment**") entered on September 21, 2021 in the lawsuit styled and numbered *deeproot Tech, LLC v. G-Force Technical, Ltd.*; Cause No. 2019-CI-122367 filed in the 225th Judicial District Court of Bexar County, Texas; (2) the liabilities, assets, and financial condition of G-Force Technical, Ltd., and (3) the contents of the documents produced in response to the Subpoena Duces Tecum.

**The Rule 2004 Examination of G-Force Technical, Ltd. will be held on February 17, 2023, commencing at 10:00 am prevailing Central Time** (the "**G-Force Technical, Ltd. Examination**") (see Exhibit A – Subpoena Duces Tecum).

The Examination shall be held at the offices of Pulman, Cappuccio & Pullen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 79213, testimony of which will be used as evidence in the above-styled and numbered jointly administered bankruptcy cases and any resulting actions. The Examinations will be held via LegalView remote proceeding; a link to the remote proceeding will be provided by the Court Reporter prior to the examination. Testimony will be taken down in stenograph by a licensed court reporter and may be videotaped. The oral examination will continue from day to day until completed. You are invited to have counsel present for the purpose of cross-examination.

**Documents responsive to the attached Subpoenas Duces Tecum shall be produced no later than February 5, 2023**, at the offices of Pulman, Cappuccio & Pullen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 78213 and may be produced electronically to Randall A. Pulman at rpulman@pulmanlaw.com. The documents produced will be used as evidence in the above-styled and numbered jointly administered bankruptcy case and any resulting actions.

        Respectfully submitted,

        **PULMAN, CAPPUCCIO & PULLEN, LLP**
        2161 NW Military Highway, Suite 400
        San Antonio, Texas 78213
        (210) 222-9494 Telephone
        (210) 892-1610 Facsimile

        By: */s/ Randall A. Pulman*
            Randall A. Pulman
            rpulman@pulmanlaw.com
            Texas State Bar No. 16393250
            W. Drew Mallender
            Texas State Bar No. 24118450
            dmallender@pulmanlaw.com
            Anna K. MacFarlane
            Texas State Bar No. 24116701
            amacfarlane@pulmanlaw.com

        **ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATE OF DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2023, a true and correct copy of the foregoing document has been furnished via Electronic Noticing to all parties receiving notice by CM/ECF, as set forth below.

***Via Counsel CM/ECF:***
catherine.curtis@wickphillips.com
;jason.rudd@wickphillips.com
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
catherine.curtis@wickphillips.com;
jason.rudd@wickphillips.com
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

***Via CM/ECF:*** pat.lowe.law@gmail.com
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
catherine.curtis@wickphillips.com;
jason.rudd@wickphillips.com
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
USTPRegion07.SN.ECF@usdoj.gov
Aubrey.thomas@usdoj.gov
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF:*** don.stecker@lgbs.com
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

***Via CM/ECF:*** rbattaglialaw@outlook.com
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF:*** jpetree@mcslaw.com
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF:*** jdunne@smfadlaw.com
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

***Via CM/ECF:*** bk-cmurphy@oag.texas.gov
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

*Via CM/ECF:* pautry@branscomblaw.com
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

*Via CM/ECF:* lmjurek@jureklaw.com
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX 77006

*Via CM/ECF:*
stephen.humeniuk@lockelord.com
Stephen J. Humeniuk
Locke Lord LLP
600 Congress Ave. #2200
Austin, TX 78701

*Via CM/ECF:*
tcunningham@lockelord.com
Thomas J. Cunningham
LOCKE LORD LLP
777 S. Flalger Dr., Suite 215
West Palm Beach, FL 33401

And was served on the 6th day of January, 2023 via US Certified Mail and US First Class Mail to the following party-in-interest:

*Via US Certified Mail No. 7022 2410 0002 7429 4691*
*Return Receipt Requested, and*
*Via US First Class Mail*
G-FORCE TECHNICAL. LTD.
By and through its Registered Agent,
Randall Geisler
9313 Dosier Cove
Fort Worth, Texas 76179

                                              */s/Randall A. Pulman*
                                              Randall A. Pulman

# Exhibit A
# Subpoena Duces Tecum

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Western_____ District of _____Texas_____

