IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

SUPPLEMENT TO TRUSTEE'S NUNC PRO TUNC APPLICATION TO EMPLOY
GREG T. MURRAY, P.L.L.C. AS ACCOUNTANT

---

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

John Patrick Lowe, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates of deeproot

Capital Management, LLC, Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball

LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus

Income Debenture Fund, LLC, deeproot Bonus Growth 5 Year Debenture Fund, LLC, deeproot

Tech LLC, deeproot Funds LLC, deeproot Studios LLC (each a "**Debtor**" and collectively, the

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

1

"**Debtors**"), being jointly administered under lead case *In re: deeproot Capital Management, LLC*, Case No. 21-51523 hereby files this *Supplement to Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant for a Limited Purpose* (the "**Supplemental Application**"), supplementing the *Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Application**") [ECF No. 123]; the Application was approved by the Court's *Order Granting Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant* entered July 28. 2022 [ECF No. 132]. In support of the Supplemental Application, Trustee relies upon the *Unsworn Declaration under Penalty of Perjury of Becky Harker in support of Supplement to Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant (the "***Harker Declaration***"),* attached hereto as <u>Exhibit A</u>. Trustee presents the Supplemental Application and respectfully represents the following:

## I.   <u>JURISDICTION, VENUE AND BACKGROUND</u>

1.     This Court has jurisdiction to consider the Supplemental Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are sections 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014 of the Local Rules of Bankruptcy Procedure for the Western District of Texas.

3.     On December 9, 2021, (the "**Petition Date**"), each of the Debtors filed their respective voluntary petition under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the **"Bankruptcy Code"**). The Court authorized that the Debtor's bankruptcy cases be jointly administered under lead case *In re: deeproot Capital Management, LLC*, Case No. 21-51523 (the "**Jointly Administered Case**").

2

4.      On or about December 21, 2021, John Patrick Lowe was appointed as Chapter 7 Trustee of all eleven bankruptcy cases comprising the Jointly Administered Case.

5.      On November 1, 2022, Murray filed his *First Interim Application for Allowance of Fees and Expenses to Greg T. Murray, P.L.L.C., as Accountant to Trustee for the Time Period of January 3, 2022 to September 30, 2022,* with the Court (the "**First Interim Application**") [ECF No. 190].

6.      On November 22, 2022, the Court held a hearing to approve the First Interim Application, at which the Court ordered the Trustee to supplement the Application to request the approval of Becky Harker as bookkeeper to assist Mr. Murray and the Firm in connection with the accounting services provided to Trustee.

7.      On November 28, 2022, the Court entered its *Interim Order Granting First Interim Application for Allowance of Fees and Expenses for Greg T. Murray, as Accountant to Trustee for the Time Period of January 3, 2022 to September 30, 2022* (the "**Interim Order**") [ECF No. 209], in which the Court authorized the Trustee to pay as an administrative expense, hourly fees attributable to the services provided by Murray in the amount of $21,937.50, and further ordered that fees for bookkeeping services provided by Becky Harker in the amount of $1,687.50 be denied pending the Court's approval of a supplemental employment application to be filed by the Trustee seeking employment of Becky Harker for the purpose of providing bookkeeping services in connection with the services provided by Murray.

## II.  RELIEF REQUESTED

8.      By this Supplemental Application, pursuant to section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, Trustee seeks to employ Becky Harker ("**Harker**") as bookkeeper to Greg T. Murray, P.L.L.C. (the "**Firm**"), as of January 3,

3

2022. Ms. Becky Harker, an independent contractor to the Firm, will be providing bookkeeping services at the direction of Mr. Murray.

9.      Ms. Harker is well-suited to provide the accounting services required by Firm in performing services to enable Trustee to effectively and fully execute his duties as Trustee in these Chapter 7 Bankruptcy Cases. Ms. Harker has considerable experience in performing accounting services to Mr. Murray in Chapter 7 bankruptcy cases. Trustee believes that Ms. Harker is well qualified to provide bookkeeping services effectively and efficiently to Mr. Murray and a at relatively low cost to the Bankruptcy Estates.

