IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

SECOND INTERIM APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES
TO GREG T. MURRAY, P.L.L.C., AS ACCOUNTANT TO TRUSTEE
FOR THE TIME PERIOD OF OCTOBER 1, 2022 TO JANUARY 31, 2023

**This Application seeks an order that may adversely affect you. If you oppose the Application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the Application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the Application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the Application at the hearing.**

**Represented parties should act through their attorney.**

| Name of Applicant: | | Greg Murray, Greg T. Murray, P.L.L.C. |
|---|---|---|
| Applicant's professional role in case: | | Accountant to Trustee |
| Indicate whether this is an interim or final application: | | Interim |
| Date Order of Appointment signed | | 07/28/22 [ECF No. 132] |
| Effective Date of Appointment | | 01/03/22 |
| | Beginning of Period | Ending of Period |
| Total period covered in Application | 10/01/2022 | 01/31/2023 |

_____

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a **"Bankruptcy Estate"** and collectively, **"Bankruptcy Estates"**.

| Time periods covered by any prior Applications | 01/03/2022 | 09/30/2022 |
|---|---|---|
| Total amounts awarded in all prior Applications: | | $21,937.50 |
| Amount of retainer received in the case | | $0.00 |
| Total fees and expenses applied for in this application (including any retainer amounts to be applied) | | $10,525.00 |
| Total professional fees requested in this Application: | | $5,875.00 |
| Total bookkeeping fees requested in this Application | | $4,650.00 |
| Average Hourly Rate for Professionals: | | $250.00 |
| Average Hourly Rate for Bookkeeper | | $75.00 |
| Total professional hours covered by this Application | | 23.5 |
| Total bookkeeping hours covered by this Application | | 62.0 |
| Reimbursable expenses sought in this Application | | $0.00 |
| Application Cost | | $950.00 |

TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:

Greg T. Murray, P.L.L.C. ("**Murray**"), accountant for J. Patrick Lowe, Chapter 7 Trustee in the above-captioned case (the "**Trustee**") hereby files this *Second Interim Application for Allowance of Fees and Expenses for Greg T. Murray, P.L.L.C., as Accountant to Trustee for the Time Period October 1, 2022 through January 31, 2023* ("**Second Interim Application**"), for allowance of compensation of $10,525.00 for the time period from October 1, 2022 through January 31, 2023.

1.    A copy of the proposed order is attached as Exhibit A.

2.    A copy of the Summary of the Second Interim Application is attached as Exhibit B.

In support of this Second Interim Application, Murray respectfully asks the Court to approve and authorize this Second Interim Application based on the following:

## I.    Jurisdiction, Venue and Background

3.    This Court has jurisdiction over this Second Interim Application pursuant to 28 U.S.C. § 1334. Venue for this case is proper in the Western District of Texas under 28 U.S.C. §§

– 2–

1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief requested herein are Sections 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014 of the Local Rules of Bankruptcy Procedure for the Western District of Texas.

5.      On December 9, 2021, (the "**Petition Date**"), the Debtors filed voluntary petitions under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") [ECF No. 1]. The Court, by its Order entered December 21, 2021, authorized that the Debtors' bankruptcy cases be jointly administered under lead case *In re: deeproot Capital Management, LLC*, Case No. 21-51523 (the "**Jointly Administered Case**") [ECF No. 20].

6.      On or about December 21, 2021, John Patrick Lowe was duly appointed as Trustee.

7.      On June 7, 2022, Trustee filed *Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Employment Application**") [ECF No. 123], seeking to employ Murray as an accountant effective as of January 3, 2022. Murray received no retainer in this case. As set forth in the Employment Application, Murray was employed on an hourly fee basis plus costs for actual, necessary expenses incurred by Murray. *See* Employment App. at ¶ 11.

8.      On July 28, 2022, the Court entered the Order on the Employment Application [ECF No. 132] (the "**Employment Order**"), wherein the Court authorized the Trustee to employ Murray as an accountant effective as of January 3, 2022. A copy of the Employment Order is attached hereto as Exhibit C.

9.      On November 1, 2022, Murray filed his *First Interim Application for Allowance of Fees and Expenses to Greg T. Murray, P.L.L.C., as Accountant to Trustee for the Time Period of*

– 3–

*January 3, 2022 to September 30, 2022,* with the Court (the "**First Interim Application**") [ECF No. 190].

