

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

Dated: April 11, 2023.

                                                                     **MICHAEL M. PARKER**
                                                 **UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC, | § | |
| ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT UNDER BANKRUPTCY RULE 9019 WITH JILL R. WINN AND ALICE SNELL**

---

On this date came on to be considered the *Trustee's Motion to Approve Compromise and Settlement under Bankruptcy Rule 9019 with Jill R. Winn and Alice Snell* (the "**Motion**").[2] The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C.

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc., 21-51513* (2864); *In Re: Wizard Mode Media, LLC*, 21-51514 (3205); *In Re: deeproot Pinball LLC*, 21-51515 (0320); *In Re: deeproot Growth Runs Deep Fund, LLC*, 21-51516 (8046); *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404); *In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC*, 21-51518 (7731); *In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC*, 21-51519 (9661); *In Re: deeproot Tech LLC*, 21-51520 (9043); *In Re: deeproot Funds LLC*, 21-51521 (9404); In Re: deeproot Studios LLC, 21-51522 (6283); and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638) (collectively, the "**Bankruptcy Estates**").

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

{00542051;1}                                          1

§§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) the relief requested in the Motion is in the best interests of deeproot Funds, LLC, its Bankruptcy Estate, and the creditors; (iv) proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and (v) good and sufficient cause exists for the granting of the relief requested.

**IT IS THEREFORE ORDERED** that the Winn Settlement Agreement incorporated by reference herein and attached hereto as Exhibit 1, and the Motion are, in all things, **APPROVED**.

**IT IS THEREFORE ORDERED** that the Snell Settlement Payment, and the Motion are, in all things, **APPROVED**.

**IT IS FURTHER ORDERED** that Trustee and Winn are hereby authorized and directed to take any and all actions necessary to consummate the Winn Settlement Agreement and conclude the transactions proposed in the Motion.

**IT IS FURTHER ORDERED** that Trustee and Snell are hereby authorized and directed to take any and all actions necessary to consummate the Snell Settlement Payment and conclude the transactions proposed in the Motion.

**IT IS FURTHER ORDERED** that this Court shall **RETAIN** jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS FURTHER ORDERED** that in the event the Winn Settlement Agreement is voided by the Trustee or Winn, the Trustee shall file a notice with the Court that the Settlement is void and of no force and effect.

**IT IS FURTHER ORDERED** that in the event the Snell Settlement Payment is voided by the Trustee or Snell, the Trustee shall file a notice with the Court that the Settlement is void and of no force and effect.

### # # #

Submitted by:
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Anna K. MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED BANKRUPTCY ESTATE OF
DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.

# EXHIBIT 1

# SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is entered into as of February 14, 2023 by and among John Patrick Lowe, Chapter 7 Trustee ("Trustee") for the jointly administered bankruptcy case of *In re deeproot Capital Management, LLC, et al*, and Jill R. Winn ("Winn" and, collectively with Trustee, the "Settling Parties").

## RECITALS

A. The Trustee alleges the following facts:

- According to the financial books and records located in the Debtor's QuickBooks files obtained by the Trustee, Winn made a non-qualified individual investment in the amount of $430,000.00 in the deeproot BonusGrowth 5 Year Debenture Fund, LLC (the "5-Year Debenture Fund") on or about May 20, 2015. On or about June 5 and 25, 2015, Winn made traditional individual retirement account investments in the amounts of $85,249.58 and $301,716.76, respectively. Of those investments, Debtors' records reflect that $186,966.30 was invested with the 5-year Debenture Fund, and $200,000 was invested with deeproot Pinball, LLC.

- The Debtors' records further reflect that Winn received interest payments between October 2016 to February 2021 in the amount of $187,461.04 and dividend payments in the amount of $18,379.95 between January 2020 and February 2021. Additionally, between March 12, 2021 and April 30, 2021, Winn withdrew funds in the total amount of $869,404.09. The net amount Winn received in excess of her original investment is $258,278.74 (the "Net Winn Transfers").

