IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| deeproot CAPITAL MANAGEMENT, LLC, | § | |
| ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT
UNDER BANKRUPTCY RULE 9019 WITH CRISSMAN SCOTT CROMBIE, FLEMING FINANCIAL
SERVICES, INC., SEAN MICHAEL FLEMING, AND NANCY LEE FLEMING

---

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff John Patrick Lowe, the Chapter 7 Trustee (the "**Trustee**") for the jointly administered Bankruptcy Cases of deeproot Capital Management, LLC et al. ("**deeproot**"),[2] by

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc., 21-51513* (2864); *In Re: Wizard Mode Media, LLC,* 21-51514 (3205); *In Re: deeproot Pinball LLC,* 21-51515 (0320); *In Re: deeproot Growth Runs Deep Fund, LLC,* 21-51516 (8046); *In Re: deeproot 575 Fund, LLC,* 21-51517 (9404); *In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC,* 21-51518 (7731); *In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC,* 21-51519 (9661); *In Re: deeproot Tech LLC,* 21-51520 (9043); *In Re: deeproot Funds LLC,* 21-51521 (9404); *In Re: deeproot Studios LLC,* 21-51522 (6283); and *In Re: deeproot Capital Management, LLC,* 21-51523 (2638) (collectively, the "**Bankruptcy Estates**").

[2] Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball LLC, deeproot Growth Runs Deep Fund, LLC,

1

and through his undersigned counsel Pulman, Cappuccio & Pullen, LLP, hereby files this *Motion to Approve Compromise and Settlement Under Bankruptcy Rule 9019 with Crissman Scott Crombie, Fleming Financial Services, Inc., Sean Michael Fleming, and Nancy Lee Fleming* (the "**Motion**"), and in support respectfully shows the Court as follows:

## I.  <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

2.      The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## II.  <u>SUMMARY OF RELIEF REQUESTED</u>

3.      The Trustee requests approval by the Court to enter into and confirm the three settlements with three finders described below. Attached hereto as <u>Exhibit A</u> is the proposed order on the Motion.

      a.      Crissman Scott Crombie, a finder, has agreed to pay $38,887.50 (85% of the claim) to Trustee in exchange for a release which is contained in the Settlement Agreement attached hereto as <u>Exhibit B</u>;

      b.      Fleming Financial Services, Inc., and its principals Sean Michael Fleming, and Nancy Lee Fleming, finders, have agreed to pay $158,079.60 (75% of the claim) to Trustee in exchange for a release which is contained in the Settlement Agreement attached hereto as <u>Exhibit C</u>;

---

deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot BonusGrowth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds, LLC, deeproot Studios, LLC, and deeproot Capital Management, LLC are referred to herein as "**Debtors**" or the "**deeproot Entities**."

4862-4352-7538, v. 2 / 1934.001

### III. <u>PROCEDURAL HISTORY</u>

4.      On December 9, 2021 (the "**Petition Date**"), each of the Debtors filed their respective voluntary petition under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").   The cases were ordered to be jointly administered under the lead case *In re: deeproot Capital Management, LLC*, 21-51523-mmp.

5.      On or about December 21, 2021, John Patrick Lowe was appointed as Chapter 7 Trustee of all eleven bankruptcy cases comprising the jointly administered case. Doc. No. 19.

6.      On or about January 31, 2023, the Trustee filed his Original Complaint against Crissman Scott Crombie ("**Crombie**") in the Bankruptcy Court for the Western District of Texas (the "**Crombie Adversary Proceeding**"). Adv. Proc. No. 23-05016-mmp.

7.      On or about January 31, 2023, the Trustee filed his Original Complaint against Fleming Financial Services, Inc. ("**Fleming Financial**"), Sean Michael Fleming ("**S. Fleming**"), and Nancy Lee Fleming ("**N. Fleming**" and, collectively, the "**Fleming Financial Defendants**") in the Bankruptcy Court for the Western District of Texas (the "**Senior Insurance Adversary Proceeding**").  Adv. Proc. No. 23-05021-mmp.

8.      Attached hereto as <u>Exhibit B</u> is the executed settlement agreement with Crombie (the "**Crombie Settlement Agreement**").

9.      Attached hereto as <u>Exhibit C</u> is the executed settlement agreement with the Fleming Financial Defendants (the "**Fleming Financial Settlement Agreement**").

### IV. <u>FACTUAL BACKGROUND</u>

a.      <u>**Allegations against Crombie in Trustee's Complaint**</u>

12.     In Trustee's Original Complaint against Crombie, the Trustee alleged that Crombie located new investors for deeproot Funds, LLC and received payments from Policy Services, Inc.

3

in exchange. Crombie Adv. Proc. Doc. No. 1 ¶ 21-23. A review of the Debtors' books and records revealed that Crombie executed numerous Finder Agreements with deeproot Funds, LLC. Specifically, he signed eight (8) Standard Four Month Finder Agreements; and one (1) Standard Six Month Finder Agreement. *Id.* ¶ 22. From December 18, 2017 to August 29, 2019, Crombie received $45,750.00 from Policy Services, Inc. (the "**Crombie Transfers**"). Policy Services, Inc.'s books and records reveal that the Crombie Transfers were booked as "Finders Fees." *Id.* ¶ 21.

13.     In his Original Complaint, the Trustee alleges that the deeproot Entities were operated as a Ponzi scheme and that the monies paid to Crombie constituted fraudulent transfers under the Bankruptcy Code and Texas law. *Id.* ¶¶ 10-14, 27-42. As such, the Trustee brought claims to avoid and recover monies transferred to Crombie under 11 U.S.C. §§ 544, 548, and 550 and the Texas Uniform Fraudulent Transfer Act codified at Chapter 24 of the Texas Business and Commerce Code. *Id.* ¶¶ 27-42.

