**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 10, 2024.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.[1], | § | |
| | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY
COUNSEL FOR SPECIAL PURPOSE**

Came on for consideration the *Trustee's Application to Employ Counsel for Special Purpose* (the "**Application**").[2] Based on the representations made in the Application and in the supporting *Affidavit of Adan Nach of Lane & Nach, P.C.* (the "**Nach Affidavit**"), the Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157

---

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc.*, 21-51513 (2864), *In Re: Wizard Mode Media, LLC*, 21-51514 (3205), *In Re: deeproot Pinball LLC*, 21-51515 (0320), *In Re: deeproot Growth Runs Deep Fund, LLC*, 21-51516 (8046), *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404), *In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC*, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), *In Re: deeproot Tech LLC*, 21-51520 (9043), *In Re: deeproot Funds LLC*, 21-51521 (9404), *In Re: deeproot Studios LLC*, 21-51522 (6283), and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638).

[2] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Application.

1

and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application approving the employment of Lane & Nach, P.C. (the "**Firm**") is in the best interest of the Debtors, their respective Bankruptcy Estates and the creditors; (iv) the Firm holds no interest adverse to the Bankruptcy Estates and is a disinterested person under 11 U.S.C. § 101(4); (v) proper and adequate notice of the Application has been given and no further notice is necessary; (vi) no objections to the Application have been filed; (vii) the Firm is qualified to be employed as special counsel to Trustee —to perform work as described in the Application for the Trustee relating to the eleven jointly administered Bankruptcy Estates—pursuant to sections 327 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016; and (viii) based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Application in all respects.

**IT IS, THEREFORE, ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ the Firm as his special counsel effective as of the date of entry of this Order, in accordance with the terms described in the Application and this Order, and to perform the services described therein to collect default judgments obtained by the Trustee in the following adversary proceedings against defendants in jurisdictions other than Texas, specifically: *Lowe v. Shantell Wright*, Adv. No. 23-05018; *Lowe v. George Villa*, Adv. No. 22-05094; *Lowe v. Purpose Driven Financial Services, Inc. et al.*, Adv. No. 22-05091; *Lowe v. McNamara Capital Investment Group, LLC et al.*, Adv No. 22-05087; *Lowe v. Randy Seymour*, Adv. No. 23-05013; *Lowe v. John Vizy*, Adv. No. 23-05010; *Lowe v. GM Consultants Group, Inc. et al.*, Adv. No. 23-05007; *Lowe v. Gregory Patrick Talbot*, Adv. No. 23-05025; and *Lowe v. Steven Fortier*, Adv. No. 23-05019. The Firm shall be compensated in the amount of thirty-three

and one-third percent (33 ⅓%) of all recoveries. The Trustee shall advance a $5,000.00 retainer to cover out-of-pocket expenses which shall be accounted for on a case-by-case basis.

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after entry of this Order, absent any objections within 21 days after the filing and service of such supplemental declarations or affidavits, the Firm's employment shall continue as authorized pursuant to this Order.

**IT IS FURTHER ORDERED** that Lane & Nach shall be compensated for its proposed legal services described in the Application from the Bankruptcy Estate of Policy Services, Inc. None of the other Bankruptcy Estates shall be responsible for payment of special counsel's fees for the proposed legal services described in the Application.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

**Submitted by:**
Randall A. Pulman
Texas State Bar No. 16393250
Anna K. MacFarlane
Texas State Bar No. 24116701
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATE OF DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

4885-8213-1093, v. 2 / 1934.001