IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| deeproot CAPITAL MANAGEMENT, LLC, | § | |
| ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT UNDER
BANKRUPTCY RULE 9019 WITH MARK ALAN ZABINSKI

---

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:

John Patrick Lowe, the Chapter 7 Trustee (the "**Trustee**") for the jointly administered

Bankruptcy Cases of deeproot Capital Management, LLC et al. ("**deeproot**"),[2] by and through his

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc., 21-51513* (2864); *In Re: Wizard Mode Media, LLC,* 21-51514 (3205); *In Re: deeproot Pinball LLC,* 21-51515 (0320); *In Re: deeproot Growth Runs Deep Fund, LLC,* 21-51516 (8046); *In Re: deeproot 575 Fund, LLC,* 21-51517 (9404); *In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC,* 21-51518 (7731); *In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC,* 21-51519 (9661); *In Re: deeproot Tech LLC,* 21-51520 (9043); *In Re: deeproot Funds LLC,* 21-51521 (9404); *In Re:* deeproot Studios LLC, 21-51522 (6283); and *In Re: deeproot Capital Management, LLC,* 21-51523 (2638) (collectively, the "**Bankruptcy Estates**").

[2] Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot BonusGrowth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds, LLC, deeproot Studios, LLC, and deeproot Capital

1

counsel Pulman LeFlore Pullen & Reed, LLP, hereby files this *Motion to Approve Compromise and Settlement Under Bankruptcy Rule 9019 with Mark Alan Zabinski* (the "**Motion**"), and in support respectfully shows the Court as follows:

## I.  JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

2.  The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## II.  PROCEDURAL HISTORY

3.  On December 9, 2021 (the "**Petition Date**"), each of the Debtors filed their respective voluntary petition under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").   The cases were ordered to be jointly administered under the lead case *In re: deeproot Capital Management, LLC*, 21-51523.

4.  On or about December 21, 2021, John Patrick Lowe was appointed as Chapter 7 Trustee of all eleven bankruptcy cases comprising the jointly administered case. [Doc. No. 19].

5.  On or about July 26, 2023, the Trustee filed his Second Amended Complaint against Mark Alan Zabinski ("**Zabinski**" and, together with the Trustee, the "**Parties**") in the Bankruptcy Court for the Western District of Texas, San Antonio Division (the "**Adversary Proceeding**"). [Doc. No. 35].[3]

6.  Attached hereto as Exhibit A is the proposed order on the Motion.

---

Management, LLC are referred to herein as "**Debtors**" or the "**deeproot Entities**."

[3] See, *John Patrick Lowe, Chapter 7 Trustee v. Mark Alan Zabinski*, Adversary Proceeding No. 23-05011-mmp.

2

7.      Attached hereto as <u>Exhibit B</u> is the executed Settlement Agreement.

### III.    SUMMARY OF RELIEF REQUESTED

8.      The Trustee requests approval by the Court to enter into and confirm a settlement with Zabinski, a finder in the Adversary Proceeding. Zabinski has agreed to pay a total of $85,000.00 to Trustee in exchange for release of the Trustee's and the Bankruptcy Estates' claims against Zabinski, which is contained in the Settlement Agreement attached hereto as <u>Exhibit B</u>.

### IV.    FACTUAL BACKGROUND

9.      The Trustee's Second Amended Complaint against Zabinski alleges that Zabinski entered into one (1) deeproot Standard Six-Month Finder Agreement with deeproot Funds, LLC, located new investors for deeproot Funds, LLC, and was paid compensation in the form of finder's fees from Policy Services, Inc. Between April 6, 2021, and June 18, 2021, Zabinski received $229,384.07 from Debtor Policy Services, Inc. (the "**Zabinski Transfers**"). As such, the Trustee brought claims to avoid and recover monies transferred to Zabinski under 11 U.S.C. §§ 544, 548, and 550 and the Texas Uniform Fraudulent Transfer Act codified at chapter 24 of the Texas Business and Commerce Code.

10.     In connection with the negotiations, the Parties have reached a resolution, and a Settlement Agreement was prepared and executed by the Parties. <u>Exhibit B</u>.

