IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.1, | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

## SECOND APPLICATION OF TRUSTEE
## FOR AUTHORITY TO EMPLOY COUNSEL FOR SPECIAL PURPOSE

---

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, 615 E. HOUSTON ST., ROOM 597, SAN ANTONIO, TEXAS 78205.**

**IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION.**

TO THE HONORABLE MICHAEL M. PARKER, U.S. BANKRUPTCY JUDGE:

NOW COMES John Patrick Lowe, Trustee in these jointly administered Chapter 7 cases

under lead case In re deeproot Capital Management, LLC et al. ("**Trustee**"), and files this *Second*

*Application of Trustee for Authority to Employ Counsel for Special Purpose* (the "**Application**")

---

1 The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

1

under the provisions of Sections 327 and 328 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules of Procedure. In support of the Application, Trustee relies on the *Affidavit of Jason E. McKinnie of McKinnie & Paul, PLLC.* (the "**McKinnie Affidavit**"), attached hereto as **Exhibit A**, and would show the Court as follows:

## I. JURISDICTION, VENUE AND BACKGROUND

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014 of the Local Rules of Bankruptcy Procedure for the Western District of Texas.

3.      The Court has the power to authorize said employment pursuant to 11 U.S.C. Sections 327 and 328, and Bankruptcy Rule 2014.

4.      On December 9, 2021, (the "**Petition Date**"), each of the Debtors filed their respective voluntary petition under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (**as amended, the "Bankruptcy Code"**). The cases were ordered to be jointly administered under the lead case In re: deeproot Capital Management, LLC, 21-51523.

## II. SUMMARY OF RELIEF REQUESTED

5.      The Trustee requests that the Court approve his hiring of McKinnie & Paul, PLLC ("**McKinnie & Paul**"), as special counsel in this case, with Jason McKinnie serving as lead counsel. The Trustee requires special counsel to appear and assist with the assertion of violations of the Deceptive Trade Practices Act and Texas Insurance Code, as outlined in the attached Affidavit and Representation Agreement.

2

6.      McKinnie & Paul, PLLC was previously employed by the Trustee in this matter as counsel for a special purpose, relating to the filing of certain patent application(s) in which the Bankruptcy Estates had an interest [See. Dkt. Nos. 130 and 131].  That employment terminated in December of 2022.

### III. FACTORS CONSIDERED

7.      **Necessity for Employing Counsel for a Special Purpose.**  Trustee has decided to employ special counsel in this case because he intends to pursue all avenues to recover assets of the Bankruptcy Estates. During the administration of the Bankruptcy Estates, TuYo Holdings, LLC purchased multiple in-force and lapsed life insurance policies. Dkt. No. 85. As part of the Life Insurance Policy Purchase and Sale Agreement dated March 15, 2022, if TuYo Holdings is successful in recovering proceeds from a lapsed policy, TuYo Holdings will split the proceeds with the Trustee after accounting for certain expenses (defined as "Net Insurance Benefit" in the Life Insurance Policy Purchase and Sale Agreement. One of the lapsed policies TuYo Holdings purchased was Policy No. UM0045421L from American General Life Insurance Company issued to Jean Dean ("Dean Policy"). While the purchase agreement transferred all transferable rights to the Dean Policy to TuYo Holdings, the Bankruptcy Estate for Policy Services retains ownership to the causes of action for American General's violations of the Texas DTPA and Texas Insurance Code in relation to the Dean Policy.  TuYo Holdings, represented by McKinnie & Paul, filed a lawsuit in the Western District of Texas against American General regarding the Dean Policy.[2] The Trustee seeks to retain McKinnie & Paul as Special Counsel to assert the Bankruptcy Estate

---

[2] *TuYo Holdings, LLC v. American General Life Insurance Company*, 5:25-cv-00130-JKP-RBF, W.D. Tex.

for Policy Services' DTPA and TIC violations against American General in the same lawsuit. The experience and results in such matters of Mr. McKinnie and the other McKinnie & Paul attorneys who may be involved in representation are discussed in more detail below.

8.        **Names of the Attorneys**.  Trustee desires that Mr. McKinnie serve as lead counsel. McKinnie & Paul attorneys with similar or lower billing rates may be involved if matters can be assigned to the other partner or junior lawyers.

