IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | |
| | § | JOINTLY ADMINISTERED |
| | § | |

CHAPTER 7 TRUSTEE'S MOTION FOR SUBSTANTIVE CONSOLIDATION

THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.

IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, 615 E. HOUSTON ST., ROOM 597, SAN ANTONIO, TEXAS 78205.

IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:

John Patrick Lowe, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates of deeproot

Capital Management, LLC, Policy Services, Inc., Wizard Mode Media, LLC, deeproot Pinball

---

1 The jointly administered chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" or "**Estate**" and collectively, the "**Bankruptcy Estates**" or "**Estates**".

LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot Bonus Growth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Funds LLC, deeproot Studios LLC (each a "**Debtor**" and collectively, the "**Debtors**"), whose bankruptcy cases are being jointly administered under lead case *In re: deeproot Capital Management, LLC*, et al., Case No. 21-51523, by and through Trustee's counsel, Pulman, Cappuccio & Pullen, LLP, hereby file this *Motion for Substantive Consolidation,* (the "**Motion**") and in support hereof would respectfully submit as follows:

## I.     JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue for this case is proper in the Western District of Texas under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## II.     SUMMARY OF RELIEF REQUESTED

2.      Through this Motion, the Trustee requests the Court order the substantive consolidation of the Jointly Administered Cases for all purposes.  A proposed order requesting this relief is attached hereto as **Exhibit A**.

## III.     PROCEDURAL BACKGROUND

3.      On December 9, 2021, (the "**Petition Date**"), the Debtors filed voluntary petitions under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") [ECF No. 1]. The Court, by its Order entered December 21, 2021, authorized that the Debtors' bankruptcy cases be jointly administered under lead case *In re: deeproot Capital Management, LLC*, Case No. 21-51523 (the "**Jointly Administered Case**") [ECF No. 20].

4.      On or about December 21, 2021, John Patrick Lowe was appointed as Chapter 7 Trustee of all eleven bankruptcy cases comprising the Jointly Administered Case.

## IV.    FACTUAL BACKGROUND

5.    The Debtors in this Jointly Administered Case are affiliated entities, each of which was controlled and operated by Robert Mueller ("**Mueller**"). Mueller was the sole owner, officer, and director of Debtor, Policy Services, Inc. ("**Policy Services**"), and the officer, and managing member of its wholly owned subsidiary, Debtor, deeproot Capital Management, LLC, and its subsidiaries, Debtors deeproot Funds, LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot BonusGrowth 5 Year Debenture Fund, LLC, deeproot Tech LLC, deeproot Pinball LLC, deeproot Studios, LLC, and Wizard Mode Media, LLC. An organizational chart of the eleven Debtor entities, tendered by the Debtors, is attached hereto as **Exhibit B**.  Although the corporate organizational chart submitted by the Debtors shows that Policy Services and deeproot Capital Management, LLC are commonly owned, the Trustee believes that deeproot Capital Management, LLC was a wholly owned subsidiary of Policy Services.

6.    Mueller, through Debtors Policy Services and its subsidiaries orchestrated a fraud and a Ponzi scheme, raising approximately $71,000,000 from investors from 2012 through 2021, through the sale of securities to individuals for investment in pooled investment funds. Almost all of this money was lost to ill-conceived purchases of life insurance policies, investments in unrelated and worthless businesses, the payment of unreasonable commissions and finders fees to wealth advisors, insurance agents, and other financial professionals, self-dealing transactions entered into between the Debtors and Mueller and his family members for the purchase of real estate in Hawaii, transfers of money to Mueller, the payment of fictitious profits to investors in order to keep the Ponzi scheme going, and payments to credit card companies for Mueller's own personal expenses. A substantial amount of investor money was used to develop a pinball machine manufacturing business which was never properly capitalized and doomed to fail from

3

the start.

7.     Policy Services was formed in 2012, and its balance sheet for years ending December 31, 2012, and 2013, indicates that Policy Services was insolvent from its inception. There is no record of Mueller making any initial capital investment in his companies, and it appears that there was a deliberate mischaracterization and recording of disbursements in the form of commissions to Mueller and others as company assets in an effort to minimize what should have been reported as a lack of profit.[2]  Policy Services never generated sufficient profits to stabilize its operations, and as of December 31, 2021, owed $36,769,087 to various affiliated Debtors.

8.     Beginning in 2013, the principal Debtor entity for receiving and recording new investor funds was deeproot Funds, LLC.  The deeproot Funds, LLC balance sheet for years ending December 31, 2013, through December 31, 2021, attached hereto as **Exhibit D**, shows that during the nine years ending December 31, 2021, deeproot Funds LLC received investor funds totaling $71,435,029.  The majority of those investor funds were funneled to other Debtor entities in non-arms-length inter-company transactions.  As of December 31, 2021, the intercompany receivable balance of deeproot Funds, LLC was $57,797,235 (see, **Exhibit D**).

9.     Throughout most of the ten years in which the Debtors conducted business, all of the Debtors operated from the same principal offices located in San Antonio, Texas, and their business records were physically and electronically stored together at those offices, except for Debtor, Wizard Mode Media, LLC, which operated from its offices in Draper, Utah.

10.    The Debtors filed each of their respective bankruptcy cases on the Petition Date, through the same bankruptcy counsel. All eleven bankruptcy cases have been assigned

---

2 After re-characterizing these disbursements as expenses, the restated equity balance of Policy Services for the years ending December 31, 2013 and 2012, was $(1,490,187) and $(423,785), respectively.  See, **Exhibit C**.

4885-6931-5143, v. 4

to the Trustee and are being jointly administered by the Court.

11. As of March 12, 2025, the Debtors' creditors had filed 1,807 claims in the Debtors' eleven bankruptcy cases. The claims amount to over $569,000,000. Since the books and records of the Debtors reflect that approximately $70,000,000 was raised from investors, the Trustee believes many of the claims are duplicative, probably by a factor of four or five, if not more.

