IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

SUPPLEMENT TO THE SECOND APPLICATION OF TRUSTEE
FOR AUTHORITY TO EMPLOY COUNSEL FOR SPECIAL PURPOSE
[RELATING TO DKT. NOS. 355 AND 360]

THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.

IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, 615 E. HOUSTON ST., ROOM 597, SAN ANTONIO, TEXAS 78205.

IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION.

TO THE HONORABLE MICHAEL M. PARKER, U.S. BANKRUPTCY JUDGE:

NOW COMES John Patrick Lowe, Trustee in these consolidated Chapter 7 cases under

lead case In re deeproot Capital Management, LLC et al. ("**Trustee**"), and files this Supplement

to the *Second Application of Trustee for Authority to Employ Counsel for Special Purpose* (the

---

1 The substantively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

1

"**Application**") under the provisions of Sections 327 and 328 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules of Procedure. In support of the Supplement, Trustee relies on the *Supplemental Affidavit of Jason E. McKinnie of McKinnie & Paul, PLLC.* (the "**McKinnie Supplemental Affidavit**"), attached hereto as **Exhibit A**, and would show the Court as follows:

## I. JURISDICTION, VENUE AND BACKGROUND

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014 of the Local Rules of Bankruptcy Procedure for the Western District of Texas.

3.      The Court has the power to authorize said employment pursuant to 11 U.S.C. Sections 327 and 328, and Bankruptcy Rule 2014.

4.      On December 9, 2021, (the "**Petition Date**"), each of the Debtors filed their respective voluntary petition under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (**as amended, the "Bankruptcy Code"**). The cases are now substantively consolidated under the lead case In re: deeproot Capital Management, LLC, 21-51523.

5.      On May 23, 2025, Trustee filed his *Second Application of Trustee for Authority to Employ Counsel for Special Purpose* [Dkt. 355] (the "Second Application") and on June 17, 2025 the Court entered its Order approving the Second Application [Dkt. No. 355] (the "**Order**") which granted the hiring of McKinnie & Paul, PLLC ("**McKinnie & Paul**") to represent the Trustee in the lawsuit styled *TuYo Holdings, LLC v. American General Life Insurance Company*, 5:25-cv-00130-JKP-RBF, W.D. Tex.

2

## II. Summary of Supplemental Relief Requested

6.    The Trustee requests that the Court supplement his hiring of McKinnie & Paul as special counsel, to assist with the assertion of violations of the Deceptive Trade Practices Act and Texas Insurance Code, as outlined in the attached Affidavit and Representation Agreement.

## III. Factors Considered

7.    **Necessity for Employing Counsel for a Special Purpose.**  Trustee has decided to employ special counsel in this case because he intends to pursue all avenues to recover assets of the Bankruptcy Estates. During the administration of the Bankruptcy Estates, TuYo Holdings, LLC purchased multiple in-force and lapsed life insurance policies. Dkt. No. 85. As part of the Life Insurance Policy Purchase and Sale Agreement dated March 15, 2022, if TuYo Holdings is successful in recovering proceeds from a lapsed policy, TuYo Holdings will split the proceeds with the Trustee after accounting for certain expenses (defined as "Net Insurance Benefit" in the Life Insurance Policy Purchase and Sale Agreement. One of the lapsed policies TuYo Holdings purchased was Policy No. 161212607 from Equitable Financial Life Insurance Company issued to Benito Fernandez ("Fernandez Policy"). While the purchase agreement transferred all transferable rights to the Fernandez Policy to TuYo Holdings, the Bankruptcy Estate for Policy Services retains ownership to the causes of action for Equitable's violations of the Texas DTPA and Texas Insurance Code in relation to the Fernandez Policy.  TuYo Holdings, represented by McKinnie & Paul, filed a lawsuit in the Western District of Texas against Equitable regarding the Fernandez Policy.[2] The Trustee seeks to retain McKinnie & Paul as Special Counsel to assert the Bankruptcy Estate for Policy Services' DTPA and TIC violations against Equitable in the same lawsuit. The

---

2 *TuYo Holdings, LLC v. American General Life Insurance Company*, 5:25-cv-00130-JKP-RBF, W.D. Tex.

experience and results in such matters of Mr. McKinnie and the other McKinnie & Paul attorneys who may be involved in representation are discussed in more detail below.

