**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.1, | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY INVESTMENT BANKER FOR SPECIAL PURPOSE**

TO THE HONORABLE MICHAEL M. PARKER, U.S. BANKRUPTCY JUDGE:

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, 615 EAST HOUSTON STREET, ROOM 597, SAN ANTONIO, TEXAS 78205. IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION.**

NOW COMES John Patrick Lowe, Trustee in these jointly administered Chapter 7 cases under lead case In re deeproot Capital Management, LLC et al. ("**Trustee**"), and files this *Application of Trustee for Authority to Employ Investment Banker for Special Purpose* (the

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc.*, 21-51513 (2864), *In Re: Wizard Mode Media, LLC*, 21-51514 (3205), *In Re: deeproot Pinball LLC*, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), *In Re: deeproot Tech LLC*, 21-51520 (9043), *In Re: deeproot Funds LLC*, 21-51521 (9404), *In Re: deeproot Studios LLC*, 21-51522 (6283), and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**."

"**Application**") under the provisions of Sections 327 and 328 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules of Procedure. In support of the Application, Trustee relies on the *Affidavit of Adam Nach of Peak Performance Restructuring Services, LLC* (the "**Nach Affidavit**"), attached hereto as **Exhibit A**, and would show the Court as follows:

## I. JURISDICTION, VENUE AND BACKGROUND

1. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014 of the Local Rules of Bankruptcy Procedure for the Western District of Texas.

3. The Court has the power to authorize said employment pursuant to 11 U.S.C. Sections 327 and 328, and Bankruptcy Rule 2014.

4. On December 9, 2021, (the "**Petition Date**"), each of the Debtors filed their respective voluntary petition under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). The cases were ordered to be jointly administered under the lead case *In re: Deeproot Capital Management, LLC*, 21-51523.

5. The Trustee obtained final default judgments in the following adversary proceedings against defendants residing in the specified states:

a. *Lowe v. Shantell Wright,* Adv. No. 23-05018
b. *Lowe v. Carter,* et al., Adv. No. 22-05088
c. *Lowe v. George Villa*, Adv. No. 22-05094
d. *Lowe v. Purpose Driven Financial Services, Inc. et al.*, Adv. No. 22-05091
e. *Lowe v. McNamara Capital Investment Group, LLC et al.*, Adv. No. 22-05087
f. *Lowe v. Randy Seymour*, Adv. No. 23-05013
g. *Lowe v. John Vizy*, Adv. No. 23-05010

h. *Lowe v. GM Consultants Group, Inc. et al.*, Adv. No. 23-05007
i. *Lowe v. Gregory Patrick Talbot*, Adv. No. 23-05025
j. *Lowe v. Steven Fortier*, Adv. No. 23-05019

2. Attached hereto as **Exhibit B** is the proposed order on the Application.

## II. SUMMARY OF RELIEF REQUESTED

3. The Trustee requests that the Court approve his hiring of Peak Performance Restructuring Services, LLC ("**PPRS**"), as the Investment Banker in this case. The Trustee requires PPRS to market and sell the default judgments obtained in multiple adversary proceedings against defendants located in jurisdictions other than Texas, as outlined in the attached Affidavit.

## III. FACTORS CONSIDERED

4. **Necessity for Employing Counsel for a Special Purpose.** Trustee decided to employ PPRS in this case because he intends to to maximize the value of the default judgments obtained through multiple adversary proceedings, including in jurisdictions other than Texas. Trustee requires the expertise of the PPRS in order to sell the Judgments. The experience and results in such matters of PPRS are discussed in more detail below. Attached as **Exhibit C** is its Brochure.

5. **Reasons for Selecting PPRS.** The Trustee selected PPRS, and Adam Nach in particular, because of the experience of PPRS in selling judgments. Trustee selected PPRS because they possess the necessary experience in judgment sales, and have a network of interested bidders including all of the states where the judgment debtors reside.

6. **Professional Services the Agents Will Provide.** Trustee now seeks authority to employ Peak Performance Restructuring Services to market and sell default judgments that have been entered in favor of the Estate.

