**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.1, | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

**NOTICE OF CORRECTED EXHIBIT "A" TO**
**APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY**
**INVESTMENT BANKER FOR SPECIAL PURPOSE**
**[RELATING TO DKT. NO. 378]**

TO THE HONORABLE MICHAEL M. PARKER, U.S. BANKRUPTCY JUDGE:

NOW COMES John Patrick Lowe, Trustee in these jointly administered Chapter 7 cases under lead case In re deeproot Capital Management, LLC et al. ("**Trustee**"), and files this *Notice of Corrected Exhibit "A"*, to correct the Exhibit A filed with to *Application of Trustee for Authority to Employ Investment Banker for Special Purpose* [Dkt. No. 378] (the "**Application**").

An unsigned Affidavit was inadvertently filed as Exhibit "A "to the Application.

The correct executed and notarized affidavit is appended hereto as the *correct* Exhibit "A" to the Application.

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc.*, 21-51513 (2864), *In Re: Wizard Mode Media, LLC*, 21-51514 (3205), *In Re: deeproot Pinball LLC*, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), *In Re: deeproot Tech LLC*, 21-51520 (9043), *In Re: deeproot Funds LLC*, 21-51521 (9404), *In Re: deeproot Studios LLC*, 21-51522 (6283), and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**."

Date: September 8, 2026

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Matthieu Belanger-Coast
Texas State Bar No. 24128756
matthieu@pulmanlaw.com

**ATTORNEYS FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR THE CONSOLIDATED BANKRUPTCY ESTATES**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2026, a true and correct copy of the above and foregoing *Notice of Corrected Exhibit "A" to Application of Trustee for Authority to Employ Investment Banker for Special Purpose* has been transmitted via the Court's CM/ECF System to the parties registered to receive electronic notice in this case.

*/s/Randall A. Pulman*
Randall A. Pulman

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEPROOT CAPITAL MANAGEMENT, | § | |
| LLC, ET AL.[1], | § | BANKRUPTCY NO. 21-51523 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

---

**AFFIDAVIT OF ADAM B. NACH IN SUPPORT OF**
**APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY**
**INVESTMENT BANKER FOR SPECIAL PURPOSE**

---

| | |
|---|---|
| **THE STATE OF UTAH** | **§** |
| | **§** |
| **COUNTY OF SUMMIT** | **§** |

I, **ADAM B. NACH**, of the firm Peak Performance Restructuring Services, LLC, make solemn oath to the following facts:

1. I am over the age of eighteen (18) years, of sound mind, and otherwise capable of making this affidavit. I have personal knowledge of the facts and statements contained herein, and all are true and correct.

2. I am the President at Peak Performance Restructuring Services, LLC (the "Firm"), proposed special counsel for John Patrick Lowe, Chapter 7 Trustee (the "Trustee"). I am submitting this affidavit (the "Affidavit") in support of the Application of Trustee for Authority to Employ Investment Banker for a Special Purpose (the "Application").

[1] The administratively consolidated chapter 7 cases, along with their respective case numbers and the last four digits of each Debtor's federal tax identification number, are: *In Re: Policy Services, Inc.*, 21-51513 (2864), *In Re: Wizard Mode Media, LLC*, 21-51514 (3205), *In Re: deeproot Pinball LLC*, 21-51515 (0320), In Re: deeproot Growth Runs Deep Fund, LLC, 21-51516 (8046), *In Re: deeproot 575 Fund, LLC*, 21-51517 (9404), In Re: deeproot 3 Year Bonus Income Debenture Fund, LLC, 21-51518 (7731), In Re: deeproot Bonus Growth 5 Year Debenture Fund, LLC, 21-51519 (9661), *In Re: deeproot Tech LLC*, 21-51520 (9043), *In Re: deeproot Funds LLC*, 21-51521 (9404), *In Re: deeproot Studios LLC*, 21-51522 (6283), and *In Re: deeproot Capital Management, LLC*, 21-51523 (2638), each a "**Bankruptcy Estate**" and collectively, "**Bankruptcy Estates**". Each debtor entity is "**Debtor**" and collectively, "**Debtors**."

3. I am an attorney licensed to practice law in the State of Arizona and have been a member of good standing of the Arizona State Bar since 1991. My Arizona Bar Number is 13622. I am also admitted to practice before the Ninth Circuit Court of Appeals, the District Court for the District of Arizona, and the United States Supreme Court. I am a shareholder of the Firm. I primarily practice bankruptcy law, real estate, business formation, and creditor and lender representation. I am a Board Certified Bankruptcy Law Specialist and I am also Board Certified in Creditors' Rights Law. My office address is 1220 E. Osborn Rd., Suite 101, Phoenix, Arizona 85014; telephone (602) 316-2958; and email: adam.nach@nrhslaw.com .