In re ___deeproot Capital Management, LLC, et al.___
                 Debtor

Case No. ___21-51523-mmp___

Chapter ___7___

Jointly Administered

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___G-Force Technical, Ltd.___
                   *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Pulman, Cappuccio & Pullen, LLP<br>2161 NW Military Hwy., Suite 400<br>San Antonio, TX 78213 - contact rpulman@pulmanlaw.com for ZOOM link | 02/17/23 at 10:00am Central<br>Via ZOOM - link to be provided |

The examination will be recorded by this method: ___Via ZOOM - Stenographer and Videographer___

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit "1"   - Documents may be produced electronically to rpulman@pulmanlaw.com on or before February 5, 2023

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___1/6/22___

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___J. Patrick Lowe, Chap. 7 Trustee___ , who issues or requests this subpoena, are:
Randall A. Pulman / Pulman, Cappuccio & Pullen, LLP; 2161 NW Military Hwy., Suite 400, San Antonio, TX 78213
rpulman@pulmanlaw.com ; (210) 222-9494

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: G-Force Technical, Inc.
on *(date)* 01/06/23 .

☒ I served the subpoena by delivering a copy to the named person as follows: G-Force Technical, Inc., by and through its Registered Agent, Randall Geisler, 9313 Dosier Cove, Fort Worth, TX 76179 via US First Class Mail and US Certified Mail #7022 2410 0002 7429 4691 on *(date)* 01/06/23 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ N/A .

My fees are $ N/A for travel and $ N/A for services, for a total of $ N/A .

I declare under penalty of perjury that this information is true and correct.

Date: 01/06/23

*Server's signature*

Randall A Pulman, Counsel for J. Patrick Lowe, Chap 7 Trustee
*Printed name and title*

Pulman Cappuccio & Pullen, LLP / 2161 NW Military Hwy., Suite 400, San Antonio, TX 78213
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Exhibit 1
# to Subpoena Duces Tecum

## INSTRUCTIONS

1. **ORGANIZATION:** Documents produced in response to this Subpoena shall be produced in the condition and order of arrangement in which they existed when this Subpoena was served, including any file labels, dividers, or identifying markers with which they were associated when this request was served. Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained. Whenever a requested document or file or group of documents or files are kept or found in a file drawer, file box or other place, before the same is produced, attach thereto a copy of the label, number or title on the file drawer, file box or other place from which the document or file was found or removed. When producing a requested document, file, or photograph indicate in an appropriate manner to which of the following numbered document requests each document, file, or photograph is responsive. Each document, file or photograph produced should be given a consecutive identification number. For each document or thing requested, produce the entire document or thing, including all attachments, appendices, or exhibits. All non-identical copies of a documents, including but not limited to drafts and non-final versions, should be produced.

2. **LOST DOCUMENT OR TANGIBLE THING:** If you or any of your attorneys, agents or representatives had, at any time, possession, custody or control of a document or tangible thing requested and such document or tangible thing has been lost, destroyed, purged or is not presently in your possession or your control, identify such document or tangible thing, describe its substance, and describe the circumstances surrounding the loss, destruction, purge, or separation from your possession, custody or control, indicating the dates that such circumstances occurred.

3. **CONTINUING REQUEST:** These requests are continuing in nature and should be supplemented, at a later date, should you come into possession, custody, or control of any of the information, documents or materials requested herein. In answering these requests, furnish such information as is available to you, not merely such information that is of your own knowledge. This means you are to furnish information which is known by or in the possession of you, your employees or agents, including your attorney or any agent or investigator of your attorney. If you later learn that one or more of your responses is incomplete or not fully accurate, you are under a duty to amend your responses reasonably promptly after such discovery.

4. **AMBIGUITIES:** If you allege that any request is in any manner ambiguous, you are to state your interpretation of the request that you feel is ambiguous and respond to said request subject to your interpretation.

5. **ELECTRONIC OR MAGNETIC DATA:** Documents or communications that are in electronic or magnetic form are included in the following requests. You are hereby directed to produce any such documents in both electronic form and print or written form unless a particular

request specifically indicates otherwise. If any electronic or magnetic file is password protected or requires a user name, you are instructed to provide the password and username necessary to access the file.