10.     Trustee presently contemplates that the professional services to be provided to the Bankruptcy Estates by Ms. Harker will include bookkeeping services at the direction of Mr. Murray and the Firm. It is necessary that Trustee employ a bookkeeper to render the foregoing professional services. Ms. Harker has stated her desire and willingness to assist the Firm in its capacity as the Trustee's accountant in the case and render the necessary professional services.

11.     The Trustee requests that the Court enter an Order authorizing the employment of Becky Harker as bookkeeper to the Trustee's Accountant, Greg T. Murray, PLLC, effective as of January 3, 2022, and allow the fees in connection with the hourly services described in the First Interim Application attributable to the bookkeeping services provided by Ms. Harker in the amount of $1,687.50, be immediately paid by Trustee as an administrative expense of the bankruptcy estate.

4

### III.    THE FIRM'S CONNECTIONS AND LACK OF CONFLICTS

### A.    CONNECTIONS WITH TRUSTEE

12.    Trustee is unaware of any circumstances where Ms. Harker has a connection with Trustee that would disqualify Ms. Harker from assisting the Firm in its representation of Trustee in this case.  Ms. Harker has no connection to Trustee.  To the best of Trustee's knowledge and belief, Ms. Harker has no relationship that presently causes a disqualification, an actual conflict of interest, or otherwise renders her ineligible to serve as bookkeeper in connection with the Firm providing assistance to Trustee.  Accordingly, Trustee believes his engagement of Ms. Harker in this case is permissible under the Bankruptcy Code and is in the best interest of the Estate and all parties in interest.

### B.    CONNECTIONS WITH DEBTOR, CREDITORS, DEFENDANTS AND OTHER PARTIES IN INTEREST

13.    Trustee is unaware of any circumstances where Ms. Harker has a connection with the Debtor, any creditors of Debtor, and/or parties in interest in this case that would disqualify her from assisting the Firm in its representation of Trustee in this case.  To the best of Trustee's knowledge, Ms. Harker does not have any connection with or any interest adverse to Trustee, the Debtor, the Bankruptcy Estates, their respective creditors, or any other party in interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee.

14.    Ms. Harker does not hold or provide bookkeeping services to an entity that holds an interest adverse to the Estates and the Trustee and Ms. Harker is a disinterested person under 11 U.S.C. § 101(14).

## IV.  COMPENSATION TERMS

15.     Ms. Harker has agreed to provide the bookkeeping services as described herein. Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Ms. Harker on an hourly basis.  Ms. Harker will charge $75.00 per hour for her services.

16.     Ms. Harker has not received a retainer in this case.

17.     The hourly rate set forth above is subject to periodic adjustments.  The hourly rate is Ms. Harker's hourly rate for work of this nature.  The rate is set at a level designed to fairly compensate Ms. Harker for her bookkeeping work.

18.     Compliance with the requirements of sections 327, 328, 330, and 504 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014 are set forth in detail in the Harker Declaration.

## V.  NOTICE

19.     Pursuant to Local Rules 2014 and 9003, the Application has been served on the United States Trustee.  Trustee submits that no other or further notice need be provided.

20.     No previous application for the relief sought herein has been made to this or any other court.  Trustee has not sought to employ any other accountant in the case.

21.     A copy of the proposed order authorizing the employment of Ms. Harker is attached hereto as Exhibit B.

WHEREFORE, Trustee respectfully requests that the Court enter an Order approving the *Supplement to Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant*, authorizing the employment of Becky Harker as bookkeeper to the Trustee's

6

Accountant, Greg T. Murray, PLLC, effective as of January 3, 2022, and authorizing the Trustee to immediately pay as an administrative expense of the bankruptcy estate the fees in connection with the hourly services described in the First Interim Application attributable to the bookkeeping services provided by Ms. Harker in the amount of $1,687.50, and granting such other relief as is just and proper.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
   Randall A. Pulman
   Texas State Bar No. 16393250

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATE OF DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, 2023, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, including the United States Trustee as required by Local Rules 2014(e) and 9003.