10.     On November 28, 2022, the Court entered its *Interim Order Granting First Interim Application for Allowance of Fees and Expenses for Greg T. Murray, as Accountant to Trustee for the Time Period of January 3, 2022 to September 30, 2022,* authorizing the Trustee to pay Murray as an administrative expense, hourly fees attributable to the services provided by Murray in the amount of $21,937.50 (the "**First Interim Order**") [ECF No. 209].  The Court further ordered that fees for bookkeeping services provided by Becky Harker in the amount of $1,687.50 be denied pending the Court's approval of a supplemental employment application to be filed by the Trustee seeking employment of Becky Harker for the purpose of providing bookkeeping services in connection with the services provided by Murray (the "**Supplemental Employment Application**").

11.     Concurrent with the filing of this Second Interim Application, the Trustee has filed the Supplemental Employment Application with the Court, in which the Trustee requests that the Court enter an Order authorizing the employment of Becky Harker as bookkeeper to the Trustee's Accountant, Greg T. Murray, PLLC, effective as of January 3, 2022, and allow the fees in connection with the hourly services described in the First Interim Application attributable to the bookkeeping services provided by Ms. Harker in the amount of $1,687.50, to be immediately paid by the Trustee as an administrative expense of the bankruptcy estate.

## II.     Application for Hourly Services

12.     Murray has provided accounting services and expended 85.5 hours from October 1, 2022 through January 31, 2023, totaling $10,525.00 in fees representing the Trustee. Attached hereto as Exhibit D is a copy of a billing statement from Greg T. Murray, PLLC itemizing the fees

– 4–

by date incurred in connection with accounting services for the Trustee. In general, Murray: (1) performed a forensic analysis of Debtors' Quickbook files and financial records, (2) prepared a preliminary report and exhibits detailing his forensic analysis of Debtors' records, (3) participated in meetings with Trustee's counsel, (4) prepared detailed analysis of the Debtors' and Mueller's credit card activity, (5) assisted the Trustee in identifying payments to investors, (6) assisted the Trustee in identifying payments to finders and professionals, (7) prepared schedules of sources and uses of investor funds, and (8) prepared and issued updated reports as requested by the Trustee and Trustee's counsel.

13.     This is the second interim application for fees and expenses filed by Murray.

14.     Murray submits that this Second Interim Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the United States Trustee Guidelines.

### III.     <u>Authorities and Argument</u>

15.     The statutory predicates for the relief sought by this First Interim Application are sections 328(a) and 331 of the Bankruptcy Code.

16.     Bankruptcy Code section 330(a) provides that in determining the amount of reasonable compensation to be awarded, a Court shall consider the nature, the extent, and the value of the services rendered by the professional, while taking into account the relevant factors, including the following:

- The time spent on such services;

- The rates charged for such services;

- Whether the services were necessary to the administration of, or beneficial at the time which the service was rendered, toward the completion of the bankruptcy case;

- Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance , and nature of the problem, issues or task addressed;

- With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

- Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than bankruptcy cases.

11 U.S.C. § 330(a)(3). *See also Busy Beaver Bldg. Ctrs., Inc.,* 19 F.3d 833, 850 (3d Cir. 1994) (noting Bankruptcy Code's policy of providing adequate compensation and stating that "Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citation and internal quotation marks omitted); *see also In re Woerner*, 783 F.3d 266, 274 (5th Cir. 2015) ("[Section 330] permits a court to compensate an attorney not only for activities that were 'necessary,' but also for good gambles— that is, services that were objectively reasonable at the time they were made—even when those gambles do not produce an 'identifiable, tangible, and material benefit.'") (citations and internal quotation marks omitted); *see also In re Pilgrim's Pride Corp.,* 690 F.3d 650 (5th Cir. 2012) (reaffirming that bankruptcy courts have discretion to enhance professional fees in extraordinary cases).

17.    The fees incurred by Murray in providing accounting services to Debtor were reasonable and necessary for the administration of the Case. Murray performed these services within a reasonable period of time and has significant expiernce in providing accounting services within bankruptcy cases. Additionally, the rates charged by Murray in this matter are comparable to the rates charged by Murray in non-bankruptcy matters. Therefore, Murray has met the requirements of section 330(a) of the Bankruptcy Code, and the Court should award the fees and expenses sought in this First Interim Application.