B. On December 9, 2021 (the "Petition Date"), Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball, LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot BonusGrowth 5 Year Debenture Fund, LLC, deeproot Tech, LLC, deeproot Funds, LLC, deeproot Studios, LLC, deeproot Capital Management, LLC (collectively the "Debtors") commenced separate bankruptcy cases under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") by filing voluntary petitions for relief in the United States Bankruptcy Court of the Western District of Texas, San Antonio Division (the "Bankruptcy Court"), which are now jointly administered as Bankruptcy Case No. 21-51523 ("Bankruptcy Case").

C. On or about December 7, 2022, the Trustee filed his Original Complaint against Winn in the Bankruptcy Court for the Western District of Texas, San Antonio Division in Adversary Proceeding no 22-05096-MMP (below, the "Adversary").[1] The Trustee alleged that the Debtors were operated as a Ponzi scheme and that the profits obtained by Winn in excess of her original investment were fictitious and subject to avoidance. As such, the Trustee brought claims to avoid and recover Winn's net profits under 11 U.S.C. §§ 544, 548, and 550 and the Texas Uniform Fraudulent Transfer Act codified at chapter 24 of the Texas Business and Commerce

---

[1] Claims against Winn were brought in the same complaint with other net winners of the Debtors' Ponzi scheme. This Settlement Agreement does not impact any of the other net winners.

{00589912;1}

Code.

D. The Settling Parties have exchanged information, negotiated with one another, and in lieu of pursuing further litigation, have agreed to resolve all matters respecting the Net Winn Transfers, upon the terms and conditions set forth below.

E. Now, therefore, for good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Settling Parties, it is hereby stipulated, consented to, and agreed by and among the Settling Parties as follows:

## TERMS OF AGREEMENT

1. Recitals. The recitals set forth above are incorporated herein by reference.

2. Settlement Amount. Winn shall pay Trustee a total of $154,967.24 USD (the "Settlement Amount") in full and complete satisfaction of any and all claims arising from, or related to, the Net Winn Transfers.

3. Sequence of Payment. Immediately following execution of this Settlement Agreement by the Settling Parties, Winn shall pay the Trustee one half of the Settlement Amount in the amount of $77,483.62 in accordance with the instructions attached hereto as Exhibit A. Winn shall pay the remaining $77,483.62 of the Settlement Amount to the Trustee no later than January 15, 2024.

4. Approval Pursuant to Bankruptcy Rule 9019. Within five (5) business days following receipt of the first Settlement Amount payment by the Trustee, the Trustee shall file the necessary papers to seek approval of the Settlement Agreement from the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. Prosecution of any appeals that may arise related to approval or denial of this Settlement Agreement will be subject to the Trustee's business judgment.

5. Effective Date of Settlement Agreement. This Settlement Agreement shall become effective and enforceable on the last of the following dates (the "Effective Date"): (i) the Settling Parties have executed the Settlement Agreement; (ii) this Settlement Agreement is approved by order of the Bankruptcy Court and such order has become a final, unappealable order; and (iii) the date on which the Trustee has received the first Settlement Amount payment from Winn.

6. Voidability of Settlement Agreement. If the Settlement Agreement is not approved by the Bankruptcy Court, then this Settlement Agreement is voidable at the option of either of the Settling Parties. In the event the Settlement Agreement becomes null and void, the Trustee will return any Settlement Amount received by the Trustee to Winn within 10 days of the event that voids this Settlement Agreement. If Winn fails to make the second Settlement Amount payment on or by January 15, 2024, the Trustee has the option to void this Settlement Agreement and reopen the Adversary to proceed for the full amount of the claim, or enforce this Settlement Agreement.