14.     In connection with settlement negotiations between Trustee and Crombie, a resolution was reached, and the Crombie Settlement Agreement was prepared and executed. Exhibit B.

**b.      Allegations against the Fleming Financial Defendants in Trustee's Complaint**

15.     In Trustee's Original Complaint against the Fleming Financial Defendants, the Trustee alleged that the Fleming Financial Defendants located new investors for deeproot Funds, LLC and received payments from Policy Services, Inc. in exchange. Fleming Financial Adv. Proc. Doc. No. 1 ¶ 23-28. From January 12, 2021 to June 23, 2021, Fleming Financial received $210,772.80 from Policy Services, Inc. (the "**Fleming Financial Transfers**"). *Id.* ¶ 23. Policy Services, Inc.'s books and records reveal that the Fleming Financial Transfers were booked as

4

"Finders Fees." *Id.* at Exh. B. A review of the Debtors' books and records revealed that S. Fleming executed two (2) Standard Six Month Finder Agreements with deeproot Funds, LLC on behalf of Fleming Financial. *Id.* ¶ 26. S. Fleming is the President/CEO of Fleming Financial and S. Fleming and N. Fleming are both shareholders of Fleming Financial. *Id.* ¶ 24. The Trustee alleged that the Fleming Financial Transfers were made for the benefit of S. Fleming and N. Fleming. *Id.*

16.     In his Original Complaint, the Trustee alleges that the deeproot Entities were operated as a Ponzi scheme and that the monies paid to the Fleming Financial Defendants constituted fraudulent transfers under the Bankruptcy Code and Texas law. *Id.* ¶¶ 11-19, 31-58. As such, the Trustee brought claims to avoid and recover monies transferred to Fleming Financial under 11 U.S.C. §§ 544, 548, and 550 and the Texas Uniform Fraudulent Transfer Act codified at chapter 24 of the Texas Business and Commerce Code. *Id.* ¶¶ 31-56. The Trustee also brought claims to recover from S. Fleming and N. Fleming as subsequent transferees of the Fleming Financial Transfers under 11 U.S.C. § 550. *Id.* ¶¶ 57-58.

17.     In connection with settlement negotiations between Trustee and the Fleming Financial Defendants, a resolution was reached, and the Fleming Financial Settlement Agreement was prepared and executed. Exhibit C.

## V.  PROPOSED SETTLEMENT

### a.  Trustee's Settlement Agreement with Crombie

18.     The Trustee and Crombie have agreed to settle the dispute without further litigation pursuant to the following terms. Crombie has agreed to pay a total of $38,887.50 (the "**Crombie Settlement Amount**") to Trustee in exchange for release of the Trustee's and the Bankruptcy Estates' claims against Crombie related to the Crombie Transfers or any other transactions between Crombie and the Debtors. The Trustee has agreed to accept the Crombie Settlement Amount in the

5

following balloon payment structure: 36 consecutive monthly payments in the amount of $500.00 beginning on August 1, 2023 and one final balloon payment at the end of the 36-month period in the amount of $20,887.50. As part of the settlement, the parties have signed an Agreed Final Judgment to be held in escrow, which will be filed with the Court only if Crombie fails to pay pursuant to the agreement. This settlement results in a resolution of 85% of the Crombie Transfers to the deeproot Funds, LLC Bankruptcy Estate. In the event the Court does not approve the Crombie Settlement Agreement, the Trustee will return amounts paid of the Crombie Settlement Amount to Crombie.

19.    Crombie agrees to toll the statutes of limitation until the settlement becomes effective or is voided.

**b.  Trustee's Settlement with the Fleming Financial Defendants**

20.    The Trustee has accepted payment of $158,079.60 from the Fleming Financial Defendants in exchange for releasing his claims against the Fleming Financial Defendants in the Fleming Financial Adversary Proceeding (the "**Fleming Financial Settlement Amount**"). This settlement results in a resolution of 75% of the Fleming Financial Transfers to the Policy Services, Inc. Bankruptcy Estate. As part of the settlement, the parties have signed an Agreed Final Judgment to be held in escrow, which will be filed with the Court only if the Financial Partners Defendants fail to pay pursuant to the agreement. In the event the Court does not approve the Fleming Financial Settlement Agreement, the Trustee will return amounts paid of the Fleming Financial Settlement Amount to the Fleming Financial Defendants.

21.    The Fleming Financial Defendants agrees to toll the statutes of limitation until the settlement becomes effective or is voided due to lack of court approval.

6

## VI. <u>REQUESTED RELIEF</u>

22.     Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Court has discretionary authority to approve a compromise or settlement. *See Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *In re Continental Airlines Corp.*, 907 F.2d 1500 (5th Cir. 1990). Whether to approve a proposed compromise is a matter within the discretion of the bankruptcy court.  *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984). Bankruptcy settlements "are a normal part of the process of reorganization" and "desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly."  *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

23.     According to the Fifth Circuit, in deciding whether to approve a settlement, a bankruptcy court should evaluate the following: "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise." *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). This standard seeks to balance the risks and benefits associated with pursuing a potential claim against the costs associated with the proposed settlement.

**a.**     **Probability of Success with Due Consideration for Uncertainties in Law and Fact**

24.     The Trustee is confident that he would ultimately prevail in his claims against Crombie and the Fleming Financial Defendants. However, as with all litigation, there is never any guarantee of success.