### V.    PROPOSED SETTLEMENT

11.     The Parties have agreed to settle the dispute without further litigation pursuant to the following terms. Zabinski agrees to pay a total of $85,000.00 (the "**Settlement Amount**") to Trustee in exchange for release of the Trustee's and the Bankruptcy Estates' claims against Zabinski related to the Zabinski Transfers or any other transactions between Zabinski and the Debtors. This settlement results in a recoupment of 37% of the Zabinski Transfers to the Policy

Services, Inc. Bankruptcy Estate. The settlement will be effective only after the Trustee has received the Settlement Amount and the Settlement Agreement has been approved by the Bankruptcy Court.

12.     Zabinski agrees to toll the statutes of limitation until the settlement becomes effective or is voided.

## VI.     <u>REQUESTED RELIEF</u>

13.     Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Court has discretionary authority to approve a compromise or settlement. *See Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *In re Continental Airlines Corp.*, 907 F.2d 1500 (5th Cir. 1990). Whether to approve a proposed compromise is a matter within the discretion of the bankruptcy court.  *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984). Bankruptcy settlements "are a normal part of the process of reorganization" and "desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

14.     According to the Fifth Circuit, in deciding whether to approve a settlement, a bankruptcy court should evaluate the following: "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise." *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). This standard seeks to balance the risks and benefits associated with pursuing a potential claim against the costs associated with the proposed settlement.

4

**Probability of Success with Due Consideration for Uncertainties in Law and Fact**

15.     The Trustee is confident that he would ultimately prevail in his claims against Zabinski. However, as with all litigation, there is never any guarantee of success, and Zabinski disputes the Trustee's claims and is prepared to vigorously defend against them. Here, Zabinski has agreed to pay the amount of cash needed to compensate unsecured creditors the same or more of what they would receive if the Trustee decided to pursue the claims asserted against Zabinski in the adversary proceeding.  In light of this, and the desire to reduce administrative expenses associated with litigation to increase the amount paid to creditors, the Trustee believes that the proposed settlement represents a fair and reasonable settlement given the facts of the case and the inherent uncertainties associated with trial and continued litigation.

**Complexity, Duration and Expense of Continued Litigation**

16.     Prosecuting the pending Adversary Proceeding would entail the Bankruptcy Estate incurring additional administrative expenses of at least $50,000.00 in estimated attorneys' fees. The Settlement Agreement assures recovery to unsecured creditors through a cash payment to the Bankruptcy Estate without the need for further litigation. The settlement was reached before extensive discovery, without the need to incur additional costs for litigating a lawsuit, including discovery, depositions, trials and appeals. Given the face value of the claims, the amount of the settlement proceeds, and the costs associated with continued litigation, Trustee believes it is in the best interest of the Bankruptcy Estate to enter into the Settlement Agreement.

**Wisdom of the Compromise**

17.     Whether a settlement is a product of arm's length negotiation is a factor bearing on the wisdom of a proposed compromise. *Conn. Gen. Life Ins. Co.*, 68 F.3d at 918. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement

4931-8760-6308, v. 2 / 1934.026

agreement. Instead, the bankruptcy court should determine whether the agreement is fair and equitable and in the best interest of the estate. *Id.* at 917.

18.     The proposed Settlement Agreement is the result of arm's length negotiations between the Trustee and Zabinski and reflects a fair compromise of the Trustee's and Bankruptcy Estate's claims against Zabinski.

19.     Zabinski has been represented by counsel throughout this case, as has the Trustee, who conferred with Zabinski's counsel and considered this compromise after conferring extensively with his own attorneys. The Trustee and his counsel have undertaken an analysis of the claims being settled, and it is the Trustee's business judgment that the settlement is in the best interest of the Bankruptcy Estate and its creditors, and that incurring any additional attorneys' fees in pursuing these claims would not be a prudent use of Bankruptcy Estate funds.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement with Zabinski as set forth herein, and grant such other and further relief, at law or in equity, as the Court deems to be just, proper, and equitable.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: March 28, 2025                    Respectfully submitted,

                                         **PULMAN LEFLORE PULLEN & REED, LLP**
                                         2161 NW Military Highway, Suite 400
                                         San Antonio, Texas 78213
                                         www.pulmanlaw.com
                                         (210) 222-9494 Telephone
                                         (210) 892-1610 Facsimile

                                         By:  */s/ Randall A. Pulman*
                                             Randall A. Pulman
                                             Texas State Bar No. 16393250
                                             rpulman@pulmanlaw.com
                                             W. Drew MAlander
                                             Texas State Bar No. 24118450
                                             dmallender@pulmanlaw.com

                                         **ATTORNEYS FOR JOHN PATRICK LOWE,
                                         CHAPTER 7 TRUSTEE FOR THE JOINTLY
                                         ADMINISTERED BANKRUPTCY ESTATE OF
                                         DEEPROOT CAPITAL MANAGEMENT, LLC,
                                         ET AL.**

4931-8760-6308, v. 2 / 1934.026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March, 2025, a true and correct copy of the foregoing document has been furnished via electronic mail to all parties receiving notice by CM/ECF, as set forth below; a copy will also be mailed to the parties on the limited service list in this matter, and a  supplemental certificate of service will be filed evidencing such service.