9.        **Reasons for Selecting Specific Attorneys.**  The Trustee selected McKinnie & Paul, and Jason McKinnie in particular, because of McKinnie & Paul's experience and success in litigating matters similar to this. McKinnie & Paul previously represented TuYo Holdings concerning another lapsed policy that resulted in the Trustee recovering 50% of the Net Insurance Benefit. Trustee selected Mr. McKinnie and his law firm because they possess the necessary experience to be able to provide competent legal counsel to the Trustee in this specific matter and are already representing TuYo Holdings concerning the Dean Policy. Further, TuYo Holdings has agreed to pay for McKinnie & Paul's legal fees in asserting the DTPA and TIC causes of action. The Trustee will remain responsible for performing all trustee work.

10.      McKinnie & Paul was previously retained by the Trustee for the filing of a PCT Application in 2022 and no objections were made at that time.

11.      **Professional Services the Attorneys Will Provide.**  Trustee now seeks authority to employ Jason McKinnie of McKinnie & Paul, for the following special purpose:

> Assert causes of action against American General for violations of the Texas DTPA and TIC concerning the Dean Policy, in conjunction with TuYo Holdings claims, in the currently pending lawsuit *TuYo Holdings, LLC v. American General Life Insurance Company*, 5:25-cv-00130-JKP-RBF, W.D. Tex.

12.      **People With Connections**.  Jason McKinnie is a partner in McKinnie & Paul and one of the principal attorneys to be employed by the Trustee, although other attorneys of McKinnie

& Paul may be involved in the legal services to be provided. The contact information for Mr. McKinnie is:

Jason McKinnie
MCKINNIE & PAUL, PLLC
13333 Blanco Rd., Suite 204
San Antonio Texas 78216
(210) 247-2220
jmckinnie@mckinniepaul.com

13.     As set forth in the McKinnie Affidavit, McKinnie & Paul conducted a search of McKinnie & Paul's electronic database to determine what connections, if any, McKinnie & Paul has with the creditors listed on the Debtors' respective matrices and parties-in-interest involved with this case.   It should be noted that that Gunn, Lee & Cave, P.C., Mr. McKinnie's previous employer through December 31, 2021, previously represented deeproot Capital Management, LLC and Policy Services, Inc., two of the jointly administered debtors, regarding various intellectual property matters, and related litigation. Mr. McKinnie was the primary attorney for Gunn, Lee & Cave, P.C. regarding matters related to deeproot Capital Management, LLC and Policy Services, Inc. Mr. McKinnie left Gunn, Lee & Cave, P.C. effective December 31, 2021. Mr. McKinnie and McKinnie & Paul, PLLC do not represent deeproot Capital Management, LLC or Policy Services, Inc. or any of the Bankruptcy Estate Entities. Gunn, Lee & Cave, P.C. is a creditor of the Bankruptcy Estate however Mr. McKinnie and McKinnie & Paul, PLLC do not have any interest in Gunn, Lee & Cave, P.C. claim against the Bankruptcy Estates. Mr. McKinnie and McKinnie & Paul, PLLC are not creditors to the Bankruptcy Estates. Additionally, McKinnie & Paul currently represents TuYo Holdings, LLC which was the successful bidder in the Trustee's sale of Policy Services, Inc.'s personal property (interests in life insurance policies) and Turner Logic LLC which was the successful bidder in the Trustee's sale of a portion of the Bankruptcy Estate's personal property (intellectual property). McKinnie & Paul will conduct an ongoing review of its files to

5

assure that no actual conflict or other disqualifying circumstances exist. TuYo Holdings and Trustee agreed to waive any potential conflicts of interest concerning the joint representation concerning the Dean Policy. If any new facts or relationships are discovered, McKinnie & Paul will supplement the McKinnie Affidavit accordingly.

14.     Except as described herein, Trustee is unaware of any other circumstances where McKinnie & Paul has a connection with the Debtors' respective creditors and/or other parties in interest in this case that would disqualify McKinnie & Paul from representing the Trustee in this case for this special purpose.  To the best of the Trustee's knowledge, the partners, counsel and associates of McKinnie & Paul do not have any connection with or any interest adverse to the Debtors herein, the Bankruptcy Estates, their respective creditors, or any other party-in-interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee, nor any interest adverse to the jointly administered debtors, except as disclosed hereinabove. McKinnie & Paul's attorneys are disinterested persons under 11 U.S.C. § 101(14).

15.     **Proposed Fee Arrangement and Whether There Will be a Cost Savings for the Estate**.  McKinnie & Paul have agreed to accept payment for its proposed legal services described herein from TuYo Holdings, LLC. None of the Bankruptcy Estates shall be responsible for payment of special counsel's fees for the proposed legal services described herein.  The Trustee has agreed to these terms in order to preserve value in assets of the respective Bankruptcy Estates.