12. As of the date of this Motion, the Trustee has liquidated the Debtors' assets. In addition, the Trustee filed 35 adversary proceedings which have resulted in the recovery of additional assets of the Debtors. Of these 35 adversary proceedings, the Trustee has settled 18, has obtained default judgments in 10, and 4 have been dismissed. The adversary proceeding brought by the Trustee against Mueller, Adv. Proc. No. 22-05097-mmp, and against Carlile Patchen & Murphy, LLP, Adv. Proc. No. 23-05089-mmp, have each been abated per order of this Court until final judgment is entered in Civil Action No. 5:21-cv-785-XR, currently pending in the United States District Court for the Western District of Texas, San Antonio Division (the "**SEC Case**").

13. As of March 12, 2025, the combined assets of the eleven Bankruptcy Estates held by the Trustee in eleven Estate trust accounts totals $4,125,041.81. Five of the Debtors' Estates (deeproot Pinball, LLC, deeproot Growth Runs Deep Fund, LLC, deeproot 575 Fund, LLC, deeproot 3 Year Bonus Income Fund, LLC, and deeproot BonusGrowth 5 Year Debenture Fund, LLC) have virtually no assets. A spreadsheet showing the trust account balances, and number and amount of claims filed in each bankruptcy case is attached hereto as **Exhibit E**.

5

14.     Many of the Debtors' creditors filed claims in multiple bankruptcy cases, with many filing duplicative claims in all eleven bankruptcy cases.   The filing of multiple duplicative claims by creditors is a clear indication that based on the parties' prepetition course of dealings, and the Debtors' disregard for corporate separateness, the creditors either thought that they were dealing with Debtors as one indistinguishable entity or were not sure as to which of the Debtors they were dealing.[3]

## V.   ARGUMENT, AUTHORITY AND RELIEF REQUESTED

15.     Through this Motion, the Trustee requests the Court order the substantive consolidation of the Jointly Administered Cases for all purposes. Substantive consolidation will provide substantial savings in costs and time associated with sorting through the many intercompany assets and transfers and the many duplicative creditor claims.   The task of sorting through the transfer of funds between the entities, and determining which estate is proper for a given creditors' duplicative proof of claim will be daunting at best.

16.     "[T]he authority of the court to order substantive consolidation [outside of the plan context] has been said to derive *entirely* from the equitable powers of the bankruptcy court under section 105 of the Bankruptcy Code."  *In re ADPT DFW Holdings, LLC* 574 B.R. 87, 93 (N.D. Tex. 2017).   Section 105 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   11 U.S.C. §105(a).

17.     Substantive consolidation has the effect of eliminating duplicative claims filed against related debtors by creditors uncertain as to where the liability should be allocated. *In re AHF Development, Ltd*., 462 B.R 186, 197 (citing *In re DRW Property*, 54 B.R. 489, 494 (Bankr.

---

3 See, *In re Owens Corning*, 419 F.3d 195, 212 (3d Cir. 2007) ("A *prima facia* case for [substantive consolidation] typically exists when, based on the parties' prepetition dealings, a proponent proves corporate disregard creating contractual expectations of creditors that they were dealing with debtors as one indistinguishable entity.")

4885-6931-5143, v. 4

N.D.Tex. 1985)).  And "usually results in, inter alia, pooling the assets of, and claims against, [multiple] entities; satisfying liabilities from the resultant common fund; [and] eliminating inter-company claims." See, *ADPT DFW Holdings*, 574 B.R. at 94 (citing *Power Int'l, Inc. v. Babcock & Wilcox Co. (In re Babcock & Wilcox Co.)*, 250 F.3d 955, 959 n.5 (5th Cir. 2001) (citing *In re Augie/Restivo Baking Co.*, Ltd. 860 F.2d 515, 518 (2nd Cir. 1988) (citing 5 Collier on Bankruptcy §1100.06, at 1100-32 n.1(L. King ed., 15th ed. 1988).

18.      While allowing for substantive consolidation, the Fifth Circuit has not adopted its own criteria for determining when it is appropriate. *In re Introgen Therapeutics, Inc.*, 492 B.R. at 582 (citing *In re Coleman,* 417 B.R. 712, 726 (Bankr. S.D. Miss. 2009). There is no universally accepted standard for substantive consolidation, and it has been said to be a highly fact-specific analysis made on a case-by-case basis. *Id.* (citing *In re Permian Producers*, 263 B.R. at 517). That being said, there have been two distinct tests developed by other courts - a more traditional, multi-factor test and a balancing test. *Id.* Under the traditional test, courts look to several factors in determining whether substantive consolidation is appropriate. *Id.* (*In re E'Lite Eyewear Holding, Inc.,* No. 08-41374, 2009 WL 349832 (Bankr. E.D. Tex. Feb. 5, 2009)) (discussing *In re Permian Producers*, 263 B.R. at 517). Other courts have also applied a balancing test, focusing on the impact of consolidating on the creditors and weighing it against the benefits of consolidation. *Id.* (citing *In re Permian Producers*, 263 B.R. at 518).

19.      The factors to be considered under the traditional multi-factor test in determining whether substantive consolidation is appropriate include:

    i.      the unity of interests and ownership between the various corporate entities;

    ii.     the existence of parent and intercorporate guarantees and loans;

    iii.    the degree of difficulty in segregating and ascertaining individual assets

and liabilities;

      iv.      the transfer of assets without formal observance of corporate formalities;

      v.      the commingling of assets and business functions;

      vi.      the profitability of consolidation at a single physical location;

      vii.      the parent and subsidiary have common officers and directors;

      viii.      the parent finances the subsidiary; and

      ix.      the subsidiary has grossly inadequate capital.

*ADPT DFW Holdings,* 574 B.R. at 94-95 (citing *In re E'Lite Eyewear Holding, Inc.*, No. 08-41374, 2009 WL 349832, at \*3 (Bankr. E.D. Tex. 2009); *In re AHF Development*, 462 B.R. at 195-96).