8. **Names of the Attorneys**. Trustee desires that Mr. McKinnie serve as lead counsel. McKinnie & Paul attorneys with similar or lower billing rates may be involved if matters can be assigned to the other partner or junior lawyers.

9. **Reasons for Selecting Specific Attorneys.** The Trustee selected McKinnie & Paul, and Jason McKinnie in particular, because of McKinnie & Paul's experience and success in litigating matters similar to this. McKinnie & Paul previously represented TuYo Holdings concerning another lapsed policy that resulted in the Trustee recovering 50% of the Net Insurance Benefit. Trustee selected Mr. McKinnie and his law firm because they possess the necessary experience to be able to provide competent legal counsel to the Trustee in this specific matter and are already representing TuYo Holdings concerning the Fernandez Policy. Further, TuYo Holdings has agreed to pay for McKinnie & Paul's legal fees in asserting the DTPA and TIC causes of action. The Trustee will remain responsible for performing all trustee work.

10. McKinnie & Paul was previously retained by the Trustee for the lawsuit concerning the Dean Policy and the filing of a PCT Application in 2022 and no objections were made in either circumstance.

11. **Professional Services the Attorneys Will Provide.** Trustee now seeks authority to employ Jason McKinnie of McKinnie & Paul, for the following special purpose:

> Assert causes of action against Equitable for violations of the Texas DTPA and TIC concerning the Fernandez Policy, in conjunction with TuYo Holdings claims, in the currently pending lawsuit *TuYo Holdings, LLC v. Equitable Financial Life Insurance Company*, 24-850-JKP-HJB, W.D. Tex.

12. **People With Connections**. Jason McKinnie is a partner in McKinnie & Paul and one of the principal attorneys to be employed by the Trustee, although other attorneys of McKinnie

4

& Paul may be involved in the legal services to be provided. The contact information for Mr. McKinnie is:

Jason McKinnie
MCKINNIE & PAUL, PLLC
13333 Blanco Rd., Suite 204
San Antonio Texas 78216
(210) 247-2220
jmckinnie@mckinniepaul.com

13.     As set forth in the McKinnie Supplemental Affidavit, McKinnie & Paul conducted a search of McKinnie & Paul's electronic database to determine what connections, if any, McKinnie & Paul has with the creditors listed on the Debtors' respective matrices and parties-in-interest involved with this case.   It should be noted that that Gunn, Lee & Cave, P.C., Mr. McKinnie's previous employer through December 31, 2021, previously represented deeproot Capital Management, LLC and Policy Services, Inc., two of the jointly administered debtors, regarding various intellectual property matters, and related litigation. Mr. McKinnie was the primary attorney for Gunn, Lee & Cave, P.C. regarding matters related to deeproot Capital Management, LLC and Policy Services, Inc. Mr. McKinnie left Gunn, Lee & Cave, P.C. effective December 31, 2021. Mr. McKinnie and McKinnie & Paul, PLLC do not represent deeproot Capital Management, LLC or Policy Services, Inc. or any of the Bankruptcy Estate Entities. Gunn, Lee & Cave, P.C. is a creditor of the Bankruptcy Estate however Mr. McKinnie and McKinnie & Paul, PLLC do not have any interest in Gunn, Lee & Cave, P.C. claim against the Bankruptcy Estates. Mr. McKinnie and McKinnie & Paul, PLLC are not creditors to the Bankruptcy Estates. Additionally, McKinnie & Paul currently represents TuYo Holdings, LLC which was the successful bidder in the Trustee's sale of Policy Services, Inc.'s personal property (interests in life insurance policies) and Turner Logic LLC which was the successful bidder in the Trustee's sale of a portion of the Bankruptcy Estate's personal property (intellectual property). McKinnie & Paul

5

will conduct an ongoing review of its files to assure that no actual conflict or other disqualifying circumstances exist. TuYo Holdings and Trustee agreed to waive any potential conflicts of interest concerning the joint representation concerning the Fernandez Policy. If any new facts or relationships are discovered, McKinnie & Paul will supplement the McKinnie Supplement Affidavit accordingly.