7. **People With Connections**. Adam Nach is a partner in Peak Performance Restructuring Services although other consultantsof Peak Performance Restructuring Services may be involved. The Trustee selected Peak Performance Restructuring Services because it routinely represents bankruptcy trustees and others across the United States as as an Investment Banker. The contact information for Mr. Nach is:

Adam Nach
PEAK PERFORMANCE RESTRUCTURING SERVICES, LLC
1220 E. OSBORN RD., SUITE 101
PHOENIX, AZ 85014
602-316-2958
adam.nach@nrhslaw.com

8. As set forth in the Nach Affidavit, PPRS conducted a search of PPRS' electronic database to determine what connections, if any, PPRS has with the creditors listed on the Debtors' respective matrices and parties-in-interest involved with this case. Trustee is unaware of any other circumstances where PPRS has a connection with the Debtors' respective creditors and/or other parties in interest in this case that would disqualify PPRS from representing the Trustee in this case for this special purpose. To the best of the Trustee's knowledge, the partners, counsel and associates of PPRS do not have any connection with or any interest adverse to the Debtors herein, the Bankruptcy Estates, their respective creditors, or any other party-in-interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee, nor any interest adverse to the jointly administered debtors, except as disclosed hereinabove. However, Mr. Nach is the owner of Lane & Nach, PC and Lane & Nach, PC acted as special counsel for the Trustee. Nevertheless, Lane & Nach, PC is no longer representing the Trustee and the firm is no longer operating as a law firm because the firm's employees joined a new law firm, Nach, Rodgers, Hilkert and Santilli and Mr. Nach is now

working for the new firm. PPRS and its agents are disinterested persons under 11 U.S.C. § 101(14).

9. **<u>Proposed Fee Arrangement and Whether There Will be a Cost Savings for the Estate</u>**. In consideration for the Services PPRS will provide, PPRS will earn and be paid a fee equal to fifteen percent (15.00%) of the final winning bid (the "Fee"). The Fee is subject to Bankruptcy Court approval and shall only be paid from the proceeds of the sale of the Judgment. If a Sale is not consummated for any or no reason whatsoever, PPRS shall not be entitled to the Fee unless the Defendants settle with the Trustee and then PPRS shall be entitled to a fee on the settlement amount.

10. The Services to be provided by PPRS pursuant to the Agreement are, in general, transactional in nature. Accordingly, subject to this Court's approval, the Trustee has agreed that PPRS will not bill the Trustee by the hour or maintain time records. It is not the general practice of PPRS to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.

11. **<u>Qualifications of the Members of PPRS Compared With Complexity of the Case</u>**. The agents at PPRS are located in Phoenix, Arizona. PPRS is uniquely qualified to assist the Trustee in selling the judgments.

12. **<u>Whether PPRS is Hired by Others to Handle Similar Matters.</u>** PPRS is qualified professionals in the practice of assisting trustees across the United States. Mr. Nach, as well as other PPRS agents regularly handle issues related to the sale of assets and regularly engage in selling judgments and other assets for their clients such as marketing, auctioning, and sales.

13. **Whether the Anticipated Litigation Involves Issues of Bankruptcy Law With Which PPRS has Particularized Experience.** The Trustee believes no issues of bankruptcy law will be required for the special purpose for which he is seeking employment of PPRS.

14. **Whether the Time Commitment to Handle the Case is Consistent with the Size of PPRS and its Time Commitments.** The Trustee has considered the likely staffing needs for the matters which appear likely to arise, based on his preliminary analysis of the case. The Trustee and his current counsel have consulted with Mr. Nach to be certain that accepting the representation is consistent with PPRS' other commitments and with the levels of skill and experience of the available agents and staff.

15. **Availability of Other Qualified Firms to Handle the Case.** The Trustee and his current counsel believe that the employment of PPRS will be beneficial to the Bankruptcy Estates given the experience of PPRS in the sale of judgments.

## IV. CONCLUSION & PRAYER

16. Trustee is unaware of any other circumstances where PPRS has a connection with the Debtors respective creditors and/or other parties in interest, including the Debtors, creditors, and parties in interest in these jointly administered cases that would disqualify PPRS from representing the Trustee in this case. PPRS has no relationship that presently causes a disqualification, an actual conflict of interest, or otherwise renders PPRS ineligible to serve as counsel to the Trustee. Accordingly, the Trustee believes the retention of PPRS by the Bankruptcy Estates in this jointly administered case is permissible under the Bankruptcy Code and is in the best interest of the Bankruptcy Estates and all parties in interest.

17. The Court has the power to authorize said employment pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014.

18. No previous application for the relief sought herein has been made to this or any other court.

19. This Application to employ, and the order approving the retention, shall be considered the written agreement between PPRS and the Trustee.