4. I have practiced primarily bankruptcy law since 1991. During the course of my practice, I have been involved in numerous trustee representation cases across the United States, up to and including collection and sale of judgments involving estate property.

5. The Trustee requested the Firm to market and sell the default judgments obtained in multiple adversary proceedings against defendants located in jurisdictions other than Texas, as listed below:

a. *Lowe v. Shantell Wright,* Adv. No. 23-05018
b. *Lowe v. Carter,* et al., Adv. No. 22-05088
c. *Lowe v. George Villa*, Adv. No. 22-05094
d. *Lowe v. Purpose Driven Financial Services, Inc. et al.*, Adv. No. 22-05091
e. *Lowe v. McNamara Capital Investment Group, LLC et al.*, Adv. No. 22-05087
f. *Lowe v. Randy Seymour*, Adv. No. 23-05013
g. *Lowe v. John Vizy*, Adv. No. 23-05010
h. *Lowe v. GM Consultants Group, Inc. et al.*, Adv. No. 23-05007
i. *Lowe v. Gregory Patrick Talbot*, Adv. No. 23-05025
j. *Lowe v. Steven Fortier*, Adv. No. 23-05019

(the "Services").

6. In consideration for the Services the Firm will provide, the Firm will earn and be paid a fee equal to fifteen percent (15.00%) of the final winning bid (the "**Fee**"). The Fee is subject to Bankruptcy Court approval and shall only be paid from the proceeds of the sale of the Judgment. If a Sale is not consummated for any or no reason whatsoever, the Firm shall not be entitled to the Fee unless the Defendants settle with the Trustee and then the Firm shall be entitled to a fee on the settlement amount.

7. The Services to be provided by the Firm pursuant to the Agreement are, in general, transactional in nature. Accordingly, subject to this Court's approval, the Trustee agreed that PPRS will not bill the Trustee by the hour or maintain time records. It is not the general practice of the Firm to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.

8. Any compensation for services rendered and reimbursement for expenses incurred in connection with the described employment shall be paid after further application to and order of this Court, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any orders of this Court.

9. I conducted a conflict check on the Firm's computerized client management and billing system (the "System"), which is designed to reveal the potential conflicts of interest and other connections to existing and former clients and to third parties never represented by the Firm. I determined that no member of the Firm holds or represents any interest adverse to the above-referenced Bankruptcy Estates, Debtors, their creditors, or any other party in interest, their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee. The Firm has no connection with the Debtors' creditors and/or other parties-in-interest in this case, other than disclosed herein, which should not disqualify the Firm from representing the Trustee in this case. However, However, Mr. Nach is the owner of Lane & Nach, PC and Lane & Nach, PC acted as special counsel for the Trustee. Nevertheless, Lane & Nach, PC is no longer representing the Trustee and the firm is no longer operating as a law firm because the firm's employees joined a new law firm, Nach, Rodgers, Hilkert and Santilli and Mr. Nach is now working for the new firm. PPRS and its agents are disinterested persons under 11 U.S.C. § 101(14).

10. This Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

11. In view of the foregoing, I believe that the Firm (i) does not hold or represent an interest adverse to the Trustee or the Bankruptcy Estates in connection with this jointly administered case, (ii) does not represent any other party in connection with this case, other than as disclosed herein, and (iii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code. The Firm recognizes, and takes very seriously, its continuing responsibility to be aware of and to further disclose any relationship or connection between it and other parties in interest in connection with the bankruptcy case as they appear or become recognized during the case. Accordingly, we reserve the right to, and shall, supplement this disclosure if necessary if more information becomes available to us reflecting further connections with parties-in-interest. The foregoing constitutes the statement of the Firm pursuant to sections 327, 328, and 329 of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

FURTHER AFFIANT SAYETH NAUGHT."

SIGNED this ___ day of August, 2026

ADAM B. NACH

**SUBSCRIBED AND SWORN TO** before me on this 31st day of August 2026, to certify which witness my Hand and Seal of office.

NOTARY PUBLIC
ANTHONY I LANDAVERDE
739762
MY COMMISSION EXPIRES
OCTOBER 21, 2028
STATE OF UTAH

Notary Public
State of Utah