6. **ASSERTIONS OF PRIVILEGE**. An objection on the basis of privilege is improper. For each and every document for which you assert a privilege, you are instructed to fully comply with the Federal Rules of Civil Procedure, especially Rule 26, including a withholding statement that: (1) expressly makes the claim; and (2) describe the nature of the documents, communications, or tangible things not produced or disclosed. The description of documents should state: (1) the Bates number; (2) author or source; (3) recipients and their position or occupation; (4) all person who received copies or have reviewed or been provided access to the document; (5) date; (6) document title; (7) document type; and (8) number of pages.

7. **ALTERATION, MUTILATION, BLURRING, DIMMING, & DESTRUCTION**. No document, file or photograph requested should be altered, changed, modified, supplemented, mutilated, blurred and/or dimmed in any respect. No document, file or photograph requested should be disposed of or destroyed.

8. **POSSESSION, CUSTODY OR CONTROL**. These Requests includes any and all requested documents within your possession or custody, or subject to your control, includes possession, custody or control by you or your counsel as well as any possession you have resulting from your right to compel the production of the subject documents from a third party.

9. **COMPLETE PRODUCTION, INCLUDING ALL DRAFTS & VERSIONS**: For each document or thing requested, produce the entire document or thing, including all attachments, appendices, or exhibits. All non-identical copies of a documents should be produced as well as all drafts and versions of a document. All copies with hand-written or typed notations should also be produced.

10. **LIMITATION OF TIME**. Unless a request cannot be answered or expressly indicates otherwise, each request is limited in time to the Relevant Time Frame, which is defined in the Definitions section below. In limiting these requests in time, the requests do not necessarily limit themselves to the production to documents created or generated during the Relevant Time Frame. Rather, the request includes any and all documents created, generated, gathered, compiled, inspected, reviewed, consulted, and/or referenced during the Relevant Time Frame.

11. **DEFINITIONS**. Words used in these requests shall be ascribed their common meaning unless indicated otherwise. The following definitions shall be used in connection with these requests:

a) "G-Force Technical," "**You**" or "**Your**," means G-Force Technical, Ltd., the party to which these requests are directed and the judgment debtor in the underlying lawsuit, and includes its agents, representatives, employees, and all other persons acting on its behalf.

b) The term "**document**" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or a copy, including, but not limited to, the following: memoranda, reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, interoffice and intraoffice communications, contracts, cables, notations of any sort of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures) and electronic, mechanical and electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, electronic mail, and recordings) and other written, printed type or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, or videotape. In all cases where documents are in a language other than English, "document" includes all translations and materials related to particular translations.

c) The singular shall include the plural and the plural the singular, wherever the effect of doing so is to increase the information responsive to these Requests for Production.

d) "**Or**" means and/or.

e) Wherever any person, corporation or other entity is identified in these Requests, such identification shall mean and include:

  I. In the case of a corporation, each of the corporation's shareholders, officers, directors, subsidiaries, parent corporations, affiliates, agents, employees or representatives;

      II.     In the case of a partnership, joint venture or other unincorporated association, each partner, joint venturer, member or owner, and all officers, employees, agents or representatives; or,

      III.    In the case of an individual, such individual and such individual's spouse, dependents or members of such individual's family.

f) **"Asset"** and **"Assets"** include but are not limited to real property, personal property, entitlements, trusts, credits, rebates, executory contracts, stocks, options to purchase, interests in entities, receivables, intangibles and any other items of any kind that can be considered to have value and/or ownership. When applicable, the answers to these Requests should include assets in which you have any interest whatsoever, whether legal, equitable or beneficial, regardless of where these assets are owned, held, or located and regardless of who actually possesses or controls such assets.

g) **"Relevant Time Frame"** covers the period of time from January 1, 2018, through the present, and shall continue until such time as the judgment in this action has been fully satisfied. All Requests are limited to the Relevant Time Frame unless otherwise indicated.

**DOCUMENT REQUESTS**

1. Produce any and all hard-copy, computerized, electronic, and/or magnetic files that contain or in any way identify or represent Your Assets, including but not limited to, all financial accounts, receivables, and any real or personal property interests.

2. Produce any and all canceled checks, bank statements, check-stub records, and other records pertaining to Your financial affairs, including but not limited to, any bank, brokerage or depository account(s) in which you have, had, claim, and/or could claim any interest.

3. Produce all corporate books, records, financial statements, and/or SEC filings kept, issued, and/or filed by You on Your own behalf or that of another.