.

***Via Counsel CM/ECF:***
*catherine.curtis@wickphillips.com*
*;jason.rudd@wickphillips.com*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

***Via CM/ECF:*** *pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
*USTPRegion07.SN.ECF@usdoj.gov*
*Aubrey.thomas@usdoj.gov*
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF:*** *don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

***Via CM/ECF:*** *rbattaglialaw@outlook.com*
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF:*** *jpetree@mcslaw.com*
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF:*** *jdunne@smfadlaw.com*
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

***Via CM/ECF:*** *bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

8

*Via CM/ECF: dodda@sec.gov*
Angela D. Dodd
U. S. Securities and Exchange Comm
175 Jackson Blvd. Suite 900
Chicago, IL 60604

*Via CM/ECF: pautry@branscomblaw.com*
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

*Via CM/ECF: lmjurek@jureklaw.com*
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX 77006

*Via CM/ECF:*
*stephen.humeniuk@lockelord.com*
Stephen J. Humeniuk
Locke Lord LLP
600 Congress Ave. #2200
Austin, TX 78701

*Via CM/ECF: tcunningham@lockelord.com*
Thomas J. Cunningham
LOCKE LORD LLP
777 S. Flalger Dr., Suite 215
West Palm Beach, FL 33401

*Via CM/ECF: jkathman@spencerfane.com;*
*msegura@spencerfane.com*
Jason Kathman
Misty Segura
Spencer Fane, LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024

And via email to the following parties in interest:

*Via email: harkeracctg@gmail.com*
Becky Harker
3710 N Miller St.
Kingman AZ 86409

*Via email: greg@gregmurraycpa.com*
Greg T Murray CPA
P.O. Box 781887
San Antonio TX 78278

*/s/Randall A. Pulman*
Randall A. Pulman

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF BECKY HARKER
IN SUPPORT OF SUPPLEMENT TO TRUSTEE'S NUNC PRO TUNC
APPLICATION TO EMPLOY GREG T. MURRAY, P.L.L.C. AS ACCOUNTANT**

---

1.      I am a contract employee of Greg T. Murray, P.L.L.C. (the "**Firm**"), authorized accountant for John Patrick Lowe, Chapter 7 Trustee for the Jointly Administered Bankruptcy Estates of the Debtors ("**Trustee**").  I am submitting this declaration (the "**Declaration**") in support of the *Supplement to Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Supplement to Application**").

## I.      BACKGROUND

2.      I am an independent bookkeeper who has worked for the Firm for fourteen (14) years as a contract employee.

3.      My office address is 3710 N Miller St., Kingman, AZ 86409; telephone (702) 218-7469; email harkeracctg@gmail.com.

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are:  In Re:Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth *5* Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

4.      Trustee retained the Firm to undertake the following professional services:

    a.      Review the current accounting reports and recommend entries required to reflect Debtors' true financial conditions on the Petition Date;

    b.      Review all accounting reports to determine intermingling of funds and properties between Debtors;

    c.      Review all accounting reports and financial records, including bank statements, to determine if grounds exist for any preferential or fraudulent transfer adversary complaints to be filed;

    d.      Supervise the preparation of all payroll tax and sales tax reporting forms required by the federal government and the State of Texas;

    e.      Prepare supporting information required to complete federal income tax returns for the Debtors; and

    f.      Complete requests for information by the Trustee's attorney

    g.      Perform a forensic accounting analysis of transfers of monies between the debtor entities.