– 6–

18.     Murray submits that this Second Interim Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the United States Trustee Guidelines.

WHEREFORE, Murray prays that upon consideration hereof, this Court enter an Order approving Murray's request for interim fees in the amount of $10,525.00 and granting such other and further relief as the Court finds appropriate to grant.

Respectfully submitted,

PULMAN, CAPPUCCIO & PULLEN, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: /s/ Randall A. Pulman
     Randall A. Pulman
     Texas State Bar No. 1639250

ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE

– 7–

4876-1478-9972, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November 2022, I electronically filed the foregoing document using the CM/ECF system, which will serve the document on the following list of parties in interest and parties requesting notice. A copy of the notice/summary of the Second Fee Application will be mailed via US First Class Mail to the parties on the limited service list in this case, and a supplemental certificate of service will be filed to evidence compliance.

***Via Counsel CM/ECF:***
*catherine.curtis@wickphillips.com*
*;jason.rudd@wickphillips.com*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

***Via CM/ECF:*** *pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
*USTPRegion07.SN.ECF@usdoj.gov*
*Aubrey.thomas@usdoj.gov*
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF:*** *don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX  78205

***Via CM/ECF:*** *rbattaglialaw@outlook.com*
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF:*** *jpetree@mcslaw.com*
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF:*** *jdunne@smfadlaw.com*
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

*Via CM/ECF: bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

*Via CM/ECF: pautry@branscomblaw.com*
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

*Via CM/ECF: lmjurek@jureklaw.com*
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX  77006

*Via CM/ECF: achale@halewoodlaw.com*
Craig Hale
HALE | WOOD PLLC
4766 Holladay Blvd.
Holladay, Utah 84117

*Via CM/ECF:*
*stephen.humeniuk@lockelord.com*
Stephen J. Humeniuk
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701

*Via CM/ECF:*
*tcunningham@lockelord.com*
Thomas J. Cunningham
LOCKE LORD LLP
777 S. Flalger Dr., Suite 215
West Palm Beach, FL

*Via CM/ECF:*
*jkathman@spencerfane.com;*
*msegura@spencerfane.com*
Jason Kathman
Misty Segura
Spencer Fane, LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024

*/s/ Randall A. Pulman*
Randall A. Pulman

4876-1478-9972, v. 1

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**ORDER GRANTING SECOND INTERIM APPLICATION
FOR ALLOWANCE OF FEES AND EXPENSES
FOR GREG T. MURRAY, AS ACCOUNTANT TO TRUSTEE
FOR THE TIME PERIOD OF OCTOBER 1, 2022 TO JANUARY 31, 2023**

---

Came on for consideration the *Second Interim Application for Allowance of Fees and Expenses to Greg T. Murray, P.L.L.C., as Accountant to Trustee for the Time Period of October*

---

[1] The jointly admnisterd chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are:  In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth *5* Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**".

1 of 3

*1, 2022 to January 31, 2023* ("**First Interim Application**").[2] The Court has considered the Second Interim Application and finds that the fees and expenses represent reasonable compensation for actual and necessary services, and reimbursement for actual, necessary expenses;

After considering the pleadings, the Court also finds that (i) it has jurisdiction over the matters raised in the Second Interim Application pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) proper and adequate notice of the Second Interim Application has been given and that no other or further notice is necessary; (iv) all objections to the Second Interim Application have been resolved by this Order or are overruled in their entirety; and (v) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.

**IT IS THEREFORE ORDERED** that the Second Interim Application pursuant to 11 U.S.C. §331 is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the fees in connection with the hourly services described in the Second Interim Application are allowed. All interim fees in the amount of $10,525.00 shall be an administrative expense of the bankruptcy estate.

**IT IS FURTHER ORDERED** the Trustee is authorized to immediately pay the amount of $10,525.00, approved in this Order on the Second Interim Application.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Second Interim Application.