7. Release by Trustee. On the Effective Date, Trustee shall be deemed to have

{00589912;1}

2

irrevocably and unconditionally, fully, finally and forever waived, released, acquitted, and discharged Winn, her attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and her successors and assigns (collectively, the "Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, asserted or not asserted, suspected or unsuspected, in law or equity, which the Trustee, the Debtor, or the Debtor's bankruptcy estate, has, may have had, may have or may claim to have against the Releasees in connection with Winn, the Net Winn Transfers, and any other transaction(s) between Winn and the Debtors. This Settlement Agreement does not release or prejudice the Trustee's right to enforce this Settlement Agreement against Winn. The Trustee reserves and retains that right. Promptly after the Effective Date, the Trustee will request the Court to administratively close the Adversary against Winn. After Winn makes the final payment of the Settlement Amount on or before January 15, 2024, the Trustee shall, at Winn's timely request, file a motion with the Court to reopen the case, after which the Trustee will request the Court to dismiss the Adversary against Winn with prejudice.

8. <u>Release by Winn</u>. On the Effective Date, Winn agrees to irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge any claim she may have in the Bankruptcy Case. Winn agrees that she will not file a proof of claim in the Bankruptcy Case or take any other action to assert a claim in the Bankruptcy Case.

9. <u>Tolling of Limitations</u>. Any statute or period of limitations, statutes of repose, or other time-based limitations or defenses, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted as a time bar and/or limitation in connection with the Net Winn Transfers is hereby, and as of the date of execution of this Settlement Agreement by all parties, tolled until either the Effective Date or ten days following the date the Settlement Agreement becomes void. Nothing in this Settlement Agreement shall operate or revive or extend the time for filing any claim that is time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the date this Settlement Agreement is fully executed as set forth below. Nothing in this Settlement Agreement shall operate to prejudice any defense by Winn of limitations or repose based on events or the passage of time up to and immediately before the date of this Settlement Agreement.

10. <u>Enforcement of Settlement Agreement</u>. If any of the Settling Parties breach this Settlement Agreement, the non-breaching party shall have the authority to initiate a proceeding in the Bankruptcy Court to enforce this Settlement Agreement. The prevailing party in such litigation shall be entitled to recover its reasonable attorneys' fees, costs, and all necessary disbursements and out-of-pocket expenses incurred in connection with such litigation.

11. <u>Expenses</u>. The Settling Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with this Settlement Agreement.

12. **Severability.** The Settling Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

13. **Miscellaneous.**

(a) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Settling Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein), (ii) to seek damages or injunctive relief in connection therewith, or (iii) as may be necessary to disclose to an accountant for the purpose of tax advice or reporting.

(b) Each of the Settling Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Settling Parties' respective obligations hereunder.

(c) No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Settling Parties hereto and their respective successors.

(d) This Settlement Agreement shall be construed, enforced and governed under and in accordance with the laws of the State of Texas, except that any conflict of law rule of that jurisdiction that would require reference to the laws of some other jurisdiction shall be disregarded. Exclusive venue for the interpretation and/or enforcement of this Settlement Agreement shall be in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

(e) The Bankruptcy Court shall retain jurisdiction (and the Settling Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(f) This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(g) Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(h) In executing the Settlement Agreement, each of the Settling Parties represents and warrants, for itself, that (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(i) The Settling Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understanding with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(j) This Settlement Agreement shall not be modified, altered, amended or vacated without written consent of all parties hereto or order of the Bankruptcy Court.

(k) This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Settling Parties hereto.

(l) The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

IN WITNESS WHEREOF, the Settling Parties have caused this Settlement Agreement to be executed as of the date first above written.

SIGNED this 14th day of February, 2023.

_____
John Patrick Lowe, Chapter 7 Trustee for the Jointly Administered Bankruptcy Estate of deeproot Capital Management, LLC, et al.

SIGNED this ____ day of _____, 2023.

_____
Jill R. Winn    2-14-23

{00589912;1}

5

# Exhibit A

## Payment Instructions

### If by check:

John Patrick Lowe, Chapter 7 Trustee
c/o Pulman, Cappuccio & Pullen, LLP
2161 NW Military Hwy, Ste. 400
San Antonio, Texas 78213

### If by wire:

Bank Name: ▉▉▉▉▉
Routing Number: ▉▉▉▉▉
Account Name: ▉▉▉▉▉
Account Number: ▉▉▉▉▉