7

25.     Here, Crombie has agreed to pay the amount of cash needed to compensate unsecured creditors the same or more of what they would receive if the Trustee decided to pursue the claims asserted against Crombie in the adversary proceeding.

26.     The Fleming Financial Defendants have also agreed to pay the amount of cash needed to compensate unsecured creditors the same or more of what they would receive if the Trustee decided to pursue the claims asserted against the Fleming Financial Defendants in the adversary proceeding.

27.     In light of this, and the desire to reduce administrative expenses associated with litigations to increase the amount paid to creditors, the Trustee believes that the proposed settlements represents a fair and reasonable settlements given the facts of the cases and the inherent uncertainties associated with trial and continued litigations.

**b.      Complexity, Duration and Expense of Continued Litigation**

28.     Prosecuting the pending adversary proceeding against Crombie and the Fleming Financial Defendant would entail the Bankruptcy Estate incurring additional administrative expenses in a range between $25,000.00 and $100,000.00 in each of the adversary proceedings through a trial.  The Trustee's settlements with Crombie, and the Fleming Financial Defendants provide for the transfer of the Bankruptcy Estate's interest in deeproot Funds, LLC and Policy Services, Inc.'s property, and assures recovery to unsecured creditors through a cash payment to the Bankruptcy Estates without the need for further litigation. The settlements were reached before extensive discovery, and without the need to incur additional costs for litigating a lawsuit, including discovery, depositions, trials and appeals. Given the face value of the claims, the amount of the settlement proceeds, and the costs associated with continued litigation against multiple defendants, the Trustee believes it is in the best interests of the Bankruptcy Estates to enter into

8

the Crombie Settlement Agreement and the Fleming Financial Settlement Agreement in exchange for release of claims.

**c.    Wisdom of the Compromises**

29.    Whether a settlement is a product of arm's length negotiation is a factor bearing on the wisdom of a proposed compromise. *Conn. Gen. Life Ins. Co.*, 68 F.3d at 918. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement agreement. Instead, the bankruptcy court should determine whether the agreement is fair and equitable and in the best interest of the estate. *Id.* at 917.

30.    The proposed Crombie Settlement Agreement is the result of arm's length negotiations between the Trustee and Crombie and reflects a fair compromise of the Trustee's and Policy Services, Inc.'s Bankruptcy Estate's claims against Crombie. A resolution by agreement of 85% of the claim is a good outcome for the Bankruptcy Estate.  Crombie has not been represented by counsel. The Trustee considered this compromise and conferred extensively with his own attorneys. The Trustee and his counsel have undertaken an analysis of the claims being settled, and it is the Trustee's business judgment that the settlement is in the best interest of the Bankruptcy Estate and its creditors. Incurring any additional attorneys' fees in pursuing these claims to recoup more than a 85% recovery would not be a prudent use of Bankruptcy Estate funds.

31.    The proposed Fleming Financial Settlement Agreement is the result of arm's length negotiations between the Trustee and the Fleming Financial Defendants and reflects a fair compromise of the Trustee's and Bankruptcy Estate's claims against the Fleming Financial Defendants. A resolution by agreement of 75% of the claim is a good outcome for the Bankruptcy Estate.  The Fleming Financial Defendants have been represented by counsel throughout this case, as has the Trustee, who conferred with the Fleming Financial Defendants' counsel and considered

9

this compromise after conferring extensively with his own attorneys. The Trustee and his counsel have undertaken an analysis of the claims being settled, and it is the Trustee's business judgment that the settlement is in the best interest of the Bankruptcy Estate and its creditors. Incurring any additional attorneys' fees in pursuing these claims to recoup more than a 75% recovery would not be a prudent use of Bankruptcy Estate funds.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Crombie Settlement Agreement and Fleming Financial Settlement Agreement as set forth herein, and grant such other and further relief, at law or in equity, as the Court deems to be just, proper, and equitable.

Dated: August 7, 2023

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By:  */s/ Randall A. Pulman*
     Randall A. Pulman
     Texas State Bar No. 16393250
     rpulman@pulmanlaw.com
     Anna K. MacFarlane
     Texas State Bar No. 24116701
     amacfarlane@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, PLAINTIFF AND CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATE OF DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of August, 2023, a true and correct copy of the foregoing document has been furnished via electronic mail to all parties receiving notice by CM/ECF, as set forth below, and via the methods indicated on the "parties in interest" also listed below; a copy will also be mailed to the parties on the limited service list in this matter, and a supplemental certificate of service will be filed evidencing such service.

***Via CM/ECF:*** *pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
*USTPRegion07.SN.ECF@usdoj.gov*
*Aubrey.thomas@usdoj.gov*
United States Trustee - SA12/ A. Thomas
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF:*** *dodda@sec.gov*
Angela D. Dodd
U. S. Securities and Exchange Commission
175 Jackson Blvd. Suite 900
Chicago, IL 60604

***Via Counsel email:***
*catherine.curtis@wickphillips.com*
*;jason.rudd@wickphillips.com*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

***Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:*** *don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

***Via CM/ECF:*** *rbattaglialaw@outlook.com*
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF:*** *jpetree@mcslaw.com*
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF:*** *jdunne@smfadlaw.com*
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

***Via CM/ECF:*** *bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

*Via CM/ECF:  pautry@branscomblaw.com*
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

*Via CM/ECF:  lmjurek@jureklaw.com*
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX  77006

*Via CM/ECF:*
*stephen.humeniuk@lockelord.com*
Stephen J. Humeniuk
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701