*Via CM/ECF:  pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

*Via CM/ECF:*
*USTPRegion07.SN.ECF@usdoj.gov*
*Aubrey.thomas@usdoj.gov*
United States Trustee - SA12/ A. Thomas
615 E Houston, Suite 533
San Antonio, TX 78295-1539

*Via CM/ECF: dodda@sec.gov*
Angela D. Dodd
U. S. Securities and Exchange Commission
175 Jackson Blvd. Suite 900
Chicago, IL 60604

*Via Counsel email:*
*catherine.curtis@wickphillips.com*
*;jason.rudd@wickphillips.com*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

*Via Counsel Via CM/ECF:*
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

*Via CM/ECF:*
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
Wick Phillips Gould & Martin, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

*Via CM/ECF: don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX  78205

*Via CM/ECF:  rbattaglialaw@outlook.com*
Raymond W. Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218

*Via CM/ECF:  jpetree@mcslaw.com*
Jonathan Petree
McGuire, Craddock & Strother, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

*Via CM/ECF:  jdunne@smfadlaw.com*
John C. Dunne
Shannon, Martin, et al.
1001 McKinney Street #1100
Houston, TX 77002

*Via CM/ECF:  bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
Texas Attorney General's Office
PO Box 12548
Austin, TX 78711

4931-8760-6308, v. 2 / 1934.026

*Via CM/ECF:  pautry@branscomblaw.com*
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

*Via CM/ECF:  lmjurek@jureklaw.com*
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX  77006

*Via CM/ECF:*
*stephen.humeniuk@lockelord.com*
Stephen J. Humeniuk
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701

*Via CM/ECF: tcunningham@lockelord.com*
Thomas J. Cunningham
Locke Lord LLP
777 South Flagler Drive #215
West Palm Beach, FL  33401

*/s/ Randall A. Pulman*
Randall A. Pulman

4931-8760-6308, v. 2 / 1934.026

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC, | § | |
| ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | JOINTLY ADMINISTERED |

_____

ORDER GRANTING TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT
UNDER BANKRUPTCY RULE 9019 WITH MARK ALAN ZABINSKI

_____

On this date came on to be considered the *Trustee's Motion to Approve Compromise and Settlement under Bankruptcy Rule 9019 with Mark Alan Zabinski* (the "**Motion**").[2]  The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157

_____

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are:  *In Re: Policy Services, Inc., 21-51513* (2864); *In Re: Wizard Mode Media, LLC,* 21-51514 (3205); *In Re: deeproot Pinball LLC,* 21-51515 (0320); *In Re: deeproot Growth Runs Deep Fund, LLC,* 21-51516 (8046); *In Re: deeproot 575 Fund, LLC,* 21-51517 (9404); *In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC,* 21-51518 (7731); *In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC,* 21-51519 (9661); *In Re: deeproot Tech LLC,* 21-51520 (9043); *In Re: deeproot Funds LLC,* 21-51521 (9404); *In Re: deeproot Studios LLC,* 21-51522 (6283); and *In Re: deeproot Capital Management, LLC,* 21-51523 (2638) (collectively, the "**Bankruptcy Estates**").

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1 of 2

and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) the relief requested in the Motion is in the best interests of Debtors, the Bankruptcy Estates, and the creditors; (iv) proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and (v) good and sufficient cause exists for the granting of the relief requested.

IT IS THEREFORE ORDERED that the Settlement Agreement incorporated by reference herein and attached to the Motion as Exhibit B, and the Motion are, in all things, APPROVED.

IT IS FURTHER ORDERED that Trustee and Defendant are hereby authorized and directed to take any and all actions necessary to consummate the Settlement Agreement and conclude the transactions proposed in the Motion.