16.     **Qualifications of the Members of McKinnie & Paul Compared With Complexity of the Case**.  Attorneys at McKinnie & Paul are active in the San Antonio Area. Attorneys at McKinnie & Paul are uniquely qualified to assist the Trustee in these matters, as they are experienced federal court litigators and have previously litigated similar cases.

17.     **Whether McKinnie & Paul is Hired by Others to Handle Similar Matters.**
McKinnie & Paul's attorneys are qualified attorneys in the practice of insurance law as the firm is currently representing a client in three federal litigations concerning life insurance policies.

18.     **Whether the Anticipated Litigation Involves Issues of Bankruptcy Law With Which McKinnie & Paul has Particularized Experience.**  The Trustee believes no issues of bankruptcy law will be required for the special purpose for which he is seeking employment of special counsel.

19.     **Whether the Time Commitment to Handle the Case is Consistent with the Size of McKinnie & Paul and its Time Commitments.**  The Trustee has considered the likely staffing needs for the matters which appear likely to arise, based on his preliminary analysis of the case. The Trustee and his current counsel have consulted with Mr. McKinnie to be certain that accepting the representation is consistent with McKinnie & Paul's other commitments and with the levels of skill and experience of the available attorneys and staff.

20.     **Availability of Other Qualified Law Firms to Handle the Case.**  The Trustee and his current counsel believe that the employment of McKinnie & Paul will be beneficial to the Bankruptcy Estates given McKinnie & Paul's experience and success in litigation similar cases.

**C<small>ONCLUSION</small>**

21.     Except as described herein, Trustee is unaware of any other circumstances where McKinnie & Paul has a connection with the Debtors respective creditors and/or other parties in interest, including the Debtors, creditors, and parties in interest in these jointly administered cases, other than as described hereinabove, that would disqualify McKinnie & Paul from representing the Trustee in this case.  McKinnie & Paul has no relationship that presently causes a disqualification, an actual conflict of interest, or otherwise renders McKinnie & Paul ineligible to

7

serve as counsel to the Trustee. Accordingly, the Trustee believes McKinnie & Paul's representation of the Trustee and the Bankruptcy Estates in this jointly administered case is permissible under the Bankruptcy Code and is in the best interest of the Bankruptcy Estates and all parties in interest.

22.     The Court has the power to authorize said employment pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014.

23.     As previously stated herein, the Trustee has employed McKinnie & Paul previously in this matter, relating to a patent application. *See* ¶10 herein, and Exhibit A, ¶ 5.

24.     Trustee also discloses that TuYo has previously turned over money to the Chapter 7 Trustee pursuant to the Life Insurance Policy Purchase and Sale Agreement dated March 15, 2022 concerning the Net Insurance Benefit from a Lapsed Policy.

25.     Attached hereto as **Exhibit B** is the proposed order on the Application.

26.     This Application to employ, and the order approving the retention, shall be considered the written agreement between McKinnie & Paul and the Trustee.

WHEREFORE, PREMISES CONSIDERED, Trustee prays that Jason McKinnie and the law firm of McKinnie & Paul, PLLC, be authorized to act as special counsel for the Trustee with compensation for such legal services to be paid as an administrative expense in such amounts as set forth herein and upon subsequent application or applications as may be filed by said attorney.

8

Dated: May 23, 2025       Respectfully submitted,

**PULMAN LeFLORE PULLEN & REED LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
     Randall A. Pulman
     Texas State Bar No. 16393250
     rpulman@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATES.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2025, I electronically filed the foregoing document using the CM/ECF system, which will serve the document on the following list of parties in interest and parties requesting notice.

***Via email: jmckinnie@mckinniepaul.com***
Jason McKinnie
MCKINNIE & PAUL, PLLC
13333 Blanco Rd., Suite 204
San Antonio Texas 78216
***Proposed Special Counsel***

***Via Counsel CM/ECF:***
*catherine.curtis@wickphillips.com;jason.rudd@wickphillips.com*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
*catherine.curtis@wickphillips.com; jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

***Via CM/ECF: pat.lowe.law@gmail.com***
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
*catherine.curtis@wickphillips.com; jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
*USTPRegion07.SN.ECF@usdoj.gov Aubrey.thomas@usdoj.gov*
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF: don.stecker@lgbs.com***
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX  78205

***Via CM/ECF: rbattaglialaw@outlook.com***
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF: jpetree@mcslaw.com***
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF: jdunne@smfadlaw.com***
**John C. Dunne**
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