20.     The Second Circuit distilled the many factors courts have considered into two "critical factors": "(i) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; or (ii) whether the affairs of the debtors are so entangled that consolidation would benefit all creditors." *In re Introgen Therapeutics, Inc.*, 492 B.R. at 582-83 (citing *In re Augie/Restivo Baking Co.*, 860 F.2d 515, 519 (2d Cir.1988). The presence of either factor is sufficient to order substantive consolidation. *Id.* (citing *In re E'Lite*, 2009 WL 349832, n. 3 (citing *In re Augie/Restivo*, 860 F.2d at 515). Under the second factor, the Second Circuit noted that "substantive consolidation should be used only after it has been determined that all creditors will benefit because untangling is either impossible or so costly as to consume the assets." *ADPT DFW Holdings*, 574 B.R. at 97 (citing *Augie/Restivo Baking Co.*, 860 F.2d at 519).

21.     Many of the factors to be considered under the traditional multi-factor test are present in the case at hand:

i.      the Debtors are either directly or indirectly wholly owned or controlled by the same director or manager, Mueller;

ii.      all of the Debtors (perhaps with the exception of Policy Services) are part of the same corporate structure under the ultimate parent company of deeproot Capital Management, LLC;

iii.      Policy Services is at least an affiliate of deeproot Capital Management, LLC, and its subsidiaries, and the entities were commonly owned and managed;

iv.      all of the Debtors had the same principal place of business located in San Antonio, Texas and their business records are physically and electronically stored together;

v.      to the Trustee's knowledge, the Debtors were consolidated for tax purposes; and

vi.      there was a commingling of assets and business functions.

22.      In addition, the second critical factor established by the Second Circuit, whether the affairs of the debtors are so entangled that consolidation would benefit all creditors, is also present, as untangling over $57,000,000 of intercompany transfers will be time consuming, costly, and unnecessarily consume assets of the Estates that would otherwise be available to pay the creditors' claims.

23.      If these bankruptcy cases are not substantively consolidated, the Trustee is faced with the daunting task of sorting through all of the intercompany transfers with the assistance of a forensic accountant and then apply to the Court to move monies between the Estates.  After the assets are untangled, then the Trustee must determine which of the many duplicate claims were filed in the wrong case, instead of merely determining which claims are duplicated.  With limited funds on hand, it is likely that the professional fees necessary to sort through the assets and

liabilities would significantly reduce the return to the entire creditor body.

24. Accordingly, the Trustee's Motion for substantive consolidation of the Jointly Administered Cases is proper and should be granted by the Court.

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request the Court order the Jointly Administered Cases be substantively consolidated under Lead Case, *In re: deeproot Capital Management, LLC*, Bankruptcy Case No. 21-51523, for all purposes, and grant such other and further relief as to which the Trustee may be entitled.

Respectfully submitted,

**PULMAN LEFLORE PULLEN & REED, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
　　Randall A. Pulman
　　Texas State Bar No. 16393250
　　rpulman@pulmanlaw.com
　　W. Drew Mallender
　　Texas State Bar No. 24118460
　　dmallender@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATE OF DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

4885-6931-5143, v. 4

## CERTIFICATE OF SERVICE

I hereby certify that on the 31ˢᵗ day of December, 2024, I electronically filed the foregoing document using the CM/ECF system, which will serve the document on the following list of parties in interest and parties requesting notice. A copy of this pleading will be served via US First Class Mail to the parties on the limited-service list in this case, and a supplemental certificate of service will be filed to evidence compliance.

***Via Counsel CM/ECF:***
*catherine.curtis@wickphillips.com*
*;jason.rudd@wickphillips.com*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

***Via CM/ECF:*** *pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
*USTPRegion07.SN.ECF@usdoj.gov*
*Aubrey.thomas@usdoj.gov*
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF:*** *don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX 78205

***Via CM/ECF:*** *rbattaglialaw@outlook.com*
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF:*** *jpetree@mcslaw.com*
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF:*** *jdunne@smfadlaw.com*
John C. Dunne
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

***Via CM/ECF:*** *bk-cmurphy@oag.texas.gov*
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

***Via CM/ECF:*** *pautry@branscomblaw.com*
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

***Via CM/ECF:*** *lmjurek@jureklaw.com*
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX 77006

4885-6931-5143, v. 4

***Via CM/ECF:*** *achale@halewoodlaw.com*
Craig Hale
HALE | WOOD PLLC
4766 Holladay Blvd.
Holladay, Utah 84117

***Via CM/ECF:***
*stephen.humeniuk@lockelord.com*
Stephen J. Humeniuk
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701

***Via CM/ECF:*** *tcunningham@lockelord.com*
Thomas J. Cunningham
LOCKE LORD LLP
777 S. Flalger Dr., Suite 215
West Palm Beach, FL

***Via CM/ECF:*** *jkathman@spencerfane.com;*
*msegura@spencerfane.com*
Jason Kathman
Misty Segura
Spencer Fane, LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024

/s/ Randall A. Pulman
Randall A. Pulman

4885-6931-5143, v. 4

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[1] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | |
| | § | SUBSTANTIVELY CONSOLIDATED |

ORDER GRANTING CHAPTER 7 TRUSTEE'S
MOTION FOR SUBSTANTIVE CONSOLIDATION

On this date, the Court conducted a hearing on the motion of John Patrick Lowe, the

Chapter 7 Trustee ("**Trustee**") of the eleven Bankruptcy Estates being jointly administered under

lead case *deeproot Capital Management, LLC, et al*., Case No. 21-51523-mmp, for an Order