14.     Except as described herein, Trustee is unaware of any other circumstances where McKinnie & Paul has a connection with the Debtors' respective creditors and/or other parties in interest in this case that would disqualify McKinnie & Paul from representing the Trustee in this case for this special purpose.  To the best of the Trustee's knowledge, the partners, counsel and associates of McKinnie & Paul do not have any connection with or any interest adverse to the Debtors herein, the Bankruptcy Estates, their respective creditors, or any other party-in-interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee, nor any interest adverse to the jointly administered debtors, except as disclosed hereinabove. McKinnie & Paul's attorneys are disinterested persons under 11 U.S.C. § 101(14).

15.     **Proposed Fee Arrangement and Whether There Will be a Cost Savings for the Estate**.  McKinnie & Paul have agreed to accept payment for its proposed legal services described herein from TuYo Holdings, LLC. None of the Bankruptcy Estates shall be responsible for payment of special counsel's fees for the proposed legal services described herein.  The Trustee has agreed to these terms in order to preserve value in assets of the respective Bankruptcy Estates.

16.     **Qualifications of the Members of McKinnie & Paul Compared With Complexity of the Case**.  Attorneys at McKinnie & Paul are active in the San Antonio Area.

Attorneys at McKinnie & Paul are uniquely qualified to assist the Trustee in these matters, as they are experienced federal court litigators and have previously litigated similar cases.

17.    **Whether McKinnie & Paul is Hired by Others to Handle Similar Matters.** McKinnie & Paul's attorneys are qualified attorneys in the practice of insurance law as the firm is currently representing a client in three federal litigations concerning life insurance policies.

18.    **Whether the Anticipated Litigation Involves Issues of Bankruptcy Law With Which McKinnie & Paul has Particularized Experience.**  The Trustee believes no issues of bankruptcy law will be required for the special purpose for which he is seeking employment of special counsel.

19.    **Whether the Time Commitment to Handle the Case is Consistent with the Size of McKinnie & Paul and its Time Commitments.**  The Trustee has considered the likely staffing needs for the matters which appear likely to arise, based on his preliminary analysis of the case. The Trustee and his current counsel have consulted with Mr. McKinnie to be certain that accepting the representation is consistent with McKinnie & Paul's other commitments and with the levels of skill and experience of the available attorneys and staff.

20.    **Availability of Other Qualified Law Firms to Handle the Case.**  The Trustee and his current counsel believe that the employment of McKinnie & Paul will be beneficial to the Bankruptcy Estates given McKinnie & Paul's experience and success in litigation similar cases.

### CONCLUSION

21.    Except as described herein, Trustee is unaware of any other circumstances where McKinnie & Paul has a connection with the Debtors respective creditors and/or other parties in interest, including the Debtors, creditors, and parties in interest in these jointly administered cases, other than as described hereinabove, that would disqualify McKinnie & Paul from representing

7

the Trustee in this case. McKinnie & Paul has no relationship that presently causes a disqualification, an actual conflict of interest, or otherwise renders McKinnie & Paul ineligible to serve as counsel to the Trustee. Accordingly, the Trustee believes McKinnie & Paul's representation of the Trustee and the Bankruptcy Estates in this substantively consolidated case is permissible under the Bankruptcy Code and is in the best interest of the Bankruptcy Estates and all parties in interest.

22.     The Court has the power to authorize said employment pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014.

23.     As previously stated herein, the Trustee currently employs McKinnie & Paul for another life insurance case. *See* ¶10 herein, and Exhibit A, ¶ 5.

24.     Trustee also discloses that TuYo has previously turned over money to the Chapter 7 Trustee pursuant to the Life Insurance Policy Purchase and Sale Agreement dated March 15, 2022 concerning the Net Insurance Benefit from a Lapsed Policy.