20. Any compensation for services rendered and reimbursement for expenses incurred in connection with the described employment shall be paid after further application to and order of this Court, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any orders of this Court.

WHEREFORE, PREMISES CONSIDERED, Trustee prays that Adam Nach and the firm of Peak Performance Restructuring Services, LLC be authorized to act as the Investment Banker for the Trustee with compensation for such judgment marketing and sale services to be paid as an administrative expense in such amounts as set forth herein and upon subsequent application or applications as may be filed.

Date: September 8, 2026

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Matthieu Belanger-Coast
Texas State Bar No. 24128756
matthieu@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE CONSOLIDATED BANKRUPTCY ESTATES**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2026, a true and correct copy of the above and foregoing *Application of Trustee for Authority to Employ Investment Banker for Special Purpose* has been transmitted via the Court's CM/ECF System to the parties registered to receive electronic notice in this case.

*/s/Randall A. Pulman*
Randall A. Pulman

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**AFFIDAVIT OF ADAM B. NACH IN SUPPORT OF**
**APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY**
**INVESTMENT BANKER FOR SPECIAL PURPOSE**

---

**THE STATE OF UTAH §**
**§**
**COUNTY OF SUMMIT §**

I, **ADAM B. NACH**, of the firm Peak Performance Restructuring Services, LLC, make solemn oath to the following facts:

1. I am over the age of eighteen (18) years, of sound mind, and otherwise capable of making this affidavit. I have personal knowledge of the facts and statements contained herein, and all are true and correct.

2. I am the President at Peak Performance Restructuring Services, LLC (the "Firm"), proposed special counsel for John Patrick Lowe, Chapter 7 Trustee (the "Trustee"). I am submitting this affidavit (the "Affidavit") in support of the Application of Trustee for Authority to Employ Investment Banker for a Special Purpose (the "Application").

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc.*, 21-51513 (2864), *In Re: Wizard Mode Media, LLC*, 21-51514 (3205), *In Re: deeproot Pinball LLC*, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), *In Re: deeproot Tech LLC*, 21-51520 (9043), *In Re: deeproot Funds LLC*, 21-51521 (9404), *In Re: deeproot Studios LLC*, 21-51522 (6283), and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**."

3. I am an attorney licensed to practice law in the State of Arizona and have been a member of good standing of the Arizona State Bar since 1991. My Arizona Bar Number is 13622. I am also admitted to practice before the Ninth Circuit Court of Appeals, the District Court for the District of Arizona, and the United States Supreme Court. I am a shareholder of the Firm. I primarily practice bankruptcy law, real estate, business formation, and creditor and lender representation. I am a Board Certified Bankruptcy Law Specialist and I am also Board Certified in Creditors' Rights Law. My office address is 1220 E. Osborn Rd., Suite 101, Phoenix, Arizona 85014; telephone (602) 316-2958; and email: adam.nach@nrhslaw.com .

4. I have practiced primarily bankruptcy law since 1991. During the course of my practice, I have been involved in numerous trustee representation cases across the United States, up to and including collection and sale of judgments involving estate property.

5. The Trustee requested the Firm to market and sell the default judgments obtained in multiple adversary proceedings against defendants located in jurisdictions other than Texas, as listed below:

a. *Lowe v. Shantell Wright,* Adv. No. 23-05018
b. *Lowe v. Carter,* et al., Adv. No. 22-05088
c. *Lowe v. George Villa*, Adv. No. 22-05094
d. *Lowe v. Purpose Driven Financial Services, Inc. et al.*, Adv. No. 22-05091
e. *Lowe v. McNamara Capital Investment Group, LLC et al.*, Adv. No. 22-05087
f. *Lowe v. Randy Seymour*, Adv. No. 23-05013
g. *Lowe v. John Vizy*, Adv. No. 23-05010
h. *Lowe v. GM Consultants Group, Inc. et al.*, Adv. No. 23-05007
i. *Lowe v. Gregory Patrick Talbot*, Adv. No. 23-05025
j. *Lowe v. Steven Fortier*, Adv. No. 23-05019

(the "Services").

6. In consideration for the Services the Firm will provide, the Firm will earn and be paid a fee equal to fifteen percent (15.00%) of the final winning bid (the "**Fee**"). The Fee is subject to Bankruptcy Court approval and shall only be paid from the proceeds of the sale of the Judgment. If a Sale is not consummated for any or no reason whatsoever, the Firm shall not be entitled to the Fee unless the Defendants settle with the Trustee and then the Firm shall be entitled to a fee on the settlement amount.