4. Produce copies all of Your federal and state income tax returns, with all attachments, schedules and/or amendments.

5. Produce copies of all ad valorem and property tax records, bills, notices, statements and appraisals.

6. Produce any and all documents, notes, records and papers evidencing any debts owed and/or owing to You from others.

7. Produce any and all documents, notes, records and papers evidencing any debts owed and/or owing by You to others.

8. Produce any and all documents evidencing Your Assets, business and/or financial affairs, including but not limited to any and all certificates of title to vehicles (including air, land and water craft), share certificates, securities, deeds, contracts concerning real property, personal property, equipment, services rendered or to be rendered, and any other indications or evidence of ownership of real and/or personal property interests of any kind or character whatsoever.

9. Produce all documents that constitute or refer in any way, directly or indirectly, to any and all deeds, records, or other documents that relate to or evidence Assets in Your name, or in which You hold, claim, and/or could claim, or have held or claimed any interest, whether legal, equitable, or beneficial.

10. Produce all documents that refer in any way, directly or indirectly, to the names and addresses of persons or entities to whom You have given a financial statement and/or statement regarding Your Assets and/or property.

11. Produce all documents that constitute or refer in any way, directly or indirectly, to any appraisal of any real or personal property, prepared by and/or for You, or that otherwise reflect the value of any real or personal property in which You have any interest and/or could make a claim (regardless of percentage and whether legal, equitable, or beneficial) or in which You seek to acquire an interest.

12. Produce all documents that refer in any way, directly or indirectly, to any interest or business relationship You have, have had, claim, and/or could claim in any businesses, partnerships, corporations, joint ventures, parent companies, subsidiaries, or similar business entities.

13. Produce all documents that refer in any way, directly or indirectly, to any Assets held in trust, in an estate, and/or for Your benefit (whether held in any other name or capacity) in which You claim, have claimed, can claim, had, or have any interest.

14. Produce all documents that refer to or evidence in any way, directly or indirectly, any other Assets in which You have, have had, claim, and/or could claim any interest whatsoever, that have not already been divulged by You in response to any other Request contained herein.

15. Produce any and all documents evidencing any Assets You do not claim to have an interest in at present, but in which You formerly claimed and/or owned an interest, or in which You have or had a right to acquire an interest during the Relevant Time Frame.

16. Produce any and all financing statements, UCC-1s, security agreements and/or promissory notes pertaining to You, or any entities owned, controlled, or related to You in any way.

17. Produce any and all contracts and agreements through which You or any entity owned, controlled, or related to You possessed or possess any right to compensation or the receipt of anything of value, including but not limited to fee agreements with clients.

18. Produce any and all documents evidencing any option rights You may have, or may have had, to acquire anything of value.

19. Produce any and all documents constituting, evidencing or referring to any and all settlement agreements through which You had, have, or may have a right to receive anything of value.

20. Produce any and all documents evidencing any and all claims submitted to any insurers in which You claim and/or could claim an interest, or had or have an interest, and all documents evidencing or referring to any contemplated claims.

21. Produce any and all documents through which You are or may be entitled to indemnity or contribution from any individuals or entities on account of any claims or injuries, and all demands or requests You have or intend to make, or may have a right to make, on any individuals for indemnity or contribution.

22. Produce all documents constituting, evidencing or relating to any filings You have made with any governmental body, unit, division, subdivision, or agency, including but not limited to the United States and Texas, including but not limited to the Texas Secretary of State and the clerk of any Texas county.

23. Produce copies of any and all licenses, certificates, permits or other documents (whenever and wherever issued) authorizing You (at any time) to conduct any kind of business.

24. Produce a complete list of Your year-end accounts receivable for each and every year of the Relevant Time Frame.

25. Produce a complete list of Your accounts receivable for each and every month during the Relevant Time Frame.

26. All documents evidencing any rentals You have received or had a right to receive during the Relevant Time Frame.

27. All documents evidencing any homestead claim You assert or intend to assert with respect to any real property.

28. All documents evidencing or supporting any claim of exemption under the Texas Property Code that You intend to assert or may assert with respect to any property or Assets owned by You in whole or in part.

29. All credit card, charge card, and debit card statements for each month of the Relevant Time Frame.

30. All accounts receivable ledgers with addresses and contact information for all customers.

31. All inventory ledgers with all documents reflecting where the inventory is stored and located.

32. All equipment lists, including depreciation schedules identifying each piece of equipment and where the equipment is stored and located.