    h.      Perform a solvency analysis of the debtor entities

5.      Mr. Murray utilizes my services to accomplish many of the above tasks at a lower rate than he charges.

6.      A copy of my resume is attached hereto as <u>Exhibit 1.</u>

## II.    <u>CONNECTIONS WITH TRUSTEE, DEBTORS, CREDITORS AND PARTIES IN INTEREST</u>

A.      In preparing this Affidavit, I performed a review of the connections and relationships between myself, Trustee, Trustee's counsel, creditors of Debtors, and other parties in interest based upon the information supplied to me by Trustee.  I do not provide bookkeeping services to any entity holding any interest adverse to Trustee or the Bankruptcy Estates as required by 11 U.S.C. § 327(a).  I have no presently known connections or relationships with Trustee, Debtors' creditors, any other party in interest and their respective attorneys and accountants (other than my contract employment with the Firm as disclosed herein), and the United States Trustee or any person employed in the office of the United States Trustee.  To the extent that I become aware of any other relationships or connections, I will promptly file a supplemental declaration disclosing any other relationships or connections.

B.       I am unaware of any circumstances where I have a connection with Trustee in this case that would disqualify me from providing bookkeeping services to the Trustee in this case.  I submit that my retention by the Firm and the Trustee is permissible under the Bankruptcy Code and is in the best interest of all parties in interest.

C.       Except for this proposed engagement with the Trustee, I have not provided bookkeeping services nor will I provide bookkeeping services to any other entity in connection with this case, and I will not accept any fee from any other party or parties in interest in this case related to this case, other than the Firm and/or the Trustee.  As a condition to acceptance of the employment as bookkeeper to the Firm and Trustee, I have not and will not undertake to provide bookkeeping services to any creditor of Debtor in any matter related to this case. I am a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

### III.       COMPENSATION TERMS

D.       Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to the Firm on an hourly basis, plus reimbursement of actual, necessary expenses incurred by me.  The Firm will charge $75.00 per hour for my bookkeeping services plus out-of-pocket expenses.

E.       The hourly rates set forth above are the Firm's typical hourly rates charged for bookkeeping work of this nature.

### CONCLUSION

F.       In view of the foregoing, I believe that I (i) do not hold an interest adverse to Trustee or the Estates in connection with this case, (ii) do not provide bookkeeping services to any other party in connection with this case, and (iii) am a "disinterested person" as that term is defined under section 101(4) of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of November, 2022.

Becky Harker

# EXHIBIT A-1

# BECKY HARKER

3710 N Miller Street  |  Kingman, AZ  86409  |  702-218-7469  |  harkeracctg@gmail.com

## PROFESSIONAL STATEMENT

Self-motivated, excellent at multi-tasking, works well under pressure with a Get The Job Done attitude.

## PROFESSIONAL EXPERIENCE & AFFILIATIONS

**Walsh & Friedman, Ltd., Las Vegas, NV**
**Accountant**
May, 2021  - Present

- Prepare annual sales tax and quarterly Modified Business Tax returns.
- Process accounts payable checks as needed.
- Reconcile bank statements – Fee, Trust and one personal account for majority partner.
- Prepare disbursement sheets for client settlements and Trust checks for providers.

**Della Spiga LLC, Las Vegas, NV**
**Accountant**
January, 2011 – January, 2020

- Enter daily sales transactions into QuickBooks and prepare monthly sales tax return.
- Process accounts payable checks on a weekly basis.
- Reconcile bank statements – four business accounts, one personal account
- Prepare weekly payroll information and submit to PayChex for processing; enter journal entry in QuickBooks
- Created gelato inventory spreadsheet to record usage and on hand count to make ordering more efficient
  Received food and paper products deliveries when warehouse manager was unavailable
  Scheduled annual onsite maintenance for two refrigeration trucks
  Schedule travel arrangements for owner both domestic and international
  Respond to all disputed credit card charges

**Ciao Ciao Apizza and Gelato, Las Vegas, NV**
**Accountant**
March, 2010 – November, 2010

- Hired to reconcile bank statements that were seven months behind, enter journal entries for payroll processing, bank charges and any corrections discovered during the reconciliation process.
- Enter daily sales transactions and prepare monthly sales tax returns for two companies.
- Prepare weekly payroll information and submit to PayChex for processing; enter journal entry into QuickBooks
- Business closed as of November, 2010.  Rehired to Della Spiga LLC in January, 2011 (same owner).