4874-1845-1284, v. 1

**Submitted by:**

Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Pulman, Cappuccio & Pullen, LLP
2161 NW Military Hwy., Suite 400
San Antonio, TX 78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
**ATTORNEYS FOR JOHN PATRICK LOWE,**
**CHAPTER 7 TRUSTEE**

4874-1845-1284, v. 1

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

NOTICE OF SECOND INTERIM APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES
TO GREG T. MURRAY, P.L.L.C., AS ACCOUNTANT TO TRUSTEE
FOR THE TIME PERIOD OF OCTOBER 1, 2022 TO SEPTEMBER 30, 2022

**This Application seeks an order that may adversely affect you. If you oppose the Application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the Application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the Application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the Application at the hearing.**

**Represented parties should act through their attorney.**

YOU ARE HEREBY NOTIFIED, that on March 3, 2023, Trustee filed the *Second Interim Application for Allowance of Fees and Expenses for to Greg T. Murray, P.L.L.C., as Accountant to Trustee for the Time Period of October 1, 2022 to January 31, 2023* ("**Second Interim Application**"). This Second Interim Application has been filed pursuant to 11 U.S.C. § 331, and covers professional services rendered to Debtor and reimbursement of expenses for the period

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re:Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth *5* Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**".

October 1, 2022 to January 31, 2023. A summary of the fees and expenses sought by the Applicant

is as follows:

| Name of Applicant: Greg T. Murray, P.L.L.C. | | Greg Murray, |
|---|---|---|
| Applicant's professional role in case: | | Accountant to Trustee |
| Indicate whether this is an interim or final application: | | Interim |
| Date Order of Appointment signed | | 07/28/22 [ECF No. 132] |
| Effective Date of Appointment | 01/03/22 | |
| | Beginning of Period | Ending of Period |
| Total period covered in Application | 10/01/2022 | 01/31/2023 |
| Time periods covered by any prior Applications | | 01/03/2022 |
| Total amounts awarded in all prior Applications: | | $21,937.50 |
| Amount of retainer received in the case | | $0.00 |
| Total fees and expenses applied for in this application (including any retainer amounts to be applied) | | $10,525.00 |
| Total professional fees requested in this Application: | | $5,875.00 |
| Total bookkeeping fees requested in this Application | | $4,650.00 |
| Average Hourly Rate for Professionals: | | $250.00 |
| Average Hourly Rate for Bookkeeper | | $75.00 |

The foregoing is only a summary of the Second Interim Application, a copy of such Second

Interim Application will be provided to any party upon written request to Randall A. Pulman,

Pulman, Cappuccio & Pullen, LLP, 2161 NW Military Hwy., Suite 400, San Antonio, TX 78213.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
     Randall A. Pulman
     Texas State Bar No. 1639250

  **ATTORNEYS FOR JOHN PATRICK LOWE,
  CHAPTER 7 TRUSTEE**

# EXHIBIT C



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 28, 2022.**

_____
**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**ORDER GRANTING TRUSTEE'S *NUNC PRO TUNC*[2] APPLICATION TO EMPLOY GREG T. MURRAY, P.L.L.C. AS ACCOUNTANT**

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

[2] Trustee's counsel notes the recent Supreme Court ruling relating to the issuance of Nunc Pro Tunc Orders, *Roman Catholic Archdiocese of San Juan, Puerto Rico v Acevedo, et al.*, 140 S.Ct. 696 (2020), as well as the recent ruling by Chief United States Bankruptcy Judge Craig A. Gargotta in *In Re: Leroy Ramirez*, Case No. 13-52576-cag, United States Bankruptcy Court for the Western District of Texas, San Antonio Division, Dkt. #93; however, this District's Local Rules still reference "*nunc pro tunc*" employment applications, *see* LR 9014(c). so that term is used in the Application.

{00580759;1}

Came on for consideration the *Trustee's Nunc Pro Tunc Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Application**").[3] Based on the representations made in the Application and in the supporting *Unsworn Declaration under Penalty of Perjury of Greg T. Murray in support of Trustee's Application to Employ Greg T. Murray, P.L.L.C. as Accountant* (the "**Murray Declaration**"), the Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application approving the employment of Greg T. Murray, P.L.L.C. (the "**Firm**") is in the best interest of the Debtors, their respective Bankruptcy Estates and the creditors; (iv) the Firm holds no interest adverse to the Bankruptcy Estates and is a disinterested person under 11 U.S.C. § 101(4); (v) proper and adequate notice of the Application has been given and no further notice is necessary; (vi) no objections to the Application have been filed; (vii) the Firm is qualified to be employed as an accountant to Trustee —to perform work as described in the Application for the Trustee relating to the eleven jointly administered Bankruptcy Estates—pursuant to sections 327 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016; and (viii) based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Application in all respects.