*Via CM/ECF: tcunningham@lockelord.com*
Thomas J. Cunningham
Locke Lord LLP
777 South Flagler Drive #215
West Palm Beach, FL  33401

*Via CM/ECF:*
*jkathman@spencerfane.com;*
*msegura@spencerfane.com*
Jason Kathman
Misty Segura
Spencer Fane, LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024

**And to the following parties-in-interest via the method indicated:**

*Via CM/ECF: Anthony.cali@stinson.com*
Anthony P. Cali
STINSON, LLP
1850 N. Central Ave., Suite 2100
Phoenix, AZ  85004
***Attorneys for Fleming Financial Services, Inc., Sean Michael Fleming, and Nancy Lee Fleming***

*Via First Class Mail and E-Mail to*
*cscrombie1@gmail.com*
Crissman Scott Crombie
7225 Royal Oak Drive
Benbrook, Texas 76126
***Pro Se Defendant***

*/s/ Randall A. Pulman*
Randall A. Pulman

4862-4352-7538, v. 2 / 1934.001

# EXHIBIT A

**I**N THE **U**NITED **S**TATES **B**ANKRUPTCY **C**OURT
**FOR THE W**ESTERN **D**ISTRICT OF **T**EXAS
**S**AN **A**NTONIO **D**IVISION

| | | |
|---|---|---|
| I**N** R**E**: | § | |
| | § | |
| deeproot C**APITAL** M**ANAGEMENT**, LLC, | § | |
| ET AL.,[1] | § | B**ANKRUPTCY** N**O**. 21-51523-MMP |
| | § | L**EAD CASE** |
| D**EBTORS**. | § | J**OINTLY** A**DMINISTERED** |

---

**O**RDER **G**RANTING
**T**RUSTEE'S **M**OTION TO **A**PPROVE **C**OMPROMISE AND **S**ETTLEMENT UNDER **B**ANKRUPTCY
**R**ULE **9019** WITH **C**RISSMAN **S**COTT **C**ROMBIE, **F**LEMING **F**INANCIAL **S**ERVICES, **I**NC.,
**S**EAN **M**ICHAEL **F**LEMING, AND **N**ANCY **L**EE **F**LEMING

---

On this date came on to be considered the *Trustee's Motion to Approve Compromise and Settlement under Bankruptcy Rule 9019 with Crissman Scott Crombie, Fleming Financial Services, Inc., Sean Michael Fleming, and Nancy Lee Fleming* (the "**Motion**").[2]  The Court finds

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc., 21-51513* (2864); *In Re: Wizard Mode Media, LLC*, 21-51514 (3205); *In Re: deeproot Pinball LLC*, 21-51515 (0320); *In Re: deeproot Growth Runs Deep Fund, LLC*, 21-51516 (8046); *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404); *In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC*, 21-51518 (7731); *In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC*, 21-51519 (9661); *In Re: deeproot Tech LLC*, 21-51520 (9043); *In Re: deeproot Funds LLC*, 21-51521 (9404); *In Re: deeproot Studios LLC*, 21-51522 (6283); and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638) (collectively, the "**Bankruptcy Estates**").

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1 of 3

that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) the relief requested in the Motion is in the best interests of deeproot Funds, LLC, its Bankruptcy Estate, and the creditors; (iv) proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and (v) good and sufficient cause exists for the granting of the relief requested.

**IT IS THEREFORE ORDERED** that the Crombie Settlement Agreement incorporated by reference herein and attached to the Motion as <u>Exhibit B,</u> and the Motion are, in all things, **APPROVED**.

**IT IS THEREFORE ORDERED** that the Fleming Financial Settlement Agreement incorporated by reference herein and attached to the Motion as <u>Exhibit C,</u> and the Motion are, in all things, **APPROVED**.

**IT IS FURTHER ORDERED** that Trustee and Crombie are hereby authorized and directed to take any and all actions necessary to consummate the Crombie Settlement Agreement and conclude the transactions proposed in the Motion.

**IT IS FURTHER ORDERED** that Trustee and the Fleming Financial Defendants are hereby authorized and directed to take any and all actions necessary to consummate the Fleming Financial Settlement Agreement and conclude the transactions proposed in the Motion.

**IT IS FURTHER ORDERED** that this Court shall **RETAIN** jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS FURTHER ORDERED** that in the event the Crombie Settlement Agreement is voided by the Trustee or Crombie, the Trustee shall file a notice with the Court that the Settlement is void and of no force and effect.

4885-9181-3490, v. 1/1934.001

**IT IS FURTHER ORDERED** that in the event the Fleming Financial Settlement Agreement is voided by the Trustee or the Fleming Financial Defendants, the Trustee shall file a notice with the Court that the Settlement is void and of no force and effect.