IT IS FURTHER ORDERED that this Court shall RETAIN jurisdiction to hear and determine all matters arising from the implementation of this Order.

IT IS FURTHER ORDERED that in the event the Settlement Agreement is voided by the Trustee or the Defendant, the Trustee shall file a notice with the Court that the Settlement is void and of no force and effect.

# # #

**Submitted by:**
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
**PULMAN LEFLORE PULLEN & REED, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
*ATTORNEYS FOR JOHN PATRICK LOWE,*
*CHAPTER 7 TRUSTEE FOR THE JOINTLY*
*ADMINISTERED BANKRUPTCY ESTATE OF*
*DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.*

# EXHIBIT B

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is entered into as of March 24 2025, by and among John Patrick Lowe, Chapter 7 Trustee ("Trustee") for the jointly administered Bankruptcy Cases of *In re deeproot Capital Management, LLC, et al,*[1] and Mark Alan Zabinski ("Zabinski" and, collectively with the Trustee, the "Settling Parties").

## RECITALS

A.    The Trustee alleges the following facts:

- Zabinski entered into one (1) deeproot Standard Six-Month Finder Agreement. The Finder Agreement provided that Zabinski would receive Finder Fees in exchange for locating new investors. Between April 6, 2021, and June 18, 2021, Zabinski received $229,384.07 from Policy Services, Inc. in exchange for locating investors for the deeproot Funds (the "Zabinski Transfers").

B.    On December 9, 2021 (the "Petition Date"), Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball, LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot BonusGrowth 5 Year Debenture Fund, LLC, deeproot Tech, LLC, deeproot Funds, LLC, deeproot Studios, LLC, deeproot Capital Management, LLC (collectively the "Debtors") commenced separate bankruptcy cases under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") by filing voluntary petitions for relief in the United States Bankruptcy Court of the Western District of Texas, San Antonio Division (the "Bankruptcy Court"), which are now jointly administered as Bankruptcy Case No. 21-51523 ("Bankruptcy Case").

C.    On or about July 26, 2023, the Trustee filed his Second Amended Complaint against Zabinski in the Bankruptcy Court for the Western District of Texas, San Antonio Division, Adv. Proc. No. 23-05011-mmp (the "Adversary"). The Trustee alleged that the Debtors were operated as a Ponzi scheme and that the monies paid to Zabinski in exchange for locating new investors constituted fraudulent transfers under the Bankruptcy Code and Texas law. As such, the Trustee brought claims to avoid and recover the Zabinski Transfers from Zabinski under 11 U.S.C. §§ 544, 548, and 550 and the Texas Uniform Fraudulent Transfer Act codified at chapter 24 of the Texas Business and Commerce Code.

D.    The Settling Parties have exchanged information, negotiated with one another, and without admitting any claim or defense or any of the facts alleged by the other, in lieu of pursuing further litigation, have agreed to resolve all matters respecting the Zabinski Transfers, upon the

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc., 21-51513* (2864); *In Re: Wizard Mode Media, LLC,* 21-51514 (3205); *In Re: deeproot Pinball LLC,* 21-51515 (0320); *In Re: deeproot Growth Runs Deep Fund, LLC,* 21-51516 (8046); *In Re: deeproot 575 Fund, LLC,* 21-51517 (9404); *In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC,* 21-51518 (7731); *In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC,* 21-51519 (9661); *In Re: deeproot Tech LLC,* 21-51520 (9043); *In Re: deeproot Funds LLC,* 21-51521 (9404); In Re: deeproot Studios LLC, 21-51522 (6283); and *In Re: deeproot Capital Management, LLC,* 21-51523 (2638) (collectively, the "**Bankruptcy Estates**").

terms and conditions set forth below.

E. Now, therefore, for good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Settling Parties, it is hereby stipulated, consented to, and agreed by and among the Settling Parties as follows:

## TERMS OF AGREEMENT

1. Recitals. The recitals set forth above are incorporated herein by reference.

2. Settlement Amount. Zabinski shall pay Trustee a total of $85,000.00 USD (the "Settlement Amount") in full and complete satisfaction of any and all claims arising from, or related to, the Zabinski Transfers.