***Via CM/ECF:** bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

***Via CM/ECF:** pautry@branscomblaw.com*
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

***Via CM/ECF:** lmjurek@jureklaw.com*
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX  77006

***Via CM/ECF:** achale@halewoodlaw.com*
Craig Hale
HALE | WOOD PLLC
4766 Holladay Blvd.
Holladay, Utah 84117

***Via CM/ECF:***
*stephen.humeniuk@lockelord.com*
Stephen J. Humeniuk
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701

***Via CM/ECF:***
*tcunningham@lockelord.com*
Thomas J. Cunningham
LOCKE LORD LLP
777 S. Flalger Dr., Suite 215
West Palm Beach, FL

***Via CM/ECF:***
*jkathman@spencerfane.com;*
*msegura@spencerfane.com*
Jason Kathman
Misty Segura
Spencer Fane, LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024

/s/ Randall A. Pulman
Randall A. Pulman

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**AFFIDAVIT OF JASON MCKINNIE IN SUPPORT OF SECOND APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY COUNSEL FOR A SPECIAL PURPOSE**

---

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

I, **JASON MCKINNIE**, of the law firm of McKinnie & Paul, PLLC., make solemn oath to the following facts:

1.     I am over the age of eighteen (18) years, of sound mind, and otherwise capable of making this affidavit. I have personal knowledge of the facts and statements contained herein, and all are true and correct.

2.     I am a partner at McKinnie & Paul, PLLC ("McKinnie & Paul" or the "Firm"), proposed attorneys for John Patrick Lowe (the "Trustee"). I am submitting this affidavit (the "Affidavit") in support of the Second Application of Trustee for Authority to Employ Counsel for a Special Purpose (the "Second Application") relating to asserting certain causes of action in conjunction with a pending lawsuit involving a life insurance policy in which the Bankruptcy Estate(s) have an interest (the "Dean Policy Litigation").

3.     I am an attorney licensed to practice law in the State of Texas and have been a member of good standing of the Texas State Bar since 2009. My Texas Bar Number is 24070247. I am also admitted to practice before the United States District Courts for the Western, Southern, and Eastern Districts of Texas, the Fifth Circuit Court of Appeals, the United States Federal Circuit

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

Court of Appeals, as well as United States Patent and Trademark Office (Reg. No. 65,726).  I am a shareholder of the Firm My office address is 13333 Blanco Rd., Suite 204, San Antonio, Texas 78216; telephone (210) 247-2220; and email: jmckinnie@mckinniepaul.com.

4.      I have practiced since 2009 focusing on business transactional and litigation matters to include general civil litigation and intellectual property.  While employed by Gunn, Lee & Cave, P.C., Gunn, Lee & Cave, P.C. with myself as lead counsel, represented Policy Services, Inc., one of the jointly administered bankruptcy cases in this jointly administered case in seeking reinstatement of several lapsed life insurance policies. With McKinnie & Paul, I have represented TuYo Holdings, the purchaser of life insurance policies from the Trustee, including in federal court litigation.

5.      Further, McKinnie & Paul, PLLC was previously employed by the Trustee in this matter as counsel for a special purpose, relating to the filing of certain patent application(s) in which the Bankruptcy Estates had an interest [See. Dkt. Nos. 130 and 131].  That employment terminated in December of 2022.

6.      The Trustee has proposed to retain the Firm to undertake the following professional services:

Assert causes of action against American General for violations of the Texas DTPA and TIC concerning the Dean Policy in conjunction with TuYo Holdings claims in the currently pending lawsuit *TuYo Holdings, LLC v. American General Life Insurance Company*, 5:25-cv-00130-JKP-RBF, W.D. Tex.

7.      McKinnie & Paul have agreed to accept payment for its proposed legal services described herein from TuYo Holdings, LLC.

8.      It should be noted that TuYo has previously turned over money to the Chapter 7 Trustee pursuant to the Life Insurance Policy Purchase and Sale Agreement dated March  15, 2022 concerning the Net Insurance Benefit from a Lapsed Policy.

9.      A copy of the joint representation agreement letter between the Firm, the Trustee, and TuYo Holdings is attached hereto as Exhibit 1.