---

[1] The substantively consolidated chapter 7 cases, along with their respective case numbers are: In Re: Policy Services, Inc. 21-51513, In Re: Wizard Mode Media, LLC, 21-51514, In Re: deeproot Pinball LLC, 21-51515, In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516, In Re: deeproot 575 Fund, LLC, 21-51517, In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518, In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519, In Re: deeproot Tech LLC, 21-51520, In Re: deeproot Funds LLC, 21-51521, In Re: deeproot Studios LLC , 21-51522, and Lead Case In Re: deeproot Capital Management, LLC, 21-51523, each a "**Bankruptcy Estate**" or "**Estate**" and collectively, the "**Bankruptcy Estates" or "Estates**".

granting *Chapter 7 Trustee's Motion for Substantive Consolidation* ("**Motion**").[2]  The Court has reviewed the Motion and has heard the evidence in support of the relief requested therein at a hearing before the Court (the "**Hearing**").  The Court considered any objections to the Motion, each of which are overruled, resolved, or withdrawn; and including the announcements and agreements stated on the record at the hearing, the Court has determined that the legal and factual basis set forth in the Motion at the hearing established just cause for the relief granted herein.  After due deliberation the Court finds that:

1.      Jurisdiction and Venue.  This Court has jurisdiction over this bankruptcy case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 105(a).  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).  Venue is proper in this district pursuant to 28 U.S.C. §§ 148 and 1409(a).

2.      Statutory Predicate.  The statutory predicates for the relief sought in the Motion is Section 105(a) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002 and 9007, and the applicable Local Rules for the United States Bankruptcy Court for the Western District of Texas (the "**Local Rules**").

3.      Final Order.  This order approving the Motion (the "**Order**") constitutes a final order with the meaning of 28 U.S.C. § 158(a).  The Court expressly finds that there is no just reason for the delay in the implementation of this Order, waives any stay, and expressly directs entry of the Order as set forth herein.  This Order shall be effective and enforceable immediately upon entry.

4.      Notice.  As evidenced by the certificates of service filed with this Court, based upon the record of the case and representations of counsel at the Hearing:  (i) in accordance with inter

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meaning ascribed to them in the Motion.

alia, Bankruptcy Rule 2002, due proper, timely, adequate and sufficient notice of the Motion has been provided; (ii) no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances of these bankruptcy cases; and (iv) no other or further notice of the Motion is or shall be required.

5.      Opportunity to Object.  A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given to all interested persons and entities, including, without limitation, the Office of the United States Trustee, all applicable federal, state and local regulatory or taxing authorities, and the Debtors and all parties on the most current service list.

**ACCORDINGLY, IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that:

1.      Motion Granted.  The Motion and the relief requested therein is GRANTED AND APPROVED, as set forth herein and on the record at the Hearing, which is incorporated herein in its entirety.

2.      Substantive Consolidation.  The jointly administered chapter 7 cases of In Re: Policy Services, Inc. Case No. 21-51513;  In Re: Wizard Mode Media, LLC, Case No. 21-51514; In Re: deeproot Pinball LLC, Case No. 21-51515; In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516; In Re: deeproot 575 Fund, LLC, Case No. 21-51517; In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, Case No. 21-51518; In Re: deeproot  Bonus Growth  5 Year Debenture  Fund, LLC, Case No. 21-51519;  In Re: deeproot Tech LLC, Case No. 21-51520; In Re: deeproot Funds LLC, Case No. 21-51521; In Re: deeproot Studios LLC, Case No. 21-51522; and In Re: deeproot Capital Management, LLC, Case No. 21-51523; be SUBSTANTIVELY CONSOLIDATED FOR ALL PURPOSES, under Lead Case In Re: deeproot Capital

Management, LLC, Case No. 21-51523.

      3.     <u>Joint Caption</u>.  The joint caption of the substantively consolidated cases shall be styled as shown on attached <u>Exhibit 1</u>.

      4.     <u>Pleadings</u>.  All pleadings shall be captioned as shown on <u>Exhibit 1</u> hereto, and all docket entries shall be made in the case of *In re: deeproot Capital Management, LLC, et al.,* Case No. 21-51523.

      5.     <u>Proofs of Claim</u>. Proofs of claim may be filed under the case number representing the Debtor's estate against which a creditor believes its claim shall be made; if a creditor is uncertain, the creditor should file its claim in Case No. 21-51523.

      6.     <u>Docket Entry</u>. A docket entry shall be made in each of the Debtors' cases substantially as follows: *An Order has been entered in this case directing the Substantive Consolidation of the 11 cases of In re: deeproot Capital Management, LLC, Policy Services, Inc., In re: Wizard Mode Media, LLC, In re: deeproot Pinball LLC, In re: deeproot Growth Runs Deep Fund, LLC, In re: deeproot 575 Fund, LLC, In re: deeproot 3 Year Bonus Income Debenture Fund, LLC, In re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, In re: deeproot Tech LLC, In re: deeproot Funds LLC, and In re: deeproot Studios LLC,* the debtors in the above styled and numbered bankruptcy cases, the docket in the Chapter 7 Case of *deeproot Capital Management, LLC*, Case No. 21-51523, *should be consulted for all matters affecting this case.*

      7.     <u>Notice</u>.  This Order shall be served by Trustee on the parties on the full matrix for each of the eleven debtors and a certificate of service shall be filed to evidence such service

      **IT IS FURTHER ORDERED** that the Court shall have exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

4 of 5

4870-8270-9835, v. 2

**Submitted by:**

**PULMAN LEFLORE PULLEN & REED, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
W. Drew Mallender
Texas State Bar No. 24118460
dmallender@pulmanlaw.com


**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATE OF DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

# EXHIBIT 1

## SUBSTANTIVELY CONSOLIDATED CASES CAPTION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.,[3] | § | BANKRUPTCY NO. 21-51523-MMP |
| | § | LEAD CASE |
| DEBTORS. | § | |
| | § | SUBSTANTIVELY CONSOLIDATED |

_____

---

[3] The substantively consolidated chapter 7 cases, along with their respective case numbers are:  In Re: Policy Services, Inc. 21-51513,  In Re: Wizard Mode Media, LLC, 21-51514, In Re: deeproot Pinball LLC, 21-51515, In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516, In Re: deeproot 575 Fund, LLC, 21-51517, In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518, In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519,  In Re: deeproot Tech LLC, 21-51520, In Re: deeproot Funds LLC, 21-51521, In Re: deeproot Studios LLC , 21-51522, and Lead Case, In Re: deeproot Capital Management, LLC, 21-51523, each a "**Bankruptcy Estate**" or "**Estate**" and collectively, the "**Bankruptcy Estates" or "Estates**".