25.     Attached hereto as **__Exhibit B__** is the proposed order on the Application.

26.     This Application to employ, and the order approving the retention, shall be considered the written agreement between McKinnie & Paul and the Trustee.

WHEREFORE, PREMISES CONSIDERED, Trustee prays that Jason McKinnie and the law firm of McKinnie & Paul, PLLC, be authorized to act as special counsel for the Trustee with compensation for such legal services to be paid as an administrative expense in such amounts as set forth herein and upon subsequent application or applications as may be filed by said attorney.

8

Dated: September 26, 2025               Respectfully submitted,


**PULMAN LeFLORE PULLEN & REED LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By:*/s/ Randall A. Pulman*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED BANKRUPTCY ESTATES**

### CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2025, I electronically filed the foregoing document using the CM/ECF system, which will serve the document on the following list of parties in interest and parties requesting notice.

***Via email:*** *jmckinnie@mckinniepaul.com*
Jason McKinnie
MCKINNIE & PAUL, PLLC
13333 Blanco Rd., Suite 204
San Antonio Texas 78216
***Proposed Special Counsel***

***Via Counsel CM/ECF:***
*catherine.curtis@wickphillips.com*
*;jason.rudd@wickphillips.com*
Policy Services, Inc.
deeproot Pinball, LLC
deeproot Growth Runs Deep Fund, LLC
deeproot 575 Fund, LLC
deeproot 3 Year Bonus Income Fund, LLC
deeproot BonusGrowth 5 Year Debenture Fund, LLC
deeproot Tech, LLC
deeproot Funds, LLC
deeproot Studios, LLC
deeproot Capital Management, LLC
12621 Silicon Dr.
San Antonio, TX 78249

***Via Counsel Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Wizard Mode Media, LLC
12227 S. Business Park Drive, Suite 130
Draper, UT 84020

***Via CM/ECF:*** *pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

***Via CM/ECF:***
*catherine.curtis@wickphillips.com;*
*jason.rudd@wickphillips.com*
Catherine A. Curtis/Jason M. Rudd
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave, Suite 500
Dallas, TX 75204

***Via CM/ECF:***
*USTPRegion07.SN.ECF@usdoj.gov*
*Aubrey.thomas@usdoj.gov*
United States Trustee - SA12
US TRUSTEE'S OFFICE (Aubrey Thomas)
615 E Houston, Suite 533
San Antonio, TX 78295-1539

***Via CM/ECF:*** *don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et al.
112 E. Pecan, Suite 2200
San Antonio, TX  78205

***Via CM/ECF:*** *rbattaglialaw@outlook.com*
Raymond W. Battaglia
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, TX 78218

***Via CM/ECF:*** *jpetree@mcslaw.com*
Jonathan Petree
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard Street Suite 2200
Dallas, TX 75201

***Via CM/ECF:*** *jdunne@smfadlaw.com*
**John C. Dunne**
SHANNON, MARTIN et al.
1001 McKinney Street #1100
Houston, TX 77002

***Via CM/ECF: bk-cmurphy@oag.texas.gov***
Texas Workforce Commission
c/o Christopher S. Murphy
TEXAS ATTORNEY GENERAL'S OFFICE
PO Box 12548
Austin, TX 78711

***Via CM/ECF: pautry@branscomblaw.com***
Patrick H. Autry
BRANSCOMB PLLC
4630 N. Loop 1604 West, Suite 206
San Antonio, TX 78249

***Via CM/ECF: lmjurek@jureklaw.com***
Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, TX  77006

***Via CM/ECF: achale@halewoodlaw.com***
Craig Hale
HALE | WOOD PLLC
4766 Holladay Blvd.
Holladay, Utah 84117

***Via CM/ECF:***
***stephen.humeniuk@lockelord.com***
Stephen J. Humeniuk
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701

***Via CM/ECF:***
***tcunningham@lockelord.com***
Thomas J. Cunningham
LOCKE LORD LLP
777 S. Flalger Dr., Suite 215
West Palm Beach, FL