7. The Services to be provided by the Firm pursuant to the Agreement are, in general, transactional in nature. Accordingly, subject to this Court's approval, the Trustee agreed that PPRS will not bill the Trustee by the hour or maintain time records. It is not the general practice of the Firm to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.

8. Any compensation for services rendered and reimbursement for expenses incurred in connection with the described employment shall be paid after further application to and order of this Court, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any orders of this Court.

9. I conducted a conflict check on the Firm's computerized client management and billing system (the "System"), which is designed to reveal the potential conflicts of interest and other connections to existing and former clients and to third parties never represented by the Firm. I determined that no member of the Firm holds or represents any interest adverse to the above-referenced Bankruptcy Estates, Debtors, their creditors, or any other party in interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee. The Firm has no connection with the Debtors' creditors and/or other parties-in-interest in this case, other than disclosed herein, which should not disqualify the Firm from representing the Trustee in this case. However, However, Mr. Nach is the owner of Lane & Nach, PC and Lane & Nach, PC acted as special counsel for the Trustee. Nevertheless, Lane & Nach, PC is no longer representing the Trustee and the firm is no longer operating as a law firm because the firm's employees joined a new law firm, Nach, Rodgers, Hilkert and Santilli and Mr. Nach is now working for the new firm. PPRS and its agents are disinterested persons under 11 U.S.C. § 101(14).

10. This Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

11. In view of the foregoing, I believe that the Firm (i) does not hold or represent an interest adverse to the Trustee or the Bankruptcy Estates in connection with this jointly administered case, (ii) does not represent any other party in connection with this case, other than as disclosed herein, and (iii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code. The Firm recognizes, and takes very seriously, its continuing responsibility to be aware of and to further disclose any relationship or connection between it and other parties in interest in connection with the bankruptcy case as they appear or become recognized during the case. Accordingly, we reserve the right to, and shall, supplement this disclosure if necessary if more information becomes available to us reflecting further connections with parties-in-interest. The foregoing constitutes the statement of the Firm pursuant to sections 327, 328, and 329 of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

FURTHER AFFIANT SAYETH NAUGHT."

SIGNED this ___ day of August, 2026

________________________________________

ADAM B. NACH

**SUBSCRIBED AND SWORN TO** before me on this ___ day of __________________ 2026, to certify which witness my Hand and Seal of office.

______________________________________
Notary Public
State of Utah

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**ORDER GRANTING APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY INVESTMENT BANKER FOR SPECIAL PURPOSE**

Came on for consideration the *Application of Trustee for Authority to Employ Investment Banker for Special Purpose* (the "**Application**").[2] Based on the representations made in the Application and in the supporting *Affidavit of Adam Nach of Peak Performance Restructuring*

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc.*, 21-51513 (2864), *In Re: Wizard Mode Media, LLC*, 21-51514 (3205), *In Re: deeproot Pinball LLC*, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), *In Re: deeproot Tech LLC*, 21-51520 (9043), *In Re: deeproot Funds LLC*, 21-51521 (9404), *In Re: deeproot Studios LLC*, 21-51522 (6283), and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638).

[2] Capitalized terms unless otherwise defined herein shall have the meaning as ascribed to them in the Application.

*Services LLC* (the "**Nach Affidavit**"), the Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application approving the employment of Peak Performance Restructuring Services, LLC (the "**Firm**") is in the best interest of the Debtors, their respective Bankruptcy Estates and the creditors; (iv) the Firm holds no interest adverse to the Bankruptcy Estates and is a disinterested person under 11 U.S.C. § 101(4); (v) proper and adequate notice of the Application has been given and no further notice is necessary; (vi) no objections to the Application have been filed; (vii) the Firm is qualified to be employed as special counsel to Trustee —to perform work as described in the Application for the Trustee relating to the eleven jointly administered Bankruptcy Estates—pursuant to sections 327 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016; and (viii) based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Application in all respects.