**T & M Automotive, Inc., Las Vegas, NV**
**Accountant**
March, 2010 - Present

- Post bi-weekly payroll journal entry
- Post monthly sales journal, prepare sales tax return and reconcile two bank statements.
- File vendor payments

**Greg T. Murray, CPA, San Antonio, TX**
**Contract Accounting**
2008 - Present

- After-the-fact accounting for several clients
- Bi-weekly payroll processing through Intuit
- Data entry work on bankruptcy clients as needed

Becky Harker Accounting, Las Vegas, NV                                    2004-2010
- Alexander Khalifano – Importer
- Nuvo International – Med Spa
- Freed's Bakery
- Opthalmic Associates – Eye specialists


Lindgren, Calliihan, Van Osdol & Co., LTD – CPA firm                      1983 – 2004

    After the fact accounting for monthly, quarterly and annual clients.  Processed payrolls, sales tax returns, payroll tax returns including year end W-2 and 1099 forms.  Created financial statements for partner review.  Client base included manufacturing, medical and dental, retail sales, restaurants and liquor establishments graphic design and trucking industry.


## EDUCATION & AWARDS

Harlem High School, Loves Park, IL - Diploma                              1969 – 1972


## COMPUTER SKILLS

Windows 2010,  Microsoft Office 2010,  MS Word,  MS Excel,  Chrome, Outlook, QuickBooks from version 5.0 to current versions of Pro and Enterprise and QuickBooks Online.

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**ORDER GRANTING SUPPLEMENT TO TRUSTEE'S NUNC PRO TUNC APPLICATION TO EMPLOY GREG T. MURRAY, P.L.L.C. AS ACCOUNTANT**

Came on for consideration the *Supplement to Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Supplement**").[2]  Based on the representations made in the Supplement and in the supporting *Unsworn Declaration under*

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

[2] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Supplement.

1

*Penalty of Perjury of Becky Harker* in support of the Supplement (the "**Harker Declaration**"), the Court finds that (i) it has jurisdiction over the matters raised in the Supplement pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Supplement approving the employment of Becky Harker as a contract employee of Greg T. Murray, P.L.L.C., the Trustee's Accountant, is in the best interest of the Debtors, their respective Bankruptcy Estates and the creditors; (iv) neither Ms. Harker nor the Firm holds no interest adverse to the Bankruptcy Estates and Ms. Harker is a disinterested person under 11 U.S.C. § 101(4); (v) proper and adequate notice of the Supplement has been given and no further notice is necessary; (vi) no objections to the Supplement have been filed; (vii) Ms. Harker is qualified to be employed as the bookkeeper to the Trustee's Accountant —to perform work as described in the Supplement relating to bookkeeping work relating to the eleven jointly administered Bankruptcy Estates—pursuant to sections 327 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016; and (viii)  based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Supplement in all respects.

      **IT IS, THEREFORE, ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Trustee's Accountant is authorized to employ Ms. Harker as a bookkeeper for services performed for the Trustee and such employment is authorized effective as of January 3, 2022 (as the Trustee was approved since January 3, 2022), in accordance with the terms described in the Supplement and this Order, and to perform the services described therein.

      **IT IS FURTHER ORDERED** that Ms. Harker's compensation shall be included within the compensation applications filed or to be filed by the Trustee's Accountant in this matter and shall be compensated upon appropriate application in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, and the Bankruptcy Local Rules.

4894-8573-4729, v. 1

**IT IS FURTHER ORDERED** that the Trustee is authorized to pay as an administrative expense of the bankruptcy estate, the fees for the hourly services attributable to the bookkeeping services provided by Ms. Harker in the amount of $1,687.50, as such are described in the *First Interim Application for Allowance of Fees and Expenses to Greg T. Murray, P.L.L.C., as Accountant to Trustee for the Time Period of January 3, 2022 to September 30, 2022* [ECF No. 190].

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

**Submitted by:**
Randall A. Pulman
Texas State Bar No. 16393250
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED BANKRUPTCY ESTATE OF
DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

3