**IT IS, THEREFORE, ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ the Firm as his accountant, *Nunc Pro Tunc* effective as of January 3, 2022, in accordance with the terms described in the Application and this Order, and to perform the services described therein.

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after entry of this Order, absent any objections within 21 days after the filing and service

---

[3] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Application.

of such supplemental declarations or affidavits, the Firm's employment shall continue as authorized pursuant to this Order.

**IT IS FURTHER ORDERED** that the Firm shall be compensated upon appropriate application in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

**Submitted by:**
Randall A. Pulman
Texas State Bar No. 16393250
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED BANKRUPTCY ESTATE OF
DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

# EXHIBIT D

# Greg T. Murray, PLLC

Certified Public Accountant

P.O. Box 781887
San Antonio, TX 78278

Telephone   (210) 413-9162
Fax  (210) 492-6389

TAX ID NUMBER 74-2891043

Deeproot Chapter 7
Pat Lowe Trustee
Pulman Cappuccio, & Pullen
2161 NW Military Hwy Suite 400
San Antonio, TX 78213

March 1, 2023
Invoice #        12849

_____

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 10/18/2022-<br>10/19/2022 | Draft preliminary report and prepare Exhibits 1 to 5.  E-mail to Randy Pulman | 5.00<br>250.00/hr | 1,250.00 |
| 10/19/2022 | Receive request to add sections to report discussing finders fees and commission payments.  Revise report and prepare Exhibits 6 and 7. Compete editing of report and e-mail to Randy Pulman | 2.50<br>250.00/hr | 625.00 |
| 10/31/2022 | Reed e-mail from Anna MacFarlane concerning recording American Express card payments for Robert Mueller.  Respond with detail of A/R account | 0.25<br>250.00/hr | 62.50 |
| 11/7/2022 | Meeting with Randy, Anna and Drew to access Quickbooks file and discuss various potential legal recoveries | 2.00<br>250.00/hr | 500.00 |
| 11/8/2022 | Receive and respond to e-mail from Randy concerning journal entries to Deeproot Queue | 0.25<br>250.00/hr | 62.50 |
| 11/16/2022 | Revise report to include 2019 activity and expand discussion of use of Deeproot investor funds | 2.50<br>250.00/hr | 625.00 |
| 11/28/2022 | Review Quickbooks file created to track Robert Mueller credit card payments.  Expand chart of accounts and reclassify certain expenses | 1.00<br>250.00/hr | 250.00 |

Deeproot Chapter 7                                                                                          Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/1/2022 | Work on Investor Fund usage schedules. | 3.00 250.00/hr | 750.00 |
| 12/2/2022 | Complete review of Robert Mueller credit card activity in QuickBooks file completed by Becky Harker.  Download to Excel, sort by payee and e-mail to Randy, Drew, and Anna | 1.50 250.00/hr | 375.00 |
| 11/22/2022- 12/1/2022 | Becky Harker services to enter all Robert Mueller personal American Express and Southwest Airlines Chase Card activity into specially created QuickBooks file | 62.00 75.00/hr | 4,650.00 |
| 12/2/2022 | Complete Deeproot Investor Funds and Uses schedules.  Update draft report to include all nine years in analysis | 2.75 250.00/hr | 687.50 |
| 12/6/2022 | Meet with Randy, Anna and Drew to discuss impact of credit card payment detail.  Prepare and send updated report on Policy Services payments to investors | 1.75 250.00/hr | 437.50 |
| 12/7/2022 | Receive e-mail from Anna requesting schedule of payments to Robert Mueller.  Complete and e-mail | 0.75 250.00/hr | 187.50 |
| 1/5/2023 | Telephone conference with Randy on tax impact on Jill Winn of settling from IRA funds | 0.25 250.00/hr | 62.50 |
|  | For professional services rendered | 85.50 | $10,525.00 |
|  | Previous balance |  | $23,625.00 |
| 12/2/2022 | Payment - thank you. Check No. 4009 |  | ($21,937.50) |
|  | Total payments and adjustments |  | ($21,937.50) |
|  | Balance due |  | $12,212.50 |