# # #

**Submitted by:**
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
*ATTORNEYS FOR JOHN PATRICK LOWE,*
*CHAPTER 7 TRUSTEE FOR THE JOINTLY*
*ADMINISTERED BANKRUPTCY ESTATE OF*
*DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.*

# EXHIBIT B

# PULMAN, CAPPUCCIO & PULLEN, LLP
## ATTORNEYS & COUNSELORS

RANDALL A. PULMAN
(210) 892-0420
RPULMAN@PULMANLAW.COM

2161 NW MILITARY HIGHWAY, SUITE 400
SAN ANTONIO, TEXAS 78213
WWW.PULMANLAW.COM
TELEPHONE: (210) 222-9494
FACSIMILE: (210) 892-1610

OFFICE LOCATIONS:
SAN ANTONIO
DALLAS / FORT WORTH

July 5, 2023

*Via e-mail to: cscrombie1@gmail.com*
Crissman Crombie
72256 Royal Oak Drive
Benbrook, TX 76126

Re:  *John Patrick Lowe, Chapter 7 Trustee v. Crissman Scott Crombie*, Adversary Proceeding No. 23-05016-mmp;

*In re deeproot Capital Management, LLC*, Jointly Administered Case No. 21-bk-51523-mmp;

Settlement Agreement

Dear Mr. Crombie:

As you are aware, this firm represents J. Patrick Lowe, Chapter 7 Trustee (the "**Trustee**"), of the bankruptcy estates of the debtors (the "**Estate**") in the above referenced jointly administered Bankruptcy Cases. Please accept this letter as an agreement between you and the Trustee concerning the amount transferred to you from the Debtors that was the subject of the Trustee's claims against you in the adversary proceeding captioned *John Patrick Lowe, Chapter 7 Trustee v. Crissman Scott Crombie*, Adversary Proceeding No. 23-05016-mmp pending in the Bankruptcy Court for the Western District of Texas, San Antonio Division (the "**Settlement Agreement**"). The Trustee understands that you dispute the allegations against you in the Trustee's Original Complaint, and that you do not admit liability but are compromising and settling the claims against you rather than engaging in further litigation. **As such, if you agree to the terms of this Settlement Agreement, please sign on page 3 and mail the letter back to us with a check for the first month's payment.**

**Payment Schedule.** The Trustee's claim against you is for $45,750.00, which represents the amount you received from Policy Services, Inc. for finder fee payments (the "**Crombie Transfers**"). The Trustee has agreed to accept payment of 85% of the amount of the Crombie Transfers in the amount of $38,887.50 (the "**Settlement Amount**"). The Trustee has agreed to the following balloon payment schedule: 36 consecutive monthly payments in the amount of $500.00 beginning on August 1, 2023 and one final balloon payment at the end of the 36-month period in

Page 2
Settlement Agreement re: Payment
Crissman Crombie
July 5, 2023

the amount of $20,887.50. Please make each of the settlement checks payable to <u>Pat Lowe, Chapter 7 Trustee</u>, and mail each check to the below address:

Pulman, Cappuccio & Pullen, LLP
ATTN: MaryAnn Villa
2161 NW Military Hwy, Ste. 400
San Antonio, Texas 78213

**Approval Pursuant to Bankruptcy Rule 9019.** Within a reasonable time following execution of this Settlement Agreement together with the first payment, the Trustee shall seek approval of the Settlement Agreement from the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. Further, the Trustee agrees to zealously advocate for the approval of the Settlement Agreement. Prosecution of any appeals that may arise related to approval or denial of this Settlement Agreement will be subject to the Trustee's business judgment.

**Failure to Make Payments.** In connection with this Settlement Agreement, you have entered into an agreed judgment, which is attached hereto as **Exhibit A** to this Settlement Agreement. Failure to make any of the monthly payments or the final balloon payment described in the paragraph above is a default under this Settlement Agreement. In the event of a payment default, the Trustee shall be entitled to request the Bankruptcy Court to enter the agreed judgment against you. Under the agreed judgment, the Trustee shall be entitled to recover from you any unpaid amount of the Transfers, as well as reasonable attorneys' fees and expenses incurred by the Trustee in enforcing the final judgment entered in an action to enforce this Settlement Agreement.

**Acceptance of Late Payment.** Acceptance of a late or partial payment by the Trustee shall neither constitute a waiver of, nor in any way prejudice the Trustee's right to receive or demand, full or timely payments thereafter. The Trustee in his sole and absolute discretion shall have the right to declare a default under this Settlement Agreement regardless of the number of times that he has not declared a default although he was entitled to do so.

**Release.** Upon payment of the entirety of the Settlement Amount to the Trustee, the Trustee agrees to irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge any claim against you, Janet Rudd, and Senior Insurance Services, Inc. This release is not effective unless and until the full Settlement Amount is made.

**Tolling of Statutes of Limitation.** Any statute or period of limitations, statutes of repose, or other time-based limitations or defenses, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted as a time bar and/or limitation in connection with the Transfers is hereby, and as of the date of execution of this letter, tolled until either the Transfers are paid in full or ten days following the date this agreement becomes void by nonpayment.

Page 3
Settlement Agreement re: Payment
Crissman Crombie
July 5, 2023

Please feel free to contact me or my associate Anna MacFarlane at (210) 933-0617 if you would like to discuss this matter further.

Very truly yours,

Randall A. Pulman

RAP:AKM/mav

cc: Pat Lowe via e-mail (pat.lowe.law@gmail.com)

**AGREED**

Crissman Scott Crombie

7/6/23
Date

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| DEEPROOT CAPITAL MANAGEMENT, § | BANKRUPTCY NO. 21-51523-MMP | |
| LLC ET AL.,[1] § | | |
| DEBTORS § | JOINTLY ADMINISTERED | |
| § | | |
| § | | |
| JOHN PATRICK LOWE, § | | |
| CHAPTER 7 TRUSTEE § | | |
| FOR THE BANKRUPTCY ESTATE § | | |
| OF DEEPROOT CAPITAL § | | |
| MANAGEMENT, LLC, ET AL., § | ADV. PROC. NO. 23-05016-MMP | |
| PLAINTIFF § | | |
| § | | |
| v. § | | |
| § | | |
| CRISSMAN SCOTT CROMBIE, § | | |
| DEFENDANTS § | | |

**AGREED FINAL JUDGMENT**

CAME ON FOR CONSIDERATION the Agreed Final Judgment against Crissman Scott

Crombie ("**Crombie**"), filed by John Patrick Lowe, the Chapter 7 Trustee, by and through his

counsel Pulman, Cappuccio & Pullen, LLP (the "**Judgment**"). Based on the record, the pleadings

on file, and the agreement of the parties, the Court enters judgment as follows.