3. Sequence of Payment. Zabinski agrees to pay the Settlement Amount in six (6) monthly installments in the amount of $14,166.67 each. Prior to the execution of this Settlement Agreement, Zabinski deposited $14,166.67 by wire transfer into the trust account of Trustee's counsel to be held in escrow pending the Court's entry of an Order approving this Settlement Agreement. Upon the entry of the Court's Order the funds so deposited by Zabinski shall be disbursed to the Trustee as the first payment in the amount of $14,166.67. The five (5) remaining monthly installments in the amount of $14,166.67 each, shall be paid to the Trustee in accordance with the payment instructions on Exhibit A hereto, on or before the first non-holiday weekday of each of the five (5) calendar months following the entry of the Court's Order approving this Settlement Agreement.

4. Security for Payment. As security for the payment plan, the Settling Parties have executed an Agreed Judgment for the full amount of the Zabinski Transfers that will be filed in the event that Zabinski defaults under this Settlement Agreement by nonpayment of the Settlement Amount. A true and correct copy of the Agreed Judgment is attached hereto as Exhibit B. Trustee's counsel shall only file the Agreed Judgment and the Bankruptcy Court shall only sign and enter the Agreed Judgment in the event that Zabinski defaults on payment of the Settlement Amount within the agreed time periods above, subject to the provisions of paragraph 5, below.

5. Default on Payment. The failure of Zabinski to deliver any payment of the Settlement Amount to the Trustee by the fifth (5th) day after the date when such payment is due shall constitute a an "Event of Default." Upon the occurrence of the first and the second Event of Default, Trustee will provide email notice of the default to Zabinski at the email address set forth in paragraph 15, below (a "Default and Cure Notice"). Upon service of the Default and Cure Notice, Zabinski shall have five (5) days from the date of the Default and Cure Notice to cure the default by delivering the delinquent payment to Trustee. If Zabinski fails to cure the Event of Default with the time set forth above, the Trustee may pursue the remedies available to Trustee under paragraph 4, above. Upon the occurrence of a third Event of Default, the Trustee shall have no obligation to provide notice or an opportunity to cure and may immediately pursue the remedies available to Trustee under paragraph 4, above.

4932-6840-8612, v. 4 / 1934.026

6.     Approval Pursuant to Bankruptcy Rule 9019.  Within a reasonable period of time following execution of this Settlement Agreement by the Settling Parties, the Trustee shall seek approval of the Settlement Agreement from the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. Further, the Trustee agrees to zealously advocate for the approval of the Settlement Agreement. Prosecution of any appeals that may arise related to approval or denial of this Settlement Agreement will be subject to the Trustee's business judgment.

7.     Effective Date of Settlement Agreement. This Settlement Agreement shall become effective and enforceable on the last of the following dates (the "Effective Date"): (i) the Settling Parties have executed the Settlement Agreement; (ii) this Settlement Agreement is approved by order of the Bankruptcy Court and such order has become a final, unappealable order; and (iii) the date on which the Trustee has received the full Settlement Amount from Zabinski.

8.     Voidability of Settlement Agreement. If the Settlement Agreement is not approved by the Bankruptcy Court, then this Settlement Agreement is voidable at the option of either of the Settling Parties. In the event the Settlement Agreement becomes null and void as the result of notice of exercise of the option to void by either party, the Trustee will return any Settlement Amount received by the Trustee to Zabinski within 10 days of the event that voids this Settlement Agreement. If the full Settlement Amount is not received in accordance with the sequence of payment described in Paragraph 3 herein above, the Settlement Agreement is voidable at the option of the Trustee within 10 days of nonpayment.

9.     Release by Trustee and Bankruptcy Estates. On the Effective Date, Trustee and the Bankruptcy Estates shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted, and discharged Zabinski, his spouse, attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, asserted or not asserted, suspected or unsuspected, in law or equity, which the Trustee, the Debtor, or the Debtor's bankruptcy estate, has, may have had, may have or may claim to have against the Releasees in connection with Zabinski, the Zabinski Transfers, and any other transaction(s) between Zabinski and the Debtors.

10.     Release by Zabinski. On the Effective Date, Zabinski agrees to irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge any claim they may have in the Bankruptcy Case, and to withdraw Proof of Claim No. 74, filed in the Bankruptcy Case. Zabinski further agrees that he will not file a proof of claim in the Bankruptcy Case or take any other action to assert a claim in the Bankruptcy Case.