10.      I have conducted a conflict check on the Firm's computerized client management and billing system (the "System"), which is designed to reveal the potential conflicts of interest and other connections to existing and former clients and to third parties never represented by the Firm. It should be noted that that Gunn, Lee & Cave, P.C., my previous employer through December 31, 2021, previously represented deeproot Capital Management, LLC and Policy Services, Inc., two of the jointly administered debtors, regarding various intellectual property matters, and related litigation, including matters relating to lapsed life insurance policies. I was the primary attorney for Gunn, Lee & Cave, P.C. regarding matters related to deeproot Capital Management, LLC and Policy Services, Inc. I left Gunn, Lee & Cave, P.C. effective December 31, 2021. I, along with McKinnie & Paul, PLLC, do not represent deeproot Capital Management, LLC or Policy Services, Inc. or any of the Bankruptcy Estate Entities. Gunn, Lee & Cave, P.C. is

**AFFIDAVIT OF JASON MCKINNIE IN SUPPORT OF EMPLOYMENT BY TRUSTEE, PAGE 2**

a creditor of the Bankruptcy Estate however McKinnie & Paul, PLLC and myself do not have any interest in Gunn, Lee & Cave, P.C. claim against the Bankruptcy Estates. I, along with McKinnie & Paul, PLLC, are not creditors to the Bankruptcy Estates. Additionally, McKinnie & Paul currently represents TuYo Holdings, LLC which was the successful bidder in the Trustee's sale of Policy Services, Inc.'s personal property (interests in life insurance policies) and Turner Logic LLC which was the successful bidder in the Trustee's sale of certain intellectual property. McKinnie & Paul will conduct an ongoing review of its files to assure that no actual conflict or other disqualifying circumstances exist. If any new facts or relationships are discovered, McKinnie & Paul will supplement my affidavit accordingly. I have determined that no member of the Firm holds or represents any interest adverse to the above-referenced Bankruptcy Estates, Debtors, their creditors, or any other party in interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee. The Firm has no connection with the Debtors' creditors and/or other parties-in-interest in this case, other than disclosed herein, which should not disqualify the Firm from representing the Trustee in this case. This Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

11.     In view of the foregoing, I believe that the Firm (i) does not hold or represent an interest adverse to the Trustee or the Bankruptcy Estates in connection with this jointly administered case, (ii) does not represent any other party in connection with this case, other than as disclosed herein, and (iii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code. The Firm recognizes, and takes very seriously, its continuing responsibility to be aware of and to further disclose any relationship or connection between it and other parties in interest in connection with the bankruptcy case as they appear or become recognized during the case. Accordingly, we reserve the right to, and shall, supplement this disclosure if necessary if more information becomes available to us reflecting further connections with parties-in-interest. The foregoing constitutes the statement of the Firm pursuant to sections 327, 328, and 329 of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

FURTHER AFFIANT SAYETH NAUGHT."

SIGNED this 23rd day of May, 2025

_____
JASON MCKINNIE

SUBSCRIBED AND SWORN TO before me on this 23 day of May, 2025, to certify which witness my Hand and Seal of office.

BARBARA A HUMMEL
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 09/30/27
NOTARY ID 12575273-7

_____
Notary Public, State of Texas

**AFFIDAVIT OF JASON MCKINNIE IN SUPPORT OF EMPLOYMENT BY TRUSTEE, PAGE 3**

# EXHIBIT A-1

# McKINNIE & PAUL, PLLC

13333 Blanco Rd., Suite 204                                                    Jason McKinnie
San Antonio, Texas 78216                                                    C: (979) 571-9421
O: (210) 247-2220                                                jmckinnie@mckinniepaul.com

May 9, 2025

TuYo Holdings, LLC
Greg Yost **via email: greg@buy-lawfirm.com**
Chris Turner **via email: chris@turnerlogic.com**
616 E Blanco Rd. Suite 202B
Boerne, TX 78006-2192

John Patrick Lowe, Trustee **via email: pat.lowe.law@gmail.com**
Bankruptcy Eestate of Policy Services, Inc. (Trustee

Re: 130 - Engagement of McKinnie & Paul, PLLC (the Firm)

Greg, Chris, and Pat:

TuYo Holdings and the Trustee request my firm to jointly represent their respective claims against American General Life Insurance Company concerning Policy No. UM0045421L for the insured Jean Dean ("Dean Policy Litigation").[1] As we have already discussed, the fees for the Dean Policy Litigation, including attorneys' fees, will be paid by TuYo Holdings. TuYo Holdings will also pay for the expenses related to my firm obtaining formal approval in the bankruptcy proceeding to represent the Trustee which may include the filing and perfecting notice to the creditors of the Bankruptcy Estate for Policy Services, Inc. (estimated to be between $500 to $1000). It is my understanding the complete proceeds from the Dean Policy Litigation, if any, will be handled pursuant to the Life Insurance Policy Purchase and Sale Agreement dated March 15, 2022.