# EXHIBIT B

# ORGANIZATIONAL CHART



# EXHIBIT C

### Policy Services, Inc.
# Balance Sheet
#### As of December 31, 2013

| | Dec 31, 13 | Dec 31, 12 |
|---|---:|---:|
| **ASSETS** | | |
| **Current Assets** | | |
| **Checking/Savings** | | |
| Client Reserve 3081 | 46.00 | 1,183.21 |
| Corporate Checking 8461 | 6,542.71 | 1,920.49 |
| Premium Account | 0.64 | 3,670.95 |
| RFA 3099 | 400.64 | 86.00 |
| Sweep Account 8487 | 319,525.86 | 72,491.73 |
| **Total Checking/Savings** | 326,515.85 | 79,352.38 |
| **Other Current Assets** | | |
| **Internal Investments** | | |
| Bromley | 18,332.62 | 17,543.20 |
| Ertel #1 | 14,596.36 | 13,175.00 |
| Ertel #2 | 7,335.82 | 6,625.00 |
| Berliner | 29,766.89 | 26,744.61 |
| Pinnacle-Capriana #1 | 0.00 | 229,200.00 |
| Pinnacle-Capriana - Soules S | -158,285.00 | -8,285.00 |
| FDC-TX #1 (Hogan) | 50,000.00 | 50,000.00 |
| Food Development Stk Investment | 25,000.00 | 0.00 |
| Bohrer | -404,000.00 | 0.00 |
| Tiburon | -64,800.00 | 0.00 |
| Horizon Trust | 650,936.27 | 465,402.44 |
| **Total Internal Investments** | 168,882.96 | 800,405.25 |
| **Commissions & fees** | 1,558,297.59 | 408,590.70 |
| **Investor Acquisitions** | | |
| Investors Acquisitions-not iden | 1,548.34 | 0.00 |
| Lincoln Fin Grp - HMIL48 | 39,655.82 | 39,655.82 |
| American General - JDE21L | 339,222.86 | 319,118.86 |
| West Coast Life - ANDE76 | 947,054.54 | 897,054.54 |
| American General - UD33NL | 463,803.68 | 0.00 |
| Midland National - GRR553 | 124,528.00 | 0.00 |
| Metlife Investors US - JKN22A | 997,793.00 | 0.00 |
| Sunlife - SUL428 | 142,573.00 | 0.00 |
| Sunlife - SUL429 | 142,572.64 | 0.00 |
| ING Reliastar Life Ins - PER437 | 447,567.00 | 0.00 |
| **Total Investor Acquisitions** | 3,646,318.88 | 1,255,829.22 |
| **Total Other Current Assets** | 5,373,499.43 | 2,464,825.17 |
| **Total Current Assets** | 5,700,015.28 | 2,544,177.55 |
| **Fixed Assets** | | |
| **Computer Equipment** | | |
| Original Cost | 22,855.51 | 0.00 |
| **Total Computer Equipment** | 22,855.51 | 0.00 |
| **Computer Software** | | |
| Original Cost | 1,555.99 | 0.00 |
| **Total Computer Software** | 1,555.99 | 0.00 |
| **Furniture & Fixtures** | | |
| Original Cost | 51,052.73 | 0.00 |
| **Total Furniture & Fixtures** | 51,052.73 | 0.00 |
| **Improvements** | | |
| Original Cost | 10,448.94 | 0.00 |
| **Total Improvements** | 10,448.94 | 0.00 |

## Policy Services, Inc.
## Balance Sheet
### As of December 31, 2013

| | Dec 31, 13 | Dec 31, 12 |
|---|---|---|
| Accumulated Depr | -40,385.00 | 0.00 |
| Total Fixed Assets | 45,528.17 | |
| **TOTAL ASSETS** | **5,745,543.45** | **2,544,177.55** |
| **LIABILITIES & EQUITY** | | |
| Liabilities | | |
| Current Liabilities | | |
| Credit Cards | | |
| AMEX Payable | 27,528.75 | 0.00 |
| Total Credit Cards | 27,528.75 | 0.00 |
| Other Current Liabilities | | |
| Intercompany Loans | | |
| Due from Deeproot Funds LLC | -250.00 | 0.00 |
| Due from DR Continuation Holdin | -45,900.00 | 0.00 |
| Due from DR Advisory ServicesLL | -10,709.05 | 0.00 |
| Due from Life Gift | -165,000.00 | 0.00 |
| Total Intercompany Loans | -221,859.05 | 0.00 |
| Payable to Investors | | |
| RFA Balance Accounts | | |
| Gallion, Kelly | 3,000.00 | 0.00 |
| Total RFA Balance Accounts | 3,000.00 | 0.00 |
| SWEEP | | |
| Hogan, Thomas M - TX120043 | 50,000.00 | 50,000.00 |
| Mower, Dora A - TX120047 | 450,000.00 | 450,000.00 |
| Mower, Dora A - TX120047 #2 | 60,000.00 | 0.00 |
| Toepperwein, Georgia - TX120056 | 200,015.00 | 200,015.00 |
| Toepperwein, Georgia-TX120056#2 | 100,000.00 | 0.00 |
| Worley, Gary - TX120064 | 247,000.00 | 247,000.00 |
| Maloy, Derrick T - TX120077 | 42,682.00 | 0.00 |
| Quave, Jean M - TX120078 | 12,000.00 | 0.00 |
| Quave, Jean M - TX120078 #2 | 12,000.00 | 0.00 |
| Stephens, Maybelle | 550,000.00 | 0.00 |
| Fairbrothr Jeffery A - TX120082 | 200,000.00 | 0.00 |
| Stoval, Wesley J - TX120073 | 51,893.40 | 0.00 |
| Stoval Trust - TX120075 | 100,000.00 | 0.00 |
| Valenzuela, Brandi - TX120085 | 100,000.00 | 0.00 |
| The Oefinger Trust | 501,809.66 | 550,000.00 |
| Total SWEEP | 2,677,400.06 | 1,497,015.00 |
| HMIL48--Lincoln Fin Grp | | |
| Roland, Teresa - TX120036 | 12,000.00 | 12,000.00 |
| Roland, Teresa - TX120036 IRA | 5,764.07 | 5,764.07 |
| Roland, Troy - TX120034 | 52,926.24 | 52,926.24 |
| Total HMIL48--Lincoln Fin Grp | 70,690.31 | 70,690.31 |
| JDE21L--American General | | |
| Butler, Lawrence - MO120016 | 70,000.00 | 70,000.00 |
| Mayers, Forrest - TX120041 | 110,000.00 | 110,000.00 |
| Wolf, Alan - SC120012 | 10,000.00 | 10,000.00 |
| Wotipka, Leah - TX120045 | 229,969.12 | 236,969.12 |
| Total JDE21L--American General | 419,969.12 | 426,969.12 |