***Via CM/ECF:***
***jkathman@spencerfane.com;***
***msegura@spencerfane.com***
Jason Kathman
Misty Segura
Spencer Fane, LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024

*/s/ Randall A. Pulman*
Randall A. Pulman

4902-4534-4070, v. 6

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**SUPPLEMENTAL AFFIDAVIT OF JASON MCKINNIE RICE IN SUPPORT OF THE SUPPLEMENT TO THE SECOND APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY COUNSEL FOR A SPECIAL PURPOSE**

---

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

I, **JASON MCKINNIE**, of the law firm of McKinnie & Paul, PLLC., make solemn oath to the following facts:

1.      I am over the age of eighteen (18) years, of sound mind, and otherwise capable of making this affidavit. I have personal knowledge of the facts and statements contained herein, and all are true and correct.

2.      I am a partner at McKinnie & Paul, PLLC ("McKinnie & Paul" or the "Firm"), proposed attorneys for John Patrick Lowe (the "Trustee"). I am submitting this supplemental affidavit (the "Affidavit") in support of the Supplement to the Second Application of Trustee for Authority to Employ Counsel for a Special Purpose (the "Second Application") relating to asserting certain causes of action in conjunction with a pending lawsuit involving a life insurance policy in which the Bankruptcy Estate(s) have an interest (the "Fernandez Policy Litigation").

3.      I am an attorney licensed to practice law in the State of Texas and have been a member of good standing of the Texas State Bar since 2009. My Texas Bar Number is 24070247. I am also admitted to practice before the United States District Courts for the Western, Southern,

---

[1] The substantively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: In Re: Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

and Eastern Districts of Texas, the Fifth Circuit Court of Appeals, the United States Federal Circuit Court of Appeals, as well as United States Patent and Trademark Office (Reg. No. 65,726).  I am a shareholder of the Firm My office address is 13333 Blanco Rd., Suite 204, San Antonio, Texas 78216; telephone (210) 247-2220;  and email: jmckinnie@mckinniepaul.com.

4.      I have practiced since 2009 focusing on business transactional and litigation matters to include general civil litigation and intellectual property.  While employed by Gunn, Lee & Cave, P.C., Gunn, Lee & Cave, P.C. with myself as lead counsel, represented Policy Services, Inc., one of the substantively consolidated bankruptcy cases in this jointly administered case in seeking reinstatement of several lapsed life insurance policies. With McKinnie & Paul, I have represented TuYo Holdings, the purchaser of life insurance policies from the Trustee, including in federal court litigation.

5.      McKinnie & Paul, PLLC is currently employed by the Trustee in the lawsuit styled *TuYo Holdings, LLC v. American General Life Insurance Company*, 5:25-cv-00130-JKP-RBF, W.D. Tex. (Dkt. No. 360). Further, McKinnie & Paul, PLLC was previously employed by the Trustee in this matter as counsel for a special purpose, relating to the filing of certain patent application(s) in which the Bankruptcy Estates had an interest [See. Dkt. Nos. 130 and 131].  That employment terminated in December of 2022.

6.      The Trustee has proposed to retain the Firm to undertake the following professional services:

Assert causes of action against Equitable for violations of the Texas DTPA and TIC concerning the Fernandez Policy in conjunction with TuYo Holdings claims in the currently pending lawsuit *TuYo Holdings, LLC v. Equitable Financial Life Insurance Company*, 24-850-JKP-HJB, W.D. Tex.

7.      McKinnie & Paul have agreed to accept payment for its proposed legal services described herein from TuYo Holdings, LLC.

8.      It should be noted that TuYo has previously turned over money to the Chapter 7 Trustee pursuant to the Life Insurance Policy Purchase and Sale Agreement dated March  15, 2022 concerning the Net Insurance Benefit from a Lapsed Policy.

9.      A copy of the supplement to the joint representation agreement letter between the Firm, the Trustee, and TuYo Holdings is attached hereto as Exhibit 1. The original joint representation agreement was previously attached to the Second Application of Trustee for Authority to Employ Counsel for a Special Purpose [See Exh. A-1, Dkt. 355].