**IT IS, THEREFORE, ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ the Firm as his investment banker effective as of thirty (30) days prior to the date of entry of this Order, in accordance with the terms described in the Application and this Order, and to perform the services described therein to market and sell the default judgments obtained in multiple adversary proceedings against defendants located in jurisdictions other than Texas, as listed below:

a. *Lowe v. Shantell Wright,* Adv. No. 23-05018
b. *Lowe v. Carter,* et al., Adv. No. 22-05088
c. *Lowe v. George Villa*, Adv. No. 22-05094
d. *Lowe v. Purpose Driven Financial Services, Inc. et al.*, Adv. No. 22-05091
e. *Lowe v. McNamara Capital Investment Group, LLC et al.*, Adv. No. 22-05087
f. *Lowe v. Randy Seymour*, Adv. No. 23-05013
g. *Lowe v. John Vizy*, Adv. No. 23-05010

h. *Lowe v. GM Consultants Group, Inc. et al.*, Adv. No. 23-05007
i. *Lowe v. Gregory Patrick Talbot*, Adv. No. 23-05025
j. *Lowe v. Steven Fortier*, Adv. No. 23-05019

**IT IS FURTHER ORDERED** that the Firm shall be paid a fee equal to fifteen percent (15.00%) of the final winning bid relating to the purchase of any judgment, and such fee is subject to Bankruptcy Court approval and shall only be paid from the proceeds of the sale of the Judgment. If a Sale is not consummated for any or no reason whatsoever, the Firm shall not be entitled to the Fee unless the Defendants settle with the Trustee and then the Firm shall be entitled fifteen percent (15.00%) of the settlement amount.

**IT IS FURTHER ORDERED** that all compensation for services rendered and reimbursement for expenses incurred in connection with the above-captioned Chapter 7 Case shall be paid after further application to and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any orders of this Court.

**IT IS FURTHER ORDERED** that if any supplemental declarations or affidavits are filed and served after entry of this Order, absent any objections within 21 days after the filing and service of such supplemental declarations or affidavits, the Firm's employment shall continue as authorized pursuant to this Order.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

**Submitted by:**
Randall A. Pulman
Texas State Bar No. 16393250
**PULMAN LEFLORE PULLEN & REED LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE FOR THE CONSOLIDATED
BANKRUPTCY ESTATES OF
DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL.**

# EXHIBIT C

PPRS

# PEAK PERFORMANCE RESTRUCTURING SERVICES



# Investment Banking Services

PPRS serves as Investment Banker to Trustees, Receivers, and other court-appointed fiduciaries navigating distressed and insolvency situations. We bring deep transactional expertise and a fiduciary mindset to every engagement—running competitive sale processes, maximizing creditor recoveries, and moving with the urgency that distressed situations demand.

### Distressed M&A; & Asset Sales

PPRS runs full sale processes for Trustees and Receivers—marketing assets, qualifying buyers, managing due diligence, and closing transactions to maximize estate recoveries.

### 363 Bankruptcy Sales

We manage competitive bidding procedures under §363 of the Bankruptcy Code, coordinating with counsel to structure stalking-horse bids, overbid procedures, and auction timelines.

### Going-Concern & Turnaround Sales

When preservation of the enterprise is possible, PPRS identifies strategic and financial buyers, facilitates management transitions, and negotiates terms that protect jobs and maximize value.

### ABC & Receivership Dispositions

As advisors to Assignees and Receivers, we design and execute orderly disposition strategies—from bulk portfolio sales to individual asset monetization—within court-approved frameworks.

**WHY PPRS AS YOUR INVESTMENT BANKER**

| | | | | |
|---|---|---|---|---|
| Fiduciary-grade standards | JD + financial credentials | Court-ready speed | Multi-industry buyer networks | Integrated ops & legal teams |

# Receivership, Bankruptcy, Trustee & Independent Director

PPRS, through its Principal Adam Nach, has an extensive background in the complex legal environment of receivership and bankruptcy proceedings, serving in hundreds of cases as a fiduciary or counsel to Receiver, Trustee, or other Court-Appointed Fiduciary. In each of these roles, PPRS also brings its Investment Banking capabilities to the engagement—running sale processes, sourcing buyers, and executing transactions that maximize recoveries for creditors and stakeholders. All interested parties will receive the proactive and experienced proficiency to navigate through the State and Federal court process.

## Court Appointment Roles We Serve:

- **Receiver** — Court-appointed to take control of assets, operate businesses, and execute sales.
- **Chapter 7 Trustee** — Liquidating estate assets with full IB support to maximize distributions.
- **Chapter 11 Trustee** — Overseeing reorganization or §363 sale processes as both fiduciary and banker.
- **Assignee (ABC)** — Managing assignment for benefit of creditors with structured disposition strategies.
- **Special Master** — Independent expert appointed to oversee specific aspects of complex proceedings.
- **Independent Director** — Providing governance oversight in distressed entities requiring neutral leadership.