It is hereby **ORDERED, ADJUDGED** and **DECREED** that judgment shall be entered against

Crombie under 11 U.S.C §§ 548, 544, and §§ 24.005(a)(1) & (a)(2) of the Texas Business and

---

1 The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each
Debtor's federal tax identification number, are: *In Re: Policy Services, Inc.*, 21-51513 (2864), *In Re: Wizard Mode
Media, LLC*, 21-51514 (3205), *In Re: deeproot Pinball LLC*, 21-51515 (0320), *In Re: deeproot Growth Runs Deep
Fund, LLC*, 21-51516 (8046), *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404), *In Re: deeproot 3 Year Bonus Income
Debenture Fund, LLC*, 21-51518 (7731), *In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC*, 21-51519
(9661), *In Re: deeproot Tech LLC*, 21-51520 (9043), *In Re: deeproot Funds LLC*, 21-51521 (9404), *In Re: deeproot
Studios LLC* , 21-51522 (6283), and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638) (collectively, the
**"Bankruptcy Cases"**).

Commerce Code in the amount of $45,750.00, less the amount of $_____ already paid in
settlement. It is further

     **ORDERED, ADJUDGED,** and **DECREED** that prejudgment interest at the rate of 6% per
annum on $45,750.00 from October 24, 2022, until the date of judgment. Post judgment interest
shall accrue from the date of judgment until paid at the federal rate.

     **ORDERED, ADJUDGED,** and **DECREED** that all costs of court are adjudged against Crombie
and other relief not expressly granted herein is **DENIED.** It is further

     **ORDERED, ADJUDGED,** and **DECREED** that this judgment disposes of all claims and all
parties and therefore is, in all things, **FINAL.**

###

4854-8006-8461, v. 1 / 1934.038

**JUDGMENT AGREED TO BY:**

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman* _____ _____
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Anna K. MacFarlane
    Texas State Bar No. 24116701
    amacfarlane@pulmanlaw.com

**ATTORNEYS FOR PLAINTIFF,**
**JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

**AND**

By: _____
Crissman Scott Crombie

**PRO SE DEFENDANT**

4854-8006-8461, v. 1 / 1934.038

# EXHIBIT C

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is entered into as of July 10, 2023 by and among John Patrick Lowe, Chapter 7 Trustee ("Trustee") for the jointly administered bankruptcy case of *In re deeproot Capital Management, LLC, et al*, and Fleming Financial Services, Inc. ("Fleming Financial"), Sean Michael Fleming ("S. Fleming"), and Nancy Lee Fleming ("N. Fleming" and, collectively with Fleming Financial and S. Fleming, the "Fleming Defendants" and, collectively with the Trustee, the "Settling Parties").

### RECITALS

A.    The Trustee alleges the following facts:

- S. Fleming, the President/CEO of Fleming Financial, entered into two (2) Standard Six Month Finder Agreements on behalf of Fleming Financial. S. Fleming and N. Fleming located new investors for deeproot Funds, LLC on behalf of Fleming Financial, and Fleming Financial was paid compensation in the form of Finders Fees from Policy Services, Inc. S. Fleming and N. Fleming were the individuals for whose benefit the Fleming Financial Transfers were made. Between January 11, 2021 and June 23, 2021, Fleming Financial received $210,772.80 from Policy Services, Inc. in exchange for locating investors for the deeproot Funds (the "Fleming Financial Transfers").

B.    On December 9, 2021 (the "Petition Date"), Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball, LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot BonusGrowth 5 Year Debenture Fund, LLC, deeproot Tech, LLC, deeproot Funds, LLC, deeproot Studios, LLC, deeproot Capital Management, LLC (collectively the "Debtors") commenced separate bankruptcy cases under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") by filing voluntary petitions for relief in the United States Bankruptcy Court of the Western District of Texas, San Antonio Division (the "Bankruptcy Court"), which are now jointly administered as Bankruptcy Case No. 21-51523 ("Bankruptcy Case").

C.    On or about January 31, 2023, the Trustee filed his Original Complaint against Fleming Financial, S. Fleming, and N. Fleming in the Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Adversary"). Adv. Proc. No. 23-05024-mmp. The Trustee alleged that the Debtors were operated as a Ponzi scheme and that the monies paid to Fleming Financial in exchange for locating new investors constituted fraudulent transfers under the Bankruptcy Code and Texas law. As such, the Trustee brought claims to avoid and recover the Fleming Financial Transfers under 11 U.S.C. §§ 544, 548, and 550 and the Texas Uniform Fraudulent Transfer Act codified at chapter 24 of the Texas Business and Commerce Code.

D.    The Settling Parties have exchanged information, negotiated with one another, and without admitting any claim or defense or any of the facts alleged by the other, in lieu of pursuing further litigation, have agreed to resolve all matters respecting the Fleming Financial Transfers, upon the terms and conditions set forth below.

E. Now, therefore, for good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Settling Parties, it is hereby stipulated, consented to, and agreed by and among the Settling Parties as follows:

## TERMS OF AGREEMENT

1. <u>Recitals</u>. The recitals set forth above are incorporated herein by reference.