11.     Tolling of Limitations. Any statute or period of limitations, statutes of repose, or other time-based limitations or defenses, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted as a time bar and/or limitation in connection with the Zabinski Transfers is hereby, and as of the

3

date of execution of this Settlement Agreement by all parties, tolled until either the Effective Date or ten days following the date the Settlement Agreement becomes void.  Nothing in this Settlement Agreement shall operate or revive or extend the time for filing any claim that is  time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the date this Settlement Agreement is fully executed as set forth below.

12.  <u>Enforcement of Settlement Agreement</u>.  If any of the Settling Parties breaches this Settlement Agreement, the non-breaching party shall have the authority to initiate a proceeding in the Bankruptcy Court to enforce this Settlement Agreement.  The prevailing party in such litigation shall be entitled to recover its reasonable attorneys' fees, costs, and all necessary disbursements and out-of-pocket expenses incurred in connection with such litigation.

13.  <u>Expenses</u>.  The Settling Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with this Settlement Agreement, the Bankruptcy Cases, and any related actions.

14.  <u>Severability</u>.  The Settling Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement.  The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

15.  <u>Notice</u>: Any notices called for in this Agreement shall be sent by email and by certified mail, return receipt requested, to the following addresses:

<u>To Trustee:</u>
John Patrick Lowe
2402 E Main Street
Uvalde, Texas 78801
pat.lowe.law@gmail.com

*With a copy being sent by email and certified mail, return receipt requested, to:*
Randall A. Pulman
W. Drew Mallender
Pulman LeFlore Pullen & Reed, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
rpulman@pulmanlaw.com
dmallender@pulmanlaw.com

<u>To Zabinski:</u>
Mark Alan Zabinski
707 Bridgewater Drive
Monroe, North Carolina 28112

*With a copy being sent by email and certified mail, return receipt requested, to:*
William R. Terpening
Terpening Law PLLC
221 West Eleventh Street
Charlotte, North Carolina 28202
terpening@terpeninglaw.com

4

16.  <u>Miscellaneous</u>.

(a)   Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Settling Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein), (ii) to seek damages or injunctive relief in connection therewith, or (iii) as may be necessary to disclose to an accountant for the purpose of tax advice or reporting.

(b)   Each of the Settling Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Settling Parties' respective obligations hereunder.

(c)   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Settling Parties hereto and their respective successors.

(d)   This Settlement Agreement shall be construed, enforced and governed under and in accordance with the laws of the State of Texas, except that any conflict of law rule of that jurisdiction that would require reference to the laws of some other jurisdiction shall be disregarded. Exclusive venue for the interpretation and/or enforcement of this Settlement Agreement shall be in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

(e)   The Bankruptcy Court shall retain jurisdiction (and the Settling Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(f)   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(g)   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(h)   In executing the Settlement Agreement, each of the Settling Parties represents and warrants, for itself, that (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making

4932-6840-8612, v. 4 / 1934.026

an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(i)     The Settling Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understanding with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(j)     This Settlement Agreement shall not be modified, altered, amended or vacated without written consent of all parties hereto or order of the Bankruptcy Court.

(k)     This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Settling Parties hereto.

(l)     The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

[SIGNATURES ON FOLLOWING PAGE]

4932-6840-8612, v. 4 / 1934.026

IN WITNESS WHEREOF, the Settling Parties have caused this Settlement Agreement to be executed as of the date first above written.

SIGNED this ___ day of March, 2025.

 

---

John Patrick Lowe, Chapter 7 Trustee for the
Jointly Administered Bankruptcy Estate of
deeproot Capital Management, LLC, et al.

SIGNED this ____ day of March, 2025.

 

---

Mark Alan Zabinski

4932-6840-8612, v. 4 / 1934.026

IN WITNESS WHEREOF, the Settling Parties have caused this Settlement Agreement to be executed as of the date first above written.

SIGNED this _____ day of March, 2025.

_____
John Patrick Lowe, Chapter 7 Trustee for the
Jointly Administered Bankruptcy Estate of
deeproot Capital Management, LLC, et al.

SIGNED this _____ day of March, 2025.