While my firm is happy to represent both the Trustee and TuYo regarding the Dean Policy Litigation, each of you may have interests that could become adverse to the others' interests. As a result, my firm must disclose any actual and reasonably foreseeable conflicts of interest that may exist or arise due to the joint representation. My firm also must obtain your informed written consent as to the joint representation and waiver of present and future conflicts subject to the conditions and limitations noted below.

---

[1] My firm currently represents TuYo Holdings in a pending matter concerning the Dean Policy against American General Life Insurance Company in the Western District of Texas. *TuYo Holdings, LLC v. American General Life Insurance Company*, 5:25-cv-00130-JKP-RBF, W.D. Tex.

Despite the unlikely nature of such conflicts arising, disagreements may arise regarding the amount and acceptance of any potential settlement offers by American General Life Insurance Company. Further, a conflict may arise if one party wishes to litigate the Dean Policy Litigation in a significantly different manner than the other wants. While TuYo Holdings has agreed to pay my firm's fees for the Dean Policy Litigation, my firm has the same duty to the Trustee as if the Trustee were paying my fees. While I do not anticipate a conflict arising, it is necessary to advise you of these potential conflicts.

Importantly, should the joint representation become effective, my firm cannot withhold information of one of you from the other regarding the joint representation. Therefore, to the extent any of you have questions or concerns about the Dean Policy Litigation you do not want the other to know, you should seek independent advice from another attorney. To the extent any litigation subsequently arises between TuYo Holdings and the Trustee, there will be no attorney-client privilege in that litigation concerning anything that each of you may have shared with me during the course of this joint representation.

Further, both TuYo Holdings and Trustee acknowledge and waive any conflicts as I previously represented Policy Services, Inc. prior to bankruptcy and previously represented the Trustee regarding a patent matter related to another company related to the Bankruptcy Estate of Policy Services, Inc. Trustee expressly acknowledges my firm currently represents TuYo Holdings in a wide range of matters including other litigations against insurance companies.

With that in mind, we request your informed written consent to our representation and waiver of potential conflicts of interest. Please note that, notwithstanding such waiver and consent, there remains some degree of risk of a conflict of interest not yet contemplated. If such a conflict arises, we may have to withdraw from the joint representation and the Dean Policy Litigation entirely. That could, among other things, increase the cost of representation by requiring you to retain new counsel and pay for them to get "up to speed." Further, Trustee agrees that this joint representation and any potential withdrawal, shall not impact my firm's representation of TuYo Holdings in other matters unrelated to the Dean Policy Litigation and expressly consents to my firm's continued representation of TuYo Holdings in such other matters.

If you consent to this joint representation, despite the potential conflicts of interest, and agree to the Terms of Engagement included herein, please sign and date as set forth below and return it to us as soon as possible. We look forward to representing you. If you have any questions, please feel free to contact me.

Sincerely,

/s/ Jason McKinnie

cc: Pulman, Cappuccio & Pullen, LLP
Randy Pulman via email: RPulman@pulmanlaw.com
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213

# MCKINNIE & PAUL, PLLC
## TERMS OF ENGAGEMENT

1.     *Introduction*. This document explains the general terms of your engagement with McKinnie & Paul, PLLC (the Firm). Your engagement with the Firm indicates your acceptance of these terms.

2.     *Management of the Engagement*. You have the right to be informed of the status of the Firm's work for you. The Firm will assign a supervising attorney who is responsible for managing your representation and communicating with you. The supervising attorney may delegate work to other attorneys and staff to assist in representing and managing your representation and files. If questions arise, please discuss them with the supervising attorney as soon as possible.

3.     *Contact Information*. Depending on the nature of the services the Firm is providing to you, the supervising attorney may need to get ahold of you quickly. Please keep your contact information (name, email address, and phone number) current with the Firm. Please also keep current the contact information for the person primarily responsible for approving and paying the Firm's invoices.

4.     *Subsequent Matters*. These Terms, along with any accompanying engagement letter, apply to the Firm's present representation of you and to any subsequent matters the Firm agrees to undertake on your behalf.

5.     *Conflicts of Interest*. While the Firm is representing you, some of the Firm's present or future clients might have disputes or transactions with you. You agree and expressly consent that the Firm's relationship with you will not preclude the Firm from continuing or accepting an engagement from a new or existing client, even if the interests of such clients are directly adverse. But the Firm agrees it will not accept an engagement from a new or existing client that: (1) involves a substantially related matter in which your interests are materially and directly adverse to the interests of a new or existing client or (2) the Firm has obtained from you proprietary or other confidential information of a nonpublic nature that, if known to the

new or existing client, could be used in any such other matter by such client to your material disadvantage.