## Policy Services, Inc.
## Balance Sheet
### As of December 31, 2013

|  | Dec 31, 13 | Dec 31, 12 |
|---|---|---|
| **ANDE75--West Coast Life** |  |  |
| Hemani, Nazlin - FL120029 | 100,000.00 | 100,000.00 |
| James, Randall - TX120096 | 50,000.00 | 0.00 |
| Judd, Becca - NV120011 | 112,781.49 | 0.00 |
| Sanders, Marsha - TX120094 | 17,983.51 | 0.00 |
| Soules, Susan - TX120062 | 318,106.21 | 318,106.21 |
|  |  |  |
| **Total ANDE75--West Coast Life** | 598,871.21 | 418,106.21 |
|  |  |  |
| **UD33NL--American General Life** |  |  |
| Colby, Linnva - RFA | 10,934.53 | 0.00 |
| Clinkscales, Ann - SC20019 | 35,000.00 | 0.00 |
| Colby, David - TX120084 | 32,640.77 | 0.00 |
| Ellis, Jill - TX120071 | 11,472.23 | 0.00 |
| Soules, Jimmy - TX120061 | 27,000.00 | 0.00 |
| Soules, Susan - TX120062 | 96,591.43 | 96,591.43 |
| Stoval, James & Jo - TX120075 | 25,000.00 | 0.00 |
| Stoval, Patty - TX120074 | 26,484.63 | 0.00 |
| Stoval, Wesley - TX120073 | 7,000.00 | 0.00 |
| Wolf, Alan - SC1200012 | 10,000.00 | 0.00 |
| Worley, Gary - TX120084 | 53,000.00 | 53,000.00 |
|  |  |  |
| **Total UD33NL--American General Life** | 335,123.59 | 149,591.43 |
|  |  |  |
| **GRR553--Midland National** |  |  |
| Dodd, George - MO120022 | 55,000.00 | 0.00 |
| Massey, Billy - TX120097 | 99,197.38 | 0.00 |
| Valenzeula, Brandi - TX120085 | 21,335.40 | 0.00 |
| Walker, Thomas - TX120089 | 10,000.00 | 0.00 |
|  |  |  |
| **Total GRR553--Midland National** | 185,532.78 | 0.00 |
|  |  |  |
| **JKN22A--Metlife Investors US** |  |  |
| Clinkscales, Ann - SC120019 | 25,000.00 | 0.00 |
| Croy, David - FL120016 | 38,251.42 | 0.00 |
| Dewbre, Bruce - TX120081 | 25,000.00 | 0.00 |
| Dodd, George - MO120022 | 44,053.92 | 0.00 |
| Fairbrother, Jeffery - TX120082 | 150,000.00 | 0.00 |
| Jennings, John SC120015 | 35,000.00 | 0.00 |
| Jennings, Karen - SC120016 | 35,000.00 | 0.00 |
| Mallinckrodt, Audrey - MO120023 | 88,900.00 | 0.00 |
| McEvoy, Evelyn - MO120024 | 69,967.54 | 0.00 |
| Saunders, Marsha - TX120094 | 15,000.00 | 0.00 |
| Walker, Thomas - TX120089 | 25,000.00 | 0.00 |
| Wolf, Alan - SC120012 | 24,600.00 | 0.00 |
| Wolf, Susan - SC120013 | 55,000.00 | 0.00 |
|  |  |  |
| **Total JKN22A--Metlife Investors US** | 630,772.88 | 0.00 |
|  |  |  |
| **SUL428--Sunlife** |  |  |
| Butler, Lawrence - MO120016 | 50,000.00 | 0.00 |
| Dewbre, Bruce - TX120081 | 75,000.00 | 0.00 |
| Dodd, George - MO120022 | 15,946.08 | 0.00 |
| Jennings, John - SC120015 | 18,000.00 | 0.00 |
| Jennings, Karen - SC120016 | 18,000.00 | 0.00 |
| Wolf, Susan - SC120013 | 34,212.21 | 0.00 |
|  |  |  |
| **Total SUL428--Sunlife** | 211,158.29 | 0.00 |
|  |  |  |
| **SUL429--Sunlife** |  |  |
| Fairbrother, Jeffery - TX120082 | 50,000.00 | 0.00 |
| Valenzeula, Brandi - TX120085 | 51,003.60 | 0.00 |
|  |  |  |
| **Total SUL429--Sunlife** | 101,003.60 | 0.00 |