10.      I have conducted a conflict check on the Firm's computerized client management and billing system (the "System"), which is designed to reveal the potential conflicts of interest and other connections to existing and former clients and to third parties never represented by the Firm. It should be noted that that Gunn, Lee & Cave, P.C., my previous employer through December 31, 2021, previously represented deeproot Capital Management, LLC and Policy Services, Inc., two of the jointly administered debtors, regarding various intellectual property

matters, and related litigation, including matters relating to lapsed life insurance policies. I was the primary attorney for Gunn, Lee & Cave, P.C. regarding matters related to deeproot Capital Management, LLC and Policy Services, Inc. I left Gunn, Lee & Cave, P.C. effective December 31, 2021. I, along with McKinnie & Paul, PLLC, do not represent deeproot Capital Management, LLC or Policy Services, Inc. or any of the Bankruptcy Estate Entities. Gunn, Lee & Cave, P.C. is a creditor of the Bankruptcy Estate however McKinnie & Paul, PLLC and myself do not have any interest in Gunn, Lee & Cave, P.C. claim against the Bankruptcy Estates. I, along with McKinnie & Paul, PLLC, are not creditors to the Bankruptcy Estates. Additionally, McKinnie & Paul currently represents TuYo Holdings, LLC which was the successful bidder in the Trustee's sale of Policy Services, Inc.'s personal property (interests in life insurance policies) and Turner Logic LLC which was the successful bidder in the Trustee's sale of certain intellectual property. McKinnie & Paul will conduct an ongoing review of its files to assure that no actual conflict or other disqualifying circumstances exist. If any new facts or relationships are discovered, McKinnie & Paul will supplement my affidavit accordingly. I have determined that no member of the Firm holds or represents any interest adverse to the above-referenced Bankruptcy Estates, Debtors, their creditors, or any other party in interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee. The Firm has no connection with the Debtors' creditors and/or other parties-in-interest in this case, other than disclosed herein, which should not disqualify the Firm from representing the Trustee in this case. This Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

11.    In view of the foregoing, I believe that the Firm (i) does not hold or represent an interest adverse to the Trustee or the Bankruptcy Estates in connection with this jointly administered case, (ii) does not represent any other party in connection with this case, other than as disclosed herein, and (iii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code. The Firm recognizes, and takes very seriously, its continuing responsibility to be aware of and to further disclose any relationship or connection between it and other parties in interest in connection with the bankruptcy case as they appear or become recognized during the case. Accordingly, we reserve the right to, and shall, supplement this disclosure if necessary if more information becomes available to us reflecting further connections with parties-in-interest. The foregoing constitutes the statement of the Firm pursuant to sections 327, 328, and 329 of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

FURTHER AFFIANT SAYETH NAUGHT."

SIGNED this 25th day of September, 2025

_____
JASON MCKINNIE

**SUBSCRIBED AND SWORN TO** before me on this 25th day of September, 2025, to certify

which witness my Hand and Seal of office.

_____
Notary Public, State of Texas

REBEKAH MALDONADO HOLDER
My Notary ID # 7522674
Expires October 2, 2028

**SUPPLEMENTAL AFFIDAVIT OF JASON MCKINNIE IN SUPPORT OF EMPLOYMENT BY TRUSTEE, PAGE 4**

# EXHIBIT A-1

# MCKINNIE & PAUL, PLLC

13333 Blanco Rd., Suite 204                                          Jason McKinnie
San Antonio, Texas 78216                                        C: (979) 571-9421
O: (210) 247-2220                                     jmckinnie@mckinniepaul.com

September 10, 2025

John Patrick Lowe, Trustee *via email pat.lowe.law@gmail.com*
Bankruptcy estate of deeproot Capital Management LLC

TuYo Holdings, LLC
Greg Yost *via email: greg@buy-lawfirm.com*
Chris Turner *via email: chris@turnerlogic.com*
616 E Blanco Rd. Suite 202B
Boerne, TX 78006-2192

Re: 130 – Supplemental Engagement of McKinnie & Paul, PLLC (the Firm)

Pat, Greg, and Chris:

This letter confirms my Firm's expanded representation of the bankruptcy estate of Policy Services, Inc. to assert causes of action against Equitable Financial Life Insurance Company relating to the termination of the Fernandez Policy. This letter is a supplement to the engagement letter of May 9, 2025. As agreed, the fees for this representation, including attorneys' fees, will be paid by TuYo Holdings, LLC.