# Court Appointments: Receivership, Assignee in ABCs, Trustee, Special Master, Independent Director, & other Fiduciary Services

The key aspects of any court appointment are operational oversight, financial management, and regulatory compliance—while never losing sight of the end goal of asset preservation for stakeholders. When serving as a court-appointed Receiver, Trustee, Special Master, Independent Director, or other Fiduciary, we not only offer the key professional credentials (including JD designations), we have the field experience and knowledge to value, oversee, operate, and restructure companies in diversified industries. Augmenting that comprehensive background, our professional team also brings more specialized skills and training to the tasks of business operations. These include expertise in forensic accounting and fraud investigation, as well as Compliance Monitoring, to ensure adherence to government regulations as well as court orders.



# Navigating Court / Fiduciary Appointments

PPRS is disciplined and strategic in their approach to every court/fiduciary appointment, with a clear process for asset intake, investigation and assessment, valuation, development of an Operational Plan, then managing the assets/collateral, accounting, and reporting.



# Our Asset Management Approach

PPRS is focused on preserving, managing, and enhancing the value of assets. Whether appointed by a court or engaged by a public or private entity, our team applies its extensive financial and legal experience and expertise to create the best possible outcome. Augmenting that comprehensive background, our professional team also brings more specialized skills and training to the tasks of business operations. These include expertise in forensic accounting and fraud investigation, as well as Compliance Monitor appointments to ensure adherence to government regulations as well as court orders.



# Operational Plan

## Our Asset Intake Report Guides Our Operational Plan.

Based on the client's needs, PPRS is prepared to provide qualified personnel to manage the property/business operation, from day one. Our client services team is trained, qualified, available, and prepared to adapt to the variety of different situations we encounter.

### Accounting

Our centralized accounting team is prepared to complete a thorough assessment and written report of the financial situation of the property—and implement all necessary procedures to protect the asset value and cash flow.



## Marketing

Our valuation teams will undertake valuations and complete a comprehensive review of the current marketing program. In addition to comparative market analysis, PPRS will also provide recommendations for advertising and collateral materials, a marketing and sales analysis, a competitive incentive program, and a strategic plan to maximize value and increase sales velocity.



## Reporting

From asset intake, to our Monthly Receivership Reports, all parties, and the judicial officer(s), will have timely and comprehensive monthly reports that include an operational review, factual findings, case and legal posture, cash position, cash flow projections/budgets, financial statements, banking overview and physical overview.



# OUR EXPERIENCE

## RECEIVERSHIP & OTHER COURT APPOINTMENTS



AIRCRAFT



Administering Ponzi Scheme cases for the benefit of investors



**INTERNATIONAL INSOLVENCY PROCEEDINGS**



**HOTELS**



**RETAIL CENTERS**



MULTIFAMILY



SCHOOLS



OFFICE/INDUSTRIAL
PROPERTIES



RV/ MINI STROAGE





LAND



# ADAM B. NACH

**PRINCIPAL | INVESTMENT BANKER | COURT-APPOINTED FIDUCIARY**

Adam Nach is the Principal of Peak Performance Restructuring Services, where he serves as Investment Banker and trusted advisor to Trustees, Receivers, Assignees, and other court-appointed fiduciaries in distressed and insolvency situations. PPRS brings full-service investment banking capabilities—including marketing, buyer solicitation, due diligence management, and transaction closing—to maximize recoveries for creditors and estates.

Mr. Nach received his Bachelor of Science in Accounting from the University of Arizona and his Juris Doctor from California Western School of Law. He served as judicial law clerk to the former Chief Bankruptcy Judge for the District of Arizona, the Honorable Robert G. Mooreman. He is a frequent lecturer on bankruptcy law, creditors' rights, and distressed M&A, and has written extensively for the Norton Bankruptcy Institute, the National Association of Bankruptcy Trustees, the Arizona State Bar, and the National Business Institute.

Mr. Nach is admitted to the United States Supreme Court, the 9th Circuit Court of Appeals, and the State Bar of Arizona. He is Board Certified — Bankruptcy Law Specialist (State Bar of Arizona), Board Certified — Creditors' Rights Law (American Board of Certification), and Martindale-Hubbell AV Rated.

**Board Certified**
**Bankruptcy Law Specialist**

**Board Certified**
**Creditors' Rights Law**

**Martindale-Hubbell**
**AV Rated**

**USSC & 9th Circuit**
**Admitted**