2. <u>Settlement Amount</u>. The Fleming Financial Defendants shall pay Trustee a total of $158,079.60 USD (the "<u>Settlement Amount</u>") in full and complete satisfaction of any and all claims arising from, or related to, the Fleming Financial Transfers.

3. <u>Sequence of Payment</u>. The Fleming Financial Defendants agree to pay the Settlement Amount in four quarterly payments in the amount of $39,519.90. Within ten days of the execution of this Settlement Agreement by the Settling Parties, the Fleming Financial Defendants shall deliver to the Trustee the first payment in the amount of $39,519.90 in accordance with the instructions attached hereto as <u>Exhibit A</u>. The remaining three quarterly payments shall be made also in accordance with the payment instructions at Exhibit A on the following dates: September 30, 2023, December 31, 2023, and April 31, 2024.

4. <u>Security for Payment</u>. As security for the payment plan, the Settling Parties have executed an Agreed Judgment for the full amount of the Fleming Financial Transfers that will be filed in the event that Fleming Financial Defendants default under this Settlement Agreement by nonpayment of the Settlement Amount. A true and correct copy of the Agreed Judgment is attached hereto as <u>Exhibit B</u>. Trustee's counsel shall only file the Agreed Judgment and the Bankruptcy Court shall only sign and enter the Agreed Judgment in the event that the Fleming Financial Defendants default on paying the Settlement Amount within the agreed time periods above.

5. <u>Approval Pursuant to Bankruptcy Rule 9019</u>. Within a reasonable time following execution of this Settlement Agreement by the Settling Parties, the Trustee shall seek approval of the Settlement Agreement from the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. Further, the Trustee agrees to zealously advocate for the approval of the Settlement Agreement. Prosecution of any appeals that may arise related to approval or denial of this Settlement Agreement will be subject to the Trustee's business judgment.

6. <u>Effective Date of Settlement Agreement.</u> This Settlement Agreement shall become effective and enforceable on the last of the following dates (the "<u>Effective Date</u>"): (i) the Settling Parties have executed the Settlement Agreement; (ii) this Settlement Agreement is approved by order of the Bankruptcy Court and such order has become a final, unappealable order; and (iii) the date on which the Trustee has received the full Settlement Amount from the Fleming Financial Defendants.

7. <u>Voidability of Settlement Agreement</u>. If the Settlement Agreement is not approved by the Bankruptcy Court, then this Settlement Agreement is voidable at the option of either of the Settling Parties. In the event the Settlement Agreement becomes null and void as the result of

2

notice of exercise of the option to void by either party, the Trustee will return any Settlement Amount received by the Trustee to the Fleming Financial Defendants within 10 days of the event that voids this Settlement Agreement. If the full Settlement Amount is not received in accordance with the sequence of payment described in Paragraph 3 herein above, the Settlement Agreement is voidable at the option of the Trustee within 10 days of nonpayment.

8.      Release by Trustee.  On the Effective Date, Trustee shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted, and discharged the Fleming Financial Defendants, their spouses, their attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, asserted or not asserted, suspected or unsuspected, in law or equity, which the Trustee, the Debtor, or the Debtor's bankruptcy estate, has, may have had, may have or may claim to have against the Releasees in connection with the Fleming Financial Defendants, the Fleming Financial Transfers, and any other transaction(s) between the Fleming Financial Defendants and the Debtors.

9.      Release by the Fleming Financial Defendants. On the Effective Date, the Fleming Financial Defendants agree to irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge any claim they may have in the Bankruptcy Case. The Fleming Financial Defendants agree that they will not file a proof of claim in the Bankruptcy Case or take any other action to assert a claim in the Bankruptcy Case based upon any claim that the Fleming Financial Defendants originally owned. Notwithstanding the foregoing, the Fleming Financial Defendants may file assignment of claim notices corresponding to claims that they have been assigned by other creditors in the Bankruptcy Case.

10.     Tolling of Limitations. Any statute or period of limitations, statutes of repose, or other time-based limitations or defenses, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted as a time bar and/or limitation in connection with the Fleming Financial Transfers is hereby, and as of the date of execution of this Settlement Agreement by all parties, tolled until either the Effective Date or ten days following the date the Settlement Agreement becomes void.  Nothing in this Settlement Agreement shall operate or revive or extend the time for filing any claim that is time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the date this Settlement Agreement is fully executed as set forth below.

11.     Enforcement of Settlement Agreement. If any of the Settling Parties breaches this Settlement Agreement, the non-breaching party shall have the authority to initiate a proceeding in the Bankruptcy Court to enforce this Settlement Agreement. The prevailing party in such litigation shall be entitled to recover its reasonable attorneys' fees, costs, and all necessary disbursements and out-of-pocket expenses incurred in connection with such litigation.

12.     Expenses.  The Settling Parties shall bear their own costs, expenses, and attorneys'

fees incurred to date in connection with this Settlement Agreement.

      13.    Severability. The Settling Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

      14.    Miscellaneous.

      (a)    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Settling Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein), (ii) to seek damages or injunctive relief in connection therewith, or (iii) as may be necessary to disclose to an accountant for the purpose of tax advice or reporting.

      (b)    Each of the Settling Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Settling Parties' respective obligations hereunder.

      (c)    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Settling Parties hereto and their respective successors.