_____
Mark Alan Zabinski

7

# EXHIBIT A

## PAYMENT INSTRUCTIONS

### If by check:

John Patrick Lowe, Chapter 7 Trustee
c/o Pulman LeFlore Pullen & Reed, LLP
2161 NW Military Hwy, Ste. 400
San Antonio, Texas 78213

### If by wire:

Bank Name: Axos Bank
Routing Number: Provided via telephone only
Account Name: Policy Services, Inc., Debtor
Account Number: Provided via telephone only

4932-6840-8612, v. 4 / 1934.026

# EXHIBIT B

### AGREED JUDGMENT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, LLC ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | |
| | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |
| | § | |
| | § | |
| JOHN PATRICK LOWE, | § | |
| CHAPTER 7 TRUSTEE | § | |
| FOR THE BANKRUPTCY ESTATE | § | |
| OF DEEPROOT CAPITAL | § | |
| MANAGEMENT, LLC ET AL., | § | ADV. PROC. NO. 23-05011-MMP |
| PLAINTIFF | § | |
| | § | |
| v. | § | |
| | § | |
| MARK ALAN ZABINSKI | § | |
| DEFENDANT | § | |

## AGREED FINAL JUDGMENT

CAME ON FOR CONSIDERATION the Agreed Final Judgment against Defendant, Mark Alan Zabinski, filed by Plaintiff, John Patrick Lowe, the Chapter 7 Trustee, by and through his counsel Pulman LeFlore Pullen & Reed, LLP (the "**Judgment**"). Based on the record, the pleadings on file, and the agreement of the parties, the Court enters judgment as follows.

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc.*, 21-51513 (2864), *In Re: Wizard Mode Media, LLC*, 21-51514 (3205), *In Re: deeproot Pinball LLC*, 21-51515 (0320), *In Re: deeproot Growth Runs Deep Fund, LLC*, 21-51516 (8046), *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404), *In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC*, 21-51518 (7731), *In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC*, 21-51519 (9661), *In Re: deeproot Tech LLC*, 21-51520 (9043), *In Re: deeproot Funds LLC*, 21-51521 (9404), *In Re: deeproot Studios LLC*, 21-51522 (6283), and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638) (collectively, the "**Bankruptcy Cases**").

– 1 –

It is hereby **ORDERED, ADJUDGED** and **DECREED** that judgment for damages is hereby entered against Defendant, Mark Alan Zabinski, whose address is 707 Bridgewater Drive, Monroe, North Carolina 28112, under 11 U.S.C §§ 548, 544, 550, and §§ 24.005(a)(1) & (a)(2), and 24.009(b) of the Texas Business and Commerce Code in the amount of $250,000. It is further

**ORDERED, ADJUDGED,** and **DECREED** that prejudgment interest at the rate of 4.57% per annum on $250,000.00 from October 20, 2022, until the date of judgment. Post judgment interest shall accrue from the date of judgment until paid at the federal rate. It is further

**ORDERED, ADJUDGED,** and **DECREED** that Defendant shall be entitled to a credit of $_____, for payments made to Trustee pursuant to the Settlement Agreement executed by the parties. It is further

**ORDERED, ADJUDGED,** and **DECREED** that all costs of court are adjudged against Mark Alan Zabinski and other relief not expressly granted herein is **DENIED.** It is further

**ORDERED, ADJUDGED,** and **DECREED** that this judgment disposes of all claims and all parties and therefore is, in all things, **FINAL.** Defendants waive their right to appeal this judgment.

###

4916-2175-2868, v. 3 / 1934.026

JUDGMENT AGREED TO BY:

PULMAN LEFLORE PULLEN & REED, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By:  /s/
     Randall A. Pulman
     Texas State Bar No. 16393250
     rpulman@pulmanlaw.com
     W. Drew MAlander
     Texas State Bar No. 24118450
     dmAlander@pulmanlaw.com

ATTORNEYS FOR PLAINTIFF,
JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE

AND

MARTIN & DROUGHT, P.C.                          TERPENING LAW PLLC

112 E. Pecan St., Suite 1616                    221 West Eleventh Street
San Antonio, Texas 78205                        Charlotte, North Carolina 28202
(302) 332-7181 Telephone                        terpening@terpeninglaw.com

By:                                             By:
    Michael G. Colvard                              William Terpening
    Texas State Bar No. 04629200                    NC State Bar No. 36418
    mcolvard@mdtlaw.com                             terpening@terpeninglaw.com

ATTORNEYS FOR DEFENDANT                          ATTORNEY FOR DEFENDANT
MARK ALAN ZABINSKI                              MARK ALAN ZABINSKI
                                                (Admitted Pro Hac Vice)

By:
    MARK ALAN ZABINSKI

– 3 –

4916-2175-2868, v. 3 / 1934.026