6.    *Power of Attorney*. You authorize the Firm to execute all complaints, claims, verifications, dismissals, deposits, affidavits, declarations, and orders on your behalf.

7.    *Fees; Estimates Versus Fixed Fees*. Our standard method of computing fees for legal services rendered is to record the time spent by each person performing services, total the time spent at the end of each month, and multiply that time by person's hourly rate. The Firm will provide a rate sheet at the time of engagement detailing rates for attorneys, staff, and flat fees for standardized matters. The Firm has the right to modify the rates at any time and may provide an updated rate sheet at the beginning of each calendar year. Clients occasionally request advance estimates of fees. An estimate, however, does not always account for factors outside the Firm's control and should *not* be considered a fixed rate or maximum fee. If the Firm quotes a fixed fee, the Firm will provide a letter stating the fixed fee and the specific services to be performed for that fee. Clients acknowledge additional fees may apply for standard communications (e.g., letters or emails) concerning the monitoring and status of trademark and patent applications after filing. Such communication is necessary to inform you about the progress of the matter. Unless otherwise specified, these standard communications are not part of fixed fees for filing of a trademark application or patent application and will be billed at a standardized fee as per the rate sheet. The standardized letters are provided as a service related to monitoring your applications and/or registrations. If you do not wish to incur the charges associated with reminder letters, then the Firm will terminate its engagement with you and not actively monitor your applications/registrations.

8.    *Contingent Fee Arrangement*. The Firm sometimes agrees to represent a client under a contingency fee arrangement. Such engagements will be addressed by a separate written contingency-fee agreement.

9.    *Expenses*. In addition to professional fees, an invoice may include charges for other services the Firm provides or arranges, such as delivery, travel, document management, document storage, computer-assisted legal research, investigations, court reporting, expert witness costs and fees, court fees, and filing fees. But except as specifically stated in a written contingency-fee agreement, the Firm is not required to advance any of these fees or costs on your behalf. If the Firm elects to advance such fees and costs and your account is not current at the time of the advance, the Firm may charge you an additional fee of 10% of the advanced amount. At

its option, the Firm may require you to pay any such fees in advance to the Firm or directly to the provider. The Firm requires advance payment of any expense anticipated to exceed $500.

10.    *Technology Use Fee for Litigation Matters.* If the Firm is representing you in litigation, you will pay a flat technology-use fee of $150 per month per litigation matter to cover costs associated with the Firm's use of technology resources in connection with the representation. These resources include, but are not limited to, legal research platforms, e-discovery tools, litigation support software, document management systems, and other technologies that enhance the efficiency and effectiveness of our litigation services. The Firm reserves the right to adjust this fee with 30-days written notice.

11.    *Retainer.* The Firm usually asks clients to provide a retainer. Any retainer or advance payment for services will be deposited to a client trust account. Typically, the Firm applies the retainer to the client's final invoice and returns the remaining balance, if any, to the client. Paying a retainer does not relieve your obligation to pay invoices. If an invoice remains unpaid after 30 days, the Firm may apply the retainer to the unpaid balance and require an additional retainer before commencing further work.

12.    *Client Trust Account.* All trust deposits from clients (including retainers) are held in a client trust account. By court rule in Texas, funds deposited in a trust account are subject to IOLTA (Interest on Lawyer's Trust Account) participation. IOLTA funds are used to support law-related charitable and educational activities. The only exception is when the deposit is large enough to earn interest more than bank and administrative costs. In these situations, the Firm will open an interest-bearing account for the retainer, and interest is credited to the client until the deposit is applied.

13.    *Insurance Coverage.* Even if insurance coverage applies to the services to be performed by the Firm, primary responsibility for payment remains with you.

14.    *Billings.* The Firm will normally invoice you twice a month, but invoices may be sent more or less frequently depending on the volume of work and the nature of the services the Firm performs on your behalf. Each invoice will be sent as a pdf file from the email address of the supervising attorney or other Firm staff. Each invoice will contain a statement of the services performed and expenses incurred on your behalf.

15. *Payment of Fees and Expenses*. The Firm accepts checks, electronic bank transfers, and, upon request, credit cards. If you pay with a credit card, we will add a 3% service fee to your invoice.

16. *Past-Due Accounts*. If you have a past-due account, the Firm may stop legal work until your account is brought current. If the invoice remains unpaid 30 days after the invoice is sent, the unpaid amounts on your account will accrue interest at 1% per month (compounded).