## Policy Services, Inc.
### Balance Sheet
#### As of December 31, 2013

| | Dec 31, 13 | Dec 31, 12 |
|---|---|---|
| **PER437--ING Reliastar Life Ins** | | |
| Allen, Elizabeth - TX120092 | 45,495.00 | 0.00 |
| Clickscales, Ann - SC120019 | 55,000.00 | 0.00 |
| Fairbrother, Jeffery - TX120082 | 50,000.00 | 0.00 |
| James, Randall - TX120096 | 54,125.00 | 0.00 |
| Jennings, John - SC120015 | 10,000.00 | 0.00 |
| Massey, Billy - TX120097 | 100,000.00 | 0.00 |
| Sanders, Marsha - TX120094 | 17,016.49 | 0.00 |
| Stovall, Wesley - TX120073 | 78,263.00 | 0.00 |
| Sweeney, David - TX120091 | 20,000.00 | 0.00 |
| Weaver, Mark - TX120093 | 20,000.00 | 0.00 |
| Wesley, Alma - IN120009 | 20,813.89 | 0.00 |
| Total PER437--ING Reliastar Life Ins | 470,713.38 | 0.00 |
| **FEE287--John Hancock** | | |
| Coker, Sr., Ricky - TX120102 | 10,000.00 | 0.00 |
| James, Randall - TX120096 | 50,000.00 | 0.00 |
| Masters, Karen - SC120032 | 20,000.00 | 0.00 |
| Miles, Bryan - TX120099 | 96,464.67 | 0.00 |
| Sovall, Wesley - TX120073 | 100,000.00 | 0.00 |
| Weaver, Mark - TX120093 | 18,518.38 | 0.00 |
| Wolf, Alan - SC120033 | 6,000.00 | 0.00 |
| Total FEE287--John Hancock | 300,983.05 | 0.00 |
| **FEE548--John Hancock** | | |
| Clinkscales, Ann - SC120019 | 35,000.00 | 0.00 |
| Miles, Bryan - TX120099 | 103,535.33 | 0.00 |
| Uldrick, Jason - SC120028 | 18,000.00 | 0.00 |
| Total FEE548--John Hancock | 156,535.33 | 0.00 |
| **SIE687--Transamerica Life** | | |
| Miles, Bryan - TX120099 | 100,000.00 | 0.00 |
| Total SIE687--Transamerica Life | 100,000.00 | 0.00 |
| Payable to Investors - Other | 10,000.00 | 0.00 |
| Total Payable to Investors | 6,271,753.60 | 2,562,372.07 |
| Total Other Current Liabilities | 6,049,894.55 | 2,562,372.07 |
| Total Current Liabilities | 6,077,423.30 | 2,562,372.07 |
| Total Liabilities | 6,077,423.30 | 2,562,372.07 |
| **Equity** | | |
| Retained Earnings | -18,194.52 | -10.00 |
| Net Income | -313,685.33 | -18,184.52 |
| Total Equity | -331,879.85 | -18,194.52 |
| **TOTAL LIABILITIES & EQUITY** | 5,745,543.45 | 2,544,177.55 |