We look forward to representing you. If you have any questions, please feel free to contact me.

Sincerely,
/s/ Jason McKinnie

Supplement to May 9, 2025 Engagement                                    Page 1 of 2

*I have read, understood, and agree to this supplement to the May 9, 2025 Engagement Letter. I further agree I have the authority to sign this supplement on behalf of TuYo Holdings, LLC or Estate of deeproot Capital Management LLC et al.*

_____          **9/12/2025**
Chris Turner *or* Greg Yost                Date
TuYo Holdings, LLC


_____          Date
John Patrick Lowe
Trustee for bankruptcy estate of
Policy Services, Inc.


cc: Pulman, Cappuccio & Pullen, LLP
Randy Pulman via email: RPulman@pulmanlaw.com
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

ORDER APPROVING TRUSTEE'S SUPPLEMENT TO THE SECOND APPLICATION
TO EMPLOY COUNSEL FOR SPECIAL PURPOSE
[RELATING TO DKT. NOS. 355 AND 360]

Came on for consideration the *Trustee's Supplement to the Second Application to Employ Counsel for Special Purpose* (the "**Supplement**").[2]  Based on the representations made in the Application and in the supporting *Supplemental Affidavit of Jason McKinnie of McKinnie & Paul,*

---

[1] The substantively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are:  In Re:Policy Services, Inc. 21-51513 (2864), In Re: Wizard Mode Media, LLC, 21-51514 (3205), In Re: deeproot Pinball LLC, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), In Re: deeproot 575 Fund, LLC, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), In Re: deeproot Tech LLC, 21-51520 (9043), In Re: deeproot Funds LLC, 21-51521 (9404), In Re: deeproot Studios LLC , 21-51522 (6283), and In Re: deeproot Capital Management, LLC, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**".

[2] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Application.

1

*PLLC.* (the "**McKinnie Supplemental Affidavit**"), the Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application approving the employment of McKinnie & Paul, PLLC (the "**Firm**") is in the best interest of the Debtors, their respective Bankruptcy Estates and the creditors; (iv) the Firm holds no interest adverse to the Bankruptcy Estates and is a disinterested person under 11 U.S.C. § 101(4); (v) proper and adequate notice of the Application has been given and no further notice is necessary; (vi) no objections to the Application have been filed; (vii) the Firm is qualified to be employed as special counsel to Trustee —to perform work as described in the Application for the Trustee relating to the eleven jointly administered Bankruptcy Estates—pursuant to sections 327 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016; and (viii) based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Application in all respects.

**IT IS, THEREFORE, ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to supplement his employment the Firm as his special counsel effective as of August 27, 2025, in accordance with the terms described in the Application and this Order, and to perform the services described therein.

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after entry of this Order, absent any objections within 21 days after the filing and service of such supplemental declarations or affidavits, the Firm's employment shall continue as authorized pursuant to this Order.

**IT IS FURTHER ORDERED** that the Firm shall be compensated for its proposed legal services described in the Application from TuYo Holdings, LLC. None of the Bankruptcy Estates

shall be responsible for payment of special counsel's fees for the proposed legal services described in the Application.  The Trustee has agreed to these terms in order to preserve value in assets of the respective Bankruptcy Estates.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

**Submitted by:**
Randall A. Pulman
Texas State Bar No. 16393250
**PULMAN LeFLORE PULLEN & REED LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE,**
**CHAPTER 7 TRUSTEE FOR THE CONSOLIDATED**
**BANKRUPTCY ESTATE OF**
**deeproot CAPITAL MANAGEMENT, LLC, ET AL.**