      (d)    This Settlement Agreement shall be construed, enforced and governed under and in accordance with the laws of the State of Texas, except that any conflict of law rule of that jurisdiction that would require reference to the laws of some other jurisdiction shall be disregarded. Exclusive venue for the interpretation and/or enforcement of this Settlement Agreement shall be in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

      (e)    The Bankruptcy Court shall retain jurisdiction (and the Settling Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

      (f)    This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

      (g)    Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented

to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(h)     In executing the Settlement Agreement, each of the Settling Parties represents and warrants, for itself, that (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(i)     The Settling Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understanding with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(j)     This Settlement Agreement shall not be modified, altered, amended or vacated without written consent of all parties hereto or order of the Bankruptcy Court.

(k)     This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Settling Parties hereto.

(l)     The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

[SIGNATURES ON FOLLOWING PAGE]

4885-4310-2572, v. 3 / 1934.054

IN WITNESS WHEREOF, the Settling Parties have caused this Settlement Agreement to be executed as of the date first above written.

_____
John Patrick Lowe, Chapter 7 Trustee for the
Jointly Administered Bankruptcy Estate of
deeproot Capital Management, LLC, et al.

SIGNED this 11th day of July, 2023.


_____
Sean Michael Fleming
President, Fleming Financial Services, Inc.

SIGNED this 10 day of July, 2023.


_____
Sean Michael Fleming

SIGNED this 10 day of July, 2023.


_____
Nancy Lee Fleming

SIGNED this 10th day of July, 2023.

**Exhibit A**

**Payment Instructions**

**If by check:**

John Patrick Lowe, Chapter 7 Trustee
c/o Pulman, Cappuccio & Pullen, LLP
2161 NW Military Hwy, Ste. 400
San Antonio, Texas 78213

**If by wire:**



7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| deeproot CAPITAL MANAGEMENT, | § | BANKRUPTCY NO. 21-51523-MMP |
| LLC ET AL.,[1] | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |
| | § | |

| | | |
|---|---|---|
| | § | |
| JOHN PATRICK LOWE, | § | |
| CHAPTER 7 TRUSTEE | § | |
| FOR THE BANKRUPTCY ESTATE | § | |
| OF deeproot CAPITAL | § | |
| MANAGEMENT, LLC, ET AL., | § | ADV. PROC. NO. 23-05024-MMP |
| PLAINTIFF | § | |
| | § | |
| v. | § | |
| | § | |
| FLEMING FINANCIAL SERVICES, INC., | § | |
| SEAN MICHAEL FLEMING, AND | § | |
| NANCY LEE FLEMING, | § | |
| DEFENDANTS | § | |

**AGREED FINAL JUDGMENT**

CAME ON FOR CONSIDERATION the Agreed Final Judgment against Fleming Financial Services, Inc. ("**Fleming Financial**"), Sean Michael Fleming ("**S. Fleming**"), and Nancy Lee Fleming ("**N. Fleming**" and, collectively with Fleming Financial and S. Fleming, the "**Fleming Financial Defendants**") filed by John Patrick Lowe, the Chapter 7 Trustee, by and through his counsel Pulman, Cappuccio & Pullen, LLP (the "**Judgment**"). Based on the record,

---

1 The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc.*, 21-51513 (2864), *In Re: Wizard Mode Media, LLC*, 21-51514 (3205), *In Re: deeproot Pinball LLC*, 21-51515 (0320), *In Re: deeproot Growth Runs Deep Fund, LLC*, 21-51516 (8046), *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404), *In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC*, 21-51518 (7731), *In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC*, 21-51519 (9661), *In Re: deeproot Tech LLC*, 21-51520 (9043), *In Re: deeproot Funds LLC*, 21-51521 (9404), *In Re: deeproot Studios LLC* , 21-51522 (6283), and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638) (collectively, the "**Bankruptcy Cases**").

the pleadings on file, and the agreement of the parties, the Court enters judgment as follows.

It is hereby **ORDERED, ADJUDGED** and **DECREED** that judgment shall be entered against Fleming Financial under 11 U.S.C §§ 548, 544, and §§ 24.005(a)(1) & (a)(2) of the Texas Business and Commerce Code in the amount of $210,772.80, less the amount of _____ already paid in settlement. It is further

**ORDERED, ADJUDGED** and **DECREED** that judgment shall be entered against Fleming Financial, S. Fleming, and N. Fleming, jointly and severally, for recovery of subsequent transfers under 11 U.S.C. § 550 and § 24.009(b) of the Texas Business and Commerce Code in the amount of $210,772.80, less the amount of _____ already paid in settlement. It is further

**ORDERED**, **ADJUDGED**, and **DECREED** that prejudgment interest at the rate of 6% per annum on $210,772.80 from October 31, 2022, until the date of judgment. Post judgment interest shall accrue from the date of judgment until paid at the federal rate.

**ORDERED**, **ADJUDGED**, and **DECREED** that all costs of court are adjudged against the Fleming Financial Defendants and other relief not expressly granted herein is **DENIED**.  It is further

**ORDERED**, **ADJUDGED**, and **DECREED** that this judgment disposes of all claims and all parties and therefore is, in all things, **FINAL**.

###

– 2 –

**JUDGMENT AGREED TO BY:**

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
     Randall A. Pulman
     Texas State Bar No. 16393250
     rpulman@pulmanlaw.com
     Anna K. MacFarlane
     Texas State Bar No. 24116701
     amacfarlane@pulmanlaw.com

**ATTORNEYS FOR PLAINTIFF,**
**JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

**AND**

**STINSON LLP**
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
(602) 279-1600 Telephone

By: *  /s/ Anthony P. Cali [w. permission]  *
Anthony P. Cali
Arizona State Bar No. 028261
Anthony.cali@stinson.com

**ATTORNEYS FOR DEFENDANTS**

– 3 –