17. *Payment Notwithstanding Dispute*. If you dispute the Firm's entitlement to any payment from you, you must pay all undisputed amounts. Any funds in a client trust account held on your behalf sufficient to pay the disputed amounts will continue to be held in such trust account until final disposition of the dispute.

18. *Outcome*. The Firm does not and cannot guarantee any outcome in a matter.

19. *Termination*. You may terminate the Firm's representation of you at any time by written notice. All fees and expenses still owed before termination are due to the Firm. You are responsible for any expenses in connection with the transfer of a matter to other counsel. Subject to the Rules of Professional Conduct, the Firm also may terminate the engagement. These rules permit or sometimes require withdrawal. Before this occurs, the Firm will provide you with written notice.

20. *Your Files Concerning a Matter*. You are entitled to a return of your files relating to a matter at any time, but you are responsible for retrieving your files, or otherwise arranging for delivery of your files to you, at your expense. The Firm has no obligation to hold your files, although the Firm may retain copies of any of your files at its expense. You authorize the Firm to dispose of all files relating to a matter if you have not retrieved those files prior to five years following the conclusion of the matter to which they relate.

21. *Grievances*. The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint. For more information, please call (800) 932-1900. This is a toll-free telephone call.

22. *Texas Lawyer's Creed*. The Firm is committed to the Texas Lawyer's Creed, which is available here:

https://www.legalethicstexas.com/Ethics-Resources/Rules/Texas-Lawyer-s-Creed/Texas-Lawyer-s-Creed.

23.    *Arbitration.* At the Firm's option, any dispute between you and the Firm (or any member or employee of the Firm) must be resolved by confidential, binding arbitration in San Antonio, Texas, by and in accordance with the then-current rules of the American Arbitration Association. Judgment thereon may be entered in any court having jurisdiction. The prevailing party will be entitled to reasonable attorney's fees and costs relating to the dispute.

***

*I have read, understood, and agree to abide by the Engagement Letter, Terms of Engagement, and Rate Sheet.  I further agree I have the authority to sign this agreement on behalf of the company/estate.*


_____          5-12-25
Chris Turner *or* Greg Yost                    Date
TuYo Holdings, LLC


_____          May 10, DB
John Patrick Lowe                              Date
Trustee for bankruptcy estate of
Policy Services, Inc.

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**ORDER GRANTING TRUSTEE'S SECOND APPLICATION
TO EMPLOY COUNSEL FOR SPECIAL PURPOSE**

---

Came on for consideration the *Trustee's Second Application to Employ Counsel for Special Purpose* (the "**Application**").[2]  Based on the representations made in the Application and in  the supporting *Affidavit of Jason McKinnie of McKinnie & Paul, PLLC.* (the "**McKinnie**

---

[1] The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are:  In Re: Policy Services, Inc. 21-51513 (2864),  In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

[2] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Application.

**Affidavit**"), the Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application approving the employment of McKinnie & Paul, PLLC (the "**Firm**") is in the best interest of the Debtors, their respective Bankruptcy Estates and the creditors; (iv) the Firm holds no interest adverse to the Bankruptcy Estates and is a disinterested person under 11 U.S.C. § 101(4); (v) proper and adequate notice of the Application has been given and no further notice is necessary; (vi) no objections to the Application have been filed; (vii) the Firm is qualified to be employed as special counsel to Trustee —to perform work as described in the Application for the Trustee relating to the eleven jointly administered Bankruptcy Estates—pursuant to sections 327 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016; and (viii)  based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Application in all respects.

IT IS, **THEREFORE, ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ the Firm as his special counsel effective as of April 23, 2025, in accordance with the terms described in the Application and this Order, and to perform the services described therein.

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after entry of this Order, absent any objections within 21 days after the filing and service of such supplemental declarations or affidavits, the Firm's employment shall continue as authorized pursuant to this Order.

**IT IS FURTHER ORDERED** that the Firm shall be compensated for its proposed legal services described in the Application from TuYo Holdings, LLC. None of the Bankruptcy Estates shall be responsible for payment of special counsel's fees for the proposed legal services described

in the Application. The Trustee has agreed to these terms in order to preserve value in assets of the respective Bankruptcy Estates.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

**Submitted by:**
Randall A. Pulman
Texas State Bar No. 16393250
**PULMAN LEFLORE PULLEN & REED LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE JOINTLY
ADMINISTERED BANKRUPTCY ESTATE OF
DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**