# EXHIBIT D

## Deeproot Funds LLC
## Annual Year End Balance Sheet

| | Dec 31, 13 | Dec 31, 14 | Dec 31, 15 | Dec 31, 16 | Dec 31, 17 | Dec 31, 18 | Dec 31, 19 | Dec 31, 20 | Dec 31, 21 | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| **Current Assets** | | | | | | | | | | |
| Total Checking/Savings | 133.08 | 33,599.39 | 214.50 | 125,511.66 | 15,006.57 | 4,639.78 | 4,905.46 | 187.19 | 2,620.12 | 2,620.12 |
| Investment–Equity Secure Holding | | | | | | | | 131,731.75 | 131,731.75 | 131,731.75 |
| Invest in deeproot Queue Fund | | | | | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 | 100,000.00 |
| Investment–CCW (Car Wash) | | | | | 336,000.00 | 916,000.00 | 1,016,000.00 | 1,016,000.00 | 1,016,000.00 | 1,016,000.00 |
| Investment–Hawaii Property | | | | | 59,053.60 | 59,053.60 | 59,053.60 | 59,053.60 | 59,053.60 | 59,053.60 |
| Investment in Trust Deed | | 77,600.00 | 77,600.00 | | | | | | | |
| A/R–Robert Mueller | | | 430.00 | 2,230.00 | 2,230.00 | 2,230.00 | 2,230.00 | 2,230.00 | 2,230.00 | 2,230.00 |
| Total Loans Receivable | (70.00) | 2,002,077.74 | 4,042,815.35 | 11,813,113.40 | 20,262,950.67 | 31,335,612.02 | 45,553,563.23 | 50,971,572.39 | 57,797,234.72 | 57,797,234.72 |
| Total Other Current Assets | (70.00) | 2,079,677.74 | 4,120,845.35 | 11,815,343.40 | 20,760,234.27 | 32,412,895.62 | 46,730,846.83 | 52,280,587.74 | 59,106,250.07 | 59,106,250.07 |
| Total Current Assets | 63.08 | 2,113,277.13 | 4,121,059.85 | 11,940,855.06 | 20,775,240.84 | 32,417,535.40 | 46,735,752.28 | 52,280,774.93 | 59,108,870.19 | 59,108,870.19 |
| Total Fixed Assets | | | | | 12,820.00 | 331,571.87 | 1,141,259.12 | 1,218,661.76 | 1,218,661.76 | 1,218,661.76 |
| **TOTAL ASSETS** | 63.08 | 2,113,277.13 | 4,121,059.85 | 11,940,855.06 | 20,788,060.84 | 32,749,107.27 | 47,877,011.40 | 53,499,436.69 | 60,327,531.95 | 60,327,531.95 |
| | | | | | | | | | | |
| **Current Liabilities** | | | | | | | | | | |
| NP-Kabbage Loan | | | | | | | 27,833.32 | | | |
| Total Due to Investors - 2021 | | | | | | | | | 10,827,146.52 | 10,827,146.52 |
| Total Payable to Investors | 250.00 | 2,172,218.81 | 4,313,604.77 | 12,494,085.41 | 21,835,879.21 | 35,214,637.43 | 53,514,827.84 | 60,547,882.71 | 58,596,748.39 | 58,596,748.39 |
| Total Other Current Liabilities | 250.00 | 2,172,218.81 | 4,313,604.77 | 12,494,085.41 | 21,835,879.21 | 35,214,637.43 | 53,542,661.16 | 60,547,882.71 | 69,423,894.91 | 69,423,894.91 |
| Total Current Liabilities | 250.00 | 2,172,218.81 | 4,313,604.77 | 12,494,085.41 | 21,835,879.21 | 35,214,637.43 | 53,542,661.16 | 60,547,882.71 | 69,423,894.91 | 69,423,894.91 |
| Total Long Term Liabilities | | | | | | | | 411,923.25 | | 411,923.25 |
| Total Liabilities | 250.00 | 2,172,218.81 | 4,313,604.77 | 12,494,085.41 | 21,835,879.21 | 35,214,637.43 | 53,542,661.16 | 60,959,805.96 | 69,423,894.91 | 69,423,894.91 |
| **Equity** | | | | | | | | | | |
| Members Equity | | (59,004.76) | (58,941.68) | (192,544.92) | (553,230.35) | (1,047,818.37) | (2,465,530.16) | (5,665,649.76) | (7,460,369.27) | (7,460,369.27) |
| Net Income | (186.92) | 63.08 | (133,603.24) | (360,685.43) | (494,588.02) | (1,417,711.79) | (3,200,119.60) | (1,794,719.51) | (1,635,993.69) | (1,635,993.69) |
| Total Equity | (186.92) | (58,941.68) | (192,544.92) | (553,230.35) | (1,047,818.37) | (2,465,530.16) | (5,665,649.76) | (7,460,369.27) | (9,096,362.96) | (9,096,362.96) |
| **TOTAL LIABILITIES & EQUITY** | 63.08 | 2,113,277.13 | 4,121,059.85 | 11,940,855.06 | 20,788,060.84 | 32,749,107.27 | 47,877,011.40 | 53,499,436.69 | 60,327,531.95 | 60,327,531.95 |
| | | | | | | | | | | |
| Investor Funds Received | | 2,172,218.81 | 2,141,385.56 | 8,180,480.64 | 9,341,793.80 | 13,378,758.22 | 18,300,190.41 | 7,093,054.87 | 10,827,146.52 | 71,435,029.23 |
| | | | | | | | | | | |
| **Use of Investor Funds** | | | | | | | | | | |
| Investor Redemptions | | | | | | | | (60,000.00) | (1,951,134.32) | (2,011,134.32) |
| Internal Investments | | | | | (495,053.60) | (580,000.00) | (100,000.00) | (131,731.75) | | (1,306,785.35) |
| Intercompany Loans | 70.00 | (2,002,147.74) | (2,040,737.61) | (7,770,298.05) | (8,449,837.27) | (11,072,661.35) | (14,217,951.21) | (5,418,009.16) | (6,825,662.33) | (57,797,234.72) |
| Fixed Assets | | | | | (12,820.00) | (318,751.87) | (809,687.25) | (77,402.64) | | (1,218,661.76) |
| Other | | | | | | | | | | (1,980.00) |
| Commissions and Fees | | | | | | | (102,488.90) | 21,860.00 | (14,846.77) | (95,475.67) |
| Investor Dividends and Interest | | | | (33,711.76) | (192,046.58) | (832,619.94) | (1,179,589.22) | (1,333,553.92) | (1,265,786.23) | (4,879,883.86) |
| Operating Expenses | (186.92) | (74,694.88) | (114,289.54) | (325,173.67) | (302,541.44) | (585,091.85) | (1,916,042.08) | (463,025.59) | (340,207.46) | (4,121,253.43) |
| Change in Cash | 133.08 | 33,466.31 | (33,384.89) | 125,297.16 | (110,505.09) | (10,366.79) | 285.67 | (4,718.26) | 2,432.93 | 2,620.12 |

# EXHIBIT E

# ACCOUNT BALANCES AND CLAIMS REGISTER TOTALS

**deeproot Capital Management, LLC, et al.**
**Account Balances and Claims Register Totals as of 3/12/2025**

| Bankruptcy Estate | Case No. | Account Balance | Claims Filed | Amount of Claims |
|---|---|---|---|---|
| deeproot Capital Management, LLC | 21-51523 | $ 499,781.09 | 101 | $25,826,592.47 |
| Policy Services, Inc. | 21-51513 | $ 2,289,505.55 | 202 | $92,330,803.47 |
| Wizard Mode Media, LLC | 21-51514 | $ 24,775.34 | 145 | $30,140,879.40 |
| deeproot Pinball, LLC | 21-51515 | $ 15.01 | 147 | $48,538,560.36 |
| deeproot Growth Runs Deep Fund, LLC | 21-51516 | $ - | 188 | $39,933,810.00 |
| deeproot 575 Fund, LLC | 21-51517 | $ 15.01 | 271 | $97,776,668.42 |
| deeproot 3 Year Bonus Income Debenture Fund, LLC | 21-51518 | $ - | 144 | $31,163,121.55 |
| deeproot Bonus Growth 5 Year Debenture Fund, LLC | 21-51519 | $ - | 148 | $31,501,400.78 |
| deeproot Tech, LLC | 21-51520 | $ 33,990.59 | 152 | $46,809,284.13 |
| deeproot Funds, LLC | 21-51521 | $ 1,257,560.11 | 157 | $89,106,005.10 |
| deeproot Studios, LLC | 21-51522 | $ 19,399.11 | 152 | $36,190,433.47 |
| **Total:** | | **$ 4,125,041.81** | **1807** | **